SEYFARTH SHAW LLP
Ellen E. McLaughlin *(pro hac vice pending)*
E-mail: emclaughlin@seyfarth.com
Cheryl A. Luce *(pro hac vice pending)*
E-mail: cluce@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Kristen M. Peters (SBN 252296)
E-mail: kmpeters@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, MEGAN RAPINOE, BECKY SAUERBRUNN, CARLI LLOYD, MORGAN BRIAN, JANE CAMPBELL, DANIELLE COLAPRICO, ABBY DAHLKEMPER, TIERNA DAVIDSON, CRYSTAL DUNN, JULIE ERTZ, ADRIANNA FRANCH, ASHLYN HARRIS, TOBIN HEATH, LINDSEY HORAN, ROSE LAVELLE, ALLIE LONG, MERRITT MATHIAS, JESSICA MCDONALD, SAMANTHA MEWIS, ALYSSA NAEHER, ELLEY O'HARA, CHRISTEN PRESS, MALLORY PUGH, CASEY SHORT, EMILY SONNETT, ANDI SULLIVAN AND MCCALL ZERBONI,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>        Defendant. | Case No. 2:19-cv-01717-RGK-AGR<br><br>**DEFENDANT'S NOTICE OF MOTION AND UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING PANEL DECISION ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date     : April 29, 2019<br>Time     : 9:00 a.m.<br>Courtroom : 850<br>Judge:    : Hon. R. Gary Klausner<br><br><br>Complaint Filed: March 8, 2019 |

1

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT ON** April 29, 2019 at 9:00 a.m., or as soon thereafter as can be heard before the Honorable R. Gary Klausner, Courtroom 850, of the United States District Court, Central District of California, located at 255 E. Temple Street, Los Angeles, CA 90012, Defendant United States Soccer Federation, Inc. ("Defendant") will and hereby does move this Court for an order staying all proceedings in the above-captioned action, pending a decision on the petition now pending before the Judicial Panel on Multidistrict Litigation ("JPML") seeking consolidated proceedings of this and the related lawsuit, *Solo v. United States Soccer Federation, Inc.*, Case No. 3:18-CV-05215-JD, pending in the Northern District of California ("*Solo v. U.S. Soccer*"), (the "Motion to Transfer Actions"). On March 8, 2019, the JPML entered an order directing the parties to submit further briefing on whether this case should be consolidated with this action, *Morgan v. U.S. Soccer*, and transferred to the Central District of California. (MDL No. 2890, Dkt. 2.)

The JPML's resolution of the Motion to Transfer Actions will determine whether this lawsuit should remain pending as a single action in this Court, or whether it will be consolidated with *Solo v. U.S. Soccer*, and if so, whether the consolidated multidistrict litigation should remain before this Court or be transferred to another district court. Granting a temporary stay in this case would ensure uniformity of decisions and avoid unnecessary duplicative pretrial proceedings. Further, Plaintiffs do not oppose this Motion for an order staying all proceedings in this Court.

Defendant makes this Motion on the grounds that this action is the subject of a pending motion to transfer and consolidate under 28 U.S.C. § 1407. A stay of proceedings pending resolution of the Motion to Transfer Actions, therefore, would serve judicial economy by avoiding the potential for duplicative pretrial proceedings should the JPML grant the pending motion and transfer this action to multidistrict litigation. Under the circumstances, Plaintiffs will not be prejudiced by a temporary stay pending the JPML's ruling and such a stay would avoid undue prejudice to Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Motion is made following the conference of counsel, pursuant to L.R. 7-3, which initially took place on March 21, 2019.  On March 27, 2019, counsel for the parties met and conferred on the substance of this Motion again, and Plaintiffs confirmed that they do not oppose the requested stay of this action pending the JPML's determination.

This Motion is based on this Notice, the Memorandum of Points and Authorities filed concurrently herewith, the complete files and records in this action, and on such further oral and documentary evidence as the Court may consider at the hearing of this Motion.

DATED: March 28, 2019                              Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Kristen M. Peters*
Ellen E. McLaughlin (PHV pending)
Cheryl A. Luce (PHV pending)
Kristen M. Peters
Attorneys for Defendant
UNITED STATES SOCCER
FEDERATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendant United States Soccer Federation, Inc. ("U.S. Soccer") respectfully submits this unopposed motion to stay all proceedings in this case, including the deadline for U.S. Soccer to answer or otherwise respond to the Complaint, until resolution of the Motion Plaintiffs filed with the Judicial Panel on Multidistrict Litigation ("JPML") for Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Transfer Actions"). On March 8, 2019, the JPML entered an order directing the parties to submit further briefing on whether this case should be consolidated with *Solo v. United States Soccer Federation, Inc.*, Case No. 3:18-CV-05215-JD, pending in the Northern District of California ("*Solo v. U.S. Soccer*"), and transferred to the Central District of California. (MDL No. 2890, Dkt. 2.) The JPML's resolution of the Motion to Transfer Actions will determine whether this lawsuit should remain pending as a single action in this Court, or whether it will be consolidated with *Solo v. U.S. Soccer*, and if so, whether the consolidated multidistrict litigation should remain before this Court or be transferred to another district court.  Granting a temporary stay in this case would ensure uniformity of decisions and avoid unnecessary duplicative pretrial proceedings.

### II.     BACKGROUND

On August 24, 2018, Hope Solo ("Solo"), a former player for the U.S. Women's National Team ("WNT") filed a lawsuit against U.S. Soccer in the Northern District of California alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d), ("EPA") and Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* ("Title VII"). Solo's claims stem from her allegations that U.S. Soccer paid members of the U.S. Men's National Team ("MNT") more for substantially equal work, and that the pay differential was the result of sex discrimination. (*Solo v. U.S. Soccer*, Dkt. 1.) U.S. Soccer moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil

1   Procedure 12(b)(6) and also moved to transfer the action to the Northern District of

2   Illinois pursuant to 28 U.S.C. § 1404(a). (*Solo v. U.S. Soccer*, Dkt. 25 and 29.)

3        On March 8, 2019, twenty-eight (28) current players of the WNT filed this action

4   alleging similar violations of the EPA and Title VII. (Dkt. 1.) The Plaintiffs also filed a

5   Motion to Transfer Actions, asking the JPML to consolidate *Solo v. U.S. Soccer* with this

6   action (even though this action was filed later) and transfer both cases to this Court. (Dkt.

7   9.) The JPML ordered the parties to submit further briefing on the issue of whether this

8   action should be consolidated with *Solo v. U.S. Soccer* and transferred to the Central

9   District of California. (MDL No. 2890, Dkt. 2.) Defendant will oppose Plaintiffs' Motion

10  to Transfer Actions and are preparing their response to be filed with the JPML.

11  Defendants response will, in part, ask that the JPML transfer this action to the first-filed

12  *Solo v. U.S. Soccer* action pending in the Northern District of California.

13  **III.   ARGUMENT**

14       Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more

15  common questions of fact are pending in different districts, such actions may be

16  transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C.

17  § 1407(a). The Court has broad discretion to stay this proceeding pending the JPML's

18  determination of Plaintiffs' Motion to Transfer Actions. *Levya v. Certified Grocers of*

19  *Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find

20  it is efficient for its own docket and the fairest course for the parties to enter a stay of an

21  action before it, pending resolution of independent proceedings which bear upon the

22  case."). The Court should exercise its discretion by entering a temporary stay of these

23  proceedings, including Defendant's deadline to answer the complaint, pending the JPML

24  decision on Plaintiffs' Motion to Transfer Actions to promote judicial efficiency, avoid

25  duplicative or conflicting pretrial orders, and prevent prejudice to the parties.

26       Courts in this District routinely grant temporary stays pending decisions by the

27  JPML on 28 U.S.C. § 1407(a) motions. *See, e.g.*, *Rivers v. The Walt Disney Company*,

28  980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) (noting that "a majority of courts have

concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved"); *Dean v. Colgate-Palmolive Co*., No. EDCV15107JGBDTBX, 2016 WL 7647687, at *4 (C.D. Cal. Aug. 18, 2016) (granting stay pending ruling by JPML on motion to transfer and consolidate actions); *Barber v. Volkswagen Grp. of Am., Inc*., No. CV 15-1942-DOC (SPX), 2015 WL 13413345, at *2 (C.D. Cal. Nov. 30, 2015) (same). When ruling on a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *River*, 980 F. Supp. at 1361. All three factors weigh in favor of staying this matter.

First, Plaintiffs do not oppose this motion and will not be prejudiced by a short stay pending the JPML's decision.  This action has been pending for a matter of weeks, and no pretrial proceedings have been conducted. There are no pending deadlines that have been set that would be impacted by a stay, other than U.S. Soccer's deadline to answer or respond to the Complaint. *Barber*, 2015 WL 13413345, at *2 (granting stay where cases were "still in their nascent stages").

Second, the parties will be prejudiced if they must manage pretrial matters in this case pending the outcome of the JPML proceedings because this Court's pretrial orders may not ultimately be binding on the Court that presides over this case, as determined by the JPML's  decisions. The parties will thus expend additional resources on potentially duplicative litigation efforts in the event that a stay is not granted. *See Stark v. Pfizer*,No. 14-cv-1488, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) ("The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.").

Finally, a stay of these proceedings furthers judicial economy and eliminates the potential for conflicting pretrial rulings.  The JPML's decision will affect which district court presides over this case, and this Court will not waste resources on pretrial proceedings and the determination of issues related to law and fact in a case that may ultimately be transferred to another Court or encompass a different scope in the event that *Solo v. U.S. Soccer* is transferred to this Court. *River*, 980 F. Supp. at 1358 (granting stay to avoid causing court to "have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge").

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully moves this Court for a temporary stay of all proceedings in this case pending a decision by the JPML on Plaintiffs' Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.


DATED: March 28, 2019                       Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By:  */s/ Kristen M. Peters*
                                                Ellen E. McLaughlin (PHV pending)
                                                Cheryl A. Luce (PHV pending)
                                                Kristen M. Peters
                                            Attorneys for Defendant
                                            UNITED STATES SOCCER
                                            FEDERATION

4