1  Seyfarth Shaw LLP
   Ellen E. McLaughlin *(Admitted Pro Hac Vice)*
2  E-mail:  emclaughlin@seyfarth.com
   Cheryl A. Luce *(Admitted Pro Hac Vice)*
3  E-mail:  cluce@seyfarth.com
   233 South Wacker Drive, Suite 8000
4  Chicago, Illinois 60606-6448
   Telephone:   (312) 460-5000
5  Facsimile:    (312) 460-7000

6  SEYFARTH SHAW LLP
   Kristen M. Peters (SBN 252296)
7  E-mail:  kmpeters@seyfarth.com
   2029 Century Park East, Suite 3500
8  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
9  Facsimile:    (310) 201-5219

10 Attorneys for Defendant
   UNITED STATES SOCCER FEDERATION

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15 ALEX MORGAN, MEGAN RAPINOE,            Case No. 2:19-cv-01717-RGK-AGR
   BECKY SAUERBRUNN, CARLI LLOYD,
16 MORGAN BRIAN, JANE CAMPBELL,           **DEFENDANT UNITED STATES**
   DANIELLE COLAPRICO, ABBY               **SOCCER FEDERATION'S**
17 DAHLKEMPER, TIERNA DAVIDSON,           **ANSWER AND AFFIRMATIVE**
   CRYSTAL DUNN, JULIE ERTZ,              **DEFENSES TO PLAINTIFF'S**
18 ADRIANNA FRANCH, ASHLYN HARRIS,        **COMPLAINT**
   TOBIN HEATH, LINDSEY HORAN, ROSE
19 LAVELLE, ALLIE LONG, MERRITT
   MATHIAS, JESSICA MCDONALD,
20 SAMANTHA MEWIS, ALYSSA NAEHER,         Complaint Filed:  :  March 8, 2018
   ELLEY O'HARA, CHRISTEN PRESS,
21 MALLORY PUGH, CASEY SHORT,
   EMILY SONNETT, ANDI SULLIVAN
22 AND MCCALL ZERBONI,

23              Plaintiffs,

24       v.

25 UNITED STATES SOCCER
   FEDERATION, INC.,
26
                Defendant.
27

28

_____

              **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant United States Soccer Federation, Inc. ("Defendant" or "U.S. Soccer"), pursuant to Federal Rules of Civil Procedure 8 and 12, submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint. U.S. Soccer intends no implied admissions, and unless an allegation is expressly admitted in this Answer, the allegation is denied.

## NATURE OF THE ACTION

1.     Answering paragraph 1, U.S. Soccer admits that it employs female soccer players who play on the United States Senior Women's National Team ("USWNT") and that it employs male soccer plays who play on the United States Senior Men's National Team ("USMNT"). U.S. Soccer further admits that the USWNT and USMNT participate in separate international athletic competitions, and that the USWNT faces different international competition than the USMNT faces and has won world championships against other female soccer teams from other FIFA member associations. U.S. Soccer denies the remaining allegations in this paragraph and states that under applicable international rules, the players on the USMNT are forbidden from playing on the USWNT, that the USWNT and USMNT play at different times, in different locations, against different opponents, and are comprised of athletes who have different obligations, are compensated in fundamentally different ways, and enjoy different benefits; thus, USWNT players have no male "counterparts" who play for the USMNT.

2.     Answering paragraph 2, U.S. Soccer admits that its mission is to promote and govern soccer in the United States in order to make it the preeminent sport recognized for excellence in participation, spectator appeal, international competitions, and gender equity. U.S. Soccer denies the remaining allegations in this paragraph and further states that it has been at the vanguard of supporting women's soccer internationally and provides the USWNT with unparalleled compensation and benefits.

3.     Answering paragraph 3, U.S. Soccer admits that Carlos Cordeiro is the current President of U.S. Soccer, has been a member of U.S. Soccer's Board of Directors since 2007, and was Vice President of U.S. Soccer from 2016 to February 2018. U.S.

1

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Soccer further admits that Cordeiro made statements during his 2017 campaign for president of U.S. Soccer in support of U.S. Soccer's core value of ensuring that all USWNT soccer players are treated fairly and equitably. Mr. Cordeiro's full quote is not about equal pay but about player development:

> Player development at all levels has not received sufficient investment. Our women's teams should be respected and valued as much as our men's teams, but our female players have not been treated equally. We are missing opportunities to dramatically grow the game, especially among adults who play for a lifetime. Youth Soccer is too fragmented and "pay-to-play" is so expensive that, sadly, many young people cannot afford to participate in the sport they love.

U.S. Soccer denies the remaining allegations in this paragraph.

4.     Answering paragraph 4, U.S. Soccer admits that certain Plaintiffs are current members of the USWNT and employees of U.S. Soccer and that Plaintiffs allege violations of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq*. ("EPA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"). U.S. Soccer further admits that Plaintiffs purport to bring their claims on a class and collective basis, but U.S. Soccer denies that this action meets the requirements for collective or class treatment. U.S. Soccer denies that Plaintiffs' EPA and Title VII claims have any merit whatsoever and deny the remaining allegations in this paragraph. U.S. Soccer further notes that other putative members of the class are not employees of U.S. Soccer and may never have been employees of U.S. Soccer.

5.     Answer paragraph 5, U.S. Soccer admits that Plaintiffs assert claims for relief under the EPA and Title VII. U.S. Soccer denies the remaining allegations in this paragraph.

## PARTIES

6.     Answering paragraph 6, U.S. Soccer admits that Alex Morgan is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief,

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

U.S. Soccer admits that Morgan resides in Maitland, Florida. U.S. Soccer lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.     Answering paragraph 7, U.S. Soccer admits that Megan Rapinoe is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Rapinoe resides in Seattle, Washington. U.S. Soccer denies the remaining allegations in this paragraph.

8.     Answering paragraph 8, U.S. Soccer admits that Becky Sauerbrunn is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Sauerbrunn resides in Portland, Oregon. U.S. Soccer denies the remaining allegations in this paragraph.

9.     Answering paragraph 9, U.S. Soccer admits that Carli Lloyd is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Lloyd resides in Medford, New Jersey. U.S. Soccer denies the remaining allegations in this paragraph.

10.     Answering paragraph 10, U.S. Soccer admits that Morgan Brian is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Brian resides in Chicago, Illinois. U.S. Soccer denies the remaining allegations in this paragraph.

11.     Answering paragraph 11, U.S. Soccer admits that Jane Campbell is employed by National Women's Soccer League, LLC ("NWSL") and in the past was an allocated member of the USWNT. Upon information and belief, U.S. Soccer admits that Campbell resides in Houston, Texas. U.S. Soccer denies the remaining allegations in this paragraph.

12.     Answering paragraph 12, U.S. Soccer admits that Danielle Colaprico is employed by NWSL and has been called into USWNT camps in the past. Upon information and belief, U.S. Soccer admits that Colaprico resides in Freehold, New Jersey. U.S. Soccer denies the remaining allegations in this paragraph.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

13.     Answering paragraph 13, U.S. Soccer admits that Abby Dahlkemper is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Dahlkemper resides in Menlo Park, California. U.S. Soccer denies the remaining allegations in this paragraph.

14.     Answering paragraph 14, U.S. Soccer admits that Tierna Davidson is employed by NWSL and has been called into USWNT camps in the past. Upon information and belief, U.S. Soccer admits that Davidson resides in Menlo Park, California. U.S. Soccer denies the remaining allegations in this paragraph.

15.     Answering paragraph 15, U.S. Soccer admits that Crystal Dunn is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Dunn resides in Rockville Centre, New York. U.S. Soccer denies the remaining allegations in this paragraph.

16.     Answering paragraph 16, U.S. Soccer admits that Julie Ertz is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Ertz resides in Philadelphia, Pennsylvania. U.S. Soccer denies the remaining allegations in this paragraph.

17.     Answering paragraph 17, U.S. Soccer admits that Adrianna Franch is employed by U.S. Soccer as an allocated member of the USWNT. Upon information and belief, U.S. Soccer admits that Franch resides in Beaverton, Oregon. U.S. Soccer denies the remaining allegations in this paragraph.

18.     Answering paragraph 18, U.S. Soccer admits that Ashlyn Harris is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Harris resides in Altamonte Springs, Florida. U.S. Soccer denies the remaining allegations in this paragraph.

19.     Answering paragraph 19, U.S. Soccer admits that Tobin Heath is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Heath resides in Portland, Oregon. U.S. Soccer denies the remaining allegations in this paragraph.

4

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

20.     Answering paragraph 20, U.S. Soccer admits that Lindsey Horan is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Horan resides in Golden, Colorado. U.S. Soccer denies the remaining allegations in this paragraph.

21.     Answering paragraph 21, U.S. Soccer admits that Rose Lavelle is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Lavelle resides in Cincinnati, Ohio. U.S. Soccer denies the remaining allegations in this paragraph.

22.     Answering paragraph 22, U.S. Soccer admits that Allie Long is employed by U.S. Soccer as an allocated member of the USWNT. Upon information and belief, U.S. Soccer admits that Long resides in Tacoma, Washington. U.S. Soccer denies the remaining allegations in this paragraph.

23.     Answering paragraph 23, U.S. Soccer admits that Merritt Mathias is employed NWSL and has been called into USWNT camps in the past. Upon information and belief, U.S. Soccer admits that Mathias resides in Portland, Oregon. U.S. Soccer denies the remaining allegations in this paragraph.

24.     Answering paragraph 24, U.S. Soccer admits that Jessica McDonald is employed by NWSL and has been called into USWNT camps in the past. Upon information and belief, U.S. Soccer admits that McDonald resides in Chapel Hill, North Carolina. U.S. Soccer denies the remaining allegations in this paragraph.

25.     Answering paragraph 25, U.S. Soccer admits that Samantha Mewis is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Mewis resides in Dorcheser, Massachusetts. U.S. Soccer denies the remaining allegations in this paragraph.

26.     Answering paragraph 26, U.S. Soccer admits that Alyssa Naeher is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Naeher resides in Charlotte, North Carolina. U.S. Soccer denies the remaining allegations in this paragraph.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

27.    Answering paragraph 27, U.S. Soccer admits that Kelly O'Hara is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that O'Hara resides in Atlanta, Georgia. U.S. Soccer denies the remaining allegations in this paragraph.

28.    Answering paragraph 28, U.S. Soccer admits that Christen Press is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Press resides in Palos Verdes, California. U.S. Soccer denies the remaining allegations in this paragraph.

29.    Answering paragraph 29, U.S. Soccer admits that Mallory Pugh is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Pugh resides in Highlands Ranch, Colorado. U.S. Soccer denies the remaining allegations in this paragraph.

30.    Answering paragraph 30, U.S. Soccer admits that Casey Short is employed by U.S. Soccer as an allocated member of the USWNT. Upon information and belief, U.S. Soccer admits that Short resides in Chicago, Illinois. U.S. Soccer denies the remaining allegations in this paragraph.

31.    Answering paragraph 31, U.S. Soccer admits that Emily Sonnett is employed by U.S. Soccer as a contracted member of the USWNT. Upon information and belief, U.S. Soccer admits that Sonnett resides in Marietta, Georgia. U.S. Soccer denies the remaining allegations in this paragraph.

32.    Answering paragraph 32, U.S. Soccer admits that Andi Sullivan is employed by NWSL and has been called into USWNT camps in the past. Upon information and belief, U.S. Soccer admits that Sullivan resides in Rockville, Maryland. U.S. Soccer denies the remaining allegations in this paragraph.

33.    Answering paragraph 33, U.S. Soccer admits that McCall Zerboni is employed by U.S. Soccer as an allocated member of the USWNT. Upon information and belief, U.S. Soccer admits that Zerboni resides in Raleigh, North Carolina. U.S. Soccer

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

34.     Answering paragraph 34, U.S. Soccer admits that it is a not-for-profit organization organized under the laws of the State of New York and qualified under Section 501(c)(3).  U.S. Soccer's corporate headquarters have been located at 1801 S. Prairie Avenue, Chicago, IL 60616 for over 20 years. U.S. Soccer further admits that U.S. Soccer employs certain members of the USWNT and at times, members of the USMNT, and that USWNT and USMNT players participate in separate training camps and separate games throughout the United States, and that the USWNT and USMNT sometimes performed services in Los Angeles County, California (among various other locations). U.S. Soccer denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

35.     Answering paragraph 35, U.S. Soccer admits that this Court has subject matter jurisdiction over Plaintiffs' EPA and Title VII claims.

36.     Answering paragraph 36, U.S. Soccer denies that venue is proper in this District.

## FACTUAL ALLEGATIONS

37.     Answering paragraph 37, U.S. Soccer admits that it employs female soccer players who play on the USWNT and that it separately employs male  soccer players who play on the USMNT. U.S. Soccer denies the remaining allegations in this paragraph and further states that the USWNT and USMNT are physically and functionally separate organizations that perform services for U.S. Soccer in physically separate spaces and compete in different competitions, venues, and countries at different times; have different coaches, staff, and leadership; have separate collective bargaining agreements; and have separate budgets that take into account the different revenue that the teams generate.

38.     Answering paragraph 38, U.S. Soccer denies the allegations in this paragraph.

7

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

39.     Answering paragraph 39, U.S. Soccer denies the allegations in this paragraph.

40.     Answering paragraph 40, U.S. Soccer admits that the USWNT program has, since 1991, won three World Cup titles, most recently in 2015, four Olympic Gold Medals and numerous other international tournaments. U.S. Soccer further admits that the USWNT won the U.S. Olympic Committee's Team of the Year Award in 1997, 1999 and 2015, and in 1999, the entire team selected as *Sports Illustrated*'s Athlete of the Year. U.S. Soccer further admits that the USWNT currently is ranked by the Fédération Internationale de Football Association ("FIFA") as the number one team in its Women's World Rankings as of the date of this filing. U.S. Soccer denies the remaining allegations in this paragraph.

41.     Answering paragraph 41, U.S. Soccer admits that the 2015 FIFA Women's World Cup final match broke the record for being the most watched soccer match shown on English-language television in this country.  U.S. Soccer further admits that the USWNT's 2015 Victory Tour drew tens of thousands of fans to stadiums across the United States. U.S. Soccer denies the remaining allegations in this paragraph.

42.     Answering paragraph 42, U.S. Soccer denies the allegations in this paragraph.

43.     The allegations in Paragraph 43 constitute a misleading and inaccurate description of relevant facts and, answering paragraph 43, U.S. Soccer denies these allegations.

44.     Answering paragraph 44, U.S. Soccer denies the allegations in paragraph 44 and states that USWNT players and USMNT players receive fundamentally different pay structures for performing different work under their separate collective bargaining agreements that require different obligations and responsibilities.

45.     Answering paragraph 45, U.S. Soccer admits that paragraph 45 accurately describes some of the obligations and responsibilities of the USWNT and USMNT, but

8

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

1  denies the allegations in paragraph 45 to the extent that they imply that the obligations
2  and responsibilities of the USWNT and USMNT are similar.

3      46.    Answering paragraph 46, U.S. Soccer admits that paragraph 46 accurately
4  describes some of the obligations and responsibilities of the USWNT and USMNT, but
5  denies the allegations in paragraph 46 to the extent that they imply that the obligations
6  and responsibilities of the USWNT and USMNT are similar.

7      47.    Answering paragraph 47, U.S. Soccer admits that paragraph 47 accurately
8  describes some of the obligations and responsibilities of the USWNT and USMNT, but
9  denies the allegations in paragraph 47 to the extent that they imply that the obligations
10  and responsibilities of the USWNT and USMNT are similar.

11      48.    Answering paragraph 48, U.S. Soccer denies that there exist USMNT
12  players who are similarly situated to USWNT players for the purposes of Plaintiffs' EPA
13  and Title VII claims. U.S. Soccer admits the remaining allegations in this paragraph and
14  further states that the fact that USMNT and USWNT players (along with nearly all other
15  professional, amateur, and school-aged soccer players) are subject to the same general
16  game rules is irrelevant for the purposes of Plaintiffs' EPA and Title VII claims.  U.S.
17  Soccer affirmatively states that FIFA rules expressly state:  "For FIFA men's
18  competitions, only men are eligible to play.  For FIFA women's competitions, only
19  women are eligible to play."

20      49.    Answering paragraph 49, U.S. Soccer denies the allegations in this
21  paragraph.

22      50.    Answering paragraph 50, U.S. Soccer admits the USWNT played 85
23  matches from 2015 to 2019, including four Olympic matches and seven World Cup
24  matches.  The USMNT played 69 matches during the same time period, but are not
25  eligible to compete in the Olympic games and did not qualify for the 2018 World Cup.
26  U.S. denies the remaining allegations in this paragraph.

27      51.    Answering paragraph 51, U.S. Soccer denies that there exist USMNT
28  players who are similarly situated to USWNT players for the purposes of Plaintiffs' EPA

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

and Title VII claims and denies the allegations in this paragraph. U.S. Soccer further states that no pay comparison can be made between the USWNT players, who earn guaranteed salaries and benefits, and the USMNT players, who are paid strictly on a match appearance fee basis.

52.     Answering paragraph 52, U.S. Soccer denies the allegations in this paragraph and further states that the USWNT and USMNT receive fundamentally different pay structures for performing different work under their separate collective bargaining agreements that require different obligations and responsibilities.

53.     Answering paragraph 53, U.S. Soccer denies the allegations in this paragraph and states that USMNT players are only paid for individual match appearances when they are included on a tournament or tournament-qualifying roster but that USMNT players who are not called up to be on the roster receive no compensation at all under a "pay-for-play" structure.

54.     Answering paragraph 54, U.S. Soccer denies the allegations in this paragraph and states that the USWNT has consistently rejected all proposals, most recently offered by U.S. Soccer during CBA negotiations in 2017, for a "pay-for-play" structure similar to the one in that the USMNT players accepted in their collective bargaining agreements.

55.     Answering paragraph 55, U.S. Soccer denies the allegations in this paragraph.

56.     Answering paragraph 56, U.S. Soccer denies the allegations in this paragraph and further states that no pay comparison can be made between the USWNT players, who earn guaranteed salaries and benefits, and the USMNT players, who are paid strictly under a "pay-for-play" structure.

57.     Answering paragraph 57, U.S. Soccer admits the allegations in this paragraph and that the USWNT receives guaranteed salaries and benefits, unlike the USMNT, who are paid under a "pay-for-play" structure.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

58.    Answering paragraph 58, U.S. Soccer denies the allegations in this paragraph. U.S. Soccer further denies that that there exist USMNT players who are similarly situated to USWNT players for the purposes of Plaintiffs' EPA and Title VII claims and denies the allegations in this paragraph. U.S. Soccer further states that no pay comparison can be made between the USWNT players, who earn guaranteed salaries and benefits, and the USMNT players, who are paid strictly under a "pay-for-play" structure.

59.    Answering paragraph 59, U.S. Soccer denies these allegations in this paragraph.

60.    Answering paragraph 60, U.S. Soccer denies the allegations in this paragraph regarding how much USWNT players earn for making the 2019 FIFA Women's World Cup tournament roster, as these allegations wholesale ignore the guaranteed salaries and benefits that the USWNT players negotiated in addition to World Cup tournament roster fees. U.S. Soccer further denies that each and every USMNT player earned $55,000 for making the 2014 FIFA Men's World Cup tournament roster, as not all USMNT players made the FIFA Men's World Cup tournament roster in 2014, and denies that all USMNT players could have earned $68,750 if the USMNT had made the 2018 FIFA Men's World Cup tournament roster because under the USMNT "pay-for-play" compensation structure, not all USMNT players would have made the 2018 FIFA Men's World Cup tournament roster. U.S. Soccer further states that the total prize money available to winner of the 2018 FIFA Men's World Cup was $38,000,000, while the total prize money available to the winner of the 2015 FIFA Women's World Cup was $2,000,000.

61.    Answering paragraph 61, U.S. Soccer denies these allegations in this paragraph. U.S. Soccer further states that the USWNT and USMNT face different quantities and qualities of international competition, and no comparison can be made between their respective performance and compensation in such vastly separate spheres.

62.    Answering paragraph 62, U.S. Soccer admits that it entered a collective bargaining agreement with the USWNT Players' Association ("USWNTPA") effective

11

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

January 1, 2017 ("2017 CBA"). U.S. Soccer denies the remaining allegations in this paragraph and states the USWNTPA consistently rejected all proposals for a "pay-for-play" structure similar to the one in that the USMNT players accepted during the 2017 CBA negotiations.

63.     Answering paragraph 63, U.S. Soccer denies the allegations in this paragraph because the current CBA provides for player compensation that increases based on increased viewership, attendance and sponsorship revenue, in each case over and above their guaranteed salary and other benefits.

64.     Answering paragraph 64, U.S. Soccer denies the allegations in this paragraph and denies that that there exist USMNT players who are similarly situated to USWNT players for the purposes of Plaintiffs' EPA and Title VII claims. U.S. Soccer further states that no pay comparison can be made between the USWNT players, who earn guaranteed salaries and benefits, and the USMNT players, who are paid strictly under a "pay-for-play" structure.

65.     Answering paragraph 65, U.S. Soccer denies the allegations in this paragraph. U.S. Soccer further states that no pay comparison can be made between the USWNT players, who earn guaranteed salaries and benefits, and the USMNT players, who are paid strictly under a "pay-for-play" structure.

66.     Answering paragraph 66, U.S. Soccer denies the allegations in this paragraph.

67.     Answering paragraph 67, U.S. Soccer denies the allegations in this paragraph.

68.     Answering paragraph 68, U.S. Soccer denies the allegations in this paragraph.

69.     Answering paragraph 69, U.S. Soccer denies the allegations in this paragraph and denies that that there exist USMNT players who are similarly situated to USWNT players for the purposes of Plaintiffs' EPA and Title VII claims.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

70.     Answering paragraph 70, U.S. Soccer admits that the USMNT and USWNT play soccer in physically separate locations, some of which have different field surfaces. U.S. Soccer denies the remaining allegations in this paragraph.

71.     Answering paragraph 71, U.S. Soccer admits that the USMNT and USWNT play soccer in physically separate locations, some of which have different field surfaces. U.S. Soccer denies the remaining allegations in this paragraph.

72.     Answering paragraph 72, U.S. Soccer denies the allegations in this paragraph and states that there are many factors that determine whether the USWNT and USMNT take commercial flights or flights chartered by U.S. Soccer that are beyond U.S. Soccer's control and further states that in many instances flights are controlled by FIFA or other entities.

73.     Answering paragraph 73, U.S. Soccer denies the allegations in this paragraph.

74.     Answering paragraph 74, U.S. Soccer denies the allegations in this paragraph.

75.     Answering paragraph 75, U.S. Soccer denies the allegations in this paragraph and states that it has invested in marketing and promoting the USWNT in pursuit of its shared goal of advancing the USWNT in the marketplace and promoting soccer.

76.     Answering paragraph 76, U.S. Soccer denies the allegations in this paragraph.

77.     Answering paragraph 77, U.S. Soccer admits that the WNT generates less revenue from game ticket sales. U.S. Soccer denies the remaining allegations in this paragraph.

78.     Answering paragraph 78, U.S. Soccer denies the allegations in this paragraph.

13

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

## COLLECTIVE ACTION ALLEGATIONS

### The Fair Labor Standards Act of 1938, as amended by the Equal Pay Act, 29 U.S.C. §§ 206 et seq.

79.     Answering Paragraph 79, U.S. Soccer incorporates its answers contained in the previous paragraphs of this Answer as if fully set forth herein.

80.     U.S. Soccer denies the allegations in Paragraph 80 of the Complaint.

81.     Answering Paragraph 81, U.S. Soccer admits that Plaintiffs purport to bring collective claims, but denies that collective action treatment is appropriate, denies that it violated the Equal Pay Act, and denies any remaining allegations in this paragraph.

82.     Answering Paragraph 82, U.S. Soccer admits that Plaintiffs seek to be appointed as representatives of the collective, but denies that collective action treatment is appropriate, and denies any remaining allegations in this paragraph.

83.     Answering Paragraph 83, U.S. Soccer denies the allegations in this paragraph.

84.     Answering Paragraph 84, U.S. Soccer denies the allegations in this paragraph.

85.     Answering Paragraph 85, U.S. Soccer denies the allegations in this paragraph.

86.     Answering Paragraph 86, U.S. Soccer denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

87.     Answering paragraph 87, U.S. Soccer admits the allegations in this paragraph.

88.     Answering paragraph 88, U.S. Soccer admits the allegations in this paragraph.

14

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

89.     Answering paragraph 89, U.S. Soccer admits the allegations in this paragraph.

90.     Answering Paragraph 90 of the Complaint, U.S. Soccer admits that Plaintiffs purport to bring this action as a class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), but denies that class action treatment is appropriate and denies any remaining allegations in this paragraph.

91.     Answering Paragraph 91 of the Complaint, U.S. Soccer admits that Plaintiffs purport to bring claims under Title VII as a class action, but denies that class action treatment is appropriate and denies any remaining allegations in this paragraph.

92.     U.S. Soccer denies the allegations in Paragraph 92 of the Complaint.

93.     U.S. Soccer denies the allegations in Paragraph 93 of the Complaint.

94.     U.S. Soccer denies the allegations in Paragraph 94 of the Complaint.

95.     U.S. Soccer denies the allegations in Paragraph 95 of the Complaint.

96.     U.S. Soccer denies the allegations in Paragraph 96 of the Complaint.

97.     U.S. Soccer denies the allegations in Paragraph 97 of the Complaint.

98.     U.S. Soccer denies the allegations in Paragraph 98 of the Complaint.

99.     U.S. Soccer denies the allegations in Paragraph 99 of the Complaint.

100.    U.S. Soccer denies the allegations in Paragraph 100 of the Complaint.

101.    U.S. Soccer denies the allegations in Paragraph 101 of the Complaint.

## CAUSES OF ACTION

## COUNT I

### Equal Pay Act

### (The Fair Labor Standards Act of 1938, as amended by the Equal Pay Act, 29 U.S.C. §§ 206 et seq.)

102.    Answering paragraph 102, U.S. Soccer incorporates its answers contained in the previous paragraphs of this Answer as if fully set forth herein.

103.    U.S. Soccer denies the allegations in Paragraph 103 of the Complaint.

104.    U.S. Soccer denies the allegations in Paragraph 104 of the Complaint.

15

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

105.   U.S. Soccer denies the allegations in Paragraph 105 of the Complaint.

106.   U.S. Soccer denies the allegations in Paragraph 106 of the Complaint.

107.   U.S. Soccer denies the allegations in Paragraph 107 of the Complaint.

108.   U.S. Soccer denies the allegations in Paragraph 108 of the Complaint.

109.   Paragraph 109 of the Complaint contains Plaintiffs' Prayer for Relief, to which no response is required.  To the extent a response is deemed required, U.S. Soccer denies each and every allegation in Paragraph 109 and the Prayer for Relief and denies that Plaintiffs are entitled to any relief.

<u>COUNT II</u>

**Title VII of the Civil Rights Act of 1964, as amended**

**(42 U.S.C. §§ 2000e, et seq.)**

110.   Answering paragraph 110, U.S. Soccer incorporates its answers contained in the previous paragraphs of this Answer as if fully set forth herein.

111.   Answering paragraph 111, U.S. Soccer admits that Plaintiffs purport to bring this claim as a class action, but denies that class action treatment is appropriate and denies any remaining allegations in this paragraph.

112.   U.S. Soccer denies the allegations in Paragraph 112 of the Complaint.

113.   U.S. Soccer denies the allegations in Paragraph 113 of the Complaint.

114.   U.S. Soccer denies the allegations in Paragraph 114 of the Complaint.

115.   U.S. Soccer denies the allegations in Paragraph 115 of the Complaint.

116.   Paragraph 116 of the Complaint contains Plaintiffs' Prayer for Relief, to which no response is required.  To the extent a response is deemed required, U.S. Soccer denies each and every allegation in Paragraph 116 and the Prayer for Relief and denies that Plaintiffs are entitled to any relief.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Without assuming the burden of proof for such defenses that it would not otherwise have, U.S. Soccer asserts the following affirmative and other defenses:

16

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**First Affirmative Defense**

U.S. Soccer's challenged pay practices are not based on sex, and any alleged pay differential between Plaintiffs and allegedly comparable USMNT players is based on differences in the aggregate revenue generated by the different teams and/or any other factor other than sex.

**Second Affirmative Defense**

To the extent Plaintiffs seek punitive damages, they are barred because the alleged acts or omissions of U.S. Soccer fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiffs their protected rights, and are not so wanton or willful as to support an award of punitive damages.

**Third Affirmative Defense**

Plaintiffs are not entitled to liquidated damages because U.S. Soccer made good faith efforts to comply with all applicable laws and regulations.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred to the extent that they fall outside of the applicable statute of limitations.

**Fifth Affirmative Defense**

Plaintiffs' claims arising under Title VII are barred to the extent that Plaintiffs failed to exhaust their administrative remedies.

**Sixth Affirmative Defense**

Plaintiffs are barred from pursuing their claims in the Central District of California because venue is improper, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3), or, alternatively, transferred to the proper venue.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent that they conflict with the authority granted to U.S. Soccer by the Ted Stevens Olympic and Amateur

17

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sports Act and/or are within the exclusive jurisdiction of the United States Olympic Committee.

### **Eighth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because every decision U.S. Soccer made with respect to the conduct alleged in the Complaint was for legitimate business reasons and not for any discriminatory or other unlawful purpose.

DATED:  May 6, 2019                                 SEYFARTH SHAW LLP


By:  */s/ Ellen E. McLaughlin*
Ellen E. McLaughlin
Cheryl A. Luce
Kristen M. Peters
Attorneys for Defendant
UNITED STATES SOCCER
FEDERATION

18

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**