UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | July 01, 2019 |
|---|---|---|---|
| Title | *MORGAN v. U.S. SOCCER FED'N, INC.* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) Order Re: Defendant's Motion to Transfer Venue (DE 46)

## I.   INTRODUCTION

On March 8, 2019, Plaintiffs, who are female professional soccer players on the United States Senior Women's National Soccer Team ("WNT"), filed this putative collective action and class action against the United States Soccer Federation, Inc. ("Defendant"). Plaintiffs assert two claims against Defendant: (1) violation of the Equal Pay Act, 29 U.S.C. § 206; and (2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Before the instant action was filed, Hope Solo ("Solo"), a former WNT member, filed a similar action against Defendant in the Northern District of California, captioned as *Solo v. United States Soccer Federation, Inc.*, Case No. 3:18-cv-05215-JD (N.D. Cal.). In the *Solo* action, Defendant filed a motion to transfer to the Northern District of Illinois. In the present action, Plaintiffs filed a motion to transfer the *Solo* action pursuant to 28 U.S.C. § 1407 with the Judicial Panel of Multidistrict Litigation ("JPML"). Both motions were ultimately denied.

Presently before the Court is Defendant's Motion to Transfer this action to the Northern District of California. Defendant argues that this action should be transferred to the same district as the *Solo* action based on the "first-to-file" rule. For the following reasons, the Court **DENIES** Defendant's Motion.

## II.   FACTUAL BACKGROUND

Plaintiffs allege the following:

Defendant is the single, common employer for the WNT and the United States Men's National Soccer Team ("MNT"). Despite being called upon to perform the same job responsibilities as the MNT, and despite the fact that the WNT's performance has been superior to that of the MNT, the members of the WNT have consistently been paid less and offered less favorable contracts than their male counterparts. As a result, Plaintiffs seek damages and injunctive relief for discriminatory employment practices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | July 01, 2019 |
|---|---|---|---|
| Title | *MORGAN v. U.S. SOCCER FED'N, INC.* | | |

### III. JUDICIAL STANDARD

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The decision to transfer lies within the discretion of the district court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). In exercising its discretion, the court must weigh multiple factors to assess the suitability of the contemplated venue, such as the action's connections to the venue. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) ("[T]he court may consider: . . . (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum . . . and (8) the ease of access to sources of proof.").

### IV. DISCUSSION

Defendant argues that the Court should transfer the instant action because the *Solo* action was filed in the Northern District of California before this action was filed in this District. Defendant has previously argued before that court and the JPML, however, that the Northern District is an improper venue, as it has minimal connections to that action.

Here, Defendant primarily relies on the first-to-file rule. The first-to-file rule permits a district court to transfer, stay, or dismiss an action "when a complaint involving the same parties and issues has already been filed in another district." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Alltrade, Inc. v. Unwield Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). However, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628. Accordingly, the rule must not be "mechanically applied," but "applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

Again, one factor that the Court may consider when assessing a venue's suitability is the extent to which the action is connected to the venue. *See Jones*, 211 F.3d at 498–99. Courts may decline to apply the first-to-file rule when it would force an action to proceed in a venue that lacks significant connections. *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, Case No. 08-cv-01097-AHM-FFMx, 2008 WL 11338129, at *3 (C.D. Cal. June 3, 2008) (noting that the "lawsuit's minimal connections to [the] District" weighed against application of the first-to-file rule); *Wells Fargo Bank v. Principal Life Ins. Co.*, Case No. 09-cv-00068-DDP-RZx, 2009 WL 10671947, at *4 (C.D. Cal. Apr. 22, 2009) (declining to apply the first-to-file rule because the majority of factual events occurred in the second action's venue).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | July 01, 2019 |
|---|---|---|---|
| Title | *MORGAN v. U.S. SOCCER FED'N, INC.* | | |

    In support of the first-to-file rule, Defendant argues that the claims and issues in the instant action are substantially similar to those in the *Solo* action, if not "precisely the same." (Mem. P. & A. 5:20–22, ECF No. 46.) In its attempts to transfer the *Solo* action out of the Northern District of California, however, Defendant previously argued that "[t]he Northern District of California has no logical tie to the parties, the activities alleged in the Complaint, the sources of proof, or the likely witnesses in this case." (Mem. P. & A. 1:6–7, *Solo*, Case No. 3:18-cv-05215-JD, ECF No. 25; *see also* Def.'s Opp'n 12–19, *Solo v. U.S. Soccer Fed'n*, Case No. 3:18-cv-05215-JD (JPML), ECF No. 15.) Because Defendant contends that the two actions are identical, it logically follows that this action also lacks connections to the Northern District. By contrast, the Central District of California, where the instant action is currently, has numerous connections to the action. The WNT plays and trains in the District, and key witnesses live in the District. (Pl.'s Opp'n 10:20–25, ECF No. 50.) Furthermore, Solo's counsel represented "that she would stipulate to transfer . . . to the Central District of California," further supporting the conclusion that this District is the most practical. (Pl.'s Opp'n 4:20–23.) Accordingly, the Court sees no justification for inconveniencing both parties by transferring the matter to an undesirable venue.

    Given that the Defendant have repeatedly argued—until now—that the Northern District would be an improper venue, the Court finds that application of the first-to-file rule is inappropriate here.

**V.    CONCLUSION**

    For the foregoing reasons, the Court **DENIES** Defendant's Motion (DE 46).

**IT IS SO ORDERED.**

                                                                                                     :

Initials of Preparer