1  Jeffrey L. Kessler (*pro hac vice*)
   jkessler@winston.com
2  David G. Feher (*pro hac vice*)
   dfeher@winston.com
3  WINSTON & STRAWN LLP
   200 Park Avenue
4  New York, New York 10166
   Telephone: (212) 294- 6700
5  Facsimile: (212) 294-4700

6  Cardelle B. Spangler (*pro hac vice*)
   cspangler@winston.com
7  WINSTON & STRAWN LLP
   35 West Wacker Drive
8  Chicago, Illinois 60601
   Telephone: (312) 558-5600
9  Facsimile: (312) 558-5700                    Ellen E. McLaughlin (*pro hac vice*)
                                                 emclaughlin@seyfarth.com
10 Diana Hughes Leiden (SBN: 267606)            Cheryl A. Luce (*pro hac vice*)
   dhleiden@winston.com                          cluce@seyfarth.com
11 WINSTON & STRAWN LLP                         SEYFARTH SHAW LLP
   333 South Grand Avenue, 38th Floor            233 S. Wacker Drive, Suite 8000
12 Los Angeles, California 90071-1543           Chicago, Illinois 60606
   Telephone: (213) 615-1700                     Telephone: (312) 460-5000
13 Facsimile: (213) 615-1750                    Facsimile: (312) 460-7000

14 Jeanifer E. Parsigian (SBN: 289001)          Kristin M. Peters (SBN 252296)
   jparsigian@winston.com                        kpeters@seyfarth.com
15 WINSTON & STRAWN LLP                         SEYFARTH SHAW LLP
   101 California St., 35th Floor                 2029 Century Park East, Suite 3500
16 San Francisco, California 94111              Los Angeles, California 90067-3021
   Telephone: (415) 591-1000                     Telephone:  (310) 277-7200
17 Facsimile: (415) 591-1400                    Facsimile:  (310) 277-5219

18 Attorneys for Plaintiffs                     Attorneys for Defendant

19            **UNITED STATES DISTRICT COURT**

20     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

21 ALEX MORGAN, et al.,                         **Case No. 2:19-cv-01717-RGK-AGR**

22        Plaintiffs/Claimants,                 Assigned to: Judge R. Gary Klausner

23        vs.                                   **JOINT RULE 26(f) REPORT**

24 UNITED STATES SOCCER                         Complaint filed: March 8, 2019
   FEDERATION, INC.,
25                                              Scheduling Conference:  Aug. 19, 2019
26        Defendant/Respondent.                 Time:   9:00 a.m.
                                                Place:  Courtroom 850
27

28

Plaintiffs and the United States Soccer Federation, Inc. ("U.S. Soccer," with Plaintiffs, the "Parties") hereby submit the following Joint Rule 26(f) Report. The Parties held their Rule 26(f) conference on July 26, 2019.

I.   **Summary of the Case**

A.   **Plaintiffs' Statement**

U.S. Soccer is the single, common employer of female and male professional soccer players who play on the United States Senior Women's National Soccer Team ("USWNT") and the United States Senior Men's National Soccer Team ("USMNT"). Despite the fact that these female and male players are called upon to perform the same job responsibilities on their teams and participate in international competitions for their common employer, the female players have been consistently paid less money than their male counterparts and have been otherwise denied equal treatment. This is true even though their performance has been superior to that of the male players—with the female players, in contrast to male players, becoming world champions four times over.

This collective and class action is brought by current female employees of U.S. Soccer who play on the USWNT for violations of the Equal Pay Act, 29 U.S.C. § 206(d) et seq. (EPA), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., on behalf of themselves and all other similarly situated current and former USWNT players who U.S. Soccer has subjected to its continuing policies and practices of gender discrimination. U.S. Soccer discriminates against Plaintiffs, and the class that they seek to represent, by paying them less than members of the USMNT for substantially equal work and by denying them at least equal playing, training, and travel conditions; equal promotion of their games; equal support and development for their games; and other terms and conditions of employment equal to the USMNT.

B.   **U.S. Soccer's Statement**

Plaintiffs' claims for violations of the EPA and Title VII are without any basis in law or fact. Plaintiffs' claims fail because the USWNT and USMNT do not play soccer in the "same establishment" under the EPA or Title VII and play soccer at different

times, in different locations, against different opponents, and are comprised of athletes who have different obligations, are compensated in fundamentally different ways, and enjoy different benefits. The USWNT and USMNT organized into separate players' associations and negotiated separate collective bargaining agreements governing their compensation and terms and conditions of employment. Under those agreements, the USMNT players are paid in the form of high-risk, high-reward match appearance fees, while the USWNT negotiated low-risk guaranteed salaries and benefits. Even if the USWNT and USMNT players were comparable under the EPA and Title VII as a matter of law (which they are not), any pay differential is attributable to factors other than sex, including their different bargaining priorities and preferences and different revenue generation. Additionally, many USWNT players earn more than USMNT players and have no claim for relief under the EPA or Title VII. Regarding Plaintiffs' other claims arising under Title VII, USWNT players are not subject to different terms and conditions of employment, and any differential treatment is not sex discrimination actionable under Title VII.

## II.  **Dispositive Motion Practice**

### A.  **Plaintiffs' Statement**

Plaintiffs reserve the right to file a motion for summary judgment or other dispositive motion following the close of discovery.

### B.  **U.S. Soccer's Statement**

Defendant reserves the right to file a motion for summary judgment or other dispositive motion following the close of discovery.

### III.     Discovery Plan and Case Schedule

#### A.     Case Schedule

Plaintiffs propose the following discovery and case schedule (subject to amendment in the future if needed):

| Discovery Plan & Case Schedule | |
| --- | --- |
| **Item** | **Deadline** |
| Exchange initial disclosures | August 19, 2019 |
| Fact discovery cut-off | February 28, 2020 |
| Expert reports due | March 30, 2020 |
| Expert oppositions due | April 29, 2020 |
| Expert replies due | May 29, 2020 |
| Expert discovery cut-off | June 12, 2020 |
| Dispositive motion filing cut-off date | July , 2020 |
| Final pre-trial conference | October 21, 2020 |
| Trial | November 11, 2020 |

U.S. Soccer proposes the following discovery and case schedule (subject to amendment in the future if needed):

| Discovery Plan & Case Schedule | |
| --- | --- |
| **Item** | **Deadline** |
| Exchange initial disclosures | August 19, 2019 |
| Fact discovery cut-off | March 27, 2020 |
| Expert reports due | April 30, 2020 |
| Expert oppositions due | May 29, 2020 |
| Expert replies due | June 30, 2020 |
| Expert discovery cut-off | July17, 2020 |
| Dispositive motion filing cut-off date | August 11, 2020 |
| Final pre-trial conference | November 20, 2020 |
| Trial | December 8, 2020 |

#### B.     Preservation of Discoverable Information

The Parties have discussed the preservation of discoverable information and do not anticipate any issues or difficulties regarding the preservation and/or production of discoverable information, including electronically stored information ("ESI"). The Parties anticipate entering into an ESI Protocol.  To the extent any such issues arise relating to preservation, discovery, or ESI, the Parties will meet and confer to resolve

those issues.

### C.     Protective Order and Privilege Issues

The Parties have agreed in principle to enter into a stipulated protective order to protect any confidential, proprietary, or other potentially sensitive information that may be appropriate to produce in discovery. It is Plaintiffs' position that a single-tier protective order, without an "Attorneys' Eyes Only" provision, is appropriate in this case. It is U.S. Soccer's position that a double-tier protective order, with an "Attorneys' Eyes Only" provision is appropriate in this case.

The Parties do not anticipate any unusual privilege or protection issues, but if any issues arise, the Parties have agreed to meet and confer to resolve those issues.

### D.     Subjects for Discovery

Plaintiffs expect to propound discovery, including requests for production, deposition notices, interrogatories, and requests for admission, on at least the following subjects: U.S. Soccer's discriminatory practices; U.S. Soccer's marketing, sponsorships, financials, compensation to members of the USWNT in comparison to compensation to members of the USMNT; the economic value of the USWNT broadcasting rights in comparison to the economic value of the USMNT broadcasting rights; U.S. Soccer's employment practices; U.S. Soccer's agreements with sponsors, media partners, and licensors; U.S. Soccer's collective bargaining negotiations relating to the USWNT and USMNT; and responsibilities of USWNT and USMNT players.

Defendant expects to propound discovery, including requests for production, deposition notices, interrogatories, and requests for admission, on at least the following subjects: communications related to the parties' negotiation of the USWNT collective bargaining agreements; Plaintiffs' communications related to their claims and this lawsuit; Plaintiffs' performance of work for Defendant and the terms and conditions of that work; compensation earned by Plaintiffs; and discovery related to Defendant's affirmative defenses.

**E.   Initial Disclosures**

The Parties have agreed to exchange initial disclosures on August 19, 2019.

**F.   Phases of Discovery**

The Parties do not expect that it will be necessary to conduct discovery in phases.

**G.   Limitations on Discovery**

The Parties do not believe that there is any need to deviate from the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**H.   Other Orders**

The Parties have agreed to serve discovery requests and responses by email. For Plaintiffs, discovery requests and responses should be served by email on the following email addresses: jkessler@winston.com; cspangler@winston.com; dfeher@winston.com; dhleiden@winston.com; jparsigian@winston.com; ltsukerman@winston.com; DocketLA@winston.com. For Defendant, discovery requests and responses should be served by email on the following email addresses: emclaughlin@seyfarth.com; cluce@seyfarth.com; kmpeters@seyfarth.com. Discovery requests and responses must be served no later than 5:00 p.m. Pacific in order to be considered served on that day. The Parties shall not serve discovery requests on weekends or holidays.

**IV.   ADR Selection**

The Parties preferred ADR procedure under Local Rule 16-15.4 is to participate in a private dispute resolution proceeding. The Parties have agreed to and scheduled a private mediation of this matter, which will occur before the August 19, 2019 scheduling conference in this matter.

**V.   Trial**

A preliminary estimate of the time required for trial is two to four weeks. Plaintiffs have demanded a jury trial.

## VI.   **Additional Parties**

Plaintiffs are seeking to certify a class and collective action.

## VII.   **Complex Litigation**

The Parties agree that this matter should not be governed by the procedures of the federal Manual for Complex Litigation.

Dated:  August 9, 2019          WINSTON & STRAWN LLP

By:  */s/ Diana Hughes Leiden*[1]
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

Attorneys for Plaintiffs

Dated:  August 9, 2019          SEYFARTH SHAW LLP

By:  */s/ Ellen E. McLaughlin*
Ellen E. McLaughlin
Cheryl A. Luce
Kristen M. Peters

Attorneys for Defendant

---

[1] I, Diana Hughes Leiden, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.