# EXHIBIT 1

**Stafford, Paul**

| | |
|---|---|
| **From:** | Stolzenbach, Brian <BStolzenbach@seyfarth.com> |
| **Sent:** | Thursday, August 29, 2019 3:50 PM |
| **To:** | Rnicholspc@gmail.com |
| **Cc:** | McLaughlin, Ellen; Peters, Kristen M.; Egan, Chantelle C; Luce, Cheryl A; Dixon, Brandon L.; cspangler@winston.com; dfeher@winston.com; dhleiden@winston.com; jparsigian@winston.com; jkessler@winston.com; ajdebartolomeo@tadlerlaw.com; Stafford, Paul; timmoppin@aol.com |
| **Subject:** | Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols |
| **Attachments:** | 20190828 Supboena for Deposition to Rich Nichols(58820492v1).PDF |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Nichols:

Attached is a subpoena for your deposition in the matter of *Morgan, et al. v. United States Soccer Federation, Inc.* You will see that the subpoena commands your appearance at Seyfarth Shaw's offices in San Francisco on October 15, 2019.  A hard copy of the subpoena and the requisite witness and mileage fee is on its way to you.

I have copied on this e-mail counsel for the Plaintiffs in the *Morgan* matter, as well as your co-counsel in the matter of *Solo v. United States Soccer Federation, Inc.* As with other third-party witnesses, we would like to conduct your deposition just one time for use in both cases.

If you have an immovable conflict on October 15, please let us know. As you know, we do have a tight schedule and would like to make the date work if at all possible, but if you have a conflict that cannot be resolved, please let us know your other available date before October 18.

Thank you and feel free to call me at any time to discuss if that is easier than e-mail.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 2

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| ALEX MORGAN, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:19-CV-01717 |
| UNITED STATES SOCCER FEDERATION, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                               Rich Nichols

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Seyfarth Shaw, LLP<br>560 Mission Street, 31st Floor<br>San Francisco, California  94105 | Date and Time:<br>10/15/2019 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographically and by videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/28/2019

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    United States Soccer Federation, Inc.                                           , who issues or requests this subpoena, are:
Cheryl Luce, Seyfarth Shaw LLP, 233 S. Wacker Drive, Suite 8000, Chicago, IL  60606
Phone:  312-460-5000; Email: cluce@seyfarth.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 3

**Stafford, Paul**

| | |
|---|---|
| **From:** | Stafford, Paul |
| **Sent:** | Friday, September 20, 2019 10:33 PM |
| **To:** | 'Stolzenbach, Brian' |
| **Cc:** | AJ de Bartolomeo; McLaughlin, Ellen |
| **Subject:** | RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols |

Brian:

As you're aware, you suggested two days ago (on Wednesday) that we meet and confer this week on the subpoena for the October 15 deposition of Mr. Nichols. I replied shortly thereafter on Wednesday suggesting that you do so if needed. You ignored that email for two days until tonight's post-week evening email – which would indicate that you did not feel the need to do so. Your delayed response is received and noted, as is your feigned lack of understanding regarding my email to you.

Since you continue to email me about this topic, it's up to you to determine what you're missing. If you wish or feel you must, confer with me as Solo's Counsel regarding the withdrawal of the October 15 subpoena for Mr. Nichols, or the proper issuance or service of the subpoena for deposition of Mr. Nichols. Regardless, do let me know when you withdraw the subpoena for the October 15 deposition, and/or when you confer with Mr. Nichols or his attorney on the deposition you are attempting to schedule. Thanks.

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard | www.tklaw.com/Paul-K-Stafford

*This message may be confidential and attorney-client privileged. If received in error, please do not read. Instead, reply to me that you have received it in error and delete the message. Thank you.*

> **From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
> **Sent:** Friday, September 20, 2019 8:09 PM
> **To:** Stafford, Paul
> **Cc:** AJ de Bartolomeo; McLaughlin, Ellen
> **Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols
>
> Mr. Stafford:
>
> In your first two emails you wrote "on behalf of Mr. Nichols" to advise us that he would be filing a motion to quash the subpoena.
>
> In your most recent email you wrote that you "don't represent Mr. Nichols" and that I should confer with Mr. Nichols or his attorney directly.
>
> I'm unaware of any attorney representing Mr. Nichols, so I will address his intended motion to quash with him directly, as you suggest.

1

At this point, I don't understand the last sentence of your most recent email at all. We are already working on scheduling more than 15 depositions, including Mr. Nichols' deposition, with counsel for the Plaintiffs in *Morgan* and with your co-counsel, Mr. Nichols and Mr. Moppin. See the attached email chain. Meanwhile, I see no need to meet and confer with you, as Ms. Solo's counsel, about withdrawing the subpoena to Mr. Nichols. We have already said the deposition is not going forward on October 15th. Nor do I see why I would need to meet and confer with you about Mr. Nichols' intended motion to quash, given that you have made it abundantly clear that you do not represent him and that I should confer with him directly. If I am missing something there, please let me know.

Have a good weekend.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | www.seyfarth.com
<u>Professional Bio</u>



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Wednesday, September 18, 2019 9:15 PM
**To:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>
**Cc:** AJ de Bartolomeo <ajd@tadlerlaw.com>; McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

Thanks, Brian.
I don't represent Mr. Nichols, and notwithstanding your feigned confusion given your "experience" and "understanding", my position on the subpoena for the deposition of Mr. Nichols is clear from my emails. You should confer with Mr. Nichols or his attorney.

As previously stated, the subpoena should properly be withdrawn, just as you should have properly conferred with Mr. Nichols before arbitrarily setting the October 15 date. Your "experience" should inform you of this, especially given that you do not plan to proceed with the October 15 deposition date stated on the subpoena.

If needed, let me know when you're available to "confer" with me by phone tomorrow (as Solo's counsel) on the withdrawal of the subpoena setting the October 15 deposition of Mr. Nichols, as well as the motion to quash the deposition of Mr. Nichols. Morning is best for me.

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged.  If received in error, please do not read.  Instead, reply to me that you have received it in error and delete the message.  Thank you.*

**From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
**Sent:** Wednesday, September 18, 2019 6:46 PM
**To:** Stafford, Paul
**Cc:** AJ de Bartolomeo; McLaughlin, Ellen
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Mr. Stafford,

I don't know exactly what you mean when you say "the subpoena should properly be withdrawn."  In my experience, if after the service of a third-party subpoena the intended date for the deposition does not work, it suffices to confirm that in writing (as we have done below) and then work towards a new date, after which we can email Mr. Nichols a new subpoena with the new date and time so everyone has that for the record. I'm happy to do that once we settle on the logistics.

With respect to Mr. Nichols' plan to move to quash the subpoena altogether, that is hard to understand. We have no intention of inquiring into any privileged communication between Mr. Nichols and any of his present or former clients (absent, I suppose, discovery that the privilege has been waived in some respect). Mr. Nichols, as the former Executive Director of the WNTPA and lead negotiator in collective bargaining for the WNTPA, is a material fact witness in the *Morgan, et. al,* case and in the *Solo* case. In fact, he has been identified by the *Morgan* plaintiffs as a witness in their Rule 26(a)(1) disclosures, and we anticipate that he will be identified by Ms. Solo in hers. It is altogether common for a lawyer who negotiates a collective bargaining agreement to be called as a witness when the course of those negotiations is relevant—as it certainly is here. For example, Mr. Nichols himself surely will recall John Langel's being deposed by the Federation in the lawsuit between the Federation and the WNTPA concerning whether the parties, in fact, had a collective bargaining agreement in place during 2016. We have no intention of providing questions in advance of the deposition, given how obvious it is that Mr. Nichols is a material fact witness and given that we reserve the right to cover any discoverable topic related to the two lawsuits.

As for shifting costs, the *Stormans* case, its holding, and the entire concept of avoiding the imposition of "significant" expense on a third party arises under Rule 45(d)(2)(B)(ii), which addresses subpoenas to produce materials, not subpoenas for a deposition. The Federation has not issued a subpoena for documents or other tangible things, so there is no expense to shift.

3

With all that said, if Mr. Nichols still plans to move to quash the subpoena and/or to request a shift of expenses, please advise as to your availability to meet and confer on that subject sometime this week.

Otherwise, I would appreciate receiving all of Mr. Nichols' available dates for his deposition between November 25 and February 6 no later than the end of this week. We are endeavoring to work out a schedule for many deponents, as you know, and we are certainly prepared to work with Mr. Nichols to schedule his deposition on a date that works for his schedule. As for location, we will plan on our offices in San Francisco, subject to the possibility that it may work better for everyone, including Mr. Nichols, to hold the deposition in some other location where everyone, including him, will already be present for another deposition in the case. It seems to me wise to assess that particular issue once we have an idea of the dates when he and others are available.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Tuesday, September 17, 2019 7:23 PM
**To:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>
**Cc:** AJ de Bartolomeo <ajd@tadlerlaw.com>; McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

The Federation's non-agreement is noted, Mr. Stolzenbach.
Since the deposition that was subpoenaed for October 15 is not going forward, the subpoena should properly be withdrawn.

To be clear, my inquiry to you was as counsel for Plaintiff in Solo v. USSF in the continuing effort (order) to collaborate with Morgan et al v. USSF; however, on behalf of Mr. Nichols, the email was also to advise you that Mr. Nichols will file a motion to quash the subpoena under Federal Rule 45(D)(3)(A)(iii) (attorney client privilege), and will also ask the Court to shift the costs of compliance with the subpoena to USSF.
In the spirit of the earlier email, if you are suggesting that you would like to confer on the third-party subpoena of Mr. Nichols, it is requested that you also confer as to a reasonable time, place, and manner as well.

4

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged.  If received in error, please do not read.  Instead, reply to me that you have received it in error and delete the message.  Thank you.*

---

**From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
**Sent:** Tuesday, September 17, 2019 5:31 PM
**To:** Stafford, Paul
**Cc:** AJ de Bartolomeo; McLaughlin, Ellen
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Mr. Stafford:

The Federation is not in agreement with either suggestion, but please note that the deposition will not go forward on October 15th.  It is not likely to go forward before late November.

That should give us a little time to confer on the subject in more detail. Could we schedule some time to talk on Thursday afternoon?  I could take a call any time that afternoon.

In the meantime, just to be clear, am I reading your email correctly that with respect to the subpoena to Mr. Nichols, you are representing him in his personal capacity as a subpoenaed witness?

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Tuesday, September 17, 2019 1:01 PM
**To:** McLaughlin, Ellen <EMcLaughlin@seyfarth.com>

Cc: Stolzenbach, Brian <BStolzenbach@seyfarth.com>; AJ de Bartolomeo <ajd@tadlerlaw.com>
**Subject:** FW: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

Ellen:

This email follows up our voicemail to your direct number (312-460-5887) this morning. Please give me a call at your earliest convenience.

We called you to discuss the attached Subpoena (for October 15, 2019 deposition) issued to Rich Nichols, Esq in the Morgan v. USSF matter.
On behalf of Mr. Nichols, this email is to advise you that we will file a motion to quash the subpoena under Federal Rule 45(D)(3)(A)(iii) (attorney client privilege). We will also ask the Court to shift the costs of compliance with the subpoena to USSF.
See for example *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1182 (9th Cir. 2013) (requires the District Court to consider whether the costs of compliance are "significant.").

In lieu of motion practice – and in the interests of efficiency and judicial economy -- we request that USSF withdraw the subpoena and serve written deposition questions. Mr. Nichols can then assess if there is any non-privileged and protected information about which he can testify. If USSF wishes to depose Mr. Nichols on those non-privileged subjects, we will work with USSF to find a mutually agreeable date and location for the deposition.
Please advise on or before Thursday 9/19 as to USSF's position on this suggested approach. Thank you.

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged. If received in error, please do not read. Instead, reply to me that you have received it in error and delete the message. Thank you.*

**From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
**Sent:** Thursday, August 29, 2019 3:50 PM
**To:** Rnicholspc@gmail.com
**Cc:** McLaughlin, Ellen; Peters, Kristen M.; Egan, Chantelle C; Luce, Cheryl A; Dixon, Brandon L.; cspangler@winston.com; dfeher@winston.com; dhleiden@winston.com; jparsigian@winston.com; jkessler@winston.com; ajdebartolomeo@tadlerlaw.com; Stafford, Paul; timmoppin@aol.com
**Subject:** Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Dear Mr. Nichols:

Attached is a subpoena for your deposition in the matter of *Morgan, et al. v. United States Soccer Federation, Inc.* You will see that the subpoena

commands your appearance at Seyfarth Shaw's offices in San Francisco on
October 15, 2019.  A hard copy of the subpoena and the requisite witness and
mileage fee is on its way to you.

I have copied on this e-mail counsel for the Plaintiffs in the *Morgan* matter,
as well as your co-counsel in the matter of *Solo v. United States Soccer
Federation, Inc.* As with other third-party witnesses, we would like to
conduct your deposition just one time for use in both cases.

If you have an immovable conflict on October 15, please let us know. As you
know, we do have a tight schedule and would like to make the date work if at
all possible, but if you have a conflict that cannot be resolved, please let us
know your other available date before October 18.

Thank you and feel free to call me at any time to discuss if that is easier than
e-mail.

**Brian Stolzenbach** ⏐ Partner ⏐ Seyfarth Shaw LLP
233 S. Wacker Drive ⏐ Suite 8000 ⏐ Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 ⏐ Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the
individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use,
dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 4

**From:** "Stolzenbach, Brian" <BStolzenbach@seyfarth.com>
**Date:** September 20, 2019 at 8:12:36 PM CDT
**To:** Rich Nichols <rnicholspc@gmail.com>
**Cc:** "McLaughlin, Ellen" <EMcLaughlin@seyfarth.com>
**Subject: FW: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols**

Mr. Nichols:

Please see the series of exchanges below regarding the subpoena served on you by the United States Soccer Federation in the *Morgan* matter.

If, after reviewing it, you still plan to file any kind of motion with respect to the subpoena, we would appreciate your advising us as to the content of the intended motion and the basis for filing it. As I explained to Mr. Stafford, we have no intention of inquiring into any privileged communications between you and any of your present or former clients, but you are rather obviously a material fact witness in both the *Morgan* and *Solo* matters.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>
**Sent:** Friday, September 20, 2019 8:09 PM
**To:** 'Stafford, Paul' <Paul.Stafford@tklaw.com>
**Cc:** AJ de Bartolomeo <ajd@tadlerlaw.com>; McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Mr. Stafford:

In your first two emails you wrote "on behalf of Mr. Nichols" to advise us that he would be filing a motion to quash the subpoena.

In your most recent email you wrote that you "don't represent Mr. Nichols" and that I should confer with Mr. Nichols or his attorney directly.

I'm unaware of any attorney representing Mr. Nichols, so I will address his intended motion to quash with him directly, as you suggest.

At this point, I don't understand the last sentence of your most recent email at all.  We are already working on scheduling more than 15 depositions, including Mr. Nichols' deposition, with counsel for the Plaintiffs in *Morgan* and with your co-counsel, Mr. Nichols and Mr. Moppin. See the attached email chain. Meanwhile, I see no need to meet and confer with you, as Ms. Solo's counsel, about withdrawing the subpoena to Mr. Nichols. We have already said the deposition is not going forward on October 15th. Nor do I see why I would need to meet and confer with you about Mr. Nichols' intended motion to quash, given that you have made it abundantly clear that you do not represent him and that I should confer with him directly. If I am missing something there, please let me know.

Have a good weekend.


**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Wednesday, September 18, 2019 9:15 PM
**To:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>
**Cc:** AJ de Bartolomeo <ajd@tadlerlaw.com>; McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

Thanks, Brian.
I don't represent Mr. Nichols, and notwithstanding your feigned confusion given your "experience" and "understanding", my position on the subpoena for the deposition of Mr. Nichols is clear from my emails.  You should confer with Mr. Nichols or his attorney.

As previously stated, the subpoena should properly be withdrawn, just as you should have properly conferred with Mr. Nichols before arbitrarily setting the October 15 date.  Your "experience" should inform you of this, especially given that you do not plan to proceed with the October 15 deposition date stated on the subpoena.

If needed, let me know when you're available to "confer" with me by phone tomorrow (as Solo's counsel) on the withdrawal of the subpoena setting the October 15 deposition of Mr. Nichols, as well as the motion to quash the deposition of Mr. Nichols.  Morning is best for me.


**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged.  If received in error, please do not read.  Instead, reply to me that you have received it in error and delete the message.  Thank you.*

> **From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
> **Sent:** Wednesday, September 18, 2019 6:46 PM
> **To:** Stafford, Paul
> **Cc:** AJ de Bartolomeo; McLaughlin, Ellen
> **Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols
>
> Mr. Stafford,
>
> I don't know exactly what you mean when you say "the subpoena should properly be withdrawn."  In my experience, if after the service of a third-party subpoena the intended date for the deposition does not work, it suffices to confirm that in writing (as we have done below) and then work towards a new date, after which we can email Mr. Nichols a new subpoena with the new date and time so everyone has that for the record. I'm happy to do that once we settle on the logistics.
>
> With respect to Mr. Nichols' plan to move to quash the subpoena altogether, that is hard to understand. We have no intention of inquiring into any privileged communication between Mr. Nichols and any of his present or former clients (absent, I suppose, discovery that the privilege has been waived in some respect). Mr. Nichols, as the former Executive Director of the WNTPA and lead negotiator in collective bargaining for the WNTPA, is a material fact witness in the *Morgan, et. al*, case and in the *Solo* case. In fact, he has been identified by the *Morgan* plaintiffs as a witness in their Rule 26(a)(1) disclosures, and we anticipate that he will be identified by Ms. Solo in hers. It is altogether common for a lawyer who negotiates a collective bargaining agreement to be called as a witness when the course of those negotiations is relevant—as it certainly is here. For example, Mr. Nichols himself surely will recall John Langel's being deposed by the Federation in

the lawsuit between the Federation and the WNTPA concerning whether the parties, in fact, had a collective bargaining agreement in place during 2016. We have no intention of providing questions in advance of the deposition, given how obvious it is that Mr. Nichols is a material fact witness and given that we reserve the right to cover any discoverable topic related to the two lawsuits.

As for shifting costs, the *Stormans* case, its holding, and the entire concept of avoiding the imposition of "significant" expense on a third party arises under Rule 45(d)(2)(B)(ii), which addresses subpoenas to produce materials, not subpoenas for a deposition. The Federation has not issued a subpoena for documents or other tangible things, so there is no expense to shift.

With all that said, if Mr. Nichols still plans to move to quash the subpoena and/or to request a shift of expenses, please advise as to your availability to meet and confer on that subject sometime this week.

Otherwise, I would appreciate receiving all of Mr. Nichols' available dates for his deposition between November 25 and February 6 no later than the end of this week.  We are endeavoring to work out a schedule for many deponents, as you know, and we are certainly prepared to work with Mr. Nichols to schedule his deposition on a date that works for his schedule. As for location, we will plan on our offices in San Francisco, subject to the possibility that it may work better for everyone, including Mr. Nichols, to hold the deposition in some other location where everyone, including him, will already be present for another deposition in the case. It seems to me wise to assess that particular issue once we have an idea of the dates when he and others are available.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Tuesday, September 17, 2019 7:23 PM
**To:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>
**Cc:** AJ de Bartolomeo <ajd@tadlerlaw.com>; McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

The Federation's non-agreement is noted, Mr. Stolzenbach.
Since the deposition that was subpoenaed for October 15 is not going forward, the subpoena should properly be withdrawn.

To be clear, my inquiry to you was as counsel for Plaintiff in Solo v. USSF in the continuing effort (order) to collaborate with Morgan et al v. USSF; however, on behalf of Mr. Nichols, the email was also to advise you that Mr. Nichols will file a motion to quash the subpoena under Federal Rule 45(D)(3)(A)(iii) (attorney client privilege), and will also ask the Court to shift the costs of compliance with the subpoena to USSF.
In the spirit of the earlier email, if you are suggesting that you would like to confer on the third-party subpoena of Mr. Nichols, it is requested that you also confer as to a reasonable time, place, and manner as well.

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com
vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged. If received in error, please do not read. Instead, reply to me that you have received it in error and delete the message. Thank you.*

**From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
**Sent:** Tuesday, September 17, 2019 5:31 PM
**To:** Stafford, Paul
**Cc:** AJ de Bartolomeo; McLaughlin, Ellen
**Subject:** RE: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Mr. Stafford:

The Federation is not in agreement with either suggestion, but please note that the deposition will not go forward on October 15th. It is not likely to go forward before late November.

That should give us a little time to confer on the subject in more detail. Could we schedule some time to talk on Thursday afternoon? I could take a call any time that afternoon.

In the meantime, just to be clear, am I reading your email correctly that with respect to the subpoena to Mr. Nichols, you are representing him in his personal capacity as a subpoenaed witness?

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Stafford, Paul <Paul.Stafford@tklaw.com>
**Sent:** Tuesday, September 17, 2019 1:01 PM
**To:** McLaughlin, Ellen <EMcLaughlin@seyfarth.com>
**Cc:** Stolzenbach, Brian <BStolzenbach@seyfarth.com>; AJ de Bartolomeo <ajd@tadlerlaw.com>
**Subject:** FW: Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

**[EXT. Sender]**

Ellen:

This email follows up our voicemail to your direct number (312-460-5887) this morning. Please give me a call at your earliest convenience.

We called you to discuss the attached Subpoena (for October 15, 2019 deposition) issued to Rich Nichols, Esq in the Morgan v. USSF matter.
On behalf of Mr. Nichols, this email is to advise you that we will file a motion to quash the subpoena under Federal Rule 45(D)(3)(A)(iii) (attorney client privilege). We will also ask the Court to shift the costs of compliance with the subpoena to USSF.
See for example *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1182 (9th Cir. 2013) (requires the District Court to consider whether the costs of compliance are "significant.").

In lieu of motion practice – and in the interests of efficiency and judicial economy -- we request that USSF withdraw the subpoena and serve written deposition questions. Mr. Nichols can then assess if there is any non-privileged and protected information about which he can testify. If USSF wishes to depose Mr. Nichols on those non-privileged subjects, we will work with USSF to find a mutually agreeable date and location for the deposition.
Please advise on or before Thursday 9/19 as to USSF's position on this suggested approach. Thank you.

**Paul K. Stafford | Thompson & Knight LLP**
Counsel

1722 Routh Street, Suite 1500, Dallas, Texas 75201
214.969.1106 (direct) | 214.999.1500 (fax) | paul.stafford@tklaw.com

vCard [tklaw.com] | www.tklaw.com/Paul-K-Stafford [tklaw.com]

*This message may be confidential and attorney-client privileged. If received in error, please do not read. Instead, reply to me that you have received it in error and delete the message. Thank you.*

**From:** Stolzenbach, Brian [mailto:BStolzenbach@seyfarth.com]
**Sent:** Thursday, August 29, 2019 3:50 PM
**To:** Rnicholspc@gmail.com
**Cc:** McLaughlin, Ellen; Peters, Kristen M.; Egan, Chantelle C; Luce, Cheryl A; Dixon, Brandon L.; cspangler@winston.com; dfeher@winston.com; dhleiden@winston.com; jparsigian@winston.com; jkessler@winston.com; ajdebartolomeo@tadlerlaw.com; Stafford, Paul; timmoppin@aol.com
**Subject:** Morgan, et al. v. U.S. Soccer Federation, Inc. - Subpoena for Deposition of Rich Nichols

Dear Mr. Nichols:

Attached is a subpoena for your deposition in the matter of *Morgan, et al. v. United States Soccer Federation, Inc.* You will see that the subpoena commands your appearance at Seyfarth Shaw's offices in San Francisco on October 15, 2019. A hard copy of the subpoena and the requisite witness and mileage fee is on its way to you.

I have copied on this e-mail counsel for the Plaintiffs in the *Morgan* matter, as well as your co-counsel in the matter of *Solo v. United States Soccer Federation, Inc.* As with other third-party witnesses, we would like to conduct your deposition just one time for use in both cases.

If you have an immovable conflict on October 15, please let us know. As you know, we do have a tight schedule and would like to make the date work if at all possible, but if you have a conflict that cannot be resolved, please let us know your other available date before October 18.

Thank you and feel free to call me at any time to discuss if that is easier than e-mail.

**Brian Stolzenbach** | Partner | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5551 | Mobile: +1-312-498-6907
bstolzenbach@seyfarth.com | http://www.seyfarth.com
Professional Bio



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 5

 **Gmail**

Rich Nichols <rnicholspc@gmail.com>

---

## Subpoena

1 message

---

**Rich Nichols** <rnicholspc@gmail.com>                                    Tue, Sep 24, 2019 at 3:19 PM
To: BStolzenbach@seyfarth.com
Cc: "McLaughlin, Ellen" <EMcLaughlin@seyfarth.com>
Bcc: AJ de Bartolomeo <ajd@tadlerlaw.com>, "Stafford, Paul" <Paul.Stafford@tklaw.com>, "Timothy W. Moppin"
<timmoppin@aol.com>, Rich Nichols <rnicholspc@gmail.com>

Brian,

Attached please find my letter regarding the Subpoena to depose me.

Please confirm receipt.

Thank you.

Best,
Rich

---

📄 **Nichols Subpoena Letter 92419.pdf**
652K



# EXHIBIT 6

*Richard M. Nichols, P.C.*
Attorney at Law

**_VIA EMAIL & FEDERAL EXPRESS_**

September 24, 2019

Brian Stolzenbach
Seyfarth Shaw, LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606

Dear Brian,

I am writing with regard to your Subpoena to depose me.

While I understand your request, and would like to be as cooperative as I can be within the confines of my obligations as a lawyer in a related matter, in addition to what I believe was an improperly served Subpoena, I believe that any relevant matter about which you'd like to question me is protected from disclosure under the Attorney-Client Privilege.

Also, if you believe the Subpoena was properly served, please provide me the rule or circumstances by which you deem service proper.

Accordingly, it may be more efficient for us to talk about the categories about which you'd like to question me, which discussion would provide me the opportunity to tell you whether or not I'd be able to provide answers to your questions without infringing on the Attorney-Client Privilege.

I look forward to your response.  My cell number is: 415-314-0066.

Best regards,

Rich

802 Glendale Drive
Keller, Texas
76248

PHONE   415-314-0066 (Direct/ Mobile)
E-MAIL   nicholspc@gmail.com

# MEMORANDUM

To:      Central District of California

From:   Rich Nichols, Pro Se

Re:      Filing of MOTION TO QUASH
         Case No. 2:19-cv-01717-RGK-AGR

Date:   October 3, 2019

Clerk,

I am a Non-Party to the above referenced case. Attached please find my Motion to Quash a Subpoena noticing my Deposition. To file the Motion, I was instructed by the Help Desk of this Court to mail and or send by Federal Express.

Accordingly, please file the attached Motion to Quash, the Proposed Order and six (6) attached Exhibits.

Please either email me at Rnicholspc@gmail.com, or call me on my cell phone--415-314-0066-- to confirm receipt and proper filing of the Motion.

Thank you.

ORIGIN ID:DALA   (415) 314-0066
RICHARD NICHOLS
802 GLENDALE DR.

KELLER, TX 76248
UNITED STATES US

TO  CENTRAL DISTRICT OF CALIFORNIA
    CASE #2:19-CV-01717-RGK
    350 W. 1ST. ST., SUITE #4311

    LOS ANGELES CA 90012
    (419) 314-0069

SHIP DATE: 03OCT19
ACTWGT: 1.30 LB
CAD: 6985698/SSF02021

BILL THIRD PARTY

FedEx
Express

OCT - 4 2019

FRI - 04 OCT 10:30A
PRIORITY OVERNIGHT

DSR
90012
CA-US                        LAX

TRK# 7764 7874 2030

A7 EMTA

**Extremely Urgent**

**For FedEx Express® Shipments Only**

Contents should be compatible with the cont
For shipping terms and conditions and our lin
applicable FedEx Express shipping document
Guide, or conditions of carriage.

For more information on FedEx Express serv
locations, go to **fedex.com**, or contact you

© 2018 FedEx 155475/155476 REV 3/18

See how FedEx connects the world in resp
**environment.fedex.com**. Join our effo

**FedEx** Express ®



SHIP DATE: 03OCT19
ACTWGT: 0.50 LB
CAD: 6988808/SSF02021

BILL THIRD PARTY

ORIGIN ID:DMLA  (415) 314-0066
RICHARD NICHOLS

802 GLENDALE DR.

KELLER, TX 76248
UNITED STATES US

TO CENTRAL DISTRICT OF CALIFORNIA
CASE #2:19-CV-01717-RGK
350 W. 1ST. ST., SUITE #4311

LOS ANGELES CA 90012
(425) 314-0080

FRI - 04 OCT 10:30A
PRIORITY OVERNIGHT

TRK# 7764 7874 2030

A7 EMTA

CA-US

705
1   10:30   2030
         10.04

FedEx Express