Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294- 6700
Facsimile: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-570

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs

Ellen E. McLaughlin (*pro hac vice*)
emclaughlin@seyfarth.com
Brian Stolzenbach (*pro hac vice*)
bstolzenbach@seyfarth.com
Cheryl A. Luce (*pro hac vice*)
cluce@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Chantelle C. Egan (SBN 257938)
cegan@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Kristin M. Peters (SBN 252296)
kpeters@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 277-5219

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ALEX MORGAN, et al., ) | Case No. 2:19-cv-01717-RGK-AGR |
| Plaintiffs/Claimants, ) | |
| v. ) | **STIPULATED PROTECTIVE ORDER** |
| UNITED STATES SOCCER ) FEDERATION, INC., ) | |
| Defendant/Respondent. ) | |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.6, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    <u>GOOD CAUSE STATEMENT</u>

Defendant asserts that this action is likely to involve U.S. Soccer Federation non-public records, policies and processes concerning the United States Senior Women's National Team ("USWNT") and United States Senior Men's National Team ("USMNT") and/or personally-identifying information from the personnel files of one or more members of the USWNT and/or the USMNT.  Defendant further asserts that some of such information is critical to the USWNT and the USMNT in maintaining their competitive advantages in international competition, which warrants special protection from public disclosure and from use for any purpose other than prosecution of this action.

Other information may be protected from public disclosure under applicable international, state or federal law or court rules (e.g., in the case of personal information relating to individual players).  Such confidential and proprietary materials and information consist of, among other things: confidential business or financial information (but excludes the audited financials available at www.ussoccer.com); non-public information that could cause financial and competitive harm if disclosed; information concerning the evaluation

and selection of athletes; information concerning athlete training and development; information regarding confidential business practices, or other confidential strategic, development, or commercial and sponsorship agreements or information (including information implicating confidentiality obligations to, or privacy rights of, third parties); and, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: *Alex Morgan, et al. v. United States Soccer Federation*, Case No. 2:19-cv-01717-RGK-AGR (C.D. Cal. Mar. 8, 2019).

2.2    Challenging Party: a Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8     Final Disposition: Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent a Party to this Action and have filed an appearance in this Action on behalf of a Party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: a named party to this Action (including all of its officers, directors, employees, litigation consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs)), the absent class members of the certified class (if any), and the opt-in members to the collective action. The term "Party" excludes putative class members, members who opt out of the certified class, members who do not opt-in to the collective action, counsel and agents to individual absent members of the

certified class (excluding Outside Counsel of Record), counsel and agents to individual opt-in members to the collective action (excluding Outside Counsel of Record), and relatives and agents of a Party to this Action, including but not limited to, spouses and domestic partners.  Plaintiffs' Outside Counsel of Record will instruct the absent members of the certified class and the opt-in members to the collective action that they are bound by this Protective Order prior to sharing any Protected Material with any of these individuals.

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees, subcontractors, and assigns.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" as well as tangible information not previously filed with the court such as, but not limited to, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including without limitation, notes of Outside Counsel of Record.  Information available in the public domain is not Protected Material.

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until (a) a Receiving Party returns or completely destroys all Protected Materials in its possession following Final Disposition as provided in Section 15 or (b) a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.  The Parties agree that withdrawal of an inapplicable designation will not be *de facto* evidence of misuse of the designation process or otherwise a violation of Section 5.1.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g*., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, the Designating Party may either:

(1) identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as "CONFIDENTIAL"; or

(2) designate the entirety of the deposition testimony, including, but not limited to the exhibits presented to the witness, as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the deposition testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information

may be separately bound by the court reporter, who must affix to the top of each page the CONFIDENTIAL legend as instructed by the Designating Party. The designation of portions of the Testimony as "CONFIDENTIAL" will not alter the pagination of the transcript.

(b)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.

(a)     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection and/or has been inadvertently produced without the "CONFIDENTIAL" designation (hereinafter "Inadvertent Production"), the Receiving Parties shall promptly destroy the Inadvertent Production and all copies thereof, or return such together with all copies of such materials to counsel for the Designating Party.  Should the Receiving Parties choose to destroy the Inadvertent Production, the Receiving Parties shall notify the Producing Party in writing of such destruction within seven (7) days of receipt of notice of the Inadvertent Production. *See* Fed. R. Civ. Proc. 26(b)(5)(B).  If any of the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

(b)     If promptly corrected upon awareness of an inadvertently failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. The disclosure of Protected Material without being designated as such at the time of the disclosure shall not be deemed as a waiver in whole or in part of a Party's claim to designate the information Protected Material, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter.

6.      HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY RESERVATION OF RIGHTS

During the pendency of this Action, CONFIDENTIAL information, which Counsel reasonably and in good faith considers to contain highly sensitive information that, if Disclosed to the Receiving Party (aside from the Receiving Party's Outside Counsel of Record), could result in harm, may be discovered.  By entering into this Stipulated Protective Order, the Parties do not concede that a HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation to protect such highly sensitive information would either be appropriate or inappropriate in this Action.  Rather, the Parties shall meet and confer in the event that either Party discovers such highly sensitive information and attempt to come to agreement on the propriety of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation.  The Parties therefore expressly reserve their right to seek to amend this Protective Order to include a HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation.  Prior to the resolution of the propriety of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, document(s) that the Designating Party reasonably and in good faith considers HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the Receiving Party's Outside Counsel of Record.

7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time prior to the close of discovery.

7.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

7.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation, until the Court rules on the challenge.

8.      ACCESS TO AND USE OF PROTECTED MATERIAL

      8.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION). In no event may any Protected Material be used in connection with any matter other than the Action, including, but not limited to *Hope Solo v. United States Soccer Federation*, Case No. 3:18-cv-05215 JD (N.D. Cal. Aug. 28, 2018) (hereinafter "*Solo* Matter"), *North American Soccer League LLC v. United States Soccer Federation, Inc.*, Case No. 1:17-cv-05495 (E.D.N.Y), and *Relevant Sports, LLC, v. United States Soccer Federation, Inc.*, Case No. 1:19-cv-08359 (S.D.N.Y), without the express written consent of the Designating Party. It is Plaintiffs' position that, notwithstanding this Section 8.1, Protected Material should be permitted to be disclosed to the appropriate categories of persons associated with the Plaintiff in the *Solo* Matter, and that the Plaintiff in the *Solo* Matter be permitted to disclose Protected Material from that case to Plaintiffs in this case.  Plaintiffs reserve their rights to seek such orders from the Court.

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

            (a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)      the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) *and* as to whom the procedures set forth in Section 9, below, have been followed;

(d)      the court and its personnel;

(e)      court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness and their attorney (if not Counsel) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)      Hope Solo and her counsel of record, during depositions to which Hope Solo and her counsel of record are invited to participate in order to promote judicial economy between this Action and the *Solo* Matter, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Protected Material

designated "CONFIDENTIAL" to be disclosed during the deposition has also been produced in the *Solo* Matter; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, in each case after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9.     <u>DISCLOSURE TO EXPERTS AND CONSULTANTS</u>

Counsel may allow access to discovery material designated "CONFIDENTIAL" to their experts and consultants provided that any such expert or consultant who is to receive such material (1) shall be provided with a copy of this Protective Order and (2) shall execute an undertaking in the form annexed hereto as Exhibit A, before any such material is disclosed to them. Experts and consultants shall be specifically advised that the portion of their written work product that contains or discloses the substance of discovery material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel disclosing such material to experts and consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)     notify in writing the Designating Party within 2 days (48 hours of service). Such notification shall include a copy of the subpoena or court order;

(b)     notify in writing within 2 days (48 hours of service) the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, and in furtherance of such, do not produce the impacted Protected Materials in advance of the production date set forth in the subpoena or court order.

If the Designating Party seeks a protective order prior to the production date set forth in the subpoena or court order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are also applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  In addition, nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    notify in writing the Requesting Party and the Non-Party within 2 days (48 hours of service) that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested within 2 days (48 hours of service); and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request and designate it as Protected Material. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and require them to destroy or sequester all such information pending its return, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and otherwise destroy any copies of any Protected Material.

13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Nothing in this Order shall be construed to require any party to commit any act, including the disclosure of any information, that would violate any federal, state, or other law.

14.3    This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

14.4    Neither this Order nor the disclosure of Protected Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of Protected Material governed by or disclosed under this Order.

14.5    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.6    Filing Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 *et seq.*

15.    <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in Section 2.9, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all tangible information not previously filed with the court such as, but not limited to, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including without limitation, notes of Outside Counsel of Record of the Receiving Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (collectively, "Archival Materials"), even if such materials contain Protected Material. Any such Archival Materials that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) and such obligations shall survive Final Disposition for so long as Counsel retain such Archival Materials. Any violation of this Order by Parties, Counsel, and all other persons may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

///

///

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED  September 9, 2019                    WINSTON & STRAWN LLP

4                                                     */s/ Diana Hughes Leiden*
                                                Diana Hughes Leiden
5                                               Attorneys for Plaintiffs
                                                Alex Morgan, et al.
6

7

8    DATED _September 9, 2019                    SEYFARTH SHAW LLP

9

10                                              By:___*/s/ Chantelle C. Egan*
                                                Chantelle C. Egan
11                                              Attorneys for Defendant
                                                United States Soccer Federation, Inc.

12

13                     **SIGNATURE ATTESTATION**

14          Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all other signatories listed, on

15   whose behalf the filing is submitted, concur in the filing's content and have authorized the

16   filing.

17

18   DATED _September 9, 2019                    SEYFARTH SHAW LLP

19   ⸺                                           By:___*/s/ Chantelle C. Egan*
                                                Chantelle C. Egan
20                                              Attorneys for Defendant
                                                United States Soccer Federation, Inc.

21

22   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

23

24   DATED: October 10, 2019

25

26   Hon. Alicia G. Rosenberg
     United States Magistrate Judge

27

28

─────────────────────────────────────────────────────────────
     STIPULATED PROTECTIVE ORDER - Case No. 2:19-cv-01717-RGK-AGR

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare under

6

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

7

Order that was issued by the United States District Court for the Central District of

8

California in the case of *Alex Morgan, et al. v. United States Soccer Federation*, Case No.

9

2:19-cv-01717-RGK-AGR, fully incorporated by reference herein. I agree to comply with

10

and to be bound by all the terms of this Stipulated Protective Order and I understand and

11

acknowledge that failure to so comply could expose me to sanctions and punishment in the

12

nature of contempt. I solemnly promise that I will not disclose in any manner any

13

information or item that is subject to this Stipulated Protective Order to any person or entity

14

except in strict compliance with the provisions of this Order.  I further agree to submit to

15

the jurisdiction of the United States District Court for the Central District of California for

16

the purpose of enforcing the terms of this Stipulated Protective Order, even if such

17

enforcement proceedings occur after termination of this action. I hereby appoint

18

_____                [print        or        type        full        name]        of

19

_____

20

[print or type full address and telephone number] as my California agent for service of

21

process in connection with this action or any proceedings related to enforcement of this

22

Stipulated Protective Order.

23

24

Date: _____

25

City and State where sworn and signed: _____

26

Printed name: _____

27

Signature: _____

28

59595710v.1