SEYFARTH SHAW LLP
Ellen E. McLaughlin *(Admitted Pro Hac Vice)*
E-mail:  emclaughlin@seyfarth.com
Noah A. Finkel *(Pro Hac Vice Admission Anticipated)*
E-mail: nfinkel@seyfarth.com
Brian M. Stolzenbach *(Admitted Pro Hac Vice)*
E-mail:  bstolzenbach@seyfarth.com
Cheryl A. Luce *(Admitted Pro Hac Vice)*
E-mail:  cluce@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Kristen M. Peters (SBN 252296)
E-mail:  kmpeters@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Chantelle C. Egan (SBN 257938)
cegan@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>            Defendant. | Case No. 2:19-cv-01717-RGK-AGR<br><br>**DEFENDANT UNITED STATES SOCCER FEDERATION, INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date      :  TBD<br>Time      :  TBD<br>Courtroom :  850<br>Judge:      :  Hon. R. Gary Klausner<br><br>Complaint Filed:  March 8, 2019 |

**TO THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant United States Soccer Federation, Inc. ("Defendant" or "U.S. Soccer") is applying *ex parte* for entry of an order granting Defendant leave to file a Sur-Reply brief to address the new evidence and new legal authorities submitted by Plaintiffs in their Reply in Support of Their Motion for Class Certification.

**GOOD CAUSE EXISTS** for this application because Plaintiffs have raised new evidence and new legal arguments based on new legal authorities for the first time in their Reply brief. As set forth below, a Sur-Reply brief is warranted to address them. U.S. Soccer intended to present the points raised in this application at the hearing on Plaintiffs' Motion for Class Certification. In light of the Court's cancelation of that hearing (Dkt. 81), U.S. Soccer requests the opportunity to provide the Court with full and fair briefing to benefit the Court's assessment of the merits of the new evidence and authorities raised by Plaintiffs for the first time in their Reply brief. If necessary, U.S. Soccer could have its sur-reply brief ready within 48 hours of this Court's order. If the application is not granted, U.S. Soccer would be irreparably harmed because it will not have the opportunity to respond to the new evidence and authorities raised by Plaintiffs.

<u>Disclosure Pursuant to Local Rules 7-19 and 7-19.1</u>

As set forth in the Memorandum of Points and Authorities and the Declaration of Cheryl Luce in support of this *Ex Parte* Application, U.S. Soccer sent e-mail notice to Plaintiff's counsel on October 18, 2019 that it would be filing this *Ex Parte* Application. Plaintiffs' counsel confirmed that Plaintiffs will oppose this Application.

DEFENDANT'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  October 21, 2019                    SEYFARTH SHAW LLP


By:   */s/ Ellen E. McLaughlin*
　　　　　Ellen E. McLaughlin
　　　　　Noah A. Finkel
　　　　　Brian M. Stolzenbach
　　　　　Chantelle Egan
　　　　　Cheryl A. Luce
　　　　　Kristen M. Peters
Attorneys for Defendant
UNITED STATES SOCCER
FEDERATION, INC.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND BACKGROUND

Defendant U.S. Soccer, pursuant to Local Rule 7-19, applies *ex parte* for an order granting it leave to file a five-page Sur-Reply brief to the Reply brief filed by Plaintiffs in support of their Motion for Class Certification ("Motion") (Dkt. 70.) Defendant believes that a short sur-reply brief will benefit the Court in determining the merits of Plaintiffs' motion because Plaintiffs improperly included new evidence and raised new arguments citing new legal authorities that were not contained in Plaintiffs' opening brief. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply …, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.").

Plaintiffs' opening brief in support of their Motion failed to make any showing that their proposed Class Representatives have suffered an injury-in-fact sufficient to meet the Article III constitutional standing requirements, even though Plaintiffs bear the burden of making such a showing. *Moore v. Apple, Inc.*, 309 F.R.D. 532, 539-40 (N.D. Cal. 2015) (quoting *Evans v. Linden Research, Inc.*, No. 11-cv-1078, 2012 WL 5877579, at *6 (N.D. Cal. Nov. 20, 2012)) (at class certification, "Plaintiffs must demonstrate, not merely allege, that their proposed Class Representatives have suffered an injury-in-fact sufficient to establish Article III standing to bring the claims asserted on behalf of the [class]."). Defendants addressed this failure in their Opposition to Plaintiffs' Motion (Dkt. 67.).

Rather than arguing that their opening materials did, in fact, include evidence demonstrating injuries that were in fact suffered by the Class Representatives, Plaintiffs instead submitted new evidence to support their argument that the Class Representatives have standing to represent the proposed class: a declaration of Rebecca Roux containing calculations and WNT and MNT game history data (Dkt. 70-1), a second declaration of proposed Class Representative Alex Morgan containing facts that were not contained in her first declaration (Dkt. 70-2), and a second declaration of proposed Class

Representative Carli Lloyd containing facts that were not contained in her first declaration (Dkt. 70-3). U.S. Soccer requests the opportunity to address this untimely evidence.

Additionally, Plaintiffs raised new arguments and cited new legal authorities arising under the Equal Pay Act in their Reply brief that were not contained in their opening brief. Specifically, Plaintiffs cited *Ebbert v. Nassau Cnty.*, 2009 WL 935812 (E.D.N.Y. 2009) and *Bence v. Detroit Health Corp.*, 712 F.2d 1024 (6th Cir. 1983), both of which analyze claims arising under the Equal Pay Act and *not* Title VII, to argue why the proposed Class Representatives suffered an injury-in-fact under Title VII. Their motion seeking class certification under Federal Rule of Civil Procedure 23, however, relates only to their Title VII claims and not their Equal Pay Act claims. Plaintiffs appear to be asking this Court to apply analyses from Equal Pay Act cases from other district courts and other circuit courts to their Title VII claims. U.S. Soccer requests the opportunity to address this specific argument based on the new authorities cited by Plaintiffs.

## II.   ARGUMENT

An *ex parte* application is justified when "(1) there is a threat of immediate or irreparable injury; (2) there is a danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly notice motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

Here, good cause exists to grant U.S. Soccer's *ex parte* application because Plaintiff has raised new arguments and evidence in their Reply brief. *See, e.g.*, *Martirosian v. JP Morgan Chase Bank NA*, 2014 WL 12567790, at *1 (C.D. Mar. 12, 2014) (Klausner, J.) (granting motion for leave to file sur-reply where the moving party improperly submitted new evidence bearing the issues before the court). Although courts

generally view motions for leave to file a sur-reply with disfavor, permitting the filing of a sur-reply is within the sound discretion of the district court, which may be exercised where there exists a valid reason, such as to address new evidence and arguments. *See, e.g., Braun v. Safeco Ins. Co. of Am.*, 2014 WL 9883831, at *12 n.12 (C.D. Cal. Nov. 7, 2014) (finding that the plaintiffs submitted new evidence in their reply in support of their motion for class certification and that a sur-reply was warranted). Because Plaintiffs bore the burden of showing that the Class Representatives have Article III standing, their untimely evidence and arguments are not merely responsive to U.S. Soccer's evidence and arguments. Rather, failing to provide *any* evidence or argument in support of their standing burden in their opening materials, Plaintiffs' Reply brief seeks a do-over and raises entirely new evidence and argument that U.S. Soccer should have the opportunity to address in its Opposition.

If this application is not granted, U.S. Soccer will be irreparably harmed because it will not have had had the opportunity to respond to the new evidence and new arguments raised by the Plaintiffs in the first time in their Reply brief. There is also insufficient time to file a regularly noticed motion in time for the Court to rule on Plaintiffs' motion. Although U.S. Soccer intended to address such evidence and authorities at the hearing in this matter, the Court canceled the hearing, and this *ex parte* application is the only method of presenting U.S. Soccer's response before the Court.

## III.   CONCLUSION

For the foregoing reasons, U.S. Soccer respectfully request that the Court grant it leave to file a five-page sur-reply for the limited purpose of responding to Plaintiffs' newly-submitted evidence and authorities.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: October 21, 2019                    Respectfully submitted,

                                    SEYFARTH SHAW LLP

                            By: */s/ Ellen E. McLaughlin*
                                 Ellen E. McLaughlin
                          Attorneys for Defendant
                          UNITED STATES SOCCER
                          FEDERATION, INC.

4