1  Jeffrey L. Kessler (admitted *pro hac vice*)
   jkessler@winston.com
2  David G. Feher (admitted *pro hac vice*)
   dfeher@winston.com
3  **WINSTON & STRAWN LLP**
   200 Park Avenue
4  New York, New York 10166
   Telephone: (212) 294- 6700
5  Facsimile: (212) 294-4700

6  Cardelle B. Spangler (admitted *pro hac vice*)
   cspangler@winston.com
7  **WINSTON & STRAWN LLP**
   35 West Wacker Drive
8  Chicago, Illinois 60601
   Telephone: (312) 558-5600
9  Facsimile: (312) 558-5700

10 Diana Hughes Leiden (SBN: 267606)
   dhleiden@winston.com
11 **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
12 Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
13 Facsimile: (213) 615-1750

14 Jeanifer E. Parsigian (SBN: 289001)
   jparsigian@winston.com
15 **WINSTON & STRAWN LLP**
   101 California St., 35th Floor
16 San Francisco, California 94111
   Telephone: (415) 591-1000
17 Facsimile: (415) 591-1400

18 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>           Plaintiffs/Claimants,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>           Defendant/Respondent. | **Case No. 2:19-cv-01717-RGK-AGR**<br><br>[Discovery Matter]<br><br>**JOINT REPORT RE: DISCOVERY DISPUTE**<br><br>Date: October 23, 2019<br>Time: 10:00 AM |

As ordered by the Court, the parties shall telephonically appear before the Court on October 23, 2019 for a status conference concerning Plaintiffs' efforts to forensically image each Plaintiff's cell phone and produce responsive cell phone data (e.g., text messages) for seven agreed upon Plaintiffs. Additionally, with permission from the Court, the parties intend to address additional discovery disputes. Pursuant to the Court's procedures, the parties hereby submit this Joint Report listing each discovery dispute to be addressed during the telephonic discovery conference scheduled for October 23, 2019 at 10:00 a.m.:

**Issue No. 1**: Whether Plaintiffs should be required to review and produce responsive non-privileged text messages from the remaining 21 Plaintiffs, in addition to the 7 Plaintiffs referenced above.

**Issue No. 2**: Whether Defendant should be required to review and produce electronically stored information (ESI) from additional custodians, including USSF employees listed in USSF's initial disclosures (Kay Bradley, John Collins, Aaron Heifetz and Pinky Raina), and additional USSF employees Plaintiffs have requested (Tonya Wallach, Neil Buethe, Steve Hoffman, and Michael Gressle).

**Issue No. 3**: Whether Plaintiffs' counsel should be required to review the private social media feeds and messages for responsive documents.

**Issue No. 4:** Plaintiff seeks a date certain for Defendant's production, in light of Defendant's representation that it is unable to meet the agreed-upon production deadline of October 31.

**Issue No. 5:** Whether Defendant should be required to produce the collective bargaining proposals exchanged during the current ongoing negotiations over a new collective bargaining agreement for the Men's National Team.

**Issue No. 6**: Whether Plaintiffs should be required to collect, review, and produce documents related to Plaintiffs' income for their soccer-related activities outside the scope of their employment with USSF.

**Issue No. 7:** Whether Defendant adhered to the Section 6 of the Stipulated

Protective Order, when producing documents designated Attorney's Eyes Only and then seeking to meet and confer with Plaintiffs concerning said designation. Plaintiffs further seek clarification regarding the procedure for raising "Attorney's Eyes Only" issues in future productions.

The relevant portion of the Stipulated Protective Order is as follows:

> [T]he Parties shall meet and confer in the event that either Party discovers such highly sensitive information and attempt to come to agreement on the propriety of a HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY designation. The Parties therefore expressly reserve their right to seek to amend this Protective Order to include a HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation. Prior to the resolution of the propriety of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, document(s) that the Designating Party reasonably and in good faith considers HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the Receiving Party's Outside Counsel of Record.

*See* Stipulated Protective Order (Dkt. 79), 9:1-18.

Dated: October 22, 2019          WINSTON & STRAWN LLP

By: */s/ Jeanifer E. Parsigian*[1]
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

Attorneys for Plaintiff

---

[1] I, Jeanifer E. Parsigian, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| Dated: October 22, 2019 | | SEYFARTH SHAW LLP |
| | By: | */s/ Chantelle C. Egan* |
| | | Ellen E. McLaughlin |
| | | Chantelle C. Egan |
| | | Cheryl A. Luce |
| | | Kristen M. Peters |
| | | Attorneys for Defendant |