Jeffrey L. Kessler (admitted *pro hac vice*)
jkessler@winston.com
David G. Feher (admitted *pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294- 6700
Facsimile: (212) 294-4700

Cardelle B. Spangler (admitted *pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIVISION

| | |
|---|---|
| ALEX MORGAN, et al., | **Case No. 2:19-cv-01717-RGK-AGR** |
| Plaintiffs/Claimants, | Assigned to: Judge R. Gary Klausner |
| v. | **OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION** |
| UNITED STATES SOCCER FEDERATION, INC., | *Filed concurrently with Declaration of Diana Hughes Leiden* |
| Defendant/Respondent. | |

Plaintiffs Alex Morgan, et al. ("*Morgan* Plaintiffs") hereby submit this opposition to Defendant United States Soccer Federation's ("USSF") *Ex Parte* Application for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion for Class Certification ("*Ex Parte* Application").

## I.   <u>INTRODUCTION</u>

USSF has not come close to demonstrating the existence of extraordinary circumstances that satisfy the demanding standard for *ex parte* relief.  USSF waited two weeks after the *Morgan* Plaintiffs filed their reply brief supporting class certification to seek this relief, which alone shows that there is no "emergency" here.  Instead, its Application is a thinly veiled attempt to have the last word on a motion made by the *Morgan* Plaintiffs, which would subvert this Court's briefing procedures and prejudice the *Morgan* Plaintiffs, who have the burden of proof.  Nor is there any merits basis for USSF to seek permission to submit a "sur-reply" to respond to legal arguments and evidence presented by the *Morgan* Plaintiffs in their Reply in Support of their Motion for Class Certification ("Reply"), as the arguments and evidence presented directly rebut the arguments and factual submission made by USSF in its Opposition to the *Morgan* Plaintiffs' Motion for Class Certification ("Opposition").

## II.   <u>ARGUMENT</u>

### A.   **USSF Does Not Meet the Demanding Standard for Receiving *Ex Parte* Relief.**

As this Court has cautioned in the Standing Order issued in this case, "*[e]x parte* applications are solely for *extraordinary relief* and should be used with discretion." Standing Order at 6, ¶10 (emphasis added).  *Ex parte* applications are "rarely justified" because they are "inherently unfair, and they pose a threat to the administration of justice.  They debilitate the adversary system." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  "Often, the moving party's papers reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two.  This is due primarily to gamesmanship." *Id.*

USSF waited two weeks after reviewing the Reply to ask the Court for permission to address points made by the *Morgan* Plaintiffs in the Reply.  That delay alone defeats any claim of urgency that would warrant *ex parte* relief.  And while USSF stated in email correspondence on October 18 that it would be bringing this application because it "intended to address the points contained in [the] proposed sur-reply at the hearing" that was subsequently removed from the calendar, it would be fundamentally unfair to permit USSF to file a sur-reply with points from its oral argument presentation without giving the *Morgan* Plaintiffs the opportunity to respond, as it could do so at oral argument.  *See* Ex. A to the Declaration of Diana Hughes Leiden, Email Correspondence Regarding USSF's *Ex Parte* Application.

USSF's application must be rejected for what it is: an attempt to bend the Federal Rules of Civil Procedure and this Court's Local Rules and get the last word on a motion in which the opposing party bears the burden of proof and thus is entitled to the last word.

**B.    The *Morgan* Plaintiffs' Arguments in Their Reply Are Not New or Different, and They Properly Presented Additional Evidence to Respond to the Points Raised in the USSF's Opposition.**

It is permissible for the moving party to submit declarations and evidence in connection with a reply brief to respond to the points raised in an opposition.  See L.R. 7-10 ("[a] moving party may … serve and file a reply memorandum, and *declarations and other rebuttal evidence*.") (emphasis added).  And while "it is improper for the moving party to introduce . . . *different legal arguments* in the reply brief than presented in the moving papers," that is not the case here.  *See U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (emphasis added).

The *Morgan* Plaintiffs showed in their Motion for Class Certification that they all suffered the same injury because they were paid at a lower rate than members of the Men's National Team pursuant to the team-wide policies set forth in each team's CBA.  *See* Dkt. 64, Motion for Class Certification, at 4 ("For each category of WNT players—

contracted and non-contracted players—the per-game compensation they receive, prior to any team performance bonuses, is far less than the per-game compensation, prior to performance bonuses, received by members of the MNT."). The uniform and discriminatory compensation policies of the CBAs, which applied to each of the class representatives, were submitted with the Motion.  *See* Dkt. 64, Exs. A–C to the Declaration of Cardelle Spangler.  This is all that is needed to show that *Morgan* Plaintiffs suffered injury sufficient to confer Article III standing.  In response, USSF took the position that the four class representatives received more total compensation than a MNT player, and were therefore not injured and lacked standing.

The legal authority and evidence the *Morgan* Plaintiffs cited in Reply directly rebut this meritless argument, which was directly presented by the USSF.  First, the two cases USSF identifies, *Bence v. Detroit Health Corp.* and *Ebbert v. Nassau Cnty*,[1] establish that pay rate, not total compensation, is the relevant comparator, and thus directly respond to and devastate USSF's opposition argument that the class representatives lack Article III standing.  *See* Dkt. 76, Reply, at 3–4.  Second, the calculations in the Declaration of Becca Roux, also included in the *Morgan* Plaintiffs' Reply Brief, simply apply the per-game payments set forth in the teams' respective collective bargaining agreements over the relevant time period (which had been previously submitted with the Motion) to illustrate the amounts the class representatives would have made if they received the pay rate granted to the MNT.  These calculations are specifically provided to rebut the irrelevant total compensation numbers USSF offered in opposition, which ignore the different and discriminatory rates of pay.  Similarly, the MNT game history data and other information in the Declarations of Alex

---

[1] USSF points out that *Bence* and *Ebbert* involved Equal Pay Act claims, but fails to mention hat Plaintiffs cited authority applying *Bence*'s holding that pay rate, not total compensation, is also the relevant comparator, to a Title VII claim.  *See EEOC v. Kettler Bros. Inc*, 846 F.2d 70, 1988 WL 41053, at *3 (4th Cir. 1988) (unpublished). Indeed, there is no logical or statutory reason why the analysis would be any different under Title VII.

Morgan and Carli Lloyd were submitted to refute USSF's arguments in its Opposition brief.  *See* Reply at 4 (using MNT game history data to reject USSF's total compensation arguments by noting that, even under this standard, the *Morgan* Plaintiffs only made more than MNT players because they played in far more games); *Id.* at 5 (citing the Declarations of Alex Morgan and Carli Lloyd to dispute that the salary they made for their employment on another team, which USSF included in its Opposition, is relevant in comparing the salaries of WNT and MNT players for standing purposes).[2]

Because there is not any non-responsive new evidence in the Reply, there is no basis to permit USSF to file another brief.  In fact, the Local Rules expressly bar such a filing absent the special circumstances that would warrant an order by the Court.  *See* L.R. 7-10 ("[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply.")

## III.   **CONCLUSION**

USSF has not set forth any valid basis for granting its *Ex Parte* Application for Leave to File a Sur-Reply.  This Court should reject the Application.

Dated:  October 22, 2019                    WINSTON & STRAWN LLP

By:  */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

Attorneys for Plaintiffs

---

[2] USSF does not cite any authority in which this Court (or any court) found that similar circumstances warrant *ex parte* relief.  In *Braun v. Safeco Ins. Co. of Am.*, the court granted an *ex parte* application for leave to file a sur-reply where "Plaintiffs *nominally referenced* 'common policies and procedures'" in their Motion for Class Certification but did not produce any evidence of such policies until filing their Reply."  2014 WL 9883831, at *12 n.12 (C.D. Cal. Nov. 7, 2014) (emphasis added).  And in *Maritorion v. JP Morgan Chase Bank NA*, there was no *ex parte* application at all; the court granted leave to file sur-reply on its own.  *See* 2014 WL 12567790, at *1 (C.D. Mar. 12, 2014) (Klausner, J.).