UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | October 23, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: *Ex Parte* Application for Leave to file Sur-Reply (DE 86)

On March 8, 2019, Plaintiffs, who are female professional soccer players on the United States Senior Women's National Soccer Team ("WNT"), filed this putative collective action and class action against the United States Soccer Federation, Inc. ("Defendant"). Plaintiffs assert two claims against Defendant: (1) violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206; and (2) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

On October 21, 2019, Defendant filed the present *Ex Parte* Application for leave to file a sur-reply in opposition to Plaintiffs' motion for class certification. Defendant contends that good cause exists for the application because Plaintiffs' reply brief "raised new evidence and new legal arguments based on new legal authorities." (App. at 1, ECF No. 86.) Defendant asserts that it will be irreparably harmed if it is not given the opportunity to respond to the newly-raised evidence and authorities.

"An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Santos v. TWC Admin. LLC*, CV-13-04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). To justify *ex parte* relief, the movant must establish two things. First, an "ex parte motion paper[] [must] establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power*, 883 F. Supp. at 492. Second, the movant must show that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* This "requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

Having reviewed and considered the submitted materials, the Court hereby **DENIES** Defendant's *Ex Parte* Application. Defendant has not identified what new evidence and legal arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | October 23, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

purportedly require additional briefing in this case. Nor has Defendant brought its request in a timely manner. To the contrary, Defendant waited two weeks after the reply brief was filed to bring the present *Ex Parte* Application. Moreover, upon review, the Court finds that Plaintiffs' reply brief does not raise any new evidence or legal arguments which might warrant a sur-reply. The Court therefore finds insufficient cause to grant the present application.

**IT IS SO ORDERED.**

:

Initials of Preparer