# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-1717-RGK (AGRx) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Alex Morgan, et al. v. United States Soccer Federation, Inc. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | XTR 10/23/2019 | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Diana Hughes Leiden<br>Jeanifer E. Parsigian | Chantelle C. Egan |

**Proceedings:**       **TELEPHONIC DISCOVERY CONFERENCE**

Case is called. Counsel state their appearances. The court and counsel confer as stated on the record regarding the Joint Report filed on October 22, 2019 (Dkt. No. 87), particularly in light of the discovery cut-off date of February 6, 2020. (*See* Order, Dkt. No. 58.)

For the reasons stated on the record, IT IS ORDERED that:

1.    Plaintiffs' request for a further order on production of text messages, whatsapp messages, etc. from the remaining 21 plaintiffs is DENIED AS PREMATURE. (Issue No. 1 in Joint Report.) Defendant may raise this issue after production of responsive documents from the seven individuals described in the October 4, 2019 order (Dkt. No. 69).

2.    A telephonic status conference is set on ***October 30, 2019 at 4:00 p.m.***

The conference will address the status of, and a date certain for, Defendant's production of documents. (Issue No. 4 on the Joint Report.) Defense counsel should be prepared to address (a) production of documents not impact by the technical problems described on the record, including documents Defendant gathered from third parties for production and phones collected from certain employees; and (b) production of documents impacted by the technical problems.

The conference may also address paragraph 6 below.

3.    Plaintiffs' request for an order requiring Defendant to add eight custodians (Kay Bradley, John Collins, Aaron Heifetz, Pinky Raina, Tonya Wallach, Neil Buethe, Steve Hoffman, and Michael Gressle) for Defendant's production of electronically stored information ("ESI") is GRANTED IN PART as follows: (Issue No. 2 in Joint Report)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1717-RGK (AGRx) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Alex Morgan, et al. v. United States Soccer Federation, Inc. | | |

      a.      Plaintiffs' request to add Kay Bradley as a custodian is denied without prejudice to Plaintiffs' ability to renew their request after Defendant's production of responsive documents from her electronic marketing folder, which is given priority and should be produced by October 26, 2019.

      b.      Plaintiffs' request to add John Collins as a custodian is denied.  Defendant agreed to add John Collins as a search term in connection with other search terms (and not as a stand alone search term).

      c.      Plaintiffs' request to add Aaron Heifetz as a custodian is denied.  Defendant agreed that it would not call Mr. Heifetz as a witness at trial.

      d.      Plaintiffs' request to add Pinky Raina as a custodian is denied; provided, however, that counsel shall confer as to specific categories of information to be produced by Ms. Raina, who started in her CFO position in 2019.

      e.      Plaintiffs' request to add Tonya Wallach as a custodian is denied; provided, however, that Defendant shall produce documents regarding employment benefits provided or offered to female or male professional soccer players who play on the United States Senior Women's National Soccer Team or the United States Senior Men's National Soccer Team.

      f.      Plaintiffs' request to add Neil Buethe, Steve Hoffman and Michael Gressle as custodians is denied without prejudice to Plaintiffs' ability to renew their request with a showing that information from their files is not likely to be cumulative of information from a person on the existing custodian list or cumulative of information already being produced by Defendant.

4.      Defendant's request for an order compelling Plaintiffs to review private social media feeds and messages is denied without prejudice.  (Issue No. 3 in Joint Report.)  Plaintiffs represent that each plaintiff either does not have a private social media feed or has a private social media feed that contains no responsive information or duplicate information in the public feed.  "A [party's] mere suspicion that additional documents must exist does not warrant an order compelling production."  *Boston v. Clubcorp USA, Inc.*, 2019 U.S. Dist. LEXIS 72975, *21-*22 (C.D. Cal. Mar. 11, 2019).  "Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld."  *Id.* at *22.

5.      Plaintiffs' request for an order compelling Defendant to produce collective bargaining proposals exchanged in ongoing collective bargaining negotiations is denied as not proportional to the needs of this case.  (Issue No. 5 in Joint Report.)  Defendant agreed to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-1717-RGK (AGRx) | Date | October 23, 2019 |
|---|---|---|---|
| Title | Alex Morgan, et al. v. United States Soccer Federation, Inc. | | |

produce (a) the final collective bargaining agreement and (b) proposals exchanged if a collective bargaining agreement is executed or agreed prior to trial in this action. The court is not persuaded that, while negotiations are ongoing, the requested discovery would be material or important to resolving the issues in this case. Plaintiffs have information about collective bargaining agreements that are currently in effect or expired. Plaintiffs' argument that proposals exchanged in ongoing negotiations would evidence Defendant's state of mind is unconvincing and does not overcome the potential prejudice of the proposed discovery. *See Harvey's Wagon Wheel, Inc. v. NLRB*, 550 F.2d 1139, 1143 (9th Cir. 1976) (noting, in different context, "fear of exposing crucial material regarding pending union negotiations"); *Volume Servs., Inc. v. United Here*, 2014 U.S. Dist. LEXIS *8 (N.D. Cal. Jan. 28, 2014) (precluding discovery of ongoing "bargaining demands or proposals" about certain topics); *Berbiglia, Inc.*, 233 N.L.R.B. 1476, 1495 (1977) ("If collective bargaining is to work, the parties must be able to formulate their positions and devise their strategies without fear of exposure.").

6.   The court set the following briefing schedule for Issue No. 6 in the Joint Report: On or before ***October 28, 2019***, the parties shall file briefs of no more than 7 pages regarding Defendant's motion to compel the production of documents related to Plaintiffs' income from their soccer-related activities outside the scope of their employment with USSF. The court requests that the parties provide information about the compensation structure for the women and men.

7.   Issue No. 7 in the Joint Report is not ripe for decision by the court.

IT IS SO ORDERED.

|  | 2 | : | 20 |
|---|---|---|---|
| Initials of Preparer | kl | | |