UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Class Certification (DE 64)

## I. INTRODUCTION

On March 8, 2019, Plaintiffs, who are female professional soccer players on the United States Senior Women's National Soccer Team ("WNT"), filed this putative collective action and class action against the United States Soccer Federation, Inc. ("Defendant"). Plaintiffs assert two claims against Defendant: (1) violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206; and (2) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

Presently before the Court is Plaintiffs' Motion for Class Certification. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following in their Complaint:

Defendant is the single, common employer for the WNT and the United States Senior Men's National Soccer Team ("MNT"). Defendant "centrally manages and controls every aspect of the senior national team program for both" the WNT and the MNT. (Compl. ¶ 6, ECF No. 1.) This includes "setting and providing them with their pay[,]" hiring their coaches, deciding the number of games they will play, and coordinating travel. (*Id.* ¶ 37.)

The WNT is a highly successful soccer team. It is "currently ranked number one in the world, a position it has held ten out of the last eleven years." (*Id.* ¶ 40.) Members of the WNT perform job duties that require equal skill, effort, and responsibilities as members of the MNT. In fact, "[i]n light of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

WNT's on-field success, Plaintiffs often spend more time practicing for and playing in matches, more time in training camps, more time traveling[,] and more time participating in media sessions…than similarly situated MNT players." (*Id.* ¶ 49.) "For example, from 2015 through 2018, the WNT played nineteen more games than the MNT played over that same period of time." (*Id.* ¶ 50.)

The members of the WNT negotiate their pay through their union, the WNT Players' Association ("WNTPA"). Since 2012, the WNTPA has asked that Defendant pay the WNT on terms equal to those offered to the MNT. Defendant has rejected these demands. For example, under the pay structure in effect from January 1, 2001 through December 31, 2018, MNT players received a minimum amount to play in each game—a minimum which could increase depending on the level of their opponent (FIFA-ranked 1-10, FIFA-ranked 11-24, FIFA-ranked above 25) and whether they won or tied the game. In 2012, in response to a demand made by the WNTPA, Defendant offered to compensate WNT players only if they won games against FIFA-ranked top ten teams. In other words, Defendant refused to pay WNT players for losing a game, tying a game, or winning a game against a team ranked outside of the top ten.

Another example of the pay discrepancy between the MNT and the WNT can be found in the way players are compensated for winning non-tournament games called "friendlies." If each team were to play and win twenty friendlies in a year, WNT players would earn a maximum of $99,000 (or $4,950 per game). MNT players, in contrast, would earn an average of $263,320 (or $13,166 per game). Thus, "[a] 20-game winning top tier WNT player would earn only 38% of the compensation of a similarly situated MNT player." (*Id.* ¶ 58.)

WNT players also experience disparities in the conditions of their employment. One example involves the way players travel to games. Defendant determines whether players take commercial flights or charter flights to games. "Charter flights provide for more physical comfort, less risk of lost baggage or missed connections[,] and better opportunity for rest before and after games, among other benefits." (*Id.* ¶ 72.) Yet Defendant charters flights for the MNT more frequently than it does for the WNT. "In 2017, for example, the USSF chartered flights for the MNT on at least seventeen occasions, while failing to do so even once for the WNT." (*Id.* ¶ 73.)

In 2016, in response to a demand by the WNTPA for equal pay, a representative of Defendant stated that "market realities are such that women do not deserve to be paid equally to the men." (*Id.* ¶ 55.) To address this "market realities" concern, the WNTPA—during negotiations for the collective bargaining agreement ("CBA") which took effect in 2017—proposed a revenue-sharing model that would test Defendant's theory. Under the proposed model, "player compensation would increase in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

years in which the USSF derived more revenue from WNT activities and player compensation would be less if revenue from those activities decreased[.]" (*Id.* ¶ 63.) Defendant rejected this proposal. Defendant continues to pay WNT players less than MNT players on a per game basis. Defendant also continues to subject WNT players to less favorable working conditions.

### III.    JUDICIAL STANDARD

As a threshold to class certification, the proposed class must satisfy four prerequisites under Federal Rule of Civil Procedure ("Rule") 23(a). First, the class must be so numerous that joinder of all members individually is impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

### IV.    DISCUSSION

Plaintiffs seek to certify (1) a Rule 23(b)(2) class of "all WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later" (the "Injunctive Relief Class"); and (2) a Rule 23(b)(3) class of "all WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification" (the "Damages Class"). (Proposed Order, ECF No. 64-26.) Plaintiffs also move under 29 U.S.C. § 216(b) to certify a collective action of "all WNT players who were members of the WNT at any time from March 8, 2016 through the present" (the "FLSA Collective Action") (*Id.*) The Injunctive Relief Class and the Damages Class seek relief under Title VII, while the FLSA Collective Action seeks relief under the EPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

The Court addresses Plaintiffs' standing to sue before turning to the requirements for certification of a class, and conditional certification of an FLSA collective action, respectively.

**A.** **Standing**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "In a class action, the plaintiff class bears the burden of showing that Article III standing exists." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). Standing is satisfied if at least one of the named plaintiffs demonstrates (1) an injury-in-fact that is (2) fairly traceable to the defendant's conduct and (3) likely to be redressed by a favorable judicial decision. *Id.* The Court addresses each requirement in turn.

  **1.** *Injury-in-Fact*

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). For an injury to be concrete, it must be real rather than abstract. *Id.* "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). "In the context of injunctive relief, [Plaintiffs] must additionally demonstrate 'a sufficient likelihood that [they] will again be wronged in a similar way[.]" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

Here, the crux of Plaintiffs' Complaint is that although the WNT is called upon to perform the same job responsibilities as the MNT, and despite the fact that the WNT's performance has been superior to that of the MNT, Defendant compensates the WNT less on a per-game basis than the MNT. This injury is concrete—the proposed class representatives were injured by Defendant's compensation policy because they were in fact paid less on a per game basis than the MNT. Indeed, Plaintiffs have offered evidentiary proof that had they been paid on the same terms as the MNT, they would have earned more money per game and, as a result, more money per year over the course of the limitations period. (*See* Roux Decl. ¶ 4, ECF No. 75-3.) This injury is also particularized. The alleged harm— unequal pay—affects each of the proposed class representatives in a personal and individual way. *See Spokeo*, 136 S. Ct. at 1548; *Ellis*, 657 F.3d at 979. Finally, Plaintiffs have also established a likelihood that they will again be wronged in a similar way. Because Defendant's challenged compensation policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

has not changed, it is likely that Defendant will continue to pay the WNT less than the MNT on a per game basis. *See Ellis*, 657 F.3d at 979.

    Defendant asserts that the proposed class representatives cannot show that they have suffered an injury-in-fact because each of them "made significantly more money than the highest paid MNT player over the course of the limitations period[.]" (Opp'n at 3, ECF No. 67.) The Court disagrees. "The existence of federal standing 'often turns on the nature and source of the claim asserted.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Accordingly, the Court's standing analysis focuses on the "nature and source" of Plaintiffs' claims—pay discrimination as defined by Title VII and the EPA. *See id.* "Title VII and the Equal Pay Act overlap because both make unlawful differentials in wages on the basis of a person's sex." *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986). The EPA provides that an employer may not "discriminate…on the basis of sex by paying wages to employees…at a *rate* less than the rate at which he pays wages to employees of the opposite sex[.]" 29 U.S.C. § 206 (emphasis added). Similarly, Title VII "makes it unlawful for an employer 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment' or to 'limit, segregate, or classify his employees or applicants' because of sex." *Maxwell*, 803 F.2d at 446 n.5 (quoting 42 U.S.C. sec. 2000–2(a)).

    Here, Defendant's argument presupposes that there can be no discrimination under either Title VII or the EPA where a female employee's total annual compensation exceeds that of similarly-situated males, regardless of whether the female employee receives a lower rate of pay than her male comparators. But Defendant cites no case law to support this premise.[1] Further, courts interpreting the EPA and (to a lesser extent) Title VII have explicitly rejected this argument[2]—for good reason. To hold

---

[1] Defendant cites *Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 333 (C.D. Cal. 2016) and *Young v. Covington & Burling L.L.P.*, 740 F. Supp. 2d 17, 21 (D.D.C. 2010) for the proposition that a class representative must show that they were injured by the alleged statutory violations. But that is not the issue here. There is no dispute that a class representative must demonstrate an injury-in-fact.

[2] *See, e.g., Ebbert v. Nassau Cty.*, No. 05-CV-5445(FB)(AKT), 2009 WL 935812, at *2–3 (E.D.N.Y. Mar. 31, 2009) ("[T]he EPA…speak[s] in terms of *rate of pay*, not total remuneration . . . As a matter of common sense, total remuneration cannot be the proper point of comparison.); *Bence v. Detroit Health Corp.*, 712 F.2d 1024 (6th Cir. 1983) (holding in an EPA case that a prima facie case was established where an employer paid female personnel a lower sales commission than it paid male personnel, even though the total remuneration was equal); *Jones v. St. Jude Med. S.C., Inc.*, 823 F. Supp. 2d 699, 755 (S.D. Ohio 2011), *aff'd* 504 F. App'x 473 (6th Cir. 2012) ("The EPA and the Sixth Circuit have made it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

otherwise would yield an "absurd result," as this would mean not only that "an employer who pays a woman $10 per hour and a man $20 per hour would not violate the EPA…as long as the woman negated the obvious disparity by working twice as many hours[,]" but also that a woman in this scenario would not even have standing to challenge the complained-of practice in the first place. *Ebbert*, 2009 WL 935812, at *3. Congress simply could not have intended such a result. *Id.*

Plaintiffs' Complaint also alleges a second injury: unequal working conditions. In particular, Plaintiffs complain that Defendant, among other things, (1) subjects the WNT to matches on inferior surfaces more frequently than it does to MNT players; (2) provides the WNT with charter flights less frequently than it does for the MNT; (3) allocates fewer resources promoting WNT games than it does promoting MNT games; and (4) sets ticket prices to WNT games at a lower price than for MNT games. Defendant asserts that these injuries are insufficient to confer standing because they are generalized and hypothetical. Defendant also argues that Plaintiffs have offered insufficient proof of these injuries. Again, the Court disagrees. Plaintiffs' stated injury is concrete and particularized. The failure to provide the WNT with equal working conditions is a real (not abstract) injury which affects each Plaintiff in a personal and individual way. Plaintiffs have also offered sufficient proof of this injury. Indeed, Plaintiffs have submitted declarations establishing that WNT players were subject to discriminatory working conditions.

Accordingly, the Court finds that Plaintiffs have sufficiently established an injury-in-fact.

2.  *"Fairly Traceable" and Redressable*

The remaining requirements for standing are also satisfied. Plaintiffs' lawsuit is fundamentally rooted in the notion that the "harm alleged is directly traceable to [Defendant's policies and practices], which Plaintiffs allege are discriminatory to women." *Ellis*, 657 F.3d at 979. Finally, if the Court enjoins Defendant's allegedly discriminatory policies and practices, Plaintiffs' injuries are likely to be redressed. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

The Court therefore finds that the requirements for standing have been satisfied.

---

clear that when comparing the compensation of male and female employees, the focus must be on their respective rates of pay, rather than their total compensation."); *EEOC v. Kettler Bros. Inc.*, 846 F.2d 70 (4th Cir. 1988) (unpublished) (applying *Bence* to Title VII and EPA claims); *Isom v. JDA Software Inc.*, No. CV-12-02649-PHX-JAT, 2015 WL 3953852, at *14 (D. Ariz. June 29, 2015) (applying *Bence* in the context of a commissions scheme).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

### B. Rule 23(a) Requirements

As set forth above, a party seeking class certification must establish that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) have been met. The Court addresses each requirement in turn.

#### 1. *Numerosity*

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (internal quotations omitted). The plaintiff need not state the exact number of potential class members, and there is no threshold number of class members required to satisfy numerosity. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D. Cal. 2001). However, it is "generally accepted that when a proposed class has at least forty members, joinder is presumptively impracticable based on numbers alone." *In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 646 (C.D. Cal. 2018).

The Ninth Circuit has held that when a class is not so numerous that joinder is presumptively impracticable, "other factors such as the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought, should be considered in determining impracticability of joinder." *Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Or, as stated by one district court, in deciding whether a case between 21 and 40 class members meets the numerosity requirement, the court should consider such factors as '(1) the judicial economy that will arise from avoiding multiple actions; (2) the geographic dispersion of members of the proposed class; (3) the financial resources of those members; (4) the ability of the members to file individual suits; and (5) requests for prospective relief that may have an effect on future class members.'" *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (quoting *Novella v. Westchester County*, 443 F. Supp. 2d 540, 544 (S.D.N.Y. 2006), vacated on other grounds, 661 F.3d 128 (2nd Cir. 2011)).

##### i. *Injunctive Relief Class*

The Court first considers whether the proposed Injunctive Relief Class is so numerous that joinder of all members is impracticable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

The proposed Injunctive Relief Class is defined as "all WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later." (Proposed Order.) Neither the Court nor the parties can know exactly how many players will be on the WNT at the date of final judgment. According to Defendant's website, there are currently 25 players on the WNT. *U.S. Soccer*, https://www.ussoccer.com/players (last visited Oct. 21, 2019). The Court therefore assumes that the proposed Injunctive Relief Class will include approximately 25 players at the time of judgment. A class of 25 is not so numerous that joinder is presumptively impracticable. *In re Banc of California Sec. Litig*, 326 F.R.D. at 646. Thus, the Court considers the specific facts of the case through the lens of the *Jordan/McClusky* factors to determine whether numerosity is satisfied. *See Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980) ("the numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) ("Because no exact numerical cut-off exists, the specific facts of each case must be examined to determine if impracticability exists.")

Here, the proposed Injunctive Relief Class seeks "injunctive and declaratory relief requiring equal pay and equal working conditions on a going-forward basis." (Mot. at 15, ECF No. 64.) "Resolution of these issues in one action will avoid the risk of duplicative effort by multiple judges, as well as potentially inconsistent rulings." *McCluskey*, 268 F.R.D. at 674.

Defendant notes that many of the would-be members of the proposed Injunctive Relief Class have already joined this case as parties to the EPA claim.[3] Defendant asserts that these plaintiffs could arguably become parties to the Title VII claim through the piggyback doctrine[4]—obviating any need for separate suits. But even if joinder might be possible through use of the piggyback doctrine, judicial economy is best furthered by certifying the proposed Injunctive Relief Class. Given the facts presented in this case, it would be inefficient to manage a case with so many plaintiffs, especially given that the proposed members of the Injunctive Relief Class seek the same relief and raise the same legal issues. *See, e.g., Escalante v. California Physicians' Serv.*, 309 F.R.D. 612, 618 (C.D. Cal. 2015) ("[E]ven presuming a class of 19, numerosity is met. Because Plaintiff in this case is requesting declaratory and

---

[3] There are 28 plaintiffs in this case. All 28 plaintiffs assert claims against Defendant for violation of the EPA, but only 4 plaintiffs assert claims against Defendant for violation of Title VII.
[4] The piggyback doctrine is "a judge-made exception to the rule that a timely administrative charge is a prerequisite to suit." *Horton v. Jackson Cty. Bd. of Cty. Comm'rs*, 343 F.3d 897, 899 (7th Cir. 2003). "In Title VII…cases, federal courts have found that so long as one plaintiff timely files an administrative complaint, a class of similarly-situated plaintiffs may 'piggyback' on that complaint, thereby satisfying the exhaustion requirement." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1136 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

injunctive relief, allowing a class action to be brought would be in the interests of judicial economy."); *Jensen v. SECORP Indus.*, No. 2:18-cv-02890-RGK-GJS, 2018 WL 5961287, at *2 (C.D. Cal. Aug. 23, 2018). In addition, "[t]he numerosity requirement is 'relaxed' when injunctive or declaratory relief is sought." *Pole v. Estenson Logistics, LLC*, No. CV 15-07196 DDP (EX), 2016 WL 4238635, at *5 (C.D. Cal. Aug. 10, 2016) (citations omitted) ("This is largely because the type of relief sought necessarily implicates judicial economy where a judgment granting an injunction would avoid duplicative suits brought by other class members.") Accordingly, the Court finds that numerosity is satisfied as to the Injunctive Relief Class.

        *ii.*    *Damages Class*

The Court next turns to the proposed Damages Class. Plaintiffs assert that there are at least 50 members of the proposed Damages Class, which is defined as "all WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification." (Proposed Order.) The Court finds that joinder is presumptively impracticable given the large size of the proposed Damages Class. *In re Banc of California Sec. Litig.*, 326 F.R.D. at 646. Again, even if joinder might be possible through use of the piggyback doctrine, it would be inefficient and unduly burdensome to manage a case with so many plaintiffs where, as here, the legal issue facing the proposed class is the same.

Accordingly, the Court finds that numerosity is satisfied as to the Damages Class.

    2.    <u>Commonality</u>

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Ninth Circuit, the commonality requirement is "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Not *all* questions of fact or law need be common to the class; the existence of shared legal issues with divergent factual predicates or a common core of salient facts coupled with disparate legal remedies is sufficient to satisfy commonality. *Id.* In short, the requirements for finding commonality are minimal. *Id.* at 1020.

Plaintiffs aver that there are several questions of law and fact common to the class, including (1) whether Defendant discriminates against the putative class by subjecting them to different compensation based on their gender; (2) whether Defendant discriminates against the class by subjecting them to different working conditions based on their gender; and (3) whether the class has suffered a disparate impact and/or disparate treatment as a result of Defendant's conduct. Defendant does not contest that there are questions of law and fact common to the class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

The Court finds that Plaintiff has satisfied the commonality requirement. This case presents several questions of law and fact common to the class, including whether Defendant's policy of compensating the WNT is discriminatory and whether Defendant subjects the WNT to discriminatory conditions of employment. Indeed, the Ninth Circuit has "previously held, in a civil-rights suit, that commonality is satisfied where[, as here,] the lawsuit challenges a system-wide practice or policy that affects all of the putative class members. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), abrogated on other grounds by *Johnson v. California*, 543 U.S. 499 (2005).

3.  *Typicality*

Rule 23(a)(3) requires that the claims or defenses of the class representatives be typical of the claims or defenses of the class they seek to represent. Fed. R. Civ. P. 23(a)(3). This does not require that the claims of the representative parties be identical to the claims of the proposed class members. *Hanlon*, 150 F.3d at 1020. Rather, typicality focuses on whether the unnamed class members have injuries similar to those of the named plaintiffs, and whether those injuries result from the same injurious course of conduct. *Armstrong*, 275 F.3d at 869. In practice, the commonality and typicality requirements of Rule 23 "tend to merge." *Gen. Tel. Co. of Sw.*, 457 U.S. at 158 n.13.

Plaintiffs argue that the typicality is satisfied because all putative class members' claims, including the claims of the proposed class representatives, are rooted in the same set of operative facts and are based on the same course of conduct by their common employer. Defendant does not contest that typicality is satisfied.

The Court agrees that typicality has been established. Here, the injuries are identical. Plaintiffs are all subject to the same purportedly discriminatory compensation scheme. Plaintiffs are also all subject to the same conditions of employment. Finally, these injuries result from the same purportedly injurious course of conduct by Defendant.

4.  *Adequacy*

Rule 23(a)(4) requires the Court to determine if the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, and do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

        *a.*    *Adequacy of the Proposed Class Representatives*

Defendant offers three arguments regarding the proposed class representatives' adequacy to represent the class. All are unavailing.

Defendant first contends that the proposed class representatives are inadequate because they did not suffer injuries under Title VII. The Court has already considered this argument and found that the proposed class representatives have adequately alleged an injury-in-fact sufficient to confer standing.

Defendant next asserts that the proposed class representatives are inadequate because there might be a conflict between those members of the putative class who prefer the WNT's current compensation model and those who prefer to adopt the MNT's compensation model.[5] But Defendant's concern is merely speculative and "this circuit does not favor denial of class certification on the basis of speculative conflicts." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003). Defendant has "produced no evidence that class members actually possess opposing views regarding the pursuit of the [injunctive] remedy." *Id.*; *see Wilder v. Bernstein*, 499 F. Supp. 980, 993 (S.D.N.Y. 1980) ("The fact that some members of the class may be personally satisfied with the existing system and may prefer to leave the violation of their rights unremedied is simply not dispositive of a determination under Rule 23(a).")

Finally, Defendant also claims that the proposed class representatives, as senior, contracted members of the WNT, are inadequate because they "may prioritize monetary and injunctive relief that is more favorable to them than to junior, non-contracted players." (Opp'n at 14.) Again, this purported conflict is merely speculative. Without some evidence of an *actual* conflict, the Court presumes that the representation is adequate. *Californians for Disability Rights v. California Dept. of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008) ("Adequate representation is usually presumed in the absence of contrary evidence.")

Accordingly, the Court finds that the proposed class representatives will fairly and adequately protect the interests of the class.

---

[5] Defendant explains that under the WNT's CBA, female players enjoy a low-risk compensation policy under which they receive a guaranteed salary and benefits, whereas the MNT have bargained for a higher-risk, potentially higher-reward structure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

    b. *Adequacy of Class Counsel*

 To be adequate, "[t]he named representative's attorney [must] be qualified, experienced, and generally capable to conduct the litigation." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) (alteration in original) (quoting *Jordan*, 669 F.2d at 1323). Defendant does not challenge the adequacy of class counsel, who have significant employment law and class action experience. The Court therefore finds that proposed class counsel will fairly and adequately protect the interests of the class.

 **C.** **Rule 23(b) Requirements**

 Having found that Plaintiffs satisfied the requirements of Rule 23(a), the Court must now determine whether Plaintiffs meet their burden of showing that the proposed classes satisfy the requirements of Rule 23(b)(2) and 23(b)(3).

    1. *Rule 23(b)(2) – The Injunctive Relief Class*

 A class is proper under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (quoting another source). Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 360–61.

 Plaintiffs request certification of a 23(b)(2) class of all WNT players on the team through the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later. The class seeks "[i]njunctive and declaratory relief requiring equal pay and equal working conditions on a going-forward basis." (Mot. at 15.) Plaintiffs have clarified that they "are not seeking relief in the form of back pay for the Rule 23(b)(2) class"—obviating Defendant's concern that this class seeks money damages. (Reply at 9, ECF No. 75).

 Accordingly, because the proposed Injunctive Relief Class seeks only declaratory and injunctive relief, the Court finds that Rule 23(b)(2) is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

2.  *Rule 23(b)(3) – The Damages Class*

A class action may be maintained under Rule 23(b)(3) if the court finds that (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

   a.  *Predominance*

When evaluating whether common issues predominate, the operative question is whether a putative class is "sufficiently cohesive" to merit representative adjudication. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Though common issues need not be "dispositive of the litigation," *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D.D.C. 2001), they must "present a significant aspect of the case [that] can be resolved for all members of the class in a single adjudication" so as to justify "handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022.

Defendant argues that individual issues regarding whether any one WNT player is similarly situated to any one MNT player will predominate over common issues. The Court disagrees. Here, the members of the putative class allege the same discriminatory employment practices of Defendant. The same evidence would be used to prove the claims against Defendant whether the claims proceed as a class action or as individual lawsuits. Under these circumstances, Plaintiffs meet the predominance requirement. To the extent that some individual inquiries are necessary to determine whether WNT players are similarly situated to MNT players, they do not overwhelm the common questions of the class. If, based on the disposition of this case, excessive individual inquiries become necessary, this is an issue that can be addressed through a motion for decertification.

Turning to damages, Plaintiffs aver that the CBAs applicable to the MNT and WNT, respectively, provide a "well-established basis for an expert to apply a common formula to assess class-wide injury and damages." (Reply at 10.) At this time, the Court agrees. However, the Court notes that should significant disputes arise regarding this formula and its application to individual players, decertification may be appropriate.

The Court therefore finds that predominance has been satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
|---|---|---|---|
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

        b.      *Superiority*

Rule 23(b)(3) requires the Court to assess whether a class action is superior to other methods of adjudication. In making this assessment, the Court considers: (1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; (2) the "extent and nature of any litigation already begun"; (3) the "desirability or undesirability of concentrating the litigation of the claims"; and (4) the "likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Defendant does not challenge that the present class action is superior to other methods of adjudication. In light of this concession, and upon consideration of the factors set forth in Rule 23(b)(3), the Court finds that the superiority requirement is satisfied.

Accordingly, the Court grants Plaintiffs' Motion for Class Certification and certifies the Injunctive Relief Class and the Damages Class.

    **D.**    **FLSA Collective Action**

Pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), an employee may bring a collective action against an employer on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). Section 216(b) establishes an "opt-in" scheme whereby potential plaintiffs must notify the court by filing written consent that they intend to be a party to the collective action in order to be bound by and benefit from it. *Id.*

Here, Plaintiffs seek conditional certification of a collective action pursuant to section 216(b). Defendant does not oppose this request. Accordingly, the Court grants Plaintiffs' request for conditional certification of the FLSA Collective Action. All WNT players who were members of the WNT at any time from March 8, 2016 through the present are entitled to pursue their EPA claim as a collective action, provided they file the written consent required by section 216(b).

**V.**    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Class Certification. The Court therefore **ORDERS** the following:

    (1) Certification of a Rule 23(b)(2) class, defined as: "All WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later";

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | November 8, 2019 |
| Title | *Alex Morgan et al. v. United States Soccer Federation, Inc.* | | |

(2) Certification of a Rule 23(b)(3) class, defined as: "All WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification";

(3) Conditional certification of a collective action pursuant to 29 U.S.C. § 216(b), defined as: "All WNT players who were members of the WNT at any time from March 8, 2016 through the present";

(4) Named Plaintiffs Alex Morgan, Megan Rapinoe, Carli Lloyd, and Becky Sauerbrunn are appointed as Class Representatives;

(5) Winston & Strawn LLP is appointed as Class Counsel;

(6) Defendant must produce a class list to Plaintiffs' counsel within fourteen (14) calendar days from the date of this Order; and

(7) Parties must meet and confer regarding the class notice and collective notice and submit final agreed upon notices to the court within fourteen (14) calendar days from the date of this Order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____