Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>　　　　　Defendant. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER AUTHORIZING ELECTRONIC AND TEXT NOTIFICATIONS AND SETTING MARCH 30, 2020 AS OPT-IN DEADLINE FOR FLSA CONDITIONAL CLASS**<br>[Filed Concurrently with Memorandum of Points & Authorities; Declaration of Diana Hughes Leiden; and [Proposed] Order] |

TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiffs Alex Morgan, *et al.* hereby apply to the Court *ex parte* for an order (1) authorizing Plaintiffs to notify potential opt-in plaintiffs of their Equal Pay Act claims via an email transmitting the Notice of Pendency of an Equal Pay Act Lawsuit and Opt-In Consent Form and to send email and/or text message reminders; and (2) setting March 30, 2020 as the deadline for potential opt-in plaintiffs to send in their consent forms.

As explained further in the accompanying Memorandum of Points and Authorities, good cause exists to grant this *Ex Parte* Application on the grounds that (1) a substantial number of potential opt-in plaintiffs did not receive the Notice of Pendency due to incorrect or outdated mailing addresses that were provided by Defendant; and (2) sending email and text message notifications and reminders by a deadline of March 30, 2020 is calculated to give the potential opt-in plaintiffs actual notice of their rights and sufficient time to receive, review, and respond to the notice.

Plaintiffs provided notice of their intent to make an *ex parte* application to Defendant's counsel via email correspondence on January 10, January 21, and January 22, 2020, and Defendant has agreed only that Plaintiffs may send email notifications to the *specific* individuals who Plaintiffs have learned did not receive the original Notice of Pendency and related materials due to incorrect mailing address information. Defendant has refused to stipulate to Plaintiffs' request to send email notifications and electronic reminders to the remainder of the potential opt-in plaintiffs who may or may not have ever received the notice. To date, Defendant has not specifically responded to Plaintiffs' request to set the opt-in deadline as March 30, 2020.

This request is properly before the Court on an *ex parte* basis because a regularly-noticed Motion would not be heard by the Court in time to send notifications to putative collective class members with sufficient time to receive, review, and respond to the Notice of Pendency by the proposed March 30, 2020 deadline.

This Application is based on the attached Memorandum, [Proposed] Order, the

| | |
|---|---|
| 1 | Declaration of Diana Hughes Leiden, and the exhibits attached thereto and the related |
| 2 | pleadings in this case. |
| 3 | |
| 4 | DATED: January 23, 2020 |

                                            Respectfully submitted,

                                            WINSTON & STRAWN LLP

                                            By: */s/ Diana Hughes Leiden*
                                                   Jeffrey L. Kessler
                                                   Cardelle B. Spangler
                                                   Diana Hughes Leiden
                                                   Jeanifer E. Parsigian
                                                   Lev Tsukerman

                                            *Attorneys for Plaintiffs*
                                            Alex Morgan, et. al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs apply to the Court *ex parte* for an order (1) authorizing Plaintiffs to notify potential opt-in plaintiffs of their Equal Pay Act claims via an email transmitting the Notice of Pendency of an Equal Pay Act Lawsuit and Opt-In Consent Form and to send email and/or text message reminders; and (2) setting March 30, 2020 as the deadline for potential opt-in plaintiffs to return their consent forms.

On November 8, 2019, the Court granted Plaintiffs' class certification motion and conditionally certified a collective action pursuant to 29 U.S.C. § 216(b) (Dkt. No. 98 at 15). On December 1, 2019 the Court approved the parties' stipulated Title VII Class Action Notice and the Notice of Pendency of an FLSA Lawsuit (Dkt. No. 112). Plaintiffs then mailed the Notice of Collective Action Lawsuit and Opt-In Consent Forms to potential collective class members in early December based on the list of names and addresses that Defendant provided. *See* Declaration of Diana Hughes Leiden ("Leiden Decl.") at ¶ 2, filed herewith. Plaintiffs subsequently identified a number of potential opt-in plaintiffs who did not appear on the list prepared by Defendant and promptly mailed Notices of Pendency to those additional individuals after raising the issue with Defendant, whose counsel indicated that they had been left off the list inadvertently. *Id*.

To date, thirty-four players have opted-in the collective action and returned their Consent Forms (Dkt. No. 6, 10, 16, 33, 72, 129, 130, 131, 132, 150). However, many potential claimants have not yet responded to the notice. Furthermore, Plaintiffs' counsel has learned that much of the address information provided by Defendant is outdated or incorrect. Leiden Decl. ¶ 3. Specifically, Plaintiffs' counsel received notification that ***twelve*** of the Notices of Pendency were returned to Winston & Strawn LLP as undeliverable, and separately learned that four of the addresses were otherwise incorrect when contacted by potential opt-in plaintiffs. Leiden Decl. at ¶ 4. The latter

1  category includes individuals who were generally aware of the lawsuit and reached out
2  to other plaintiffs or Plaintiffs' counsel to inquire about the case, noting that they never
3  received the hard copy opt-in materials. *Id*. This also includes at least one potential
4  opt-in plaintiff who is currently living abroad for a professional soccer commitment and
5  not residing at her address on file. *Id*. As a result, Plaintiffs have serious doubts that
6  the address information provided by Defendant for the remaining potential opt-in
7  plaintiffs who have not yet responded to the Notice of Pendency is accurate.
8        For these reasons, Plaintiffs seek authorization to provide email notifications and
9  email and/or text message reminders to the potential opt-in plaintiffs who have not yet
10 responded to the Notice of Pendency. Plaintiffs asked Defendant to stipulate to this
11 relief, but Defendant has agreed only that Plaintiffs may send email notifications to the
12 individuals whose mailing addresses Plaintiffs' counsel *know* to be inaccurate or
13 outdated (because of returned mail or information received from their clients). Leiden
14 Decl., Exs. A-B. This, of course, will not resolve the issue because neither Plaintiffs
15 nor Defendant know if the remaining individuals ever received the Notice of Pendency,
16 and the substantial number of inaccuracies in the mailing address information suggest
17 that they may not have. Plaintiffs have obtained email address and/or telephone
18 numbers for potential opt-in plaintiffs through the Women's National Team Players
19 Association and from other plaintiffs, and do not ask Defendant to further investigate
20 contact information.[1] In addition, Plaintiffs seek leave of this Court to set a deadline of
21 March 30, 2020 to provide potential opt-in plaintiffs sufficient time to review the
22 materials and send in their consent forms if they choose to do so.
23 **II.**    **<u>ARGUMENT</u>**
24       In class actions, courts have equitable powers to manage the litigation in order to
25 promote judicial economy and fairness to litigants. *See De Asencio v. Tyson Foods, Inc.*,
26 342 F.3d 301, 313 (3d Cir. 2003), as amended (Nov. 14, 2003). This includes the power

---

[1] The WNTPA does not have current mailing addresses for the potential plaintiffs, many of whom are no longer members the WNT.

to approve the content and delivery method of class and collective action notifications and setting deadlines for the time period within which a person must opt into the FLSA collective action. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172-74 (1989) (describing the discretionary authority to oversee the notice-giving process in FLSA lawsuits).

### A.  Email and Text Message Notifications Are Calculated to Give Potential Plaintiffs Actual Notice of Their Rights

To facilitate the "accurate and timely notice concerning the pendency of the action," Plaintiffs request that the Court authorize email notification and text message reminders to the individuals who have not yet responded to the Notice of Pendency in the forms set forth below in Section III and the Proposed Order. *Hoffmann-La Roche Inc.*, 493 U.S. at 174. This will ensure that those who never received the hard copy notice due to address inaccuracies are actually notified of their rights. *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009) ("providing notice by first class mail and email will sufficiently assure that potential collective action members receive actual notice of this case.")

And for any potential opt-in plaintiffs who *did* receive the hard copy notice and have not yet responded, the email and/or text message will merely serve as a reminder. Reminder notices to potential opt-in plaintiffs are a "common" practice. *Dudley v. TrueCoverage LLC*, No. CV 18-3760 PA (AGRX), 2018 WL 6431869, at *5 (C.D. Cal. Sept. 28, 2018) (citations omitted). This Court has approved reminder notices, both via text and email, in many collective action cases. *See, e.g.*, *Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. EDCV17206JGBKKX, 2019 WL 2871156, at *8-9 (C.D. Cal. May 15, 2019) (approving plaintiff's proposal to mail, email, and text a reminder to all individuals who have not yet opted-in to the matter within 45 days of the first notice mailing); *Ray v. California Dep't of Soc. Servs.*, No. CV 17-4239 PA (SKX), 2019 WL 6888050, at *6 (C.D. Cal. Dec. 11, 2019) (approving plaintiff's reminder notice to potential members of the collective 21 days before the deadline,

email notice, and text message notice). "Particularly [because] the FLSA requires an opt-in procedure," the sending of a subsequent notice is "appropriate." *Goodwin v. Citywide Home Loans, Inc.*, 2014 WL 7174223 at *6 (quoting *Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D. Cal. 2010)).

Electronic and text message notifications and reminders are particularly appropriate in this case given the nature of the potential plaintiffs' occupations and lifestyles—they are current or former professional soccer players, many of whom are currently playing for teams and clubs all over the country (and abroad) and have moved several times since they last provided mailing address information to USSF. And because Plaintiffs are not asking Defendant to provide further information, Plaintiffs' request imposes no burden and should be uncontroversial.

### B. Good Cause Exists for the Court to Set a Deadline of March 30, 2020 for Potential Plaintiffs to Opt In

It is not uncommon to have relatively lengthy opt-in periods for FLSA actions. *See e.g., Flores v. Velocity Exp., Inc.*, No. 12-CV-05790-JST, 2013 WL 2468362, at *9 (N.D. Cal. June 7, 2013) (finding a 90-day deadline for opt-in was reasonable). Good cause to set the deadline on March 30, 2020 exists in this case.[2]

Plaintiffs have learned that the mailing address provided for at least sixteen of the potential class and collective action members are inaccurate mailing addresses. Leiden Decl. ¶ 4. Counsel for one potential member, for example, contacted Plaintiffs'

---

[2] The parties did not previously communicate to the potential opt-in plaintiffs a specific date by which the consent forms had to be returned. However, Defendant has claimed that consent forms returned after January 3, 2020 are untimely due to a provision that Defendant inserted into the Notice of Pendency instructing recipients to mail the consent form "no later than [insert date 30 days from mailing]." Because the date was not inserted and the bracketed text was included in the notice, recipients of the notice were not notified of any purported "deadline." In any event, this is irrelevant to the individuals who never received the notice. Therefore, Plaintiffs' proposal to set a concrete March 30, 2020 deadline in the email notifications is calculated to clearly communicate the timeline to potential opt-in plaintiffs.

counsel to let them know that individual did not receive the notice and then confirmed the address to which the packet was mailed was incorrect. *Id*. Three other potential class or collective action members similarly have communicated this information with Plaintiffs' counsel themselves. *Id*. And ***twelve*** of the notices have been returned as undeliverable. *Id*.

Based on this information, it is highly likely that the address information provided by Defendant for other potential plaintiffs who have not yet responded to the Notice of Pendency was also incorrect or outdated. Courts have found good cause to set longer opt-in deadlines in cases where plaintiffs' contact information was not correct. *See e.g., Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2009 WL 1773133, at *1 (N.D. Cal. June 19, 2009) (extending deadlines so that correct addresses could be found after notices were returned as undeliverable); *Weckesser v. Knight Enterprises S.E.*, LLC, No. 2:16-CV-02053-RMG, 2019 WL 351255, at *1 (D.S.C. Jan. 28, 2019) (accepting opt-in form past deadline because plaintiff's address was incorrect).

Furthermore, the address inaccuracies revealed to date are a reminder of the transient nature of professional athletes who often have multiple residences and are frequently participating in tournaments, trainings, and games across the globe. Setting a deadline of March 30, 2020 will allow sufficient time for these individuals to review the materials, contact Plaintiffs' counsel or Defendant's counsel with questions about the lawsuit, and decide whether or not to participate. Without a reasonable deadline, many potential opt-in plaintiffs will be left without recourse to the court in this action.

### III. PROPOSED FORM OF NOTICE

Plaintiffs propose the following forms of notice:

If the notification or reminder is sent through email, a subject line that states "Notice of Pendency of an Equal Pay Act Lawsuit" and an email body that states: "Please view attached legal notice regarding a lawsuit involving all members of the U.S. Senior Women's National Soccer Team at any time since March 8, 2016. Deadline for

responses is March 30, 2020." The approved Notice of Pendency and Consent to Join form will be attached to the email and not included in the body of the email.

If the reminder is sent through text message, a message that states "Reminder: Notice of Pendency of an Equal Pay Lawsuit. You have been sent, via email [and/or] U.S. mail, a legal notice regarding a lawsuit involving all members of the U.S. Senior Women's National Soccer Team at any time since March 8, 2016. Please check your email [and/or] mail for more information."

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant its *Ex Parte* Application and issue an order (1) authorizing Plaintiffs to notify potential opt-in plaintiffs of their Equal Pay Act claims via an email transmitting the Notice of Pendency of an Equal Pay Act Lawsuit and Opt-In Consent Form and to send email and/or text message reminders; and (2) setting March 30, 2020 as the deadline for potential opt-in plaintiffs to return their consent forms.

DATED: January 23, 2020

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Diana Hughes Leiden*
Jeffrey L. Kessler
Cardelle B. Spangler
David G. Feher
Diana Hughes Leiden
Jeanifer E. Parsigian
Lev Tsukerman

*Attorneys for Plaintiffs*
Alex Morgan, et. al.