**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>    Plaintiffs/Claimants,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>    Defendant/Respondent. | **Case No. 2:19-cv-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

1. Upon consideration of Plaintiffs' Motion for Partial Summary Judgment, filed on February 20, 2020, and for good cause shown, the Court hereby **GRANTS** Plaintiffs' Motion in its entirety. The Court finds that Defendant United States Soccer Federation, Inc. ("USSF") is liable for violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964 because the undisputed evidence in the record shows that USSF discriminated against players on the U.S. Senior Women's National Team ("WNT") by paying them at a lower rate of pay on a per game basis than players on the U.S. Senior Men's National Team ("MNT).

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party will win summary judgment unless there is "evidence on which a jury could reasonably find for the [non-moving party]." *Id.*; *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). A motion for partial summary judgment is the appropriate vehicle to determine less than all of the issues in the case, Fed. R. Civ. P. 56(a), and has been found by courts in this circuit to be an efficient method to streamline the issues to be presented to the jury. *See Harper v. City of San Jose*, No. C 09-05758 JW, 2011 WL 7109218, at *1 (N.D. Cal. Mar. 7, 2011) ("[A] party may move for summary judgment on the liability issues in a claim, leaving the issue of damages, for example, for trial."); *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 890 (N.D. Cal. 2010) (same).

The Equal Pay Act provides that an employer, such as USSF, cannot "discriminate … between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). In order to prevail on liability, Plaintiffs need only prove that USSF paid MNT players at a rate more than WNT players for performing

substantially similar work. *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1310-11 (10th Cir. 2006).

Title VII prohibits employers from discriminating against any employee with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex*, or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added). Unlike under the EPA, plaintiffs alleging sex-based compensation discrimination under Title VII need not establish that they are performing equal work for unequal pay. *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 110 (2d Cir. 2019). In order to prevail on their Title VII sex-based compensation discrimination claim, Plaintiffs need only show that sex "was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* § 2000e-2(m).

Here, Plaintiffs are members of the WNT—"one of the most dominant squads in the history of sport, men or women." But the undisputed evidence in the record shows that WNT players are paid at a rate less than MNT players for performing work that is substantially equal in terms of skill, effort, and responsibility. 29 C.F.R. § 1620.13(c). There is also no genuine issue of material fact that the WNT players perform their jobs under similar working conditions as the MNT players for a single establishment, USSF. Plaintiffs have therefore proved a violation of the Equal Pay Act. And because Plaintiffs have made such a showing, they have also met their burden to show a violation of Title VII for sex-based compensation discrimination. *See* 29 CFR § 1620.27 ("[i]n situations where the jurisdictional prerequisites of both the EPA and title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 200e et seq., are satisfied, any violation of the Equal Pay Act is also a violation of title VII.").

Furthermore, the Court finds that USSF has not met its burden to prove that there is a triable issue with respect to its First, Fourth, Sixth, Seventh, and Eighth affirmative defenses. Plaintiffs' motion is granted with respect to those defenses.[1]

---

[1] USSF's Second, Third, and Fifth affirmative defenses are not relevant to Plaintiffs' Motion for Partial Summary Judgment and therefore the Court makes no ruling on them.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment in its entirety. This Court makes no ruling on: (1) whether USSF has discriminated against Plaintiffs with respect to their working conditions; (2) whether USSF's violation of the Equal Pay Act was willful; (3) the appropriate amount of back-pay damages; and (4) whether punitive damages are warranted. These issues will be decided by the jury.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                                    Hon. R. Gary Klausner
                                                                    United States District Court Judge