1  Jeffrey L. Kessler (*pro hac vice*)
   jkessler@winston.com
2  David G. Feher (*pro hac vice*)
   dfeher@winston.com
3  **WINSTON & STRAWN LLP**
   200 Park Avenue, New York, NY 10166
4  Tel:   (212) 294-6700
   Fax:   (212) 294-4700
5

6  Cardelle B. Spangler (*pro hac vice*)
   cspangler@winston.com
7  **WINSTON & STRAWN LLP**
   35 West Wacker Drive, Chicago, IL 60601
   Tel:   (312) 558-5600
8  Fax:   (312) 558-5700

9  Diana Hughes Leiden (SBN: 267606)
   dhleiden@winston.com
10 Lev Tsukerman (SBN: 319184)
   ltsukerman@winston.com
11 **WINSTON & STRAWN LLP**
   333 South Grand Avenue, Los Angeles, CA 90071
12 Tel:   (213) 615-1700
   Fax:   (213) 615-1750
13

14 Jeanifer E. Parsigian (SBN: 289001)
   jparsigian@winston.com
   **WINSTON & STRAWN LLP**
15 101 California St., 35th Floor, San Francisco, CA 94111
   Tel:   (491) 591-1000
16 Fax:   (491) 591-1400

17 *Attorneys for Plaintiffs*

18                    **UNITED STATES DISTRICT COURT**

19                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20  ALEX MORGAN ET AL., | **Case No. 2:19-CV-01717-RGK-AGR** |
| 21          Plaintiffs/Claimants, | Assigned to: Judge R. Gary Klausner |
| 22  vs. | **PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE USE OF USSF PAYMENTS TO UNION TO ARGUE PAYMENTS ARE WAGES TO PLAINTIFFS** |
| 23  UNITED STATES SOCCER FEDERATION, INC., | |
| 24          Defendant/Respondent. | |
| 25 | |
| 26 | Date:  May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |
| 27 | |

28

## I. PRELIMINARY STATEMENT

The Court should preclude USSF from submitting at trial any evidence or arguments regarding payments that it made to The United States Women's National Team Players Association ("WNT Players Association") or The United States National Soccer Team Players Association ("MNT Players Association") absent evidence that those payments were passed on to WNT or MNT players. The only relevant wage and benefits comparison under the EPA and Title VII is between wages and benefits received by the players on the WNT and MNT. Any payments made by the USSF to the players' associations are not relevant to the analysis and thus would only confuse the jury so that this evidence and argument should be excluded under Federal Rules of Evidence 402 and 403.

## II. ARGUMENT

USSF payments to the WNT Players Association which are not paid to, or on behalf of, a specific player-member of the WNT are not relevant to any issue in this case. The same is true of any USSF payments to the MNT Players Association which are not paid to MNT players. As a result, there is no relevant basis for the USSF to present evidence on these payments or argue to the jury that they are relevant to either liability or damages under the EPA or Title VII.

The only relevant comparison under the EPA and Title VII is the rate of pay packages of compensation and benefits provided to the players on the WNT and the MNT for their jobs as national team players. 29 C.F.R. §§ 1620.10–1620.11 (proper comparison is compensation package including components including wages, salary, bonuses, profit sharing, and fringe benefits given to employees). There is no relevance in comparing any payments made by the USSF to the WNT or MNT Players Associations that were not in turn paid to the players themselves. Accordingly, any such information or comparisons are not admissible under Federal Rule of Evidence 402.

There is *no* provision in the WNT CBA or the MNT CBA regarding whether and how the respective players' associations may use any money paid to them. *See* Ex. 6, 2017-2021 WNT CBA, USSF_Morgan_000587 at USSF_Morgan_000629–32, 000634; Ex. 7, 2011-2018 MNT CBA, USSF_Morgan_000530 at USSF_Morgan_000541–43, 000551–52. Indeed, the USSF 30(b)(6) witness on the terms and conditions of the teams' respective CBAs, Mr. King, testified that USSF had no idea or influence on how the two unions used any of the monies that they received. Ex. 4, King 30(b)(6) Tr. 24:16–25:18; *see also id.* at 45:6–47:2, 59:17–60:15. Accordingly, except for the payment of signing bonuses which were distributed to WNT players (*id.* at 32:19–33:4), there is no basis for the USSF to claim that such payments are relevant to any discrimination or damages analysis in this case. Any testimony presented by USSF that payments to the players' associations necessarily would go to the Plaintiffs, or that the Plaintiffs could simply vote to pay themselves this money, is sheer speculation, and should be precluded as inadmissible. *See* Fed. R. Evid. 701(a) (lay opinion must be based on witness's first-hand knowledge); Fed. R. Evid. 702(b) (expert testimony must be based on sufficient facts or data). Allowing this testimony or evidence to come in would needlessly complicate the issues and could confuse the jury.

USSF has argued that *any* payments to the WNT Players Association should be considered compensation to the Plaintiffs. *See* Dkt. No. 171-1 at 6 n.1, 8 n.2 (citing 29 C.F.R. §§ 1620.10 and 531.40(c) for the proposition that "any of the money U.S. Soccer paid to the [WNT Players Association]" "should be included when calculating Plaintiffs' wages under relevant law"). USSF is wrong. Under 29 C.F.R. § 1620.10,[1] payments made to the WNT Players Association under the CBA are not wages under

---

[1] 29 C.F.R. § 1620.10 states that "[u]nder the EPA, the term "wages" generally includes all payments made to [or on behalf of] an employee as remuneration for employment."

the EPA because they are not "made to" a Plaintiff (as reviewed above), and they are not made "on behalf of" a Plaintiff. *See* 29 C.F.R. § 1620.10.[2]

Moreover, the only amount paid to the WNT Players Association that was not also paid to the MNT Players Association (i.e. the only one that would be offset even under USSF's theory)[3] is payment for commercial use of Plaintiffs' group likeness rights. There is no evidence in this case—and USSF's 30(b)(6) witness testified that USSF is aware of none—that the payments at issue were passed on to any Plaintiff in any way. *See* 29 C.F.R. § 1620.10; Ex. 4, King 30(b)(6) Tr. 24:16–25:18. Further, these payments are clearly for USSF's ability to use the WNT's name, image, and likeness rights for commercial purposes. *See* Ex. 6, 2017-2021 WNT CBA at USSF_Morgan_000619; Ex. 4, King 30(b)(6) Dep. Tr. 39:14–21. Accordingly, those payments cannot constitute wages to Plaintiffs because they are a payment for something other than their job on the National Team, and are a separate transaction for which USSF receives something valuable in return. *See Ward v. Costco Wholesale Corp.*, No. 2:08–cv–2013–FMC–FFMx, 2009 WL 10670191, *4 (C.D. Cal. May 6, 2009) (finding that employer payment to third party was invalid as wages because "the transaction directly or indirectly benefit[ed] the employer"). It would only confuse the jury to permit USSF to argue that such union payments should be taken into account as

---

[2] USSF also attempts to rely on 29 C.F.R. § 531.40(c), a regulation for the Fair Labor Standards Act. But that regulation refers only to "union *dues*" as an example of a sum paid that can be treated as payments to employees, which is a payment made on behalf of a specific employee and which is not at issue here.

[3] USSF has also cited the signing bonus paid to the WNT under the collective bargaining agreement, but, because that was merely passed through the WNT Players Association directly to the individual players, it has been offset in Plaintiffs' damages calculations. While the MNT CBA provides guaranteed payments to the MNT Players' Association upon signing of the CBA, and the start of a new "quad," there is no evidence that those payments were passed on to MNT players, so they do not impact the analysis here. *See* Ex. 7, 2011-2018 MNT CBA at USSF_Morgan_000569.

a basis for comparison to determine discrimination or damages, and such evidence should be precluded under Federal Rules of Evidence 402 and 403.

## III. CONCLUSION

For all of the above reasons, the Court should preclude Defendant from submitting at trial any evidence regarding payments made by USSF to the WNT Players Association or the MNT Players Association that have not been shown to have been passed on to WNT or MNT players, as such evidence has no relevance to this case and will only confuse the jurors in their determination of liability and damages issues under the EPA and Title VII.

Dated: March 20, 2020              WINSTON & STRAWN LLP


                                   By: */s/ Jeffrey L. Kessler*
                                       Jeffrey L. Kessler

                                   *Attorneys for Plaintiffs*