Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel:   (212) 294-6700
Fax:   (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel:   (213) 615-1700
Fax:   (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel:   (491) 591-1000
Fax:   (491) 591-1400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MORGAN ET AL.,<br><br>　　　　　Plaintiffs/Claimants,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br>　　　　　Defendant/Respondent. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE OF OR REFERENCE TO PAYMENTS BY THIRD PARTIES TO PLAINTIFFS**<br><br>Date:  May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

## I. PRELIMINARY STATEMENT

The Court should preclude Defendant from offering or eliciting evidence about any compensation Plaintiffs receive from third parties, including for individual sponsorships or for licensing their names, image, and likeness rights. Information about income a Plaintiff received from collateral sources is irrelevant to the issue of pay discrimination, and it is irrelevant to the amount Plaintiffs are owed by USSF as a result of its discrimination. *Kauffman v. Sidereal Corp.*, 695 F.2d 343, 347 (9th Cir. 1982). Evidence of Plaintiffs' earnings from other sources have no probative value for determining USSF's liability or Plaintiffs' damages and would be confusing and prejudicial. The Court should therefore preclude evidence of or reference to payments made by third parties to Plaintiffs. *See* Fed. R. Evid. 401–403.

## II. ARGUMENT

USSF cannot avoid liability and the consequences of its discrimination by relying on payments made to Plaintiffs by unrelated third parties. As a matter of law, "benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages." *Henderson v. Peterson*, No. C 07-2838 SBA PR, 2011 WL 2838169, at *4 (N.D. Cal. July 15, 2011) (quoting *McLean v. Runyon*, 222 F.3d 1150, 1155–56 (9th Cir. 2000)).

Plaintiffs in this case allege, *inter alia*, that USSF compensates them for their work as players on the U.S. Senior Women's National Team ("WNT") at a rate of pay less than the rate it pays players on the U.S. Senior Men's National Team ("MNT"). Jurors must determine, therefore, the rate of compensation USSF – and *only* USSF – as Plaintiffs' employer pays to them as compared to the rate of compensation it pays to its male employees on the MNT. Whether and what third parties—wholly independent of USSF—pay to players for intellectual property rights or work separate and apart from their work as WNT players is irrelevant to this issue for liability purposes. *See* Fed. R. Evid. 402. Such payments to the Plaintiffs by third parties also cannot be used to determine damages in this case under the collateral source rule because USSF as the

discriminating party is responsible for paying all of the damages for its unlawful conduct. *See Siverson v. United States*, 710 F.2d 557, 560 (9th Cir. 1983) (purpose of collateral source rule is to "prevent[] a windfall to the defendant" that violated the law).

Plaintiffs have a number of individual sponsorship deals and licensing agreements for their name, image, and likeness rights. *See, e.g.*, Ex. 8, Morgan Tr. at 208:15–209:19; Ex. 9, Rapinoe Tr. at 10:19–24. These agreements and how much a Plaintiff earns from them exist outside of any agreement with the USSF. *See, e.g.*, Ex. 6, 2017-2021 WNT CBA at Art. 15.B.2 (carving out individual likeness rights for license or commercial use), 15.C.1.a-b (carving out individual sponsorships and endorsements); Ex. 10, 2013-2016 Memorandum of Understanding at 4–5 (noting that use of a player's likeness is an open issue); *see also O'Bannon v. National Collegiate Athletic Association*, 7 F. Supp. 3d 955, 968 n.4, 970 (N.D. Cal. 2014) *aff'd in part, vacated in part by O'Bannon v. National Collegiate Athletic Association*, 802 F.3d 1049 (9th Cir. 2015) (drawing the distinction between a group's intellectual property rights and that of an individual). Payments from sources wholly independent from USSF for these individual licensing rights cannot be used to determine liability or to reduce the amount that is owed to Plaintiffs by USSF. *See, e.g.*, *Hance v. Norfolk Southern Ry. Co.*, 571 F.3d 511, 520 (6th Cir. 2009) (earnings "independent of the position [paid for by the defendant] . . . should not be taken into account in back pay calculations"); *Henderson*, 2011 WL 2838169, at *5 (granting motion *in limine* to exclude evidence of collateral source payments). These collateral payments by third parties are irrelevant as they have no probative value to the issues of USSF's liability for any wage disparities or the resulting damages. *See* Fed. R. Evid. 401.

Collateral source payments are also inadmissible under Federal Rule of Evidence 403. Even if the Court were to decide that there is some probative value of monies paid by third parties to Plaintiffs, that value is substantially outweighed by its risk of confusing the jury and causing prejudice to Plaintiffs. The jury should not be misled by USSF's arguments concerning third party payments to Plaintiffs as it may confuse

them about *who* made *what* payments and *which* payments are necessary for determining the Plaintiffs' rate of compensation. It also may confuse them about the proper way to determine back pay damages, which should not give any consideration to such third party payments. Finally, evidence that some of the Plaintiffs earned significant third party payments for their endorsement or intellectual property rights may cause prejudice to Plaintiffs by permitting USSF to insinuate that such third party payments somehow lessen the impact or existence of its pay discrimination or the need for Plaintiffs to be awarded their full back pay damages. These types of unfair prejudices substantially outweigh any probative value of outside, third-party payments to Plaintiffs, and the Court should therefore preclude Defendant from offering or eliciting evidence of such payments. *See* Fed. R. Evid. 403.

### III. CONCLUSION

For all these reasons, the Court should preclude evidence of or reference to payments by third parties to Plaintiffs.

Dated: March 20, 2020                    WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler

*Attorneys for Plaintiffs*