1   Jeffrey L. Kessler (*pro hac vice*)
    jkessler@winston.com
2   David G. Feher (*pro hac vice*)
    dfeher@winston.com
3   **WINSTON & STRAWN LLP**
    200 Park Avenue, New York, NY 10166
4   Tel:   (212) 294-6700
    Fax:   (212) 294-4700
5
    Cardelle B. Spangler (*pro hac vice*)
6   cspangler@winston.com
    **WINSTON & STRAWN LLP**
7   35 West Wacker Drive, Chicago, IL 60601
    Tel:   (312) 558-5600
8   Fax:   (312) 558-5700

9   Diana Hughes Leiden (SBN: 267606)
    dhleiden@winston.com
10  Lev Tsukerman (SBN: 319184)
    ltsukerman@winston.com
11  **WINSTON & STRAWN LLP**
    333 South Grand Avenue, Los Angeles, CA 90071
12  Tel:   (213) 615-1700
    Fax:   (213) 615-1750
13
    Jeanifer E. Parsigian (SBN: 289001)
14  jparsigian@winston.com
    **WINSTON & STRAWN LLP**
15  101 California St., 35th Floor, San Francisco, CA 94111
    Tel:   (491) 591-1000
16  Fax:   (491) 591-1400

17  *Attorneys for Plaintiffs*

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20   ALEX MORGAN ET AL., | **Case No. 2:19-CV-01717-RGK-AGR** |
| 21                Plaintiffs/Claimants, | Assigned to: Judge R. Gary Klausner |
| 22   vs. | **PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE OF OR REFERENCE TO CBA AND NEGOTIATIONS AS A DEFENSE TO EPA AND TITLE VII LIABILITY** |
| 23   UNITED STATES SOCCER FEDERATION, INC., | |
| 24                Defendant/Respondent. | |
| 25 | |
| 26 | Date:  May 5, 2020 |
| 27 | Time: 9:00 a.m.
Courtroom: 850 |
| 28 | |

## I.   PRELIMINARY STATEMENT

The Court should preclude USSF from making reference to the negotiations between USSF and the WNT Players' Association ("WNTPA"), or Plaintiffs' or the WNTPA's acceptance of the terms of either collective bargaining agreement ("CBA") at issue to argue that Plaintiffs have waived bringing claims against USSF, or that USSF should otherwise not be held liable for its unequal compensation structure because it was agreed to in collective bargaining. As a matter of law, a CBA "does not constitute a defense available to [ ] an employer," 29 C.F.R. § 1620.23, and neither Title VII or EPA claims can be waived in collective bargaining. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51 (1974) ("we think it clear that there can be no prospective waiver of an employee's rights under Title VII"); *Laffey v. Northwest Airlines Inc.*, 567 F.2d 429, 446–47 (D.C. Cir. 1976) *abrog'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988). Any argument by USSF that unlawful discrimination did not occur because the WNTPA negotiated the terms of the CBAs, or because the WNTPA or any plaintiff accepted their terms in bargaining, would unfairly prejudice the jury to consider a collective bargaining defense to the EPA and Title VII that does not exist. Accordingly, this testimony and evidence should be excluded under Federal Rules of Evidence 402 and 403.

## II.   ARGUMENT

The Equal Pay Act regulations plainly state that a CBA "does not constitute a defense available to [ ] an employer." 29 C.F.R. § 1620.23. Controlling law likewise confirms that "an employee's rights under Title VII are not susceptible [to] prospective waiver" in collective bargaining or otherwise. *Alexander*, 415 U.S. at 51–52; *see also Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 75–76 (1998) (reaffirming *Alexander*). Indeed, the "[r]ights established under Title VII and Equal Pay Act are not rights which can be bargained away either by a union, by an employer, or by both acting in concert." *Laffey*, 567 F.2d at 446–47.

USSF has consistently attempted to sidestep these federal regulations and Supreme Court precedent by arguing that Plaintiffs' lower wage rate is the result of a CBA negotiation process which either is protected from EPA and Title VII liability by the National Labor Relations Act, Ex. 12, Miscimarra Rep. at 5–11, 31–35, or, alternatively, should be an affirmative defense for pay discrimination by qualifying in general as an "other factor other than sex." *See* USSF Mot. Summary Judgment, Dkt. No. 171-1 at 15–19. The Court should prevent these "collective bargaining defense" arguments from being presented to the jury because they are contrary to law.

First, as noted above, it is well-established that there is no collective bargaining defense to the EPA or Title VII and no collective bargaining exemption from these statutes. *See* Plaintiffs' Motion to Exclude USSF's Expert Testimony, Dkt. No. 167 at 5-9. To the contrary, an employer must still comply with bedrock worker statutory protections—like the EPA, Title VII and minimum wage laws—even when a collective bargaining agreement is reached. *Id.* at 6–7. Second, the Ninth Circuit has made it clear that "any factor other than sex," an affirmative defense under the EPA and Title VII, must be a "job-related" factor similar to job experience, qualifications, and performance. *Rizo v. Yovino,* 950 F.3d 1217, 1224–25 (9th Cir. 2020).[1] The existence of collective bargaining or a CBA is not such a "job-related" factor related to the experience, qualification or performance of the employees. Accordingly, this purported affirmative defense by USSF is precluded as a matter of law.

Because the collective bargaining defense argument has no legal validity, permitting USSF to make this argument to the jury threatens to cause both confusion

---

[1] The Ninth Circuit is not alone in limiting the scope of this affirmative defense to job related factors. *See, e.g., Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 283–85 (5th Cir. 2014) (basing pay differential on prior salary negotiation history of employee was not a bona fide "factor other than sex"); *Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1073 (8th Cir. 2009) (reversing summary judgment and holding employer did not satisfy its burden to show wage disparity was based on factor other than sex by pointing to salary negotiations history of employee); *Laffey*, 567 F.2d at 446–47.

and prejudice.  Whatever small probative value it might have is far outweighed by the potential prejudice of both the argument and evidence so that it should be excluded under Federal Rule of Evidence 403.[2]

## III.   CONCLUSION

For all these reasons, the Court should preclude USSF from offering evidence of the WNTPA's CBA negotiations with USSF or the WNTPA's or Plaintiffs' acceptance of USSF's terms as a basis for arguing that such collective bargaining is a justification, defense, or a "factor other than sex" that absolves USSF of liability under the Equal Pay Act or Title VII.

Dated:  March 20, 2020                    WINSTON & STRAWN LLP

By:  */s/ Jeffrey L. Kessler*
      Jeffrey L. Kessler

      *Attorneys for Plaintiffs*

---

[2] In addition, permitting USSF to present the CBA negotiations and the WNTPA's acceptance of the CBA terms as a defense in this case would prejudice various Plaintiffs on an individual level, because not all Plaintiffs were subject to the same CBAs, were privy to the CBA negotiations, or voted to ratify the CBAs.