1  LATHAM & WATKINS LLP
   Jamie L. Wine  (Bar No. 181373)
2  E-mail: Jamie.Wine@lw.com
   885 Third Avenue
3  New York, NY 10022
   Phone: (212) 906-1200
4  Facsimile: (212) 751-4864

5  Michele D. Johnson (Bar No. 198298)
   E-Mail: Michele.Johnson@lw.com
6  650 Town Center Drive, 20th Floor
   Costa Mesa, CA 92626
7  Phone: (714) 540-1235
   Facsimile: (714) 755-8290

8

9  Attorneys for Defendant
   Defendant U.S. Soccer Federation, Inc.
   (Additional counsel are listed on the signature
10 page)

11                 UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
12

13 ALEX MORGAN, et al.,                 Case No. 2:19-cv-01717-RGK-AGR

14         Plaintiffs,                   **DEFENDANT'S MOTION IN
                                         LIMINE NO. 4**
15     v.
                                         Judge:    Hon. R. Gary Klausner
16 U.S. SOCCER FEDERATION, INC.,         Hearing: May 5, 2020 at 9:00 a.m.
                                         Place:    Courtroom 850
17         Defendant.

18

19

20

21

22

23

24

25

26

27

28

1   **TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

2       **PLEASE TAKE NOTICE** that on May 5, 2020 at 9:00 a.m., or as soon thereafter

3   as counsel may be heard in Courtroom 850 of the United States District Court, Central

4   District of California, located at 255 East Temple Street, Los Angeles, CA 90012, the

5   Honorable R. Gary Klausner presiding, Defendant U.S. Soccer Federation, Inc. ("U.S.

6   Soccer") will and hereby does move this Court for an order *in limine* to exclude evidence

7   and argument at trial regarding certain unpled allegations of disparate forms of

8   discrimination beyond the compensation issues detailed in Plaintiffs' EEOC Charge or, at

9   the most, in the Complaint.

10       This motion is based upon this Notice of Motion, Memorandum of Points and

11   Authorities in support thereof, and such additional evidence or argument as may be

12   presented or considered by the Court.

13       This Motion is made following the conference of counsel pursuant to Local Rule 7-

14   3, which took place on March 13, 2020.

15

16   Dated:  March 20, 2020              Respectfully submitted,

17                           LATHAM & WATKINS LLP

18

19                           By */s/ Jamie L. Wine*

20                           Jamie L. Wine
                        Attorneys for Defendant

21                           Defendant U.S. Soccer Federation, Inc.

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant U.S. Soccer Federation, Inc. ("U.S. Soccer") respectfully moves for an order *in limine* excluding evidence and argument at trial beyond the compensation issues detailed in Plaintiffs' EEOC Charge or, at the most, in the Complaint.

Plaintiffs' EEOC Charge was limited to equal pay.  Plaintiffs' claims expanded with the filing of the Complaint to include working condition allegations related to chartered flights and playing surfaces.  Plaintiffs' opposition to U.S. Soccer's motion for summary judgment (which U.S. Soccer filed after the close of discovery) then attempted to expand their clams from one about equal pay, turf conditions and chartered air travel, to encompass hotel accommodations and personnel issues.  (*See* Dkt. 58 (Scheduling Order) and Dkt. 187 (Pls.' Opp. to Def.'s Mot. for Summ. J. at 24-25).

Based on this continual evolution of Plaintiffs' claims and comments by the players in their depositions, Plaintiffs appear poised to open the trial to an unbridled set of unidentified perceived difference between the WNT and MNT programs.  For instance, Plaintiffs may attempt to introduce evidence at trial regarding:  1) food quality and the availability of private chefs (Morgan Dep. Tr. 69:19-25, attached hereto as Exhibit 1; O'Hara Dep. Tr. 83:4-9, attached hereto as Exhibit 2); 2) availability of exercise equipment (O'Hara Dep. Tr. 82:21-83:3, attached hereto as Exhibit 2); 3) security services (Morgan Dep. Tr. 70:1-8, attached hereto as Exhibit 1); and 4) training staff (Morgan Dep. Tr. 179:15-18, attached hereto as Exhibit 1; O'Hara Dep. Tr. 94:2-17, attached hereto as Exhibit 2).  For the reasons stated below, Plaintiffs should be precluded from presenting evidence or argument about any alleged difference between the WNT and MNT programs that they did not raise in the EEOC Charge or, at least, in the Complaint.

*First*, Plaintiffs have not exhausted their administrative remedies.  Plaintiffs' EEOC Charge was exclusively limited to a defined compensation claim.  Issues beyond the compensation allegations cannot be the basis for civil liability because Plaintiffs did not previously raise them with the EEOC.  *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) ("[T]he inquiry into whether a claim has been sufficiently

1  exhausted must focus on the factual allegations made in the charge itself . . . .").  Evidence

2  and argument regarding these issues should therefore be excluded.  *See Ong v. Cleland*,

3  642 F.2d 316, 319 (9th Cir. 1981) ("Allowing a … complaint to proceed despite its loose

4  'fit' with the administrative charge and investigation, however, is precluded if it would

5  circumvent the Title VII scheme which contemplates agency efforts to secure voluntary

6  compliance before a civil action is instituted.").

7      *Second*, Plaintiffs should not be permitted to raise discrimination allegations that

8  they did not raise before the EEOC or in their Complaint because such an expansion would

9  prejudice USSF, who has been denied the opportunity adequately to prepare for, take

10  discovery on, and respond to those theories, and cannot hope to defend against an unknown

11  universe of potential allegations.  *See Markos v. Sears, Roebuck & Co.*, No. CV 05-3051

12  CBM (JWJx), 2007 WL 5162457, at *2 (C.D. Cal. Mar. 19, 2007) ("As Plaintiff has not

13  pled sufficient allegations to support this theory of relief, and Defendant has had no

14  opportunity to conduct discovery on this theory, it would be unfairly prejudicial for

15  Plaintiff to argue this theory at trial." (citing Fed. R. Evid. 403)); *Robin v. City of Monrovia*,

16  No. CV 09-6235 PJW, 2010 WL 11506880, at *5 (C.D. Cal. Dec. 3, 2010) (granting a

17  motion in limine to exclude evidence where "Plaintiff has not alleged a separate cause of

18  action for failure to investigate and it seems too late at this juncture—after discovery has

19  closed and the trial is set to begin in a week—to place this in issue").  USSF should not

20  have to face a trial by ambush in which it is forced to address unknown allegations of

21  discrimination for the first time at trial.

22      *Finally*, Plaintiffs should not be allowed to present these new theories to the jury

23  because the arguments would be unduly prejudicial to USSF.  Argument regarding

24  peripheral differences in the WNT and MNT program can create an unfair impression of

25  systemic unequal treatment that taints the jury, even though such evidence would not be at

26  all probative of the issue properly before the jury: unequal pay.  Under Rule 403, evidence

27  should be excluded if its probative value is "substantially outweighed by a danger of . . .

28  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

3

1  needlessly presenting cumulative evidence." Fed. R. Evid. 403. Indeed, "[w]here the

2  evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if

3  there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."

4  *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (citation omitted);

5  *see also Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001)

6  (affirming exclusion of testimony where jury may find liability based on remote incidents

7  not at issue).

8       For the reasons stated above, USSF respectfully requests that the Court grant this

9  motion *in limine* and preclude Plaintiffs from offering evidence or argument beyond the

10  compensation issues detailed in their EEOC Charge or, at the most, in the Complaint.

| | | |
|---|---|---|
| 1 | Dated: March 20, 2020 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | |
| 4 | | By    /s/ *Jamie L. Wine*<br>Jamie L. Wine (Bar No. 181373) |
| 5 | | E-mail: Jamie.Wine@lw.com<br>885 Third Avenue<br>New York, NY 10022 |
| 6 | | Phone: (212) 906-1200<br>Facsimile: (212) 751-4864 |
| 7 | | |
| 8 | | Michele D. Johnson (Bar No. 198298)<br>E-Mail: Michele.Johnson@lw.com |
| 9 | | 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Phone: (714) 540-1235 |
| 10 | | Facsimile: (714) 755-8290 |
| 11 | | Ellen E. McLaughlin (Pro Hac Vice)<br>Noah Finkel (Pro Hac Vice) |
| 12 | | Brian Stolzenbach (Pro Hac Vice)<br>Sharilee Smentek (Pro Hac Vice) |
| 13 | | SEYFARTH SHAW LLP<br>233 South Wacker Drive, Suite 8000 |
| 14 | | Chicago, Illinois 60606-6448<br>Telephone: (312) 460-5000 |
| 15 | | Facsimile: (312) 460-7000 |
| 16 | | Kristen M. Peters (SBN 252296)<br>E-mail: kmpeters@seyfarth.com |
| 17 | | SEYFARTH SHAW LLP<br>2029 Century Park East, Suite 3500 |
| 18 | | Los Angeles, California 90067-3021<br>Telephone: (310) 277-7200 |
| 19 | | Facsimile: (310) 201-5219 |
| 20 | | Giovanna A. Ferrari (SBN 229871)<br>E-mail: gferrari@seyfarth.com |
| 21 | | Chantelle C. Egan (SBN 257938)<br>E-mail: cegan@seyfarth.com |
| 22 | | SEYFARTH SHAW LLP<br>560 Mission Street, 31st Floor |
| 23 | | San Francisco, California 94105<br>Telephone: (415) 397-2823 |
| 24 | | Facsimile: (415) 397-8549 |
| 25 | | Kyllan Kershaw (Pro Hac Vice)<br>E-mail: kkershaw@seyfarth.com |
| 26 | | SEYFARTH SHAW LLP<br>1075 Peachtree Street, NE, Suite 2500 |
| 27 | | Atlanta, GA 30309<br>Telephone: (404) 885-1500 |
| 28 | | Facsimile: (404) 892-7056 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Defendant
Defendant U.S. Soccer Federation, Inc.