Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel: (491) 591-1000
Fax: (491) 591-1400

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN ET AL.,<br><br>Plaintiffs/Claimants,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>Defendant/Respondent. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE REFERENCE TO USSF'S NON-PROFIT STATUS**<br><br>Date: May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

## I. PRELIMINARY STATEMENT

Plaintiffs move under Federal Rules of Evidence 401, 402 and 403 to preclude USSF from making any argument that USSF's non-profit status or mission to promote soccer at all levels in any way justifies the pay disparity between the MNT and WNT, or mitigates USSF's responsibility to pay damages, including because it claims to have limited resources which it intends to devote to other USSF constituents.

USSF's non-profit status is not relevant, and it does not provide a defense to any of Plaintiffs' claims. Rather, it would only serve to evoke sympathy from jurors and lure them in to making a decision based on emotion instead of the law. The discrimination laws apply equally to non-profits. Therefore, any mention of USSF's nonprofit status should be precluded as irrelevant and misleading. *See* Fed. R. Evid. 401, 402, 403. Further, it is not a defense to liability or damages that an entity breaking the law has other valuable uses for its resources besides paying damages. Again, this is an irrelevant consideration under the law and USSF should be precluded from appealing to the jurors' emotions by making any reference to the other constituents of USSF who are intended recipients of USSF funds, or other asserted worthy uses of USSF resources that USSF currently funds or could fund in the future.

## II. ARGUMENT

In defending its refusal to give the WNT equal pay, USSF has cited its "status as a non-profit National Governing Body, whose broad mission is to support and develop the sport of soccer, at all levels in the United States," and claimed it is "responsible for using its resources to serve all of its members and to plan prudently for the future with long-term investments that help grow soccer in the United States for years to come."[1] But this is not a legally proper defense. Nonprofit or otherwise, an organization's corporate status does not license an employer to discriminate on the basis of sex. *Ledbetter v. Good Samaritan Ministries*, 777 F.3d 955, 959 (7th Cir. 2015) (reversing

---

[1] Ex. 21, USSF's Supplemental Responses to Plaintiffs' Interrogatory Nos. 1, 2, 5, 6, and 11, at 7.

finding of summary judgment for defendant nonprofit organization on plaintiff's Title VII claims because there remained genuine issue of material fact). Nor does it provide any defense or justification for not being required to pay all of the damages for which it is found to be responsible.

Further, in its binding 30(b)(6) testimony, USSF admitted that any limitations on its overall financial resources would not justify a pay differential between the MNT and the WNT, because USSF's resource limitations would be the same for both teams:

> **Q:** . . . In other words, your resources are not more limited for the Women's Team than they are for the Men's Team, correct? They are the same?
>
> **A:** . . . resources themselves, that's correct.

Ex. 5, Gulati 30(b)(6) Tr. 22:12-18. And, Jay Berhalter, who verified USSF's interrogatory responses, testified that USSF is not "contending that the fact that USSF is a nonprofit is somehow a justification for not providing equal pay for equal work." Ex. 13, Berhalter Tr. 56:9-57:10.

Based on the above, it is clear that USSF's nonprofit status and claims about limited resources needed for other USSF constituents would not make any "fact of consequence" in this case more or less probable and can therefore provide no probative value. Fed. R. Evid. 401. It should be excluded on that basis alone.

But even more significantly, if USSF is permitted to make these references, it will be to try to appeal to the sympathy of the jury and mislead it into believing that these factors are appropriate for the jury to take into account in determining liability or damages. This is precisely the type of situation, where the risk of prejudice is high and the probative value is low or non-existent, that exclusion under Fed. R. Evid. 403 is appropriate.

The danger that jurors would forsake neutrality and decide this case on the basis of sympathy, rather than on the relevant evidence of the case, clearly outweighs any probative value that reference to USSF's nonprofit status or other constituent needs would have. Rule 403 operates to prevent precisely these circumstances, where jurors

could base their decision on a "purely emotional" basis rather than the evidence presented at trial. *See* Fed. R. Evid. 403 advisory committee's note (1975). *See also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."); *Rathburn v. Knight Transp., Inc.*, No. 318CV00133LRHWCG, 2019 WL 3716466, at *2 (D. Nev. Aug. 7, 2019) ("The Court held that it was error for the trial court to receive evidence of 'plaintiffs' poverty and financial distress.' The Court determined that had this evidence been presented to a jury, it would 'probably be considered prejudicial error.'") (citation omitted).

## III. CONCLUSION

For all these reasons, the Court should preclude Defendant from making reference to its nonprofit status, its mission to promote all levels of soccer, its claimed need to devote its resources to support other USSF constituents besides the WNT, or other asserted worthy uses of USSF resources that USSF currently funds or could fund in the future.

Dated: March 20, 2020          WINSTON & STRAWN LLP

                               By: */s/ Jeffrey L. Kessler*
                                   Jeffrey L. Kessler

                               *Attorneys for Plaintiffs*