LATHAM & WATKINS LLP
Jamie L. Wine  (Bar No. 181373)
E-mail: Jamie.Wine@lw.com
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200
Facsimile: (212) 751-4864

Michele D. Johnson (Bar No. 198298)
E-Mail: Michele.Johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Phone: (714) 540-1235
Facsimile: (714) 755-8290

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION, INC.
(Additional counsel are listed on the signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>U.S. SOCCER FEDERATION, INC.,<br><br>        Defendant. | Case No. 2:19-cv-01717-RGK-AGR<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN**<br><br>Date:        May 5, 2020<br>Time:       9:00 a.m.<br>Courtroom:  850<br>Judge:      Hon. R. Gary Klausner<br>Trial Date:  May 5, 2020 |

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2020 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 850 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Defendant U.S. Soccer Federation, Inc. ("U.S. Soccer") will and hereby does move *in limine* for an order excluding any and all evidence, references to evidence, or argument relating to:

(1) The collective bargaining negotiations between U.S. Soccer and the Women's National Team Players' Association ("WNTPA") occurring before January 1, 2012, including any statements made by or about U.S. Soccer or publicized during or in connection with such negotiations;

(2) John B. Langel's November 15, 2004 letter complaint to the United States Olympic Committee ("USOC") alleging U.S. Soccer's disparate treatment of the U.S. Women's National Team ("WNT") including any statements made by or about U.S. Soccer or publicized during or in connection with such complaint;

(3) the 2004 Report to the Board of Directors of U.S. Soccer on Structure, Governance and Ethics prepared by The Consensus Management Group (the "CMG Report") referenced in Mr. Langel's 2004 letter complaint; and

(4) the 2004 Memorandum to the Board of Directors from the Governance Task Force (the "Governance Task Force Memo") referenced in Mr. Langel's 2004 letter complaint.

This Motion is made on the grounds that evidence and argument relating to the collective bargaining negotiations between U.S. Soccer and the WNTPA before 2012, and of complaints made against U.S. Soccer in 2004, including any within the CMG Report and the Governance Task Force Memo, have no relevance to the issues before the jury. Allowing such evidence and argument into trial would also prejudice U.S. Soccer,

and cause juror confusion, undue delay and wasted time, and require mini-trials on side issues.

This Motion is made following a conference of counsel pursuant to Central District Local Rule 7-3, which took place on March 13, 2020, and at other times during the proceedings.

This Motion is made under Fed. R. Evid. 403 and 401, and is based on this Notice, the supporting Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on the Motion.

DATED: March 20, 2020                    Respectfully submitted,

                                         SEYFARTH SHAW LLP

                                         By: */s/Brian Stolzenbach*
                                             Brian Stolzenbach
                                             Attorneys for Defendant

2

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN
CASE NO. 2:19-cv-01717-RGK-AGR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, U.S. Soccer seeks an order precluding the introduction of evidence, references to evidence, or argument relating to: (1) the collective bargaining negotiations between U.S. Soccer and the WNTPA occurring before January 1, 2012, including any statements made by or about U.S. Soccer or publicized during or in connection with such negotiations; (2) a November 15, 2004 letter complaint by John B. Langel to the USOC about U.S. Soccer's alleged treatment of the United States Women's Olympic Soccer Team and the WNT (Plaintiffs' Ex. 56 attached hereto as Exhibit A); (3) a July 2004 CMG Report that was referenced in Mr. Langel's November 15, 2004 letter; and (4) an August 10, 2004 Governance Task Force Memo that was referenced in Mr. Langel's November 15, 2004 letter.

Based on the applicable limitation periods of their claims, as a matter of law, Plaintiffs cannot base any of their claims on statements or conduct by U.S. Soccer during collective bargaining negotiations prior to January 1, 2012— the earliest date Plaintiffs began negotiating the collective bargaining agreements that are encompassed by the two class periods.[1]  Similarly, the 2004 letter, the CMG Report, and the Government Task Force Memo are not germane to this action because they were created eight years before the applicable class/limitations period.  What's more, none of those 2004 documents relate to the discrimination alleged here, and the Government Task Force Memo makes no mention of discriminatory conduct at all.  As such, the above evidence and argument related to that evidence is irrelevant, and its admission would unfairly prejudice U.S.

---

[1] On November 8, 2019, the Court certified two classes: (1) a damages class of "[a]ll WNT players who were members of the WNT at any time from [June 11], 2015[1] through the date of class certification"; and (2) an injunctive relief class of "[a]ll WNT players on the team as of the date of final judgment, or the date of resolution of any appeals therefrom, whichever is later." (Dkt. 98).  The Court also conditionally certified a collective action under the EPA of "[a]ll WNT players who were members of the WNT at any time from March 8, 2016 through the present." (*Id.*).

1

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN
CASE NO. 2:19-cv-01717-RGK-AGR

Soccer, cause unnecessary delay, waste time, and juror confusion, and require mini-trials on side issues.

## II. ARGUMENT

This Court has authority to grant a motion *in limine*, in advance of trial, to exclude inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. U.S.*, 469 U.S. 38, 41 (1984). In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999–1001 (5th Cir. 1980). Federal Rule of Evidence 611(a)(2) states that the Court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . avoid wasting time." Accordingly, U.S. Soccer respectfully requests the Court enter an order excluding any and all evidence, references to evidence, or argument relating to pre-2012 collective bargaining negotiations, the 2004 Langel letter complaint, the CMG Report, and the Governance Task Force Memo. Such evidence is irrelevant, and its admission would result in unfair prejudice, juror confusion, undue delay and waste of time, and require mini-trials on side issues.

### A. None of the Pre-2012 Collective Bargaining Negotiations, The November 15, 2004 Letter Complaint, The 2004 CMG Report, Or The 2004 Governance Task Force Memo Are Relevant To Any Material Issue In This Case.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Fed. R. Evid. 402; *see also U.S. v. Dean*, 980 F.2d 1286, 1288–89 (9th Cir. 1992) (court has no discretion to admit irrelevant evidence). Evidence pertaining to the collective bargaining negotiations between U.S. Soccer and the WNTPA occurring before 2012, the United States Women's Olympic Soccer Team's 2004 complaints to the USOC of alleged disparate treatment in 2004, the CMG Report, and the Governance Task Force Memo are irrelevant to the facts and issues in this case.

2

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN
CASE NO. 2:19-cv-01717-RGK-AGR

Plaintiffs' EPA claims are subject to a two-year statute of limitations, which is extended to three years in the case of a "willful violation." 29 U.S.C. § 255(a). And under Title VII, Plaintiffs have 300 days from the date of the alleged discriminatory action to file a charge with the Equal Employment Opportunity Commission ("EEOC").[2] 42 U.S.C. § 2000e-5(e)(1). Based on the applicable limitation periods of their claims, Plaintiffs—as a matter of law—cannot base any of their present claims on purported discriminatory compensation paid under the terms the Collective Bargaining Agreement in effect from 2005 through December 31, 2012 (the "2005 CBA").

During the three years preceding Plaintiffs' filing of this suit, U.S. Soccer compensated WNT players either under the terms of a Memorandum of Understanding ("MOU"), which was in effect from March 19, 2013 through December 31, 2016, and/or the current collective bargaining agreement, which has been in effect since January 1, 2017 (the "2017 CBA"). Collective bargaining negotiations resulting in the MOU and 2017 CBA all took place after January 1, 2012. *See* Deposition of John B. Langel ("Langel Depo.") at p. 48:17-22, attached hereto as Exhibit B. Consequently, evidence pertaining to collective bargaining negotiations before January 1, 2012, including any notes, or statements made by or about U.S. Soccer or publicized during or in connection with the negotiation of the 2005 CBA, are irrelevant.

Evidence related to the November 15, 2004 letter complaint from Mr. Langel to the USOC similarly is irrelevant. Not only is any alleged discriminatory conduct by U.S. Soccer in 2004 outside the applicable period of limitations for Plaintiffs' claims, but the alleged discriminatory conduct that is the subject of Mr. Langel's complaint—alleged

---

[2] Under Title VII, the statute of limitations for a pay claims begins to run upon the occurrence of an "unlawful employment practice," which includes "when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wage, benefits or other compensation is paid, resulting in whole or in part from such a decision or other practice." 42 U.S.C. § 2000e-5(e).

violations of the Ted Stevens Olympic and Amateur Sports Act—is unrelated to any alleged discriminatory compensation decisions or practices under the relevant MOU or 2017 CBA. *See* Deposition of John B. Langel at pp. 250:10-253:25, 259:4-262:17 attached hereto as Exhibit C; Ex. Langel-40, attached hereto as Exhibit D. Further, the 2004 complaint letter contains allegations by Mr. Langel, not Plaintiffs. And, the gender issues raised in the CMG Report (*i.e.*, "[g]ender issues surfaced in a variety of ways, from 'allowing' the demise of the WUSA, to the paucity of women in major leadership positions") is unrelated to any alleged discriminatory conduct at issue here. *See* Plaintiffs' Ex. 56 at p. 6, attached hereto as Exhibit A. Finally, the Government Task Force Memo has no application to this case because it contains nothing related to discriminatory conduct; it is about restructuring USSF's governing bodies. *See* Plaintiffs' Ex. 56 at p. 4, attached hereto as Exhibit A.

Because the pre-2012 collective bargaining negotiations, the 2004 letter complaint sent to the USOC, the CMG Report, and the Governance Task Force Memo are irrelevant to this case, U.S. Soccer respectfully requests the Court exclude any such evidence, references to, or argument relating thereto. Certainly, such evidence is outside the class period, and has no tendency to make any fact that is of consequence to the determination of this action more or less probable. Fed. R. Evid. 401, 402.

    **B.    Admission of Evidence and Argument Pertaining to These Pre-2012 Documents and Collective Bargaining Negotiations Would Result In Unfair Prejudice, Juror Confusion, Undue Delay and Wasted Time.**

Any probative value of the pre-2012 collective bargaining negotiations, the November 15, 2004 letter complaint, the CMG Report, or the Governance Task Force Memo—which there is none—is outweighed by the danger of undue prejudice to U.S. Soccer, including the risk that its admission will confuse the issues or mislead the jury. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

4

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN
CASE NO. 2:19-cv-01717-RGK-AGR

1  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly
2  presenting cumulative evidence"); *Hamling v. U.S.*, 418 U.S. 87, 124–27 (1974) (trial
3  court did not abuse its discretion by excluding evidence on the basis that it was largely
4  irrelevant, and to the extent that it was relevant, it was confusing to the jury).

5  Admission of evidence and argument pertaining to collective bargaining
6  negotiations before 2012, the November 15, 2004 letter to the USOC, the CMG Report or
7  the Governance Task Force Memo would unfairly prejudice U.S. Soccer. U.S. Soccer's
8  purported discriminatory compensation decisions and other practices before 2012 are not
9  at issue in this case. Consequently, introduction of evidence or argument pertaining to
10 such past acts and allegations is likely to result in juror confusion, undue delay and
11 wasted time, all to the unfair prejudice of U.S. Soccer. Indeed, introduction of such
12 evidence would result in a trial within a trial on collateral issues, as U.S. Soccer would be
13 forced to address and explain to the jury why such evidence cannot form the basis for
14 Plaintiffs' claims—including its claimed damages. For example, if the 2004 letter
15 complaint is admitted, the court would have to conduct an unrelated mini-trial with
16 examination of Mr. Langel (whose testimony is being offered by deposition designation)
17 and U.S. Soccer's former CEO (who was allegedly responsible for the alleged acts and is
18 not on any party's witness list). Even then, the admission of such evidence substantially
19 increases the risk of juror confusion about the conduct at issue in this action for which
20 U.S. Soccer can be held liable, and the relief or damages, if any, to which Plaintiffs may
21 be entitled.

22 The risk of unfair prejudice and juror confusion is particularly true where, as here,
23 Plaintiffs seek to introduce evidence of alleged discriminatory conduct or statements
24 made by or about U.S. Soccer, or publicized during or in connection with, pre-2012
25 collective bargaining negotiations and the November 15, 2004 letter complaint (which
26 references the CMG Report and the Government Task Force Memo), to prove that U.S.
27 Soccer's compensation decisions and other practices under the applicable MOU and 2017
28

CBA were keeping in character with its prior alleged conduct and practices—an impermissible use of such evidence. *See* Fed. R. Evid. 404 (evidence of a person's character is not admissible to prove that the person acted in conformity therewith on a specific occasion). In other words, Plaintiffs hope to show the jury that it is in U.S. Soccer's alleged character to discriminate against WNT players and, therefore, must have discriminated against them in subsequent compensation decisions and other practices. This is precisely the type of use the rules of evidence were designed to avoid. *See* Fed. R. Evid. 403, 408.

### III. CONCLUSION

Based on the foregoing, U.S. Soccer respectfully requests that this Court exclude at trial any and all evidence, references to evidence, or argument relating to: (1) the collective bargaining negotiations between U.S. Soccer and the WNTPA occurring before January 1, 2012, including any statements made by or about U.S. Soccer or publicized during or in connection with such negotiations; (2) the November 15, 2004 letter complaint sent by John B. Langel to the USOC; (3) the Report to the Board of Directors of U.S. Soccer on Structure, Governance and Ethics prepared by The Consensus Management Group; and (4) the Memorandum to the Board of Directors from the Governance Task Force.

DATED: March 20, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/Brian Stolzenbach*
Brian Stolzenbach
Attorneys for Defendant

Ellen E. McLaughlin (Pro Hac Vice)
Noah Finkel (Pro Hac Vice)
Brian Stolzenbach (Pro Hac Vice)
Sharilee Smentek (Pro Hac Vice)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

|   |   |
|---|---|
| 1 | Kristen M. Peters (SBN 252296) |
| 2 | E-mail: kmpeters@seyfarth.com |
|   | SEYFARTH SHAW LLP |
| 3 | 2029 Century Park East, Suite 3500 |
|   | Los Angeles, California 90067-3021 |
| 4 | Telephone: (310) 277-7200 |
|   | Facsimile: (310) 201-5219 |

Giovanna A. Ferrari (SBN 229871)
E-mail: gferrari@seyfarth.com
Chantelle C. Egan (SBN 257938)
E-mail: cegan@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Kyllan Kershaw (Pro Hac Vice)
E-mail: kkershaw@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for Defendant
UNITED STATES SOCCER
FEDERATION, INC.

62674239v.1

---

7

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE PRE-2012 NEGOTIATIONS AND LANGEL'S 2004 COMPLAINT AND DOCUMENTS REFERENCED THEREIN
CASE NO. 2:19-cv-01717-RGK-AGR