Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel:   (212) 294-6700
Fax:  (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel:   (312) 558-5600
Fax:  (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel:   (213) 615-1700
Fax:  (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel:   (491) 591-1000
Fax:  (491) 591-1400

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN ET AL.,<br><br>Plaintiffs/Claimants,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>Defendant/Respondent. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES**<br><br>Date:  May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

## I. PRELIMINARY STATEMENT

Plaintiffs hereby move this Court pursuant to Federal Rules of Civil Procedure 26 and 37 for an order to exclude four of Defendant's witnesses identified in its Proposed Witness List for Rule 16 Conference that was served on March 17, 2020. Plaintiffs seek to exclude these witnesses on the basis that they were not timely or sufficiently disclosed under Rule 26(a), which deprived Plaintiffs of their opportunity to seek discovery from these individuals.

In short, and as set forth in more detail below, Defendant failed to discharge its duty under Rule 26 to provide adequate and timely disclosures of its intent to use at trial the four witnesses who are the subject of this motion. In light of its conduct in circumventing the procedures and purposes of discovery and the prejudice Plaintiffs will suffer as a result, Defendant cannot meet its burden to excuse its noncompliant disclosures. This Court should therefore order exclusion under Rule 37.

## II. ARGUMENT

Where a party fails to give adequate notice to its adversary of the name and expected subjects of testimony of each individual upon whose testimony it might rely in compliance with Rule 26, that party "may not use that witness to supply evidence at a trial 'unless the failure was substantially justified or is harmless.'" *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (quoting Fed. R. Civ. P. 37(c)(1)). Rules 26 and 37 place "the burden [ ] on the party facing sanctions to prove [substantial justification] or harmlessness" of the inadequate disclosure. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Further, where, as here, a party has failed to comply with Rule 26 and cannot demonstrate substantial justification or harmlessness, Rule 37 is self-executing and the proper remedy is exclusion. *Yeti*, 259 F.3d at 1106 (noting Rule 37(c) imposes an "'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'") (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). A court has particularly wide

discretion regarding sanctions under Rule 37, including to order dismissal, exclude witnesses, or to fashion other appropriate relief. *Ollier*, 768 F.3d at 862.

Indeed, Defendant's late and deficient disclosures undermine the overall goal of the civil discovery rules, which is focused on "encourag[ing] parties to try cases on the merits, not by surprise, and not by ambush." *Ollier,* 768 F.3d at 862; *see also Riel v. Ayers*, 2010 WL 1798252, at *2 (E.D. Cal. May 4, 2010) ("The general purpose of the civil discovery rules is to remove surprise from trial preparation."). Timely disclosure is key to the "[o]rderly procedure" that allows a party to "conduct discovery of what [ ] witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial . . . so that trial efforts are enhanced and efficient, and the trial process is improved." *Ollier*, 768 F.3d at 862-63. Simply put, inadequate disclosures "throw[ ] a wrench into the machinery of trial." *Id*. at 863. Defendant's failure to provide timely and adequate disclosures raises the prospect of a trial "by ambush" in violation of the procedures set forth in the Federal Rules. *Id*. at 862.

Here, Plaintiffs move to exclude four of Defendant's witnesses that were either (i) belatedly disclosed only 10 days before the close of fact discovery (Ross Moses and Paul Marstaller); (ii) insufficiently disclosed because Defendant later identified different and far broader subject matters known to that witness (Amy Hopfinger); or (iii) never disclosed at all (Lisa Levine). USSF cannot meet its burden of demonstrating any substantial justification or resulting harmlessness from these deficient and untimely disclosures. To the contrary, Defendant appears to have made calculated litigation decisions to delay making timely disclosures about these witnesses and they must now suffer the preclusion consequences of those decisions.

*First,* both Mr. Moses and Mr. Marstaller were disclosed for the first time in Defendant's Amended and Supplemental Disclosures served on January 27, 2020, a mere *ten days* before the fact discovery cutoff, well after the parties had agreed on deponents and were in the midst of scheduling the remaining depositions. Defendant

intends to call Mr. Moses as a live witness at trial to testify as to "[t]elevision ratings and attendance for USMNT and USWNT matches, including specifically the explanation and authentication of business records regarding [the] same." *See* Ex. 17, at ¶ 17, USSF Amended/Supplemental Disclosures.[1] As to Mr. Marstaller, Defendant intends to call him to testify regarding "[v]enue selection for USWNT and USMNT matches." *Id.* at ¶ 15. Both of these witnesses are employees of Defendant, and it therefore presumably knew who these individuals were and their relevant knowledge. Likewise, Defendant must have also known that it would require witnesses on these topics—and much earlier than 10 days before the close of fact discovery. As such, there is simply no reason these witnesses could not have been disclosed earlier and they both should be excluded. Indeed, courts routinely order exclusion under such circumstances *See, e.g.*, *Accentra Inc. v. Staples, Inc.*, 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010) (ordering exclusion of witnesses on the ground that the late disclosure "was not harmless because [the party] now has no opportunity to take discovery from these witnesses" and noting that "[t]he bare ability to cross-examine the witnesses at trial does not ameliorate this prejudice"); *Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9900617, at *3 (N.D. Cal. Oct. 26, 2015) (excluding from testifying at trial witnesses who were disclosed in supplemental disclosures at the end of fact discovery, holding that the "eleventh hour" disclosures were neither "substantially justified" nor "harmless" where the defendants offered no explanation why they could not have earlier disclosed the witnesses); *Dugan v. Cty. of Los Angeles*, 2013 WL 3863979, at *4 (C.D. Cal. July 23, 2013) (granting motion *in limine* to preclude a witness from testifying at trial because of a party's failure to comply with the initial disclosure obligations under Rule 26).

*Second*, while Ms. Hopfinger was previously identified in Defendant's Initial Disclosures, exclusion of her testimony is nonetheless warranted due to Defendant's

---

[1] All exhibit citations are to the concurrently filed Parsigian Declaration in Support of Plaintiffs' Motions *in Limine*

failure to provide an accurate and complete description of the scope of her knowledge until it served its Amended and Supplemental Disclosures—again, only 10 days before the close of discovery. In Defendant's first set of disclosures, it identified Ms. Hopfinger as having discoverable information only as to "the terms and conditions of employment of the USWNT and USMNT." Ex. 15, at ¶ 12, USSF First Set of Initial Disclosures. Ten days before the fact discovery cut-off, Defendant significantly expanded the scope of Ms. Hopfinger's knowledge to include not only "the terms and conditions of employment of the USWNT and USMNT" but also "the venue selection for USMNT and USWNT matches, match announcements and match agreements for both teams, travel for USMNT and USWNT, and the marketing and promotion of the USMNT and USWNT." *Id*.; Ex. 17, at ¶ 12, USSF Amended/Supplemental Disclosures.

Like Mr. Moses and Mr. Marstaller, Ms. Hopfinger is also an employee of Defendant. And again, Defendant certainly should have known that it would require a witness on these topics earlier than 10 days before the close of fact discovery. Defendant's failure to properly disclose the full scope of Ms. Hopfinger's subject of testimony until the eleventh hour renders its disclosures incomplete under Rule 26, as it did not provide "enough information [to] allow [Plaintiffs] . . . to determine whether a deposition of a particular person identified as a potential witness might be necessary." *Forte v. Cty. of Merced*, 2014 WL 4745923, at *4 (E.D. Cal. Sept. 23, 2014); *see also City and Cty. of San Francisco v. Tutor–Saliba Corp.,* 218 F.R.D. 219, 221 (N. D. Cal. 2003) (disclosures function "to assist the parties in focusing and prioritizing their organization of discovery"). To be sure, had Plaintiffs known that Ms. Hopfinger had subject matter knowledge concerning "venue selection for USMNT and USWNT matches, match announcements and match agreements for both teams, travel for USMNT and USWNT, and the marketing and promotion of the USMNT and USWNT," they may very well have sought to take her deposition over others in order to explore these topics. Ex. 17 at ¶ 12, USSF Amended/Supplemental Disclosures. But again,

Plaintiffs' opportunity to depose and otherwise seek discovery from Ms. Hopfinger has come and gone. This Court should exclude Ms. Hopfinger's testimony at trial.

*Third*, and most egregiously, Defendant never disclosed its intent to rely on testimony from Ms. Levine in *any* of its Rule 26 disclosures. This amounts to a facial violation of Rules 26 and 37 and compels exclusion of her testimony. *See William Hablinski Architecture v. Amir Const. Inc.*, 2005 WL 4658149, at *9 (C.D. Cal. Feb. 27, 2005) (granting motion *in limine* to exclude the testimony of a witness who was not identified in initial disclosures); *Tyco Thermal Controls, LLC v. Redwood Indus., LLC*, 2012 WL 2571318, at *2-3 (N.D. Cal. July 2, 2012) (granting motion *in limine* to exclude witnesses not identified in initial disclosures); *Classical Silk, Inc. v. Dolan Group, Inc.*, 2016 WL 7638112, *7-9 (C.D. Cal. Mar. 21, 2016) (same); *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 604-608 (S.D. Cal. Mar. 26, 2015) (same).

Further, Plaintiffs agreed not to depose Ms. Levine based on USSF's representation that it would not call her other than for impeachment. Ex. 16, Email Correspondence Btwn J. Parsigian and B. Stolzenbach. Specifically, Defendant represented that it did "not anticipate calling her 'unless the use would be solely for impeachment,' as that phrase is used in Rule 26(a)(1)(A)(i)." *Id*. Despite this, Defendant now intends to call Ms. Levine as a live witness to testify on the broad subject of "[c]onduct of the parties during collective bargaining negotiations in 2012-2013 and 2015-2017." Ex. 14, USSF Trial Witness List. But any testimony on collective bargaining negotiations plainly goes beyond any possible use of Ms. Levine just for possible impeachment of testimony by witnesses for Plaintiffs that have not yet even been presented. Defendant has long indicated that it intends to use the collective bargaining history in this case as part of its defense, and whether that is proper or not, there is no justification for Defendant not previously disclosing that it would be calling Ms. Levine to testify on this subject. Any efforts by Defendant to characterize the CBA negotiations as merely a possible impeachment topic would be both inaccurate and disingenuous.

Defendant will be unable to show any substantial justification for its deficient and belated disclosures for each of these four witnesses. And the resulting prejudice to Plaintiffs is significant, as they have been deprived of the "meaningful opportunity to . . . make educated choices about how to best use [their] discovery resources." *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011); *Cervantes v. Zimmerman*, 2019 WL 1598219, at *6 (S.D. Cal. Apr. 15, 2019) (party's "untimely disclosures plainly harmed [opponent's] ability to pursue discovery that [it] had a right to pursue before the close of fact discovery"). As the Ninth Circuit explained in *Ollier*, "[t]he last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run." 768 F.3d at 863. In *Ollier*, even though the witnesses were disclosed eight months before trial and the defendants in that case were willing to make them available for deposition, the court still held that the late disclosures were "not harmless." *Id*.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion to exclude the four witnesses identified herein should be granted.

Dated: March 20, 2020

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
*Attorneys for Plaintiffs*