LATHAM & WATKINS LLP
Jamie L. Wine (Bar No. 181373)
E-mail: jamie.wine@lw.com
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200

Michele D. Johnson (Bar No. 198298)
E-mail: michele.johnson@lw.com
650 Town Center Drive
Costa Mesa, CA 92626
Phone: (714) 540-1235

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION, INC.
(Additional counsel are listed on the signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>U.S. SOCCER FEDERATION, INC.,<br><br>        Defendant. | Case No. 2:19-cv-01717-RGK-AGR<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY OF DR. FINNIE COOK**<br><br>Date: May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Judge: Hon. R. Gary Klausner<br>Trial Date: May 5, 2020 |

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY
OF DR. FINNIE COOK / CASE NO. 2:19-cv-01717-RGK-AGR

62697104v.1

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2020 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 850 of the United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, the Honorable R. Gary Klausner presiding, Defendant U.S. SOCCER FEDERATION, INC. ("U.S. Soccer") will and hereby does move *in limine* for an order excluding Plaintiffs' expert Finnie Cook, Ph.D.

U.S. Soccer brings this motion pursuant to Fed. R. Evid. 401, 402, and 403 on the grounds that the proffered expert testimony is based on a theory not cognizable under applicable law, and thus is irrelevant, and would serve only to mislead and confuse the jury.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on the Motion.

This Motion is made following a conference of counsel pursuant to Central District Local Rule 7-3, which took place on March 13, 2020, and at other times during the proceedings.

DATED: March 20, 2020

          Respectfully submitted,

          SEYFARTH SHAW LLP

          By: */s/Brian Stolzenbach*
                Brian Stolzenbach
                Attorneys for Defendant

1

DEFENDANT'S MOTION IN LIMINE NO. NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY OF DR. FINNIE COOK / CASE NO. 2:19-cv-01717-RGK-AGR

62697104v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs proffer as an expert witness Finnie Cook, Ph.D., who intends to offer testimony regarding how much Plaintiffs, players on U.S. Soccer's Senior Women's National Team ("WNT"), purportedly *"would have been paid"* if their collective bargaining agreement (CBA) had the same compensation structure found in the CBA covering the Senior Men's National Team ("MNT"). Exhibit A, Cook Report, ¶ 9 (emphasis added); *see also* Exhibit B, Cook Rebuttal Report (characterizing continued arguments about the validity of her initial "damages" report as "rebuttal" to two expert reports that do not attempt to calculate damages or otherwise address her initial report).

Dr. Cook's testimony has no relevance to the instant dispute. She does not compare Plaintiffs' actual pay to the actual pay received by any identified comparable male employee. Rather, Dr. Cook's testimony is based entirely on a comparison to a hypothetical male—a soccer player who played in the same competitions as Plaintiffs, had the same exact results on the field, but was paid under a very different CBA negotiated by a different union to apply to different competitions. The Equal Pay Act ("EPA"), the statutory framework on which Plaintiffs base both their EPA and Title VII pay discrimination claims, simply does not allow for such a hypothetical comparison. It instead bars an employer from "paying wages to employees . . . at a rate less than the rate at which [it] pays wages to employees of the opposite sex." 29 U.S.C. § 206(d)(1). Because Dr. Cook's report does not compare wages or wage rates that actually were paid, her reports and any related testimony are irrelevant. Further, because her analysis is irrelevant, any probative value of Dr. Cook's testimony would be substantially outweighed by the jury confusion her testimony would cause. U.S. Soccer therefore requests that the Court exclude Dr. Cook's testimony under Fed. R. Evid. 401, 402, and 403.

2

DEFENDANT'S MOTION IN LIMINE NO. NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY OF DR. FINNIE COOK / CASE NO. 2:19-cv-01717-RGK-AGR

62697104v.1

## II. ARGUMENT

The EPA prohibits discrimination "between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which [it] pays wages to employees of the opposite sex." 29 U.S.C. § 206(d)(1). To make out a prima facie case under the Equal Pay Act, the plaintiff must prove, among other things, that an employer "is paying" different wages to employees of the opposite sex for equal work. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). Once it is determined that a plaintiff was paid less than the average wages paid to all appropriate male comparators, the average male wage should also be used as the benchmark figure for damages calculation. *Hein v. Oregon Coll. of Educ.*, 718 F.2d 910, 917 (9th Cir. 1983). The relevant comparison under the EPA is clear: a comparison of wages *actually paid* to each plaintiff versus the average of those wages *actually paid* to *actually identified* appropriate male comparators for that plaintiff. *Id.*; *see also Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995) ("Additionally, the plaintiff must identify a particular male 'comparator' for purposes of the inquiry, and may not compare herself to a hypothetical or 'composite' male.").

Title VII is no different. Where, as here, a plaintiff alleges pay discrimination under Title VII based on purportedly lesser pay for equal work, the Ninth Circuit instructs courts to analyze a Title VII claim using the EPA framework. *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986). Thus, as with the EPA, Plaintiffs must compare their actual wages to the wages actually paid to appropriate male comparators.[1]

Dr. Cook's testimony does not conduct the requisite comparison of actual compensation paid to actual people within the WNT and MNT. Although she claims to compare "rate of pay," Exhibit A, ¶ 9, she never identifies what that rate may be,

---

[1] As explained in U.S. Soccer's response to Plaintiffs' motion for partial summary judgment, the Court should disregard any attempt by Plaintiffs to raise a new legal theory under Title VII; the theory pled in the Complaint under Title VII is the same as that pled under the EPA: equal work for unequal pay. (Dkt. 185, p. 27.)

3

DEFENDANT'S MOTION IN LIMINE NO. NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT
TESTIMONY OF DR. FINNIE COOK / CASE NO. 2:19-cv-01717-RGK-AGR

62697104v.1

anywhere in her report. For example, she could have considered how much the players made on a per-game basis by dividing aggregate compensation by the number of games played, or she could have tabulated total compensation and then divided it by a logical period of time, such as a quad of international soccer, (Dkt. 186-4, 1st Gulati Decl. ¶ 43), but she did none of these things, even though this is what the law requires. *See Bence*, 712 F.2d at 1027 ("Comparison of pay rates entails measuring the amount of pay against a common denominator, typically a given time period or quantity or quality of output."). Nor does Dr. Cook ever identify what a single male comparator, let alone any grouping of them (here, members of the MNT), ever actually made, whether in the aggregate, or when reduced to a rate of pay.

Rather, Dr. Cook offers opinions based only on hypothetical scenarios. She compares what each Plaintiff made in the aggregate, over an arbitrary period of time (neither a calendar year nor a quad nor the term of a CBA, but a random period of time dictated solely by the date on which this lawsuit was filed) against what an MNT player theoretically *would have made* over that same period of time for the same on-field results but working under the CBA negotiated by the MNT's union. In doing this, Dr. Cook ignores completely what any individual MNT players actually earned in compensation. At the same time, she also tries to creatively circumvent the fact that male U.S. Soccer players are not paid anything for competing in the Olympic Games while the WNT has the opportunity to earn more for competing in the Olympics than the MNT can earn from any tournament outside the World Cup. (*Compare* Ex. A ¶¶ 28-31 *with* Dkt. 186-29, 1st King Decl. ¶¶ 10-11; Dkt. 186-51, 2nd King Decl. ¶¶ 11-13.) She also must explain away various types of WNT compensation that MNT players do not receive. (Ex. A ¶¶ 56-57, 66-67; Ex. B ¶¶ 12-13.) She must also rationalize the fact that some Plaintiffs actually earned *more* under the current WNT CBA than they would have earned during the term of that CBA if they had been covered by the MNT CBA instead. (Ex. A ¶ 72; Dkt. 186-55, McCrary Report, ¶ 52.) At the same time, she must ignore the fact that the reverse of

4

DEFENDANT'S MOTION IN LIMINE NO. NO. 3 TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY OF DR. FINNIE COOK / CASE NO. 2:19-cv-01717-RGK-AGR

62697104v.1

1  her overall conclusion is true: MNT players would have earned more if they had been
2  playing under the current WNT CBA than they actually made under their own. (Dkt. 186-
3  56, McCrary Report, ¶¶ 49-52.) In other words, if Dr. Cook's theory of pay
4  discrimination were correct, then U.S. Soccer necessarily would be discriminating against
5  both MNT players and WNT at the same time, based on the simple fact that each team, in
6  hindsight, may wish it had negotiated for the other team's CBA. The EPA is not "subject
7  to such manipulation." *Hein*, 718 F.2d at 916 (reversing judgment for plaintiff because
8  plaintiff earned more than one male comparator but less than another: "Under this
9  reasoning . . . [the employer] prima facie discriminates against [an alleged male
10 comparator] on the basis of sex at the same time it discriminates against [the plaintiff] on
11 the basis of sex. We do not believe that the Equal Pay Act is subject to such
12 manipulation.")
13     This is precisely why Plaintiffs have never presented the Court with a single legal
14 authority to support the proposition advanced by Dr. Cook's opinions. There is none.
15 Instead, the courts properly insist that Plaintiffs pursuing EPA cases and their Title VII
16 analogs engage in a comparison of actual pay earned by actual employees in comparable
17 situations, rather than comparisons of hypothetical pay, hypothetical employees, and
18 hypothetical situations.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

5

1  Because Dr. Cook's proposed testimony is fundamentally inconsistent with the
2  governing statutory framework and applicable case law, it should be excluded under
3  Federal Rule of Evidence 403. Permitting her to testify about her legally irrelevant
4  opinions would only mislead and confuse the jury, and her testimony should be excluded
5  in its entirety.

DATED: March 20, 2020

Respectfully submitted,
SEYFARTH SHAW LLP

By: */s/Brian Stolzenbach*
Brian Stolzenbach

**SEYFARTH SHAW LLP**
Ellen E. McLaughlin (Pro Hac Vice)
Noah Finkel (Pro Hac Vice)
Brian Stolzenbach (Pro Hac Vice)
Sharilee Smentek (Pro Hac Vice)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Kristen M. Peters (SBN 252296)
E-mail: kmpeters@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Giovanna A. Ferrari (SBN 229871)
E-mail: gferrari@seyfarth.com
Chantelle C. Egan (SBN 257938)
E-mail: cegan@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Kyllan Kershaw (Pro Hac Vice)
E-mail: kkershaw@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for Defendant
UNITED STATES SOCCER
FEDERATION, INC.