Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel: (491) 591-1000
Fax: (491) 591-1400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MORGAN ET AL.,<br><br>                Plaintiffs/Claimants,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br>                Defendant/Respondent. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE JUSTIFICATIONS BASED ON NON-JOB-RELATED "FACTORS OTHER THAN SEX"**<br><br>Date: May 5, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

## I. PRELIMINARY STATEMENT

The Court should preclude USSF from presenting arguments at trial that its rate of pay differentials between the WNT and MNT players can be justified by any of the following assertions: (1) that the WNT Players' Association ("WNTPA") negotiated, and/or its players ratified, the WNT collective bargaining agreements ("CBAs") at issue; (2) any Plaintiff individually or collectively as union members voted to ratify the WNT CBAs; or (3) FIFA awarded in the past and may award in the future different amount of prize money to USSF for the Men's and Women's World Cups. As shown below, these points do not qualify, as a matter of law, to support USSF's affirmative defense that its pay differentials are based on "any other factor other than sex." Accordingly, any such arguments by USSF would not be relevant to such a defense and would be highly prejudicial, confuse the issues and/or mislead the jury, and, therefore, should be excluded under the Federal Rules of Evidence. *See* Fed. R. Evid. 402, 403.

## II. FACTUAL BACKGROUND

USSF's 30(b)(6) witness Sunil Gulati testified that one of USSF's justifications for any wage discrimination between WNT players and MNT players is that the WNTPA negotiated and ratified the CBAs that contain the compensation terms at issue in this case and Plaintiffs, as WNTPA representatives and/or members, helped negotiate and/or voted to ratify such CBAs. Ex. 5, Gulati 30(b)(6) Dep. Tr. at 17:11–21:12 ("Q. [C]an you list for me what factors, other than aggregate revenue generated by the different teams, does [] U.S. Soccer contend is the basis for any alleged pay differential between the plaintiffs and USMNT players? . . . A. Well, I think we look at any number of things, starting with what's requested and what's asked for . . . negotiations with a collective bargaining unit. And so what the players, represented by their leadership or by legal counsel, want is certainly part of what determines how and what they're paid."). USSF's 30(b)(6) witness Gulati also testified that FIFA's award to USSF of greater prize money for the MNT's participation in the Men's World Cup than for the WNT's participation in the Women's World Cup justifies any wage discrimination. *Id.* at

1
PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE JUSTIFICATIONS BASED ON NON-JOB RELATED "FACTORS OTHER THAN SEX"
CASE NO. 2:19-CV-01717-RGK-AGR

20:17–21:12 ("Q. … Any other reason that the U.S. Soccer is relying upon as a basis to justify any alleged pay differential between the players on the Men's Team and the Women's Team? A. ... [R]esources that are made directly available as a result of on-field performance by third parties… FIFA and third-party payments."). USSF has relied upon such testimony and other evidence to support these arguments in its Motion for Summary Judgment, Def.'s Mot. for Summ. J. at 14–22, and its Opposition to Plaintiffs' Partial Motion for Summary Judgment, Def.'s Opp. at 1–2, 17–18.

### III.  ARGUMENT

Evidence is admissible only if it is relevant. *See* Fed. R. Evid. 402. And even relevant evidence should be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues and/or misleading the jury. *See* Fed. R. Evid. 403. Arguments that USSF's discrimination in rate of pay between the WNT and MNT can be justified by either the WNT's CBA negotiations or ratification of the WNT CBAs, or by FIFA's award of greater prize money for federations participating in the Men's World Cup than for federations participating in the Women's World Cup, are legally incorrect and highly prejudicial, confusing and misleading, and thus should be excluded from trial under Federal Rules of Evidence 402 and 403.

### A.  Arguments that CBA Negotiations or Ratification of Discriminatory Pay Terms Justifies Unequal Pay Should Be Excluded Because They Are Wrong as a Matter of Law

It is well established that under the Equal Pay Act ("EPA"), a CBA "does not constitute a defense available to [] an employer." 29 C.F.R. § 1620.23. The Supreme Court has also made it clear that a CBA is not a defense to a Title VII or EPA discrimination claim. *Corning Glass Works v. Brennan*, 417 U.S. 188, 209–10 (1974); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51-52 (1974). As explained by the courts, the "[r]ights established under Title VII and Equal Pay Act are not rights which can be bargained away either by a union, by an employer, or by both acting in concert." *Laffey v. Northwest Airlines Inc.*, 567 F.2d 429, 446–47 (D.C. Cir. 1976) (citation

omitted), *abrog'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). *See also* Pls.' Opp'n to Def.'s Mot. for Summ. J. at 15–18.  Allowing USSF to argue that its pay differentials are justified because the WNTPA negotiated or ratified the WNT CBAs at issue and/or that any Plaintiff individually or collectively as WNTPA members voted to ratify these CBAs would thus be contrary to law and confusing and misleading to the jury's determination of whether USSF can prove its affirmative defense that its discrimination was due to "any other factor other than sex." *Wall Data Inc. v. Los Angeles Cty. Sheriff's Dep't*, 447 F.3d 769, 782 (9th Cir. 2006) (affirming district court's granting of motions in limine excluding evidence that was "irrelevant, time consuming, or confusing to the jury"); *Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008) (affirming exclusion of evidence "because it was irrelevant and would have been unduly prejudicial, confusing, and misleading").  Such arguments should thus be excluded under both Federal Rules of Evidence 402 and 403.

In addition, the Ninth Circuit has held that only job-related factors provide affirmative defenses under the EPA. *Rizo v. Yovino*, 950 F.3d 1217, 1224–26 (9th Cir. 2020).  This provides an additional basis for the Court to hold that collective bargaining is not a legally permissible justification for gender pay discrimination and another reason why it would be legally incorrect and prejudicial to permit USSF to make this argument at trial.  Just as prior pay is not a job-related factor capable of justifying gender-based pay discrimination, collective bargaining is not a job related factor—like qualifications or performance—that can justify such discrimination.  Unequivocally, acceptance of discriminatory salary (and related negotiations) are not job-related factors that provide defenses under the EPA or Title VII. *See, e.g., Dreves v. Hudson Grp. (HG) Retail, LLC*, No. 2:11-CV-4, 2013 WL 2634429, at *8 (D. Vt. June 12, 2013) ("[T]here is simply no basis for the proposition that a male comparator's ability to negotiate a higher salary is a legitimate business-related justification to pay a woman less. To hold otherwise would eviscerate the federal . . . equal pay provisions."); *Hodgson v. Brookhaven Gen. Hosp.*, 436 F.2d 719, 726 (5th Cir. 1970) (With regard to

EPA claim, "[c]learly the fact that the employer's bargaining power is greater with respect to women than with respect to men is not the kind of factor Congress had in mind. Thus it will not do for the hospital to press the point that it paid orderlies more because it could not get them for less."). Any argument by USSF that collective bargaining is a justification should be excluded because it is contrary to this law, and as it will almost certainly engender juror confusion that will be misleading and will prejudice Plaintiffs.

### B. Arguments That Unequal Pay Can Be Justified Because FIFA Awards More Prize Money to Federations for Participating in the Men's World Cup than for Federations Participating in the Women's World Cup Should Be Excluded Because They Are Wrong as a Matter of Law

As discussed above, discrimination by a third party cannot qualify, as a matter of law, as a job-related factor other than sex that would constitute an affirmative defense for USSF in this case. *See Rizo*, 950 F.3d at 1227–28; *Ariz. Governing Comm. for Tax Deferred Annuity and Deferred Comp. Plans v. Norris*, 463 U.S. 1073, 1089 (1983). This legal rule precludes USSF from seeking to justify its unequal pay on the ground that FIFA also discriminates on the basis of gender in its award of prize money to federations who participate in the Men's and Women's World Cups. Simply put, it is impossible for USSF to argue that the different amounts of prize money FIFA awards to the Federation are "indicative of [Plaintiffs'] ability to perform the job[s] [they] [were] hired to do." *Rizo*, 950 F.3d at 1228. It would thus be legally incorrect and inherently confusing and misleading to the jury to permit USSF to argue at trial that such prize money differences by third party FIFA—which does not pay any money to Plaintiffs—can be a justification for pay discrimination by USSF.

Nor can USSF claim there is any restriction placed by FIFA on how USSF chooses to compensate its players for World Cup-related competitions or on how USSF expends any FIFA prize money that the Federation might receive when its teams participated in a World Cup. USSF's 30(b)(6) witness Tom King testified that USSF

4

PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO PRECLUDE JUSTIFICATIONS BASED ON NON-JOB RELATED "FACTORS OTHER THAN SEX"
CASE NO. 2:19-CV-01717-RGK-AGR

can expend any money it receives from FIFA in any way that it sees fits. Ex. 4, King 30(b)(6) Dep. Tr. at 62:11–25. Further, the compensation terms for each team for playing in World Cup related games, as outlined in Exhibit A of the applicable WNT's CBA and Exhibit A of the MNT's CBA, in no way tie compensation for qualifying for or playing in the World Cup to any amount of prize money that might be paid by FIFA in the future to USSF (the amounts of such future FIFA prize money were not even known to USSF at the time the CBAs were negotiated). *See* Ex. 6, WNT CBA at Exhibit A, USSF Morgan_000642; Ex. 7, MNT CBA at Exhibit A, USSF Morgan_000568–69. In the MNT CBA, USSF specifically disclaims any obligation to share any prize money that USSF might receive from third parties like FIFA with the members of the MNT. *See* Ex. 7, MNT CBA at Exhibit A, USSF Morgan_000564. It would thus only engender prejudice to Plaintiffs and cause juror confusion to permit USSF to argue that differences in FIFA prize money justify its failure to provide the Plaintiffs with equal pay.

And while USSF may argue that it makes sense "as a matter of economics" that it took advantage of the market conditions perpetuated by FIFA, reliance on such factors "became illegal once Congress enacted into law the principle of equal pay for equal work." *Rizo*, 950 F.3d at 1230 (citing *Corning Glass*, 417 U.S. at 205). "Employers are ultimately responsible for the compensation, terms, conditions, and privileges of employment provided to employees." *Ariz. Governing Comm. for Tax Deferred Annuity and Deferred Comp. Plans*, 463 U.S. at 1089. Accordingly, argument and evidence that the difference in World Cup prize money paid by FIFA to the Federation is a "factor other than sex" affirmative defense is contrary to law and not relevant, and would be highly prejudicial, confuse the issues and/or mislead the jury. Such argument and evidence, therefore, must be excluded under Federal Rules of Evidence 402 and 403. *Wall Data Inc.*, 447 F.3d at 782; *Gribben*, 528 F.3d at 1172 (citing Fed. R. Evid. 402 and 403).

## IV. CONCLUSION

For all these reasons, the Court should bar USSF from presenting arguments at trial that its failure to provide equal pay to the Plaintiffs can be justified either by collective bargaining or by the fact that FIFA pays different amounts of prize money to federations who participate in the Women's World Cup and the Men's World Cup. Neither reason is a legally permitted justification under the EPA or Title VII and such misleading arguments should thus be excluded under Federal Rules of Evidence 402 and 403.

Dated: March 20, 2020

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

*Attorneys for Plaintiffs*