Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel: (491) 591-1000
Fax: (491) 591-1400

Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MORGAN ET AL., <br><br> Plaintiffs/Claimants, <br><br> vs. <br><br> UNITED STATES SOCCER FEDERATION, INC., <br> Defendant/Respondent. | **Case No. 2:19-CV-01717-RGK-AGR** <br><br> Assigned to: Judge R. Gary Klausner <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 9 TO PRECLUDE EVIDENCE OF OR REFERENCE TO OTHER INTERNATIONAL SOCCER TEAM PAYMENTS** |

## I. PRELIMINARY STATEMENT

Plaintiffs' move under Federal Rules of Evidence 401, 402 and 403 to preclude USSF from offering evidence of or making any reference to the compensation to or treatment of other international women's soccer teams. The compensation and treatment of other women's international soccer teams are not governed by U.S. law, and are thus irrelevant to this case. Further, any probative value of information about how other international women's soccer teams are compensated in comparison to how the WNT is compensated in the United States would be outweighed by the danger of confusion and prejudice. The only purpose for USSF offering this evidence would be to try to cause the jury to base its liability or damages determinations on factors other than those permitted under Title VII and the Equal Pay Act—specifically an argument that because various women's soccer teams in other countries are also discriminated against and receive less compensation than the WNT, the discrimination against those teams somehow justifies illegal gender pay discrimination against the WNT in the United States. This is exactly the type of irrelevant and prejudicial evidence and argument that should be excluded under Federal Rules of Evidence 401, 402, and 403.

## II. ARGUMENT

Evidence is admissible only if it is relevant. *See* Fed. R. Evid. 402. There is no dispute that this case only concerns USSF's compliance with U.S. discrimination laws. It does not concern the compensation to women soccer players provided by international soccer organizations outside the United States, which are not parties to this litigation, and which are not subject to the requirements of Title VII or the EPA.

Any comparison between compensation and treatment of women's national teams outside the United States with the compensation and treatment of the players on the WNT would be wholly irrelevant for the purpose of determining whether USSF has complied with the U.S. discrimination laws in its treatment of the Plaintiffs. The only relevant comparison in this case is between the compensation and treatment of the players on the WNT and the MNT. Whether or not women's teams in other countries

have been treated worse or better than the WNT is simply not a relevant issue in this litigation.

The EPA spells out the *relevant* criteria for a court to consider, whether (1) higher rate of pay wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions. 29 U.S.C. § 206(d). The USSF also may assert one or more of the affirmative defenses specified under the statute. *Id*. The Title VII elements are overlapping. 42 U.S.C. § 2000e-2. Under neither of these statutes is it relevant for the factfinder to consider how other female soccer players have been compensated or treated by other international soccer organizations outside the United States and such evidence should therefore be excluded under Federal Rule of Evidence 401.

Further, even if the compensation and treatment of women soccer players by international soccer organizations outside the United States had any relevance to this litigation (it does not), the probative value of that evidence would be substantially outweighed by the danger that jurors would determine liability or damages under the EPA or Title VII based on impermissible factors, such as whether WNT players received better compensation and treatment than female soccer players in countries like Brazil or Ecuador. Any such considerations or comparison would be highly prejudicial to the Plaintiffs and have no probative value. Such evidence and arguments should thus be excluded under Federal Rule of Evidence 403.

### III. CONCLUSION

For all these reasons, the Court should preclude any evidence of or reference to the compensation or treatment of women soccer players by international soccer organizations outside the United States.

Dated: March 20, 2020

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

*Attorneys for Plaintiffs*