<br>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>    Defendant. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Judge R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 1-10** |

Having considered Plaintiffs' Motions *in Limine* Nos. 1-10, the papers and argument in support and opposition, the contents of the record and the court file, and for good cause shown,

IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion *in Limine* No. 1 to preclude USSF from presenting any evidence or argument about any claimed allocation or other attribution of Soccer United Marketing ("SUM") revenues between the Women's National Team ("WNT") and the Men's National Team ("MNT") because it is inconsistent with USSF's binding Rule 30(b)(6) testimony, the evidence lacks relevance, and will mislead the jury into believing that such a *post hoc* revenue allocation by USSF is capable of supporting its revenue justification defense is GRANTED.

2. Plaintiffs' Motion *in Limine* No. 2 to preclude USSF from submitting any evidence or arguments regarding payments that it made to the WNT Players Association ("WNTPA") itself or the United States National Soccer Team Players Association ("MNT Players Association") because any payments made by the USSF to the players' associations are not relevant to the analysis and thus would only confuse the jury is GRANTED.

3. Plaintiffs' Motion *in Limine* No. 3 to preclude USSF from offering or eliciting evidence about any compensation received by Plaintiffs from third parties, including for individual sponsorships, or licensing their individual names, likeness, and likeness rights, because evidence of Plaintiffs' earnings from other sources have no probative value for determining USSF's liability or Plaintiffs' damages and would be confusing and prejudicial is GRANTED.

4. Plaintiffs' Motion *in Limine* No. 4 to preclude USSF from offering testimony or making any reference to Plaintiffs' National Women's Soccer League ("NWSL") salaries or bonus payments because such salaries and payments are irrelevant as they relate to jobs wholly independent of the Plaintiffs' jobs as players on the WNT and permitting USSF to reference the fact that certain WNT players also

receive separate compensation from USSF for playing in the NWSL would waste time with irrelevant evidence and cause juror confusion is GRANTED.

     5.     Plaintiffs' Motion *in Limine* No. 5 to preclude USSF from making reference to the negotiations between USSF and the WNTPA, or Plaintiffs' or the WNTPA's acceptance of the terms of either collective bargaining agreement ("CBA"), because any argument by USSF that unlawful discrimination did not occur because the WNTPA negotiated the terms of the CBAs, or because the WNTPA or any plaintiff accepted their terms in bargaining, would unfairly prejudice the jury to consider a collective bargaining defense to the EPA and Title VII that does not exist is GRANTED.

     6.     Plaintiffs' Motion *in Limine* No. 6 to preclude USSF from making any argument that USSF's non-profit status or mission to promote soccer at all levels in any way justifies the pay disparity between the MNT and WNT, or mitigates USSF's responsibility to pay damages of any sort, including because it claims to have limited resources, because USSF's non-profit status is not relevant, and it does not provide a defense to any of Plaintiffs' claims and would only serve to mislead the jury is GRANTED.

     7.     Plaintiffs' Motion *in Limine* No. 7 to exclude four of USSF's witnesses that were belatedly or insufficiently disclosed is GRANTED.

     8.     Plaintiffs' Motion *in Limine* No. 8 to preclude USSF from offering evidence that pay differentials between the WNT and MNT players can be justified by the following assertions: (1) that the WNT Players' Association ("WNTPA") negotiated, and/or its players ratified, the WNT CBAs at issue; (2) any Plaintiff individually or collectively as union members voted to ratify the WNT CBAs; or (3) FIFA awarded in the past and may award in the future different amount of prize money to USSF for the Men's and Women's World Cups because such arguments would not be relevant to such a defense and would be highly prejudicial, confuse the issues and/or mislead the jury, is GRANTED.

9.  Plaintiffs' Motion *in Limine* No. 9 to preclude USSF from offering evidence of or making any reference to the compensation or treatment of other international women's soccer teams because the evidence lacks relevance and would be outweighed by the risk of juror prejudice and confusion, given that the compensation or treatment of such international women's soccer teams are not subject to the requirements of Title VII or the EPA is GRANTED.

10. Plaintiffs' Motion *in Limine* No. 10 to exclude all of the testimony of USSF's proffered expert Mr. Philip A. Miscimarra, and parts of the testimony of experts Ms. Carlyn Irwin and Dr. Justin McCrary, including Dr. McCrary's March 6, 2020 rebuttal report, because all or portions of each expert's testimony fails to assist "the trier of fact . . . to determine a fact in issue," misstates the law and will only serve to confuse and mislead the jury is GRANTED.

IT IS SO ORDERED.

Dated: _____

_____
R. Gary Klausner
Judge of the United States District Court
Central District of California