Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel:  (212) 294-6700
Fax:  (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel:  (312) 558-5600
Fax:  (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel:  (213) 615-1700
Fax:  (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel:  (491) 591-1000
Fax:  (491) 591-1400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MORGAN, et al., | **Case No. 2:19-CV-01717-RGK-AGR** |
| Plaintiffs/Claimants, | Assigned to: Judge R. Gary Klausner |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EXPERT TESTIMONY OF DR. CAREN GOLDBERG** |
| UNITED STATES SOCCER FEDERATION, INC., | |
| Defendant/Respondent. | Date:  June 16, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850 |

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT ................................................................... 1

II.  ARGUMENT ............................................................................................... 2

    A.  Dr. Goldberg is Qualified to Offer Expert Opinions with Respect to Human Resources Standards and Practices and Whether USSF Complied with Those Standards as They Apply to Issues of Equal Employment Opportunities and Responding to Employee Complaints. ............................................................................................ 3

    B.  Dr. Goldberg's Opinions Are Relevant and Will Assist the Trier of Fact. ............................................................................................................ 4

    C.  Dr. Goldberg's Expert Opinions Are Based on a Reliable Methodology. ................................................................................................ 7

    D.  USSF's Factual Challenges to Dr. Goldberg's Testimony at Best Go to Weight, Not Admissibility. ..................................................... 11

    E.  USSF Has Not Shown Any Prejudice Outweighing the Probative Value of Dr. Goldberg's Testimony. .................................................. 13

    F.  Dr. Goldberg's Testimony on HR Standards for Working Conditions Is Not Barred Because of Any Purported Failure of Plaintiffs to Exhaust Administrative Remedies on Their Working Conditions Claims. .............................................................................. 14

III.  CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burke v. City of Santa Monica*,
 No. 09-CV-02259-MMM-PLAx, 2011 WL 13213593 (C.D. Cal. Jan. 10, 2011) ............................................................................................................... 12

*Children's Broad. Corp. v. Walt Disney Co.*,
 357 F.3d 860 (8th Cir. 2004) .................................................................................. 11

*Daubert v. Merrell Dow Pharm., Inc.*,
 509 U.S. 579 (1993) .................................................................................................. 3

*E.E.O.C. v. Sierra Pac. Indus.*,
 No. 08-CV-01470-MCE-DAD, 2010 WL 3941416 (E.D. Cal. Oct. 5, 2010) ................................................................................................................. 5, 7

*Emelianenko v. Affliction Clothing*,
 No. 09-07865-MMM-MLGx, 2011 WL 13176755 (C.D. Cal. July 28, 2011) ....................................................................................................................... 12

*Ferretti v. Pfizer Inc.*,
 No. 11-CV-04486, 2013 WL 140088 (N.D. Cal. Jan. 10, 2013) ................... 5, 8, 10

*Flores v. City of Westminster*,
 873 F.3d 739 (9th Cir. 2017) .................................................................................. 13

*Hangarter v. Provident Life & Acc. Ins. Co.*,
 373 F.3d 998 (9th Cir. 2004) .................................................................................... 2

*Hemmings v. Tidyman's Inc.*,
 285 F.3d 1174 (9th Cir. 2002) .......................................................................... 10, 11

*Huey v. United Parcel Serv., Inc.*,
 165 F.3d 1084 (7th Cir. 1999) .................................................................................. 7

*Humphreys v. Regents of Univ. of Cal.*,
 No. 04-CV-03808-SI, 2006 WL 1867713 (N.D. Cal. July 6, 2006) ........... 5, 7, 8, 10

*Kumho Tire Co., Ltd. v. Carmichael*,
 526 U.S. 137 (1999) .................................................................................................. 3

*Maharaj v. California Bank & Tr.*,
   288 F.R.D. 458 (E.D. Cal. Jan. 16, 2013) .................................................................. 5

*Malone*, No. 07-CV-05530-MMM-FFMx, 2009 WL 10672523 (C.D.
   Cal. Feb. 25, 2009) ............................................................................................... 6, 7

*Mighty Enterprises, Inc. v. She Hong Indus. Co.*,
   745 F. App'x 706 (9th Cir. 2018) ............................................................................ 11

*Miller v. United Parcel Serv., Inc.*,
   03-CV-2405, 2004 WL 1771571 (N.D. Cal. Aug. 6, 2004) *aff'd*, 196
   F. App'x 489 (9th Cir. 2006) ............................................................................ 6, 13

*Naeem v. McKesson Drug Company*,
   No. 95-CV-5425, 2001 WL 1141803 (N.D. Ill. Aug. 14, 2001) ............................. 13

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002) ................................................................................................ 12

*Nieto v. Kapoor*,
   96-CV-1225-MV-JHG, 1998 WL 1991001 (D.N.M. Sept. 18, 1998) ...................... 5

*Parton v. United Parcel Service*,
   02-CV-2008-WSD, 2005 WL 5974445 (N.D. Ga. Aug. 2, 2005) ........................ 6, 7

*Petrulio v. Teleflex Inc.*,
   No. 12-CV-7187, 2014 WL 5697309 (E.D. Pa. Nov. 5, 2014) ............................ 6, 8

*Powell v. Anheuser-Busch Inc.*,
   No. 09-CV-729-JFW-VBKx, 2012 WL 12953439 (C.D. Cal. Sept. 24,
   2012) ...................................................................................................................... 8, 9

*Randall v. Smith's Food & Drug Ctrs., Inc.*,
   No. 05-CV-139-J, 2006 WL 5176245 (D. Wyo. Mar. 23, 2006) ............................. 5

*Rowe Entm't, Inc. v. William Morris Agency, Inc.*,
   No. 98-CV-8272, 2003 WL 22272587 (S.D.N.Y. Oct. 2, 2003) ............................... 9

*Sitter v. Ascent Healthcare Sols., Inc.*,
   No. 09-CV-5682-EMC, 2011 WL 2682976 (N.D. Cal. July 8, 2011) ........ 5, 7, 8, 10

*Smith v. Pacific Bell Telephone Company*,
   649 F. Supp. 2d 1073 (2009) .................................................................................... 9

*Tierney v. City of Manhattan Beach*,
  No. 07-CV-3760-DSF-FFMx, 2008 WL 11411423 (C.D. Cal. Dec. 8, 2008) ................................................................................................................ 11

*Tyler v. Boeing Co.*,
  No. CV 16-07610-AB-KSX, 2018 WL 4743404 (C.D. Cal. Apr. 27, 2018) ................................................................................................................ 12

*United States v. Finley*,
  301 F.3d 1000 (9th Cir. 2002) ................................................................................. 3

*United States v. Vallejo*,
  237 F.3d 1008 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001) ................................................................................................................... 5

**Other Authorities**

Fed. R. Evid. 403 ................................................................................................... 13

Fed. R. Evid. 702 ................................................................................... 2, 3, 5, 10

## I. PRELIMINARY STATEMENT

Armed with over twenty years of human resources ("HR") management experience, Dr. Caren Goldberg applies that expertise, and principles of HR practice set forth in the academic literature, to reach two opinions in this litigation that she is more than qualified to give, and that are relevant, reliable, and will assist the trier of fact in determining whether USSF has engaged in willful or reckless gender discrimination with respect to the terms and conditions of employment for the WNT players. Dr. Goldberg opines that: USSF has operated well below standard and acceptable HR practices in its treatment of Plaintiffs, current and former WNT players, with respect to the lack of equality in their working conditions, and also in its response to complaints from WNT players of unequal treatment. Dkt. No. 241-1, hereinafter "Initial Report," at 7. While USSF is free to contest the weight of these opinions at trial, it has not presented any proper basis for excluding them.

*First*, Dr. Goldberg is an undisputedly qualified HR expert with over two decades of experience in her field. That she is not an expert in "sports medicine or physical therapy" or even soccer conditions generally is not relevant because Dr. Goldberg neither offers herself as having this expertise, nor does she opine on those issues; she only opines with respect to standards of human resource management and organizational behavior, which are well within her expertise, and how those standards relate to issues of equal employment opportunities in the workplace and the handling of employee complaints of unequal treatment.

*Second*, Dr. Goldberg's opinions are highly relevant to the key issues of whether USSF's proffered justifications for its unequal treatment of Plaintiffs are pretextual (in light of USSF's failure to adhere to standard HR practices with respect to such issues), whether any alleged gender discrimination in working conditions was willful or reckless, and whether, in light of USSF's failure to adhere to basic HR requirements with respect to equal employment opportunities and gender discrimination complaints, punitive damages are warranted. Her expert testimony on these relevant issues will aid

1

the jury because jurors are unlikely to have an understanding of what standard and acceptable HR policies and practices entail, let alone how USSF's actions fit within those standards.

*Third*, Dr. Goldberg offers expert testimony that courts commonly allow in employment discrimination cases like this one. Her expertise is reliable not only because her opinions are grounded in the factual record and based on her specific expertise, but also given Dr. Goldberg's deep knowledge of and experience in the HR field.

*Fourth*, USSF's repeated challenges to the factual basis for Dr. Goldberg's opinions cannot support their exclusion. The Ninth Circuit, this District, and other circuits uniformly hold that these type of factual challenges go to the weight of an expert's testimony—not its admissibility.

*Fifth*, there is no basis to exclude Dr. Goldberg's testimony based on unfair prejudice or jury confusion. Not only has USSF failed to identify any such prejudice or confusion separate from its relevance claims, it cannot show how any purported relevance challenge would outweigh the probative value of Dr. Goldberg's testimony. Even more, courts routinely extoll the probative value of this testimony in discrimination cases.

*Sixth*, USSF seeks to exclude Dr. Goldberg for considering data on the WNT's and MNT's working conditions because Plaintiffs' EEOC charges were only supposedly limited to "an equal pay claim." Dkt. No. 240 at 3. But this Court recently rejected this argument. Dkt. No. 250 at 23–24.

For all these reasons, USSF's motion to exclude the testimony of Dr. Goldberg should be denied in its entirety.

## II. ARGUMENT

Federal Rule of Evidence 702 permits testimony by a "witness who is qualified as an expert by knowledge, skill, experience, training or education." Fed. R. Evid. 702. "Rule 702 contemplates a *broad conception* of expert qualifications." *Hangarter v.*

*Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (emphasis in original) (internal quotation marks and citations omitted). "[T]he text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments.

Trial courts engage in a two-step inquiry to decide whether expert testimony is admissible. *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002). They first assess whether an expert's testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). Courts then "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact" by "provid[ing] information beyond the common knowledge of the trier of fact." *Finley*, 301 F.3d at 1008.

Rule 702 is applied with the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993) (internal quotation marks and citation omitted).

**A.  Dr. Goldberg is Qualified to Offer Expert Opinions with Respect to Human Resources Standards and Practices and Whether USSF Complied with Those Standards as They Apply to Issues of Equal Employment Opportunities and Responding to Employee Complaints.**

Dr. Goldberg is a respected, well-published scholar, professor, and expert in the HR field with over two decades of experience in HR management and organizational behavior. *See* Initial Report, at Appendix 1. Since receiving her Ph.D. in Human Resource Management in 1997, Dr. Goldberg has taught undergraduate, master's, and doctoral level courses in Human Resource Management, Industrial Psychology, Organizational Behavior, and Research Design at George Washington University, George Mason University, and Bowie State University. Initial Report at 2–3. She also

3
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5
CASE NO: 2:19-CV-01717-RGK-AGR

served as Director for Human Resources while at George Washington University. *Id.* at 2.

In addition to her teaching experience, Dr. Goldberg has written over 50 peer-reviewed articles in renowned HR journals and served as an editorial board member of several. *Id.* at 2–3. She recently completed terms as Treasurer and Executive Committee Member of the Academy of Management's Gender and Diversity in Organizations Division. *Id.* at 3. She has also served on a joint task force for the Society for Human Resource Management ("SHRM") and the American National Standards Institute tasked with developing national workplace standards for diversity and inclusion. *Id.* Finally, she has testified at a trial and/or deposition in numerous employment-related cases in the past four years. *Id.* at 3–4 & Appendix 1.

Dr. Goldberg uses this wealth of experience, and her expert knowledge of the relevant academic literature, to reach two main opinions in her expert report: (1) that USSF has operated well below standard and acceptable HR practices in its treatment of WNT players as to their working conditions from an equal employment opportunities standpoint; and (2) that USSF has operated well below accepted HR standards and practices in its response to complaints from WNT players of unequal treatment. Initial Report at 7.

USSF does not challenge Dr. Goldberg's qualifications as an expert in the HR field. *See generally* Dkt. No. 240.

**B.     Dr. Goldberg's Opinions Are Relevant and Will Assist the Trier of Fact.**

Dr. Goldberg's testimony will arm the jury with an understanding of what standard HR practices are with respect to equal employment opportunity issues, from which they can make factual inferences and determinations about reasonableness, willfulness, and pretext in evaluating USSF's conduct with respect to unequal treatment in working conditions between the female WNT players and the male MNT players. For this reason, Dr. Goldberg's "testimony about [USSF's] deviation from good human

resources practices … will assist the jury because the average juror is unlikely to be familiar with human resources management policies and practices." *See Humphreys v. Regents of Univ. of Cal.*, No. 04-CV-03808-SI, 2006 WL 1867713, at *2 (N.D. Cal. July 6, 2006) (finding that "proposed testimony about the University's deviation from good human resources practices is proper expert testimony under Rule 702" in gender discrimination case and relevant to pretext).[1]

"[N]umerous courts have permitted extensive testimony by human resources experts" in employment cases. *Sitter v. Ascent Healthcare Sols., Inc.*, No. 09-CV-5682-EMC, 2011 WL 2682976, at *1 (N.D. Cal. July 8, 2011) (collecting cases and discussing that "best or good [HR] practices and insufficiencies … may inform [the jury] what is reasonable"). In particular, courts commonly allow HR experts to testify on standard HR policies and practices and whether an employer deviated from those standards in employment cases, including those with discrimination claims. *See, e.g.*, *E.E.O.C. v. Sierra Pac. Indus.*, No. 08-CV-01470-MCE-DAD, 2010 WL 3941416, at *1 (E.D. Cal. Oct. 5, 2010); *Humphreys*, 2006 WL 1867713, at *2–3; *Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 459–60 (E.D. Cal. Jan. 16, 2013); *Nieto v. Kapoor*, 96-CV-1225-MV-JHG, 1998 WL 1991001, at *9–10 (D.N.M. Sept. 18, 1998).

Among other things, testimony about whether USSF acted in a manner consistent with appropriate HR management practices in an employment discrimination case is

---

[1] *See e.g.*, *Ferretti v. Pfizer Inc.*, No. 11-CV-04486, 2013 WL 140088, at *19 (N.D. Cal. Jan. 10, 2013) (whether an employer's actions were "consistent with generally accepted human resources is not a matter within the knowledge of the ordinary juror"); *Randall v. Smith's Food & Drug Ctrs., Inc.*, No. 05-CV-139-J, 2006 WL 5176245, at *2–3 (D. Wyo. Mar. 23, 2006) (admitting workplace investigations expert because "[w]hile a juror can easily comprehend the severity or pervasiveness of workplace harassment, that juror is far less familiar with intricate employer preventative and investigative practices and might benefit from testimony regarding the efficacy of an employer's policies and procedures to investigate employee misconduct and prevent sexual harassment"); *United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001) (finding admissible expert testimony that was "beyond the common knowledge of the average layperson").

relevant and "will assist the trier of fact in weighing … competing explanations" for an employer's conduct, like those USSF raises here. *See Petrulio v. Teleflex Inc.*, No. 12-CV-7187, 2014 WL 5697309, at *15 (E.D. Pa. Nov. 5, 2014). In addition, Dr. Goldberg's expert testimony on HR practices, and USSF's failure to comply with them with respect to equal employment opportunity issues, is probative of and relevant to a number of disputed issues in this case, including whether USSF's HR practices with respect to WNT terms and conditions of employment were reflective of industry standards or indicative of gender discrimination, whether USSF's justifications for gender discrimination in working conditions were pretextual because they were not consistent with accepted HR standards, whether USSF's gender discrimination in working conditions for the WNT was willful or reckless, and whether punitive damages are warranted because the failure of USSF to follow accepted HR standards supports a conclusion that USSF acted intentionally with respect to is discriminatory treatment of the WNT players.

USSF's two cited cases, *Malone v. Potter* and *Parton v. United Parcel Service*, are inapposite. *See Malone*, No. 07-CV-05530-MMM-FFMx, 2009 WL 10672523, at *2 (C.D. Cal. Feb. 25, 2009) (expert failed to articulate HR standards or the basis for any such standard, and instead, "merely assert[ed] that the [defendant's] actions were contrary to defendant's policies without, in a majority of instances, even specifying the policy allegedly violated"); *Parton*, 02-CV-2008-WSD, 2005 WL 5974445, at *4–6 (N.D. Ga. Aug. 2, 2005) (expert was "not qualified to testify as an expert with respect to either standard human resources practices regarding employee discipline or the specific employee-discipline practices of the UPS defendants" and testimony that the defendants deviated from their own policies would not assist the trier of fact).[2] In

---

[2] Other cases cited by USSF feature seriously flawed, irrelevant, or conclusory expert testimony that is easily distinguishable from Dr. Goldberg's well-reasoned and highly relevant opinions here. *See, e.g.*, *Miller v. United Parcel Serv., Inc.*, 03-CV-2405, 2004 WL 1771571, at *16 (N.D. Cal. Aug. 6, 2004) (striking expert testimony in part because

addition, Dr. Goldberg's testimony advances key parts of Plaintiffs' claim—ones not examined or even considered in those cases—including willfulness and punitive damages. *See generally Malone*, 2009 WL 10672523; *Parton*, 2005 WL 5974445.

As discussed above, numerous other courts have allowed expert HR testimony, similar to that offered by Dr. Goldberg here, based on a detailed assessment of whether a defendant abided by standard HR practices in its treatment of its employees. *See, e.g., Sitter*, 2011 WL 2682976, at *1; *Humphreys*, 2006 WL 1867713, at *2–3; *Sierra Pac. Indus.*, 2010 WL 3941416, at *1. Dr. Goldberg's testimony fits well within this body of case law holding that this type of expert testimony about HR industry standards, and the defendant's compliance or lack of compliance with those standards, is both helpful and admissible in an employment discrimination case.

That Dr. Goldberg is not an expert in field surfaces or other soccer conditions does not support exclusion because she is only applying her HR expertise to determine whether, under standard HR practice, USSF employees were given equal opportunities with respect to field surfaces, charter flights, and other working conditions. She only opines as an HR expert, not an expert on the working conditions themselves. *See* Initial Report at 9–11, 29–31.

**C.  Dr. Goldberg's Expert Opinions Are Based on a Reliable Methodology.**

Dr. Goldberg's opinions are grounded in both her decades of industry HR experience and a reliable methodology used by her peers. Using "a widely accepted qualitative method for conducting social science research," she "conducted an independent analysis of the materials in the case." Initial Report at 6. More specifically,

---

HR expert never identified a single source for her "recognized management practices," and "rather simply assert[ed] in a conclusory fashion that they exist") *aff'd*, 196 F. App'x 489 (9th Cir. 2006); *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1087 (7th Cir. 1999) (excluding testimony because expert "did not do *anything* except talk to [the plaintiff], read documents [that] counsel sent, and write a letter" and never "describe[d] the reasoning used to reach his conclusion" (emphasis in original)).

she first relied upon her considerable experience in the HR industry, and understanding of HR academic literature, to identify the standard HR policies and practices for equal employment opportunities for working conditions in the United States, and for responding to complaints of unequal treatment. Next, she considered the record evidence establishing USSF's policies and practices with respect to these issues, including sworn testimony of USSF executives and WNT players, USSF policy statements, the collective bargaining agreements, and various other documents produced in discovery that were relevant to these issues. Finally, she applied her extensive HR experience and the applicable academic literature on HR practices to this evidence to formulate her opinion as to whether USSF operated above or below standard and acceptable HR practices with respect to both HR issues regarding working conditions and in responding to complaints of unequal treatment. *See* Initial Report at 5–7.

This kind of testimony by an experienced HR expert has repeatedly been held to be reliable and admissible in employment cases. *See e.g.*, *Sitter*, 2011 WL 2682976, at *1; *Humphreys*, 2006 WL 1867713, at *3 (finding that HR expert's "experience, training, and education render[ed] his conclusions sufficiently reliable" in gender discrimination case); *Ferretti*, 2013 WL 140088, at *19 (HR expert's "significant experience in human resources" made testimony reliable); *Petrulio*, 2014 WL 5697309, at *14–15 (finding HR expert testimony reliable because expert opinions were "based on his review of the relevant parts of the record, his professional background and experience, and his review of various research materials in the field of human resources management").

In seeking to exclude certain of Dr. Goldberg's opinions, USSF cites to cases where experts only reviewed extremely limited portions of the evidence and thus did not properly base their opinions on the record. For example, in *Powell v. Anheuser-Busch Inc.*, the court excluded the testimony of an expert who failed to review a potentially opinion-changing deposition transcript from a key witness and found his

testimony "unreliable in large part" because the expert was, in effect, asking "the Court to take his word for it rather than applying his specialized knowledge to the facts of th[e] case." No. 09-CV-729-JFW-VBKx, 2012 WL 12953439, at *6 (C.D. Cal. Sept. 24, 2012). Thus, the expert adopted a "conclusory approach [that could not] reasonably be assessed for reliability." *Id.* Likewise, in *Smith v. Pacific Bell Telephone Company*, an expert's testimony was deemed unreliable because he "completely disregard[ed] the relevant facts," lacked expertise in employment practices, and offered conclusory, argumentative opinions that were fundamentally "inconsistent with the undisputed facts of the case." 649 F. Supp. 2d 1073, 1093–98 (2009).[3] By contrast, here, Dr. Goldberg reviewed nearly every deposition transcript, from both sides, did an "in-depth examination" of the data and other relevant facts, and applied her expertise in HR management to the entire relevant record to form her opinions. Initial Report at 6–7, 9–11, 29–35, 36–43 & Appendix 2.

USSF complains that Dr. Goldberg's report contains charts of record evidence that required only "elementary school level math" to compile. But the fact that complex math was not required to examine the evidence in no way diminishes her expertise to opine as to whether USSF's HR practices, as revealed in the charts, were consistent with industry standards regarding equal opportunity and treatment. As her report and deposition testimony make clear, Dr. Goldberg applied the standard HR practices found in the academic literature and scholarly resources to opine on whether facts set forth in the record, including the charts she offered, comply with those standards as they relate to equal treatment and equal employment opportunities. It is not necessary that the facts

---

[3] The decision in *Rowe Entm't, Inc. v. William Morris Agency, Inc.* is inapposite as the expert in that case simply offered conclusory assertions of racial discrimination, without any expert analysis, that "invade[d] the province of the jury" and "the province of the court to determine the applicable law." No. 98-CV-8272, 2003 WL 22272587, at *8 (S.D.N.Y. Oct. 2, 2003). Dr. Goldberg, by contrast, extensively studies the facts and offers expert opinions about the application of standard HR practices that are well within the bounds of proper expert testimony.

examined require complex mathematical analysis for an expert's opinions about industry practices to be helpful and admissible under Rule 702. *See Sitter*, 2011 WL 2682976, at *1; *Humphreys*, 2006 WL 1867713, at *2–3; *Ferretti*, 2013 WL 140088, at *19.

USSF further argues that Dr. Goldberg's opinions on HR practices are not reliable because she did not investigate whether the reasons for USSF's unequal treatment were legitimate. Dkt. No. 240 at 6. But an expert is not required to study and opine on every issue in the case. USSF distorts her deposition testimony to claim that she agreed she should have done such a justification inquiry, but her actual testimony was that, as "part of investigating complaints thoroughly," **USSF** (or any employer with standard HR practices) should have evaluated whether there were any legitimate reasons for the different treatment. Dkt. No. 241-3 (Goldberg Dep.) at 127:9-22.

Finally, USSF's arguments that Dr. Goldberg should have studied other facts purportedly supportive of USSF's claimed justifications for its working conditions disparities—facts that even USSF does not identify anywhere in the actual discovery record—at best go to the weight, not the reliability, of her testimony under Rule 702. USSF has claimed that the disparities in working conditions between the WNT and MNT, like quality of transportation and hotels, and providing fields of grass instead of artificial turf, are the result of individualized, economically-based, non-discriminatory analyses on a game-by-game basis, but it does not point to *any* documents showing any such economically-based decision in the discovery record. Accordingly, to the extent these arguments have any place in the case at all, they are merely fodder for expert cross-examination and provide no basis for challenging the reliability of Dr. Goldberg's methodology from an admissibility standpoint. *See. e.g.*, *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002) ("[O]bjections to the inadequacies of a study are

more appropriately considered an objection going to the weight of the evidence rather than its admissibility.").[4]

### D. USSF's Factual Challenges to Dr. Goldberg's Testimony at Best Go to Weight, Not Admissibility.

The Ninth Circuit, this District, and other circuits have long held that challenges to the factual bases of expert opinions go to the weight, not admissibility, of the testimony. *See Hemmings*, 285 F.3d at 1188; *Tierney v. City of Manhattan Beach*, No. 07-CV-3760-DSF-FFMx, 2008 WL 11411423, at *1 (C.D. Cal. Dec. 8, 2008) ("[The] factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility." (citation omitted)).[5] Rather than providing a basis for exclusion, factual challenges to an expert should be the subject of "[v]igorous cross examination." *Hemmings*, 285 F. 3d at 1188.

USSF's factual criticisms of Dr. Goldberg's working conditions analysis—that she purportedly examined only a "few isolated working conditions" and that she allegedly considered incomplete data and information (Dkt. No. 240 at 6–7)—are the very type of factual criticisms that courts uniformly hold to be something that the jury

---

[4] USSF cites two prior cases in which Dr. Goldberg's testimony was **limited**, not excluded, neither of them on reliability grounds or in similar circumstances to those here. Indeed, in *Prentice v. OfficeMax*, the court expressly allowed Dr. Goldberg's testimony on "industry standards regarding human resources practices pertinent to this case and whether the Defendants' actual practices or conduct deviated from those standards"—exactly the type of opinion she offers here regarding USSF. Dkt. No. 241-5 at 193. In *Ravina v. Columbia University*, she was similarly allowed to offer expert opinions on HR issues to give "expert context on gender bias." *See* Declaration of Diana Hughes Leiden, Ex. 1 at 40 (*Ravina v. Columbia University* July 5, 2018 hearing transcript); Dkt. No. 241-6 at 1. The courts in both cases limited Dr. Goldberg from offering opinions that they concluded, on the specific facts of those cases, went too far in offering opinions on the ultimate issues for the juries in those cases. No such ultimate issue testimony is being offered by Dr. Goldberg here.

[5] *See also Mighty Enterprises, Inc. v. She Hong Indus. Co.*, 745 F. App'x 706, 709 (9th Cir. 2018) (same); *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004) (same).

should evaluate with respect to weight, as opposed to being a basis to challenge admissibility. *See Emelianenko v. Affliction Clothing*, No. 09-07865-MMM-MLGx, 2011 WL 13176755, at *14 (C.D. Cal. July 28, 2011). The same is true of any claimed bias by Dr. Goldberg against USSF. *Burke v. City of Santa Monica*, No. 09-CV-02259-MMM-PLAx, 2011 WL 13213593, at *13 (C.D. Cal. Jan. 10, 2011) ("An expert witness's bias goes to the weight, not the admissibility of the testimony …." (citation omitted)).[6]

Nor is there any merit to USSF's argument that Dr. Goldberg's opinions should be excluded to the extent she relies upon evidence from outside the statute of limitations. While USSF can argue to the jury that these facts are too old to be considered relevant, that is not a ground for challenging the admissibility of Dr. Goldberg's opinions, which considered such evidence as a part of the overall fact record of USSF's HR practices with respect to the WNT in this case. Indeed, the Supreme Court has held that evidence of past discriminatory conduct is relevant to showing discriminatory motive and intent during the applicable limitations period. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that with regard to an employer's prior discriminatory acts and knowledge about those acts, employees are not barred from "using the prior acts as background evidence in support of a timely claim"). Accordingly, Dr. Goldberg's opinion about how USSF's response to the 2004 complaint by the WNT of unequal treatment comported with standard HR practices can support inferences by the jury regarding willfulness, motive, and other relevant issues in the case even though that complaint occurred prior to the statute of limitations period. *See Tyler v. Boeing Co.*, No. CV 16-07610-AB-KSX, 2018 WL 4743404, at *2 (C.D.

---

[6] USSF bases its "bias" claim on the ground that Dr. Goldberg opines that "numerous actions taken by U.S. Soccer … were 'retaliation.'" Dkt. No. 240 at 14. Putting aside the fact that Dr. Goldberg's report only briefly discusses the issue of threats of retaliation as part of her assessment of how USSF responded to complaints of unequal treatment (Initial Report at 31–43), this bias claim is an obvious issue for the jury to consider in evaluating Dr. Goldberg's testimony, not a basis to exclude it.

Cal. Apr. 27, 2018) (denying motion *in limine* to exclude evidence outside the limitations period and noting that "Plaintiff can use events preceding the statute of limitations period to establish that Defendant acted with discriminatory intent during the statute of limitations period"); *Flores v. City of Westminster*, 873 F.3d 739, 754 (9th Cir. 2017) (affirming denial of motion *in limine* to allow jury to hear evidence of discriminatory acts outside limitations period because "[t]his evidence was relevant to Plaintiffs' claims that they were discriminated against under a custom or policy").

### E. USSF Has Not Shown Any Prejudice Outweighing the Probative Value of Dr. Goldberg's Testimony.

There is similarly no basis for USSF's argument that Dr. Goldberg's opinions should be excluded as unduly prejudicial under Federal Rule of Evidence 403 because Dr. Goldberg considered and relied on evidence unfavorable to USSF that it claims is irrelevant. Evidence can be excluded under F.R.E. 403 only if its probative value "is ***substantially outweighed*** by" one of several factors, including unfair prejudice and jury confusion. Fed. R. Evid. 403 (emphasis added). Here, USSF does not demonstrate how Dr. Goldberg's testimony would unfairly prejudice the jury or cause jury confusion at all, let alone how such claimed prejudice would substantially outweigh Dr. Goldberg's highly probative testimony on HR practices that go directly to USSF's intent and recklessness with respect to its unequal treatment in working conditions. The fact that an expert provides relevant, but harmful, testimony to a party's case, does not make it unfairly prejudicial or confusing to a jury. *Miller v. United Parcel Services* and *Naeem v. McKesson Drug Company* offer no support for a contrary conclusion because neither case even analyzed the possible exclusion of expert testimony under F.R.E. 403. *See* 2004 WL 1771571; No. 95-CV-5425, 2001 WL 1141803 (N.D. Ill. Aug. 14, 2001).

13

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5
CASE NO: 2:19-CV-01717-RGK-AGR

**F.  Dr. Goldberg's Testimony on HR Standards for Working Conditions Is Not Barred Because of Any Purported Failure of Plaintiffs to Exhaust Administrative Remedies on Their Working Conditions Claims.**

Finally, USSF argues that because Plaintiffs' written EEOC charge purportedly "was limited to an equal pay claim," Plaintiffs have not exhausted administrative remedies on their working conditions claim, and so, all testimony on non-compensation issues is inadmissible and irrelevant. Dkt. No. 240 at 3. But as this Court recently found, USSF "has not met its burden to demonstrate that Plaintiffs failed to exhaust their working conditions claim" given evidence that "the EEOC investigated Plaintiffs' working-conditions claim." Dkt. No. 250 at 23–24. And even if that were not so, the record evidence "demonstrates that Plaintiffs' claim 'fell within the scope of … an EEOC investigation *which can reasonably be expected* to grow out of the charge[.]" Dkt. No. 250 at 24 (citation omitted).

There is no basis then to preclude Dr. Goldberg from testifying about these working conditions issues.

### III.  CONCLUSION

For all of the reasons set forth above, the Court should deny USSF's Motion *in Limine* No. 5 in its entirety.

Dated: May 4, 2020                WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler
    *Attorneys for Plaintiffs*