1  Jeffrey L. Kessler (*pro hac vice*)
   jkessler@winston.com
2  David G. Feher (*pro hac vice*)
   dfeher@winston.com
3  **WINSTON & STRAWN LLP**
   200 Park Avenue
4  New York, NY 10166-4193
   Tel: (212) 294-6700
5  Fax: (212) 294-4700

6  Cardelle B. Spangler (*pro hac vice*)
   cspangler@winston.com
7  **WINSTON & STRAWN LLP**
   35 West Wacker Drive
8  Chicago, IL  60601
   Tel: (312) 558-5600
9  Fax: (312) 558-5700

10 Diana Hughes Leiden (SBN: 267606)
   dhleiden@winston.com
11 **WINSTON & STRAWN LLP**
   333 South Grand Avenue
12 Los Angeles, CA 90071-1543
   Tel: (213) 615-1700
13 Fax: (213) 615-1750

14 Jeanifer E. Parsigian (SBN: 289001)
   jparsigian@winston.com
15 **WINSTON & STRAWN LLP**
   101 California Street, 35th Floor
16 San Francisco, CA  94111
   Tel: (491) 591-1000
17 Fax: (491) 591-1400

18 *Attorneys for Plaintiffs*

19                **UNITED STATES DISTRICT COURT**

20                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  ALEX MORGAN, et al. | **Case No. 2:19-cv-01717-RGK-AGR** |
| 22              Plaintiffs, | Assigned to: Judge R. Gary Klausner |
| 23  vs. | **PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF A FINAL JUDGMENT PURSUANT TO RULE 54(B)** |
| 24  UNITED STATES SOCCER FEDERATION, INC. | |
| 25              Defendant. | Hearing:  June 8, 2020<br>Time:  9:00 a.m.<br>Courtroom: 850 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 8, 2020 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA, 90012, Plaintiffs Alex Morgan, et al., (collectively, "Plaintiffs") will and hereby do move the Court for an order pursuant to Federal Rule of Civil Procedure 54(b), entering final judgment as to Plaintiffs' Equal Pay Act and Title VII pay discrimination claims.[1]

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order filed concurrently herewith, the records and files in this action, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Plaintiffs file this motion pursuant to the Court's Order. Dkt. No. 250. Pursuant to Local Rule 7-3, Plaintiffs met and conferred with counsel for Defendant beginning on May 1, 2020. Defendant indicated that it does not oppose the relief sought in this Motion.[2]

Dated: May 8, 2020                    WINSTON & STRAWN LLP

By:  /s/ *Jeffrey L. Kessler*
　　　Jeffrey L. Kessler
　　　David G. Feher
　　　Cardelle B. Spangler
　　　Diana Hughes Leiden
　　　Jeanifer E. Parsigian
　　　*Attorneys for Plaintiffs*

---

[1] Plaintiffs are not asking this Court to issue an order granting final judgment on its Title VII claim based on discrimination in working conditions with respect to field surface, but Plaintiffs reserve all rights to appeal the Court's order dismissing that claim after a final judgment on all the working conditions claims.

[2] While U.S. Soccer has indicated that it does not oppose this motion, U.S. Soccer does not necessarily agree with Plaintiffs' characterizations herein, including the statements that there is no overlap between the claims being appealed and the working conditions claims that remain, and that the remaining working conditions claims do not implicate any terms of the collective bargaining agreements.

1
PLAINTIFFS' UNOPPOSED RULE 54(B) MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs hereby move the Court to enter a certification under Rule 54(b) and direct the entry of final judgment on the pay discrimination claims that this Court dismissed in its recent summary judgment order.[3]  Dkt. No. 250 ("MSJ Order").

There is "no just reason for delay" in the entry of final judgment on the dismissed claims.  Fed. R. Civ. P. 54(b).  The dismissal turns on issues that do not relate to the remaining working conditions claims, and the merits of that dismissal on appeal will not be impacted by any further proceedings in this Court.  Nor is a delay in the entry of judgment necessary to avoid prejudice to Defendant.  To the contrary, allowing an appeal to proceed to the Ninth Circuit now would conserve resources for both the parties and the Court and could accelerate the ultimate resolution of this dispute.  Without a Rule 54(b) certification, any appeal relating to the pay discrimination claims would need to await the entry of final judgment after a jury trial that has already been rescheduled once and is likely to be rescheduled again in light of the COVID-19 pandemic.

It would be a much more efficient use of the parties' and the Court's resources to use the intervening time to push forward with the appeal from the dismissal—an appeal that could proceed through briefing, argument, and decision by the Ninth Circuit largely unimpeded by the pandemic.  Allowing an appeal now would also avoid the risk of needing to conduct a second trial involving the same trial participants, in the event that the dismissal is reversed by the Ninth Circuit—a possibility that would be particularly important to avoid given the health risks and difficult logistics of holding a jury trial in the wake of a pandemic. *See* Unopposed *Ex Parte* Application To Stay the June 16, 2020 Trial Pending the Resolution of Plaintiffs' Rule 54(b) Motion ("*Ex Parte* Application") (filed concurrently).

---

[3] Plaintiffs do not seek a final judgment at this time for their Title VII working conditions claim relating to differences in treatment as to artificial surfaces.  Plaintiffs reserve their right to appeal the Court's ruling on that claim after a final judgment is entered with respect to all of the working conditions claims.

In short, there is "no just reason to delay" the entry of final judgment on the dismissed claims, and the interests of efficiency and equity strongly militate in favor of allowing an appeal to proceed now. Plaintiffs respectfully request that this Court enter the appropriate certification under Rule 54(b) and direct the entry of final judgment on the pay discrimination claims.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs brought this lawsuit to assert a violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 et seq., as amended by the Equal Pay Act of 1963, and for discrimination on the basis of gender and working conditions, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991. Dkt. No. 1. The Court later granted Plaintiffs' Motion for Class Certification, certifying three classes: (1) an Equal Pay Act collective class, defined as "[a]ll WNT ["Women's National Team"] players who were members of the WNT at any time from March 8, 2016 through the present"; (2) a Title VII class, defined as "[a]ll WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification"; and (3) an injunctive relief class, defined as "[a]ll WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later." Dkt No. 98. The order also named Plaintiffs Alex Morgan, Megan Rapinoe, Carli Lloyd, and Becky Sauerbrunn as Class Representatives for the Title VII damages and injunctive relief classes and appointed Winston & Strawn LLP as class counsel. *Id.*

Following the close of fact discovery, the parties filed cross-motions for summary judgment. Dkt. Nos. 170, 171. Last week, the court entered an order granting in part Defendant's motion for summary judgment, dismissing the Equal Pay Act claim and the Title VII pay discrimination claim, as well as the Title VII discriminatory working conditions claim with respect to field surface. Plaintiffs' Title VII discriminatory working conditions claims with respect to travel conditions (specifically, charter flights and hotel accommodations) and personnel and support services (specifically, medical

and training support) were left standing. Dkt. No. 250.

The Court originally set a May 5, 2020 trial date. Dkt. No. 58. Later, however, the Court postponed the trial to June 16, 2020 in light of the COVID-19 pandemic. Dkt. No. 239. Due to the ongoing State of Emergency in California, it presently remains unclear whether a jury will be allowed to convene to proceed with the June 16th trial on the remaining claims.

## III. ARGUMENT

When an action presents more than one claim for relief, a district court "may direct the entry of a final judgment as to one or more, but fewer than all, claims" upon determination that "there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). In evaluating a Rule 54(b) motion, a court "must first determine that it is dealing with a 'final judgment.'" *Id.* at 7-8. That is, the court's disposition must have been a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (internal citation omitted).

After determining finality, the court must next determine whether there is any just reason for delay. Fed. R. Civ. P. 54(b); *see also Curtiss–Wright Corp.*, 446 U.S. at 8; *Sears, Roebuck & Co v. Mackey.*, 351 U.S. 427, 435 (1956) (noting that the function of the district court is to act "as a dispatcher" and, in so doing, must determine "the appropriate time when each final decision … is ready for appeal"). In making such a determination, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp.*, 446 U.S. at 8.

While the court reviews Rule 54(b) motions with an eye toward "prevent[ing] piecemeal appeals in cases which should be reviewed only as single units," the Ninth Circuit has rejected an "overly restrictive view of the appropriateness of Rule 54(b) certification." *Texaco v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991); *see also Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) (finding that Rule

54(b) certification is proper where it will aid "expeditious decision" of the case).

The dismissal of the pay discrimination claims meets both of the criteria for certification under Rule 54(b)—a "final" determination, and "no just reason for delay." Further, granting a 54(b) certification would serve the interests of judicial efficiency, conserve resources, promote the equities, and aid an "expeditious" resolution of this dispute. Plaintiffs urge the Court to grant the certification.

### A. The dismissal of the pay discrimination claims is a "final judgment."

This Court's order granting summary judgment in Defendant's favor on Plaintiffs' pay discrimination claims is a "final judgment" for purposes of Rule 54(b) because it represents this Court's ultimate disposition of cognizable claims for relief. *See Curtiss–Wright,* 446 U.S. at 7; *Cont'l Airlines v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1524-1525 (9th Cir. 1987); *California v. Trump*, 407 F. Supp. 3d 869, 907 (N.D. Cal. Dec. 11, 2019) (holding that the finality requirement of Rule 54(b) was satisfied because "the Court's award of partial summary judgment in this order is 'an ultimate disposition' of Plaintiffs' claims"). There is nothing more for this Court to do on these claims, and there is no reason to think that the merits of the dismissal will be impacted in any way by any further proceedings in this Court. As a result, the dismissal is a "final judgment" ripe for appellate review.

### B. There is no just reason for delay in the entry of final judgment.

Having determined that the MSJ Order is a final judgment, the Court must next assess whether there exists "no just reason for delay." Fed. R. Civ. P. 54(b). In conducting this analysis, district courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Here, both factors weigh heavily in favor of entering judgment as to the dismissed claims and permitting their immediate appeal.

#### 1. Judicial administrative interests favor entering final judgment now.

In determining whether to grant a Rule 54(b) motion, a court should consider

whether "the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 466 U.S. at 8. Both of these factors support entry of a final judgment on the dismissed pay discrimination claims here.

First, the pay discrimination claims have been dismissed on the basis of issues that are not relevant to and are entirely "separable" from the remaining claims, as shown by this Court's analysis of the claims in its summary judgment order. *See Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("similarity of legal or factual issues will weigh heavily against entry of judgment"). When evaluating, and ultimately dismissing, the pay discrimination claims, this Court focused on whether Plaintiffs met their burden of raising a genuine issue of material fact with respect to unequal pay, as well as the impact on the pay claims of the collective bargaining negotiations between Defendant and the Women's National Team Players' Association, the Men's National Team ("MNT") and WNT collective bargaining agreements, and the respective pay structures contained in those two agreements. MSJ Order at 15-21. Those issues have no relevance to the working conditions claims because: (1) the working conditions claims do not involve pay or compensation and (2) the working conditions claims do not implicate any terms of the collective bargaining agreements (as the claims are based on the differences in the actual treatment of the two teams apart from any collective bargaining terms). For these reasons, the Court conducted an entirely different analysis focusing on entirely different facts in analyzing the working conditions claims. Order at 29-31. This complete lack of overlap between the facts and issues analyzed in the MSJ Order with respect to the dismissed and remaining claims shows that the former are entirely "separable" from the latter for purposes of Rule 54(b).

Indeed, Defendant itself sought to bifurcate the working conditions claims—which seek injunctive relief—and the claims for monetary damages based on pay discrimination, arguing they are "extricable." *See* Dkt. No. 225 (Defendant's Mem. of

Contentions) at 19 (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) for the proposition that "bifurcation of legal and equitable issues is within the court's discretion and appropriate when legal questions are extricable from requests for equitable relief"). That motion is now presumably moot, given the Court's determination that the pay discrimination claims will not go to trial at all. And even if a *trial* on these claims might have required some overlapping proof, there is no overlap between the issues to be raised in the pay discrimination appeal—involving pay disparities and collective bargaining negotiations—and the issues to be tried with respect to working conditions.

Moreover, even if the claims might ultimately require some overlapping proof at trial (unrelated to the issues in Plaintiffs' appeal of the dismissal of the equal pay claims), certification under Rule 54(b) is still appropriate, as the Ninth Circuit has determined that a requirement of complete distinctiveness between the dismissed and remaining claims represents "an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification." *Texaco, Inc.,* 939 F.2d at 798 (upholding certification because "[a]lthough the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation"). Instead, the Ninth Circuit now favors a "pragmatic approach focusing on severability and efficient judicial administration." *Cont'l Airlines,* 819 F.2d at 1525. Indeed, "claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would streamline the ensuing litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (internal quotations omitted); *Sheehan*, 812 F.2d at 468 ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims").

The interests of judicial efficiency militate strongly in favor of granting the certification. On appeal, the Ninth Circuit will decide whether this Court correctly dismissed the pay discrimination claims without a trial. It will serve to promote judicial administration and streamline the case for that decision to come as soon as possible.

*See Cont'l Airlines*, 819 F.2d at 1525 (affirming grant of Rule 54(b) motion because it "completely extinguished the liability of [Defendants]" as to key claim). The need to streamline the issues is especially great in this case—a complex class action involving multiple distinct claims across multiple statutes. *U.S. ex rel. Godecke v. Kinetic Concepts, Inc.,* No. 2:08-CV-6403-CAS(AGRX), 2018 WL 376607, at *5-6 (C.D. Cal. Jan. 8, 2018); *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) ("[b]oth the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example, ... the case is complex"). The granting of an immediate appeal will also avoid the possibility of two trials—a possibility that would be inefficient and dangerous from a health standpoint during the COVID-19 pandemic. *See Ex Parte* Application.

The Ninth Circuit can review these issues without fear of "hav[ing] to decide the same issues more than once, even if subsequent appeals are heard." *Siegel v. Warner Bros. Ent. Inc.*, No. CV04-8400ODW(RZX), 2011 WL 13127546, at *1 (C.D. Cal. Mar. 15, 2011). The issues decided on this appeal—pay disparities and collective bargaining—will be specific to the grant of summary judgment on the pay discrimination claims and would not be part of any future appeal of the working conditions claims.

### 2. The equities also weigh heavily in favor of relief.

Even before it began to soften the requirements for Rule 54(b) certification, the Ninth Circuit recognized that Rule 54(b) relief is appropriate when there is a "pressing need[] . . . for an early and separate judgment" to avoid a risk of hardship or prejudice. *Morrison-Knudsen*, 655 F.2d at 965. Here, the COVID-19 pandemic presents just such a risk. It would be "harsh and unjust" for Plaintiffs' opportunity to appeal to be delayed unnecessarily and for an uncertain duration due to the pandemic. *See id*. The public health emergency has created a pressing need for this Court to prevent the hardship of potential indefinite delay to Plaintiffs' appeal while waiting for resolution of their remaining claims during the ongoing national, state, and judicial emergencies, when the

date of a future trial on the remaining claims is uncertain.

As the United States faces a National Emergency and California faces a State of Emergency, the Judicial Council of the Ninth Circuit has issued a continued judicial emergency through April 13, *2021. See In re Approval of Judicial Emergency in the Central District of California*, 2020 WL 1873566, at *1 (C.D. Cal. Apr. 9, 2020). In its order, the Judicial Council noted that "under the emergency declarations of national, state, and local governments . . . the Court is unable to obtain an adequate spectrum of trial and grand jurors." *Id.* Indeed, ongoing Center for Disease Control recommendations that gatherings be limited to a maximum of ten people currently "make essential tasks" like "holding civil and criminal jury trials…unattainable." *Id.* at *3. Furthermore, "[t]he suggested physical distancing measures required to protect public safety diminishes the availability of counsel, witnesses, parties, the public…and Court staff to be present in the courtroom." *Id.* at *1 (noting the prohibition on congregate settings and required physical distancing). Given the pandemic, it is unclear whether the state's federal courts will even be able to hold civil jury trials in the near future. Allowing the separate issues raised by the dismissal of the pay claims to go to appeal without delay—while the timing of any trial for the remaining claims remains uncertain—would thus permit the case to move forward in accordance with equity during the pandemic. *See U.S. Fid.*, 641 F.3d at 1140 (upholding district court's conclusion that Rule 54(b) certification was appropriate "[d]ue to the prior delay in, complexity and contentiousness of this litigation."). Whereas moving forward with a trial on the remaining claims will be difficult—if not impossible—in light of the pandemic, moving forward expeditiously with an appeal on the dismissed claims would not be. Indeed, the Ninth Circuit is continuing to move forward in a timely way with briefing, oral argument, and decision-making with respect to its appellate docket on a remote basis.

Further, a trial is unlikely to be able to proceed while the CDC's travel restrictions remain in place and prevent witnesses and attorneys for both parties—the vast majority

of whom live out of state—from traveling to the Central District for a jury trial. *See In re Approval of Judicial Emergency*, 2020 WL at *4 (noting that "[t]he backlog of cases caused by the restriction on public safety mandates can only start to be alleviated once the CDC lifts its guidance regarding travel-associated risks . . . and the Court is able to determine that it is once again safe to resume its operations as usual"). By granting Plaintiffs' Rule 54(b) motion, the Court can promote judicial equities by allowing Plaintiffs' appeal of their pay discrimination claims to progress immediately toward resolution in the Ninth Circuit, unimpeded by COVID-related delays.

Without Rule 54(b) relief, Plaintiffs are faced with the possibility of waiting an extremely prolonged time—after the trial of the remaining claims—for the filing and resolution of an appeal that will determine whether they are collectively entitled to millions of dollars in damages and backpay, and to injunctive relief going forward. *See, e.g., Curtiss-Wright Corp.*, 446 U.S. at 6, 12 (noting a party's financial stake in an early outcome as one of the equities that a court should consider, particularly where the complex nature of the remaining claims could result in a delay that "would span many months, if not years"); *Steinle v. City & Cty. of S.F.*, No. 16-CV-02859-JCS, 2017 WL 2021360, at *4 (N.D. Cal. May 12, 2017) (granting plaintiff's Rule 54(b) motion where the "parties' procedural interests, including a prompt resolution of Plaintiffs' claims and certainty as to whether . . . Defendants might be subject to liability for events already years in the past, favor judgment and early appeal of the dismissed claims"); *Disney Enters. v. VidAngel Inc.*, No. CV16-04109-AB(PLAX), 2017 U.S. Dist. LEXIS 221993, at *8 (C.D. Cal. Oct. 5, 2017) (granting Defendant's Rule 54(b) motion while noting prospect of a long wait for an appeal "does tip the equities slightly in favor of [Defendant]").

Finally, an order denying Plaintiffs' 54(b) motion would "substantially prejudice efforts to resolve the case" through settlement. *City of Rialto v. United States DOD*, No. EDCV-04-00079-VAP(SSX), 2005 U.S. Dist. LEXIS 25179, at *11 (C.D. Cal. Sep. 23, 2005). Simply put, the dismissed equal pay claims constitute the core of Plaintiffs'

case, and without a final resolution on their status, it will be exceedingly difficult for the Parties ever to reach a settlement.  In such instances, this Court has found that judicial equities cut in favor of resolving the dispositive issue in a Rule 54(b) judgment before the remainder of the case proceeds.  *See id.*; *St. Paul Mercury Ins. Co. v. Tessera, Inc.*, No. C-12-01827RMW, 2013 WL 5400521, at *3 (N.D. Cal. Sep. 26, 2013) (granting entry of judgment under Rule 54(b) where appeal would resolve "threshold" issue in case).  The Court should reach the same conclusion.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion pursuant to Rule 54(b), enter the appropriate certification, and direct the entry of final judgment as to the dismissed claims.

Dated: May 8, 2020

WINSTON & STRAWN LLP

By:  /s/  *Jeffrey L. Kessler*
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

*Attorneys for Plaintiffs*