Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294- 6700
Facsimile: (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>　　　　　Defendant. | **Case No. 2:19-CV-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION TO STAY THE JUNE 16, 2020 TRIAL PENDING THE RESOLUTION OF PLAINTIFFS' RULE 54(b) MOTION AND ANY APPEAL**<br><br>[Filed Concurrently with Memorandum of Points & Authorities; Declaration of Diana Hughes Leiden; and [Proposed] Order] |

**TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, Plaintiffs Alex Morgan, *et al.* ("Plaintiffs") hereby apply to the Court *ex parte* for an order to stay the currently scheduled June 16, 2020 jury trial on their working conditions claims, pending a ruling from this Court on their motion pursuant to Federal Rule of Civil Procedure 54(b) seeking entry of final judgment as to their pay discrimination claims. Further, if this Court grants the 54(b) motion, Plaintiffs request a stay of the trial pending resolution of their appeal. If the Court denies the 54(b) motion, Plaintiffs ask that the Court set a date for the trial a few months out, at a time that is practicable in light of COVID-19 restrictions. Defendant United States Soccer Federation, Inc. ("Defendant") does not oppose this relief.

As explained further in the accompanying Memorandum of Points and Authorities, good cause exists to grant this unopposed *Ex Parte* Application in order to conserve the judicial and party resources that would be expended in holding two separate trials. Indeed, given the ongoing COVID-19 pandemic, it is particularly important to avoid holding two separate jury trials unnecessarily, in light of the need for travel, the restrictions arising from "shelter-in-place" orders around the country, the complexity of holding a trial with social distancing practices, and the health risks to trial participants that may result from multiple trials.

On May 3, 2020, Plaintiffs provided notice to Defendant of their intent to file the instant *Ex Parte* Application. Defendant does not oppose this *Ex Parte* Application and agrees that the trial should be stayed pending determination of the Rule 54(b) motion and any appeal. Declaration of Diana Hughes Leiden ("Leiden Decl.") ¶ 2.

This request is properly before the Court on an *ex parte* basis because a regularly noticed Motion would not be heard by the Court until after the currently scheduled June 1, 2020 pretrial conference.

This Application is based on the attached Memorandum, [Proposed] Order, the Declaration of Diana Hughes Leiden, and the related pleadings and orders in this case.

| | | |
|---|---|---|
| 1 | DATED: May 8, 2020 | Respectfully submitted, |
| 2 | | WINSTON & STRAWN LLP |
| 3 | | By: */s/ Jeffrey L. Kessler* |
| | | Jeffrey L. Kessler (*pro hac vice*) |
| 4 | | Cardelle B. Spangler (*pro hac vice*) |
| | | David G. Feher (*pro hac vice*) |
| 5 | | Diana Hughes Leiden |
| | | Jeanifer E. Parsigian |
| 6 | | Lev Tsukerman |
| 7 | | *Attorneys for Plaintiffs* |
| 8 | | Alex Morgan, et. al. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs apply to the Court *ex parte* for an order to stay the currently scheduled June 16, 2020 trial on Plaintiffs' remaining claims pending this Court's ruling on their 54(b) motion. If the 54(b) motion is granted, Plaintiffs further seek to stay the trial until the resolution of Plaintiffs' appeal. The reason for a stay is plain: if this matter is not stayed and the working conditions claims proceed to trial now, there is a risk of having to conduct a second trial involving the very same participants, should the Ninth Circuit reverse this Court's summary judgment ruling and allow Plaintiffs' pay discrimination claims to proceed. It would be far more efficient—and far safer and less complicated, in light of the current COVID-19 crisis—to continue the current trial date until after the 54(b) determination and any appeal, to avoid the possibility of needing to conduct two trials. It is common in the Ninth Circuit for courts to grant a stay of trial on remaining claims when a party seeks a certification and appeal under Rule 54(b). Defendant does not oppose the relief sought in this application.

## II. RELEVANT BACKGROUND

Trial in this action was originally set for May 5, 2020. Dkt. No. 58. The trial date was then continued to June 16, 2020 in light of the ongoing COVID-19 crisis and its attendant restrictions, including "shelter-in-place" orders by state governments and the Central District of California's Continuity of Operations Plan, which provided that no jurors would be called in for service in civil or criminal jury trials. Dkt. No. 239. Subsequently, that plan was extended through June 1, 2020. General Order No. 20-05.

On February 20, 2020, Plaintiffs moved for summary judgment on Defendant's liability under the Equal Pay Act, for compensation-based discrimination under Title VII, and on certain of Defendant's affirmative defenses. Dkt. No. 170. Defendant moved for summary judgment on Plaintiffs' pay discrimination claims under the Equal Pay Act and Title VII and their working conditions claims under Title VII. Dkt. No. 171.

On May 1, 2020, the Court granted summary judgment in favor of Defendant on Plaintiffs' pay discrimination claims under the Equal Pay Act and Title VII. Dkt. No. 250. It also ruled in favor of Defendant on Plaintiffs' discriminatory field surfaces claim under Title VII. *Id*. As a result of this ruling, the remaining claims to be tried on June 16 are Plaintiffs' Title VII claims based on disparities in travel conditions (charter flights and hotel accommodations) and personnel and support services (medical and training support). *Id*.

On May 8, 2020, and concurrently with the instant unopposed *Ex Parte* Application, Plaintiffs filed an unopposed motion under Federal Rule of Civil Procedure 54(b) seeking an entry of final judgment as to their Equal Pay Act and Title VII pay discrimination claims, to allow an immediate appeal on those claims to the Ninth Circuit. Plaintiffs noticed this motion to be heard on June 8, 2020. If the Court grants the 54(b) motion, Plaintiffs shall promptly file an appeal of this Court's ruling on summary judgment and will also file a motion with the Ninth Circuit seeking an expedited schedule on appeal.

### III. ARGUMENT

The trial currently scheduled in June on Plaintiffs' remaining claims should be stayed pending the Court's ruling on their 54(b) motion, which is noticed to be heard on June 8, 2020. And, if this Court grants Plaintiffs' Rule 54(b) motion, then this Court should further stay the trial pending Plaintiffs' appeal of the Court's ruling on summary judgment. A stay is warranted in order to avoid the possibility of having to conduct a second trial in the event the Ninth Circuit reverses the Court's summary judgment ruling and allows Plaintiffs' pay discrimination claims to go forward. It would be much more efficient, and safer from a health standpoint, to hold a single trial at the conclusion of Plaintiffs' appeal. Defendant does not oppose the stay.

To promote "economy of time and effort for itself, for counsel, and for litigants," a district court may in its discretion stay all or part of an action. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This authority rests on the court's "inherent power

to control the disposition of the causes on its docket." *Id.* This inherent authority is very broad:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

Here, the risk of having to conduct a second trial warrants a stay. It is in the interest of the Court and the parties to conserve resources by having only a single trial on all the discrimination claims by the same plaintiffs against the same employer, particularly during the current global COVID-19 pandemic. The party and judicial resources that would be expended in connection with two separate trials would be substantial. Furthermore, granting a stay would eliminate the possible need to call in the parties, witnesses, jurors, and court personnel for a trial in the near term during the height of the current pandemic, only to hold a second trial with all the same participants (and another set of jurors) after Plaintiffs' appeal. California Governor Gavin Newsom has issued a "stay at home" order with no set end date. *See* Exec. Order N-33-20. Additionally, counsel of record and witnesses reside in locations that are operating under similar "shelter-in-place" orders, including New York and Illinois. And at the time of the June 16, 2020 trial, jurors and witnesses and counsel and court personnel will undoubtedly be required to practice physical distancing in order to slow the spread of the coronavirus.[1] *See also* Plaintiffs' 54(b) Motion at 8.

The potential waste of resources and public health risks can be avoided

---

[1] By way of example, counsel for Plaintiffs' hotel reservations have been cancelled, as the hotel is closed through July 1, 2020 due to the pandemic.

completely by a short stay of proceedings until after resolution of Plaintiffs' 54(b) motion, and—if the motion is granted—until after a decision from the Ninth Circuit, which Plaintiffs will seek to expedite. There would be no resulting harm or prejudice to Defendant (who does not oppose this *Ex Parte* Application), given that Defendant would benefit equally from the conservation of time and resources associated with holding a single trial, as well as the avoidance of health risks posed by the pandemic.

Even without a pandemic, courts commonly stay the balance of the case pending appeal following the grant of Rule 54(b) certification. *See, e.g.*, *Matek v. Murat*, 638 F. Supp. 775, 784 (C.D. Cal. 1986) (certifying ruling as a Rule 54(b) judgment and ordering that if "an appeal is taken, in the interests of efficiency and fairness, the Court will stay all proceedings on the remaining … claims pending the Ninth Circuit's decision"); *Doe v. Univ. of Cal.*, No. C-92-2284 SAW, 1993 WL 361540, *2 (N.D. Cal. Sept. 2, 1993) ("If a district court certifies claims for appeal pursuant to Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so."); *Access Mediquip L.L.C. v. UnitedHealth Group Inc.*, No. H-09-2965, 2010 WL 4812968, *4 (S.D. Tex. Nov. 19, 2010) (certifying ruling as a Rule 54(b) judgment and holding that the judgment "together with a stay pending appeal ... is an efficient way to avoid duplicative, potentially unnecessary, discovery, motion practice, and trials"); *Las Vegas Sands, Inc. v. Culinary Workers Union*, No. CV-S-9700467-PMP RKH, 2002 WL 32511175, *1 (D. Nev. July 3, 2002) (certifying ruling as a Rule 54(b) judgment and holding that a "stay pending that appeal substantially reduces the risk of a second trial, which would consume the valuable time and resources of this Court and the parties"); *McLean v. Badger Equip. Co.*, 868 F. Supp. 258, 263 (E.D. Wis. 1994) (certifying ruling as a Rule 54(b) judgment and, to avoid the possibility of two trials and to "conserve judicial resources," staying proceedings on the remaining claim pending appeal). This Court should do the same here. And even beyond judicial efficiency, the risks posed by the

global pandemic present another compelling reason to avoid the possibility of needing to hold two separate trials involving the same parties and participants.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant its unopposed *Ex Parte* Application and stay proceedings in this case pending its decision on Plaintiffs' 54(b) motion and, if that motion is granted, resolution of the appeal. If the trial is not stayed pending Plaintiffs' 54(b) motion and appeal, the Court and the parties risk having to conduct two trials, which would not only waste judicial and party time and resources but would also pose difficult logistical circumstances and public health risks in light of the current COVID-19 pandemic. If the Court denies the 54(b) motion, Plaintiffs ask that the Court set a date for the trial a few months out, at a time that is practicable in light of COVID-19 restrictions.

DATED: May 8, 2020

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice*)
Cardelle B. Spangler (*pro hac vice*)
David G. Feher (*pro hac vice*)
Diana Hughes Leiden
Jeanifer E. Parsigian
Lev Tsukerman

*Attorneys for Plaintiffs*
Alex Morgan, et. al.

8
PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION