LATHAM & WATKINS LLP
Jamie L. Wine (Bar No. 181373)
Jamie.Wine@lw.com
Kuan Huang (*Pro Hac Vice*)
Kuan.huang@lw.com
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200
Facsimile: (212) 751-4864

Michele D. Johnson (Bar No. 198298)
Michele.Johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Phone: (714) 540-1235
Facsimile: (714) 755-8290

Sarah M. Gragert (*Pro Hac Vice*)
sarah.gragert@lw.com
555 11th St. NW, Suite 1000
Washington, DC 20001
Phone: (202) 637-3368
Facsimile: (202) 673-2201

Attorneys for Defendant
U.S. Soccer Federation, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MORGAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. SOCCER FEDERATION, INC., <br><br> Defendant. | Case No. 2:19-cv-01717-RGK-AGR <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' NOTICE OF AMENDMENT TO PLAINTIFFS' WITNESS LIST AND EXHIBIT LIST** <br><br> Judge: Hon. R. Gary Klausner <br> Hearing: June 29, 2020 at 9:00 a.m. <br> Place: Courtroom 850 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 29 at 9:00 a.m., in the Courtroom of the Honorable R. Gary Klausner, United States District Court Judge, located at Royal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, or as soon thereafter as the matter may be heard, Defendant U.S. Soccer Federation, Inc. will, and hereby does, move the Court to strike Plaintiffs' Notice of Amendment to Plaintiffs' Witness List and Exhibit List.  This motion is based on the attached memorandum of points and authorities, and any evidence or argument that may be presented at a hearing in this matter.

This motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on May 16, 19, and 22, 2020.

DATED: May 29, 2020

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Jamie L. Wine*
Jamie L. Wine
Michele D. Johnson
Kuan Huang
Sarah M. Gragert

Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant U.S. Soccer Federation, Inc. ("U.S. Soccer") hereby submits this Motion to Strike Plaintiffs' Notice of Amendment to Plaintiffs' Witness List and Exhibit List, Dkt. No. 249, filed on May 1, 2020 ("Notice"), before the Court's issuance of its summary judgment ruling later that day. In their Notice, Plaintiffs attempt to belatedly identify Cindy Parlow Cone, the recently-appointed President of U.S. Soccer, as a trial witness. Plaintiffs' Notice should be not be permitted for two reasons: First, Plaintiffs have not demonstrated good cause for their late addition of a new witness and exhibit. In their Notice, Plaintiffs claim Ms. Parlow Cone will testify about statements she made in March of this year, which have nothing to do with the underlying events at issue in this litigation. Given her lack of relevant percipient witness knowledge, there was no merit to Plaintiffs' effort to add her as a witness prior to the Court's summary judgment ruling, and it is more objectionable now given that the *only* basis Plaintiffs provided in their Notice for Ms. Parlow Cone's testimony is that it is purportedly relevant to the "equal responsibility" element of their now-dismissed Equal Pay Act ("EPA") claim. *See, e.g.*, Notice at 1, 3. Second, Plaintiffs' Notice is procedurally improper because (among other things) they unilaterally filed something they termed a "Notice" and about which they did not meet and confer with U.S. Soccer prior to filing. For these reasons, U.S. Soccer respectfully requests that the Court strike Plaintiffs' Notice purporting to add Ms. Parlow Cone as a trial witness and a document associated with her proffered testimony as a trial exhibit.

## II. ARGUMENT

### A. Ms. Parlow Cone Was Not Involved in the Events Underlying This Lawsuit; Her Testimony Is Therefore Irrelevant to Any Claims.

Plaintiffs' Notice seeking to add Ms. Parlow Cone as a trial witness lacked merit even before the Court granted summary judgment on Plaintiffs' wage discrimination claims. Ms. Parlow Cone did not participate in any of the collective bargaining negotiations, did not participate in setting compensation, and did not determine any of the working

conditions that are the subject of Plaintiffs' claims. In fact, Ms. Parlow Cone only joined U.S. Soccer, as interim Vice President, in February 2019—just one month before Plaintiffs filed this lawsuit. Dkt. No. 1 (Mar. 8, 2019). She then assumed her position as President in March 2020. Ms. Parlow Cone, therefore, has no first-hand knowledge regarding any of the claims alleged in Plaintiffs' complaint in this litigation—all of which arose prior to her employment with U.S. Soccer. Accordingly, Ms. Parlow Cone's testimony is not relevant and is inadmissible. *See* Fed. R. Evid. 401 (to be relevant, evidence must "ha[ve] any tendency to make a fact more or less probable . . . [and] the fact is *of consequence in determining the action*" (emphasis added)); *see also Guinan v. Potter*, 307 F. App'x 92, 92-93 (9th Cir. 2009) (district court properly excluded the testimony of seven witnesses in Title VII lawsuit as irrelevant).

### B. Ms. Parlow Cone's Testimony, Even Under Plaintiffs' Characterization, Is Not Relevant to Their Remaining Claim.

Plaintiffs' stated reason for adding Ms. Parlow Cone as a witness is to testify regarding the "equal responsibility" prong of the EPA.[1] Notice at 3-4; *see also id.* at 1 (intending to elicit testimony regarding "Ms. Parlow Cone's recent public statements renouncing the view that WNT [U.S. Senior Women's National Team] players 'carry less responsibility or have less ability' than MNT [U.S. Senior Men's National Team] players"); *id.* at 3 (quoting statement from Ms. Parlow Cone regarding similar responsibility element). Indeed, Plaintiffs spent the majority of their Notice detailing a supposed dispute between the parties on whether U.S. Soccer would present evidence at trial with respect to the "equal responsibility" prong of Plaintiffs' EPA claim, and offered that as the purported justification for their late identification of Ms. Parlow Cone as a trial witness.

Plaintiffs' sole justification is now moot, as the Court dismissed Plaintiffs' EPA claim on summary judgment. Plaintiffs themselves said in their Notice that they would only call Ms. Parlow Cone if after summary judgment the equal responsibility prong of the

---

[1] 29 U.S.C. § 206(d)(1) (plaintiff must establish that she is paid less for "equal work on jobs the performance of which requires *equal . . . responsibility*" (emphasis added)).

EPA was still in dispute: "in the event that *the Court does not grant summary judgment on [the equal work] element* and otherwise permits [U.S. Soccer] to argue at trial that the WNT and MNT players do not have similar job responsibilities, Plaintiffs intend to call Ms. Parlow Cone." Notice at 3-4. Plaintiffs offered no additional justification for belatedly identifying Ms. Parlow Cone as a witness, and they cannot now.[2] Any *post hoc* effort by Plaintiffs in their opposition papers to recast Ms. Parlow Cone's testimony as somehow relevant to their sole remaining claim—a Title VII working conditions claim concerning (1) travel conditions and (2) personnel and support services—would be pretextual.

Given that Plaintiffs continue to press for Ms. Parlow Cone's testimony, it is clear that they seek to admit her statements to try to bias the jury. Plaintiffs would like to focus the jury on certain statements that U.S. Soccer made in earlier summary judgment briefing regarding elements of Plaintiffs' wage discrimination claim, on which U.S. Soccer disclaimed reliance. *See, e.g.*, Dkt. No. 198-1, Def.'s Reply to Pls.' Statement of Genuine Disputes at 42 n.1 (Mar. 16, 2020); Dkt. No. 236, Joint Stip. Clarifying Summ. J. Record at 2 (Apr. 8, 2020). Allowing Plaintiffs to present evidence regarding withdrawn arguments in legal briefs, which are not probative of the underlying events at issue, and purportedly relate (in Plaintiffs' view) only to an element of a now-dismissed claim would be unfairly prejudicial and confuse the issues for the jury. The further presentation of evidence required to place Ms. Parlow Cone's March 2020 statements in context also would waste the Court's and the jury's time. As such, this testimony should be excluded under Federal Rule of Evidence 403.

---

[2] Plaintiffs try to excuse their delay by arguing that the continuance of the trial date from May 5, 2020 to June 16, 2020 extended the trial lists submission deadline. *See* Notice at 1. However, after the continuance, the parties jointly agreed to revise only those deadlines that had not already passed.

4

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF AMENDMENT TO
PLAINTIFFS' WITNESS LIST AND EXHIBIT LIST

### C. Plaintiffs' Notice Mischaracterizes U.S. Soccer's Position Regarding Which Elements of Plaintiffs' EPA Claim It Would Contest.

For purposes of clarifying the record, U.S. Soccer also notes that the underlying premise of Plaintiffs' Notice is wrong. Plaintiffs suggest that after U.S. Soccer disavowed certain statements in its earlier summary judgment briefs, it gave varying positions on whether it would contest the "equal responsibilities" prong of Plaintiffs' EPA claim at trial. *See* Notice at 2-3. However, U.S. Soccer's position has been consistent. U.S. Soccer disclaimed reliance on any argument that the WNT players perform jobs that require *less* effort, skill, or responsibility, but that is not the same as contending that the WNT players have *different* responsibilities than their male counterparts. Indeed, this is precisely what Ms. Parlow Cone said in the statement that Plaintiffs seek to add as a trial exhibit in their Notice: "[I]t's one thing to argue that men and women play in *different* tournaments, play against *different* teams. It's altogether a different statement to say that, therefore, the women carry *less responsibility* or have less ability." Notice at 2 (emphases added) (quoting Ms. Parlow Cone from Plaintiffs' putative additional Trial Ex. 233).

The parties' Joint Stipulation Clarifying the Summary Judgment Record is consistent as well. U.S. Soccer stated that "for purposes of ruling on the parties' summary judgment motions," it was not relying on the arguments and language contained in specific pages and lines of U.S. Soccer's summary judgment briefing. *See* Dkt. No. 236, Joint Stip. Clarifying Summ. J. Record at 2. In so doing, U.S. Soccer also expressly reserved its right to "pursue any and all other factual and legal arguments at any trial of this matter," which included, among other things, the right to argue that the WNT players have *different* responsibilities from the MNT players. *See, e.g.*, Dkt. No. 171-1, Def.'s Mem. in Supp. of Mot. for Summ. J. at 12-13 (Feb. 20, 2020) (portion of summary judgment brief not withdrawn that notes that the WNT and MNT play different teams in different competitions and tournaments, with different qualification processes and potential to generate revenue). To the extent Plaintiffs purport to have lacked any clarity on which arguments U.S. Soccer was not relying and which it reserved the right to continue to pursue at trial, the Joint Stipulation—

filed a full month before Plaintiffs filed their Notice belatedly identifying Ms. Parlow Cone—certainly provided that clarity.

### D. Plaintiffs' Notice Is Procedurally Improper.

Plaintiffs' Notice is also procedurally improper. Rather than seek leave to amend their witness and exhibit lists, Plaintiffs filed something they captioned a "Notice" of their intent to amend *unilaterally* both *joint* lists, and circumvented meet-and-confer obligations. Accordingly, their Notice should be struck as procedurally improper. *See Keller v. Experian Info Solutions, Inc.*, No. 16-CV-04643-LHK, 2017 WL 130285, at *1 n.2 (N.D. Cal. Jan. 13, 2017) (striking plaintiff's notice of contrary case law as procedurally improper); *Green v. Sharp*, No. CIV S-06-2107 FCD GGH P, 2008 WL 1994953, at *1 (E.D. Cal. May 6, 2008) (granting motion to strike reply brief as procedurally improper), *adopting R. & R.*, 2008 WL 2484830 (E.D. Cal. June 19, 2020), *aff'd*, 357 F. App'x 845 (9th Cir. 2009).

Pursuant to the August 20, 2019 Order for Jury Trial, the parties submitted to the Court a joint witness list and a joint exhibit list on March 30, 2020. Dkt. No. 60. The Order required that these joint submissions be "carefully prepared." *Id.* at 3. For the joint witness list, the Order required that it contain a brief statement of the testimony for each witness, what makes the testimony unique from any other witness testimony, and the time estimate for such testimony. *Id.* The Order further provided that the joint exhibit list shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections. *Id.*

In order to comply with the Order, the parties engaged in a significant coordination process over nearly two weeks. The parties initially exchanged drafts of the lists on March 18, 2020. Counsel proceeded to have two meet-and-confer calls on March 18 and 27, 2020, as well as additional telephone discussions among smaller groups of attorneys and a number of email exchanges regarding these two documents. This process allowed each party (among other things) (i) to determine whether, in response to a witness identified by the other party, the party will need to cross-examine that witness and/or call rebuttal

witnesses, and if so, how much time the party will require for each witness; and (ii) to state objections to the other party's proposed exhibits. These discussions also permitted the parties to assess whether certain witnesses were even needed at all, based on the relevance and unique nature of a witness's testimony. *Id.*

By unilaterally purporting to amend the witness and exhibit lists through their Notice, Plaintiffs undermined this process and the Court's Order. Filing a "Notice" allowed them to avoid filing a motion and thus circumvent the meet and confer process that is required, for good reason, pursuant to Local Rule 7.3 prior to the filing of any motion. Plaintiffs also failed to seek the Court's permission to amend the trial lists, which likewise would have necessitated a motion and triggered meet and confer obligations. The proper mechanism Plaintiffs should have utilized is a motion to seek leave to amend. *See, e.g.*, *Kirola v. City of S.F.*, No. C 07-03685 SBA, 2011 WL 1235664, at *1 (N.D. Cal. Apr. 1, 2011) (granting in part and denying in part plaintiff's motion for leave to amend witness and exhibit lists to respond to defendant's amended exhibit and witness lists, which the court had previously permitted to reflect developments that occurred due to continuance of trial date); *Quiksilver, Inc. v. Kymsta Corp.*, No. CV 02-05497-DT (Mcx), 2004 WL 7333064, at *2 (C.D. Cal. Jan. 12, 2004) (defendant requested order permitting it to amend its trial witness and exhibit lists); *Burns v. City of Redwood City*, No. C 08-2995 RS, 2011 WL 13153639, at *2 (N.D. Cal. May 13, 2011) (granting plaintiff's supplemental motion to amend witness and exhibit lists).

## III. CONCLUSION

For the reasons stated above, U.S. Soccer respectfully requests that the Court strike Plaintiffs' Notice of Amendment to Plaintiffs' Witness List and Exhibit List, seeking to add Cindy Parlow Cone as a trial witness and add an exhibit reflecting Ms. Parlow Cone's March 2020 statements regarding arguments withdrawn from U.S. Soccer's summary judgment briefing.

| | | |
|---|---|---|
| 1 | DATED: May 29, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | LATHAM & WATKINS LLP |
| 4 | | By: */s/ Jamie L. Wine* |
| 5 | | Jamie L. Wine<br>Michele D. Johnson<br>Kuan Huang |
| 6 | | Sarah M. Gragert |
| 7 | | Attorneys for Defendant |