UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | June 23, 2020 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Entry of Judgment [DE 253]

Plaintiffs ask the Court to certify certain portions of its May 1, 2020 Summary Judgment Order for immediate appeal under Federal Rule of Civil Procedure 54(b). Specifically, Plaintiffs ask that the Court certify its ruling on Plaintiffs' Equal Pay Act and Title VII pay-discrimination claims. Plaintiffs do not ask the Court to certify its ruling on Plaintiffs' Title VII working-conditions claim.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P 54(b). To determine whether it is appropriate to enter judgment under Rule 54(b), the court must engage in a two-step inquiry. First, the court must first consider "whether it is dealing with a final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). If the court finds that the judgment is "final," it must "go on to determine whether there is any just reason for delay." *Id.* at 8.

To resolve this second inquiry—whether there is just reason for delay—the court "must take into account judicial administrative interests as well as the equities involved." *Id.* "The Court has eschewed setting narrow guidelines for district courts to follow." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005). However, factors that might be considered include "whether certification would result in unnecessary appellate review" and "whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals[.]" *Id.*

"Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | June 23, 2020 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

468 (9th Cir. 1987)). However, Rule 54(b) certification must be "scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* (internal quotation marks omitted). The Ninth Circuit has held that, "[a]bsent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (citing Rule 1, which "mandates construing the rest of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action'").

Upon review, the Court does not find it appropriate to certify Plaintiffs' pay-discrimination claims for immediate appeal under Rule 54(b). The claims identified by Plaintiffs are ones which the Court dismissed with prejudice, and thus the Court's decision is "final." However, the administrative interests and equities involved do not weigh in favor of permitting immediate appeal. For one, the granting of an immediate appeal will not eliminate the possibility of two trials, or the possibility of successive appeals involving interlocking facts. The Court has declined the parties' request to stay trial pending the resolution of any appeal. And should a jury render a verdict unfavorable to Plaintiffs on their remaining claims, there is no reason to think Plaintiffs will not appeal that decision. Indeed, Plaintiffs have made it clear that they "reserve all rights to appeal the Court's order dismissing [Plaintiffs' field-conditions claim] after a final judgment on [Plaintiffs' remaining working-conditions claims]." (Mot. at 1 n.1, ECF No. 253.) Accordingly, there is a real possibility that the appellate court will be faced with two successive appeals involving this case. Efficiency is best served by hearing these appeals together as a single unit. This conclusion is bolstered by the fact that trial is less than three months away—set to begin on September 15, 2020. Because Plaintiffs do not face a lengthy delay between now and the time they may appeal, equity does not weigh in favor of certification.

Additionally, the Court does not find that an order denying Plaintiffs' Motion will substantially prejudice efforts to resolve this case through settlement. In their Motion, Plaintiffs aver that the equal-pay claims are the "core of Plaintiffs' case, and without a final resolution of their status, it will be exceedingly difficult for the Parties to ever reach a settlement." (*Id.* at 9–10.) But regardless of how the Court decides this Motion, Plaintiffs will not get a final resolution of their pay-discrimination claims before the remaining claims go to trial, given that trial is less than three months away. And there is nothing stopping the parties from settling their remaining claims tomorrow, filing a stipulation of dismissal as to those claims, and then—with no live claims remaining—proceeding to appeal immediately thereafter. This factor thus does not weigh in favor of certification.

Finally, the nature of the remaining claims in this case makes certification inappropriate. To prevail on their working-conditions claims, Plaintiffs must submit evidence tending to show that Defendant harbored discriminatory animus. It is possible that, at trial, Plaintiffs will attempt to do this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | June 23, 2020 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

by pointing to statements made by USSF agents about the compensation received by WNT players. It is presently unclear how much "equal pay" evidence Plaintiffs will attempt to offer in support of their working-conditions claims. However—relevance issues with this evidence aside—the risk that successive appeals will turn on interrelated facts weighs against certification.

In sum, Plaintiffs have not pointed to a "seriously important reason" which outweighs Federal Rule 1's mandate to avoid successive appeals and ensure the just, speedy, and inexpensive determination of every action. The Court therefore **DENIES** Plaintiffs' request for Rule 54(b) certification.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____