UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [DE 276]; Plaintiffs' Motion for Entry of Partial Final Judgment [DE 277]

## I. INTRODUCTION

On March 8, 2019, Plaintiffs, who are female professional soccer players on the United States Senior Women's National Soccer Team ("WNT"), filed a putative collective action and class action against the United States Soccer Federation, Inc. ("Defendant" or "USSF"). Plaintiffs assert two claims against Defendant: (1) violation of the Equal Pay Act, 29 U.S.C. § 206; and (2) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.

On November 8, 2019, the Court certified a Federal Rule of Civil Procedure 23(b)(2) class consisting of "all WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later," and a Rule 23(b)(3) class comprising of "all WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification." (Class Cert. Order at 14–15, ECF No. 98.) The Court also conditionally certified a Fair Labor Standards Act ("FLSA") collective action of "all WNT players who were members of the WNT at any time from March 8, 2016 through the present." (*Id.* at 15.) The Rule 23(b) classes seek relief under Title VII, while the FLSA collective action seeks relief under the EPA. When certifying the class, the Court appointed Alex Morgan, Megan Rapinoe, Carli Lloyd, and Becky Sauerbrunn as class representatives and Winston & Strawn LLP as class counsel.

After extensive discovery proceedings, the parties filed cross motions for summary judgment. The Court denied Plaintiffs' motion and granted in part Defendant's motion. (Order Summ. J., ECF No. 250). The Court ruled for Defendant on Plaintiffs' Title VII discrimination, Equal Pay Act discrimination, and unequal treatment for field surfaces claims. The Court, however, denied summary judgment for Defendant on Plaintiffs' working conditions claims.

Now before the Court are Plaintiffs' unopposed Motions for Preliminary Settlement Approval and for Entry of Partial Final Judgment. For the following reasons, the Court **GRANTS** the Motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

Preliminary Settlement Approval Plaintiffs' Motion and **GRANTS** the Motion for Entry of Partial Final Judgment

## II. FACTUAL BACKGROUND

The Court provides a full recital of the facts in its summary judgment order on May 1, 2020. (ECF No. 250). Here, the Court recounts only those facts pertinent to the present motion.

Following the Court's summary judgment decision, the parties intensified settlement efforts for the only remaining issue in the case: the working conditions claims. Over the next months, the parties completed a settlement agreement on working conditions—chartered flights, venue selection, professional support, and hotel accommodations—that Plaintiffs believe will provide them equal treatment to the Men's National Soccer Team ("MNT"). Each of the agreed-upon policies will stay in effect for at least four years and will apply to all current and future WNT members. If Defendant and the MNT agree to policy changes that differ from these agreed-upon policies, the WNT players may accept those new policies to ensure equal treatment. The parties have also agreed that none of the certified classes or the class representatives will receive any monetary compensation from the settlement. The key terms of the working conditions are as follows:

### A. Charter Policy

Defendant will provide an equal number of charter flights to the WNT and the MNT.

### B. Venue Selection Policy

Based on specified criteria, Defendant will select appropriate venues that ensure the WNT plays matches in optimal conditions. For example, most WNT matches will be played on grass.

### C. Professional Support Policy

Defendant will employ between 18 to 21 professional staff to provide operational or technical support for the MNT and the WNT teams. Both teams will also have their own physician teams. The physician teams will each have their own lead-coordinating physician and a pool of two to five more physicians.

### D. Hotel Accommodations Policy

Finally, Defendant will also maintain comparable budgets for both the MNT and WNT on a per-night and per-room basis. Like the venue selection policy, Defendant will follow specific criteria when selecting hotel accommodations for the teams.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

### III.    JUDICIAL STANDARD

    **A.**     **Preliminary Class Approval**

Before approving a class settlement, the Court must first determine whether a proposed settlement that would bind class members is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon,* 150 F.3d 1011, 1026 (9th Cir. 1998). To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the next factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026; *See Officers for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations"). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Hanlon,* 150 F.3d at 1026. Second, the Court must consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

    **B.**     **Entry of Judgment**

"Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.,* 812 F.2d 465, 468 (9th Cir. 1987)). However, Rule 54(b) certification must be "scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* (internal quotation marks omitted). The Ninth Circuit has held that, "[a]bsent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC,* 422 F.3d 873, 883 (9th Cir. 2005) (citing Rule 1, which "mandates construing the rest of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action'").

### IV.    DISCUSSION

The Court first addresses class certification, and then evaluates the fairness, adequacy, and reasonableness of the settlement. The Court then considers the adequacy of Plaintiffs' proposed settlement notice. After ruling on the proposed settlement, the Court will turn to Plaintiffs' request for entry of final judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

### A. Proposed Settlement

#### a. *Class Certification*

The Court has already granted Plaintiffs' Motion to Certify Class and certified three classes. (Class Cert. Order at 14–15). First, the Court certified a Rule 23(b)(2) class consisting of "all WNT players on the team at the date of final judgment, or the date of the resolution of any appeals therefrom, whichever is later." (*Id.*) Second, the Court certified a Rule 23(b)(3) class consisting of "all WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification." (*Id.*) Finally, the Court conditionally certified a Fair Labor Standards Act ("FLSA") collective action of "all WNT players who were members of the WNT at any time from March 8, 2016 through the present." (*Id.* at 15). Thus, the Court has already resolved the question of class certification for settlement purposes.

#### b. *Preliminary Approval*

Defendant does not oppose Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. The Court must therefore determine whether the settlement meets the requirements of Rule 23(e). In assessing whether a settle is "fair, reasonable, and adequate," a district court may consider some of the following factors:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

A class action settlement is also presumed fair when: (1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, Newberg On Class Actions, 3d Ed. (1992) § 11.41.

These factors appear to be met. First, the settlement was the result of informed, non-collusive negotiations since the parties settled after months of extensive negotiations in which attorneys represented all parties and were helped by a mediator. (Mot. at 10). Second, the parties participated in extensive discovery proceedings and motion practice before settling. Third, Winston & Strawn LLP represented Plaintiffs, and Latham & Watkins represented Defendant; both are world-renowned law firms and have experience in class-action litigation. Finally, there do not appear to be any objections to the proposed settlement at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

The settlement agreement also does not mention attorneys' fees, and the parties have agreed that the class representatives will not receive any compensation. Thus, the class representatives have not received preferential treatment, and there is less likelihood of collusion.

Next, the Court considers the scope of the release to ensure that it is not overly broad. A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

Here, Plaintiffs agree to release Defendant from "[a]ny and all claims, known or unknown, that were asserted in the Complaint . . . that USSF discriminated against Plaintiffs and the Class Members on the basis of their sex by denying them working conditions equal to those of the players on the USMNT, including, but not limited to, equal playing, training, and travel conditions, and equal medical and training support personnel." (Settlement Agreement ¶ 16, ECF No. 276-2). The released claims, however, do not include claims for a violation of the Equal Pay Act, or claims for violating Title VII that seeks redress for pay discrimination. This release is not overly broad because it is limited to the working-conditions claims alleged in the Complaint. Thus, the scope of the release provided in the settlement fits within the parameters established by the Ninth Circuit.

Based on the above, the settlement appears to be fair, adequate, and reasonable for purposes of preliminary approval.

    c.    <u>The Proposed Notice</u>

Having found the proposed settlement to satisfy Rule 23(e), "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed R. Civ. P. 23(e)(1). Further, for a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be reasonably identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1138, 1352 (9th Cir. 1980)).

The Court finds the proposed notice sufficiently informs the class members of: (1) the nature of the litigation and the settlement class; (2) the terms of the Settlement Agreement; (3) deadlines to object to the Settlement; (4) the consequences of taking or foregoing the various options available to class members; and (5) the date, time, and place of the Final Approval Hearing. (Notice of Proposed Settlement, ECF No. 276-2). Should the Court grant this Motion, Defendant will provide class counsel a full class list with each member's name, address, and email address. Class counsel will then both mail and email copies of the class notice to all members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

The Court therefore finds that the proposed notice and method of delivery sufficient and approves the notice.

The parties also request, and the Court approves, the following schedule for providing class notice:

| Event | Deadline |
|---|---|
| USSF to send class list | 14 calendar days after preliminary approval |
| Class counsel to send class notice | 21 calendar days after receiving class list |
| Last day for class members to object | 30 calendar days after initial mailing of class notice |
| File Motion for final approval | 14 calendar days after objection period expires |
| Final approval hearing | As the Court's schedule allows |

**B.     Entry of Final Judgment**

The Court now addresses Plaintiffs' unopposed request to enter final judgment on Plaintiffs' pay-discrimination claims under Title VII and the Equal Pay Act. The Court previously denied this Motion because "the administrative interests and equities do not weigh in favor of permitting immediate appeal" since "the nature of the remaining claims in this case makes certification inappropriate." (Final J. Order at 2, ECF No. 266). Now that the parties have settled the remaining claims, Plaintiffs renew their Motion.

To determine whether it is appropriate to enter judgment under Rule 54(b), the court must engage in a two-step inquiry. First, the court must first consider "whether it is dealing with a final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). If the court finds that the judgment is "final," it must "go on to determine whether there is any just reason for delay." *Id.* at 8.

To resolve this second inquiry the court "must take into account judicial administrative interests as well as the equities involved." *Id.* "The Court has eschewed setting narrow guidelines for district courts to follow." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005). Factors that might be considered include "whether certification would result in unnecessary appellate review" and "whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals[.]" *Id.*

Plaintiffs' pay-discrimination claims under Title VII and the Equal Pay Act, which the Court dismissed, are "final." (Final J. Order at 2). So, the only issue is whether "there is any just reason for delay." Plaintiffs assert that the work-conditions claims are basically settled and all that remains is to go through the procedures of sending out the notices, obtaining final approval, and then filing the dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 11, 2021 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation, Inc.* | | |

of the work-conditions claims. But those very procedures present possible obstacles to Plaintiffs' endgame—final judgment. For example, class members may object to the settlement, which may cause the settlement to fall through. Thus, if the Court were to enter final judgment on the equal-pay claims now, there is still a possibility of multiple trials and successive appeals.

To avert these possibilities, the Court conditionally grants Plaintiffs' Motion for Entry of Partial Final Judgment once the settlement is officially approved, not before.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and provisionally certifies the class. The Final Approval Hearing is hereby calendared for **April 12, 2021 at 9:00 a.m**. The Court also **conditionally GRANTS** Plaintiffs' Motion for Entry of Partial Final Judgment once the settlement has been officially approved.

**IT IS SO ORDERED.**

                                                                                     :

                                                    Initials of Preparer    _____