WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@windston.com
200 Park Avenue
New York, NY 10166-4193
Tel:  (212) 294-6700
Fax:  (212) 294-4700

Cardelle B. Spangler
cspangler@winston.com
35 West Wacker Drive
Chicago, IL 60601
Tel:  (312) 558-5600
Fax:  (312) 558-5700

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP
Jamie L. Wine (SBN:  181373)
jamie.wine@lw.com
885 Third Avenue
New York, NY 10022-4834
Tel:  (212) 906-1200
Fax:  (212) 751-4864

Michele D. Johnson (SBN:  198298)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al., | **Case No. 2:19-cv-01717-RGK-AGR** |
| Plaintiffs, | Assigned to:  Judge R. Gary Klausner |
| v. | |
| UNITED STATES SOCCER FEDERATION, INC., | **JOINT NOTICE OF MOTION AND MOTION FOR INDICATIVE RULING** |
| Defendant. | Date: June 21, 2022<br>Time: 9:00 a.m.<br>Courtroom:  850 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 21, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiffs Alex Morgan, et al. (collectively, "Plaintiffs") and Defendant United States Soccer Federation, Inc. will and hereby do jointly move the Court for an order for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3) so the Court can consider the parties' proposed settlement of this class action.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Proposed Order filed concurrently herewith, the records and files in this action, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Pursuant to Local Rule 7-3, Plaintiffs and Defendant join in the relief sought in this Motion.

Dated:  May 20, 2022

WINSTON & STRAWN LLP

By: _/s/ Jeffrey L. Kessler_[1]
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP

By: _/s/ Jamie L. Wine_
Jamie L. Wine
Michele D. Johnson
Kuan Huang
Sarah M. Gragert

*Attorneys for Defendant*

---

[1] I, Jeffrey L. Kessler, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This case currently is on appeal to the Ninth Circuit.  The parties recently reached a settlement that resolves all remaining claims in this case.  *See* Ex. A. Because the Court certified this litigation as a class action, the Court must approve the settlement before the settlement can go into effect.  *See* Fed. R. Civ. P. 23(e). The USWNT players have prepared a motion for preliminary approval of the proposed settlement.  *See* Ex. B.

In order for the Court to rule on the motion for preliminary approval of the settlement, it must have jurisdiction over the case.  Because jurisdiction currently rests with the Ninth Circuit, the parties jointly request that the Court issue an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3) stating that the Court would grant the motion for preliminary approval or that the Court would consider the motion because it raises a "substantial issue."  That would allow the Ninth Circuit to issue a limited remand so that this Court may consider the proposed settlement.  *See* Fed. R. App. P. 12.1(b).

## II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs assert a violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, as amended by the Equal Pay Act of 1963, and discrimination on the basis of sex regarding pay and working conditions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991.  Compl. ¶¶ 102-16, Dkt. 1.  The Court certified three classes as to those claims:  (1) an Equal Pay Act collective action; (2) a Title VII damages class action; and (3) a Title VII injunctive relief class action.  Order on Class Certification 14-15, Dkt. No. 98.

On May 1, 2020, the Court decided the parties' cross-motions for summary judgment.  The Court granted Defendant's motion in part, dismissing Plaintiffs' Equal Pay Act claim, Title VII pay-discrimination claim, and Title VII working-

conditions claim with respect to playing surfaces. *See* Order on Summ. J. 21, 28, Dkt. No. 250 (Summ. J. Order). The Court denied the parties' motions on the Title VII working-conditions claims with respect to travel, personnel, and support services. *Id.* at 31. The parties then settled the working-conditions claims, *see* Order Approving of Class Settlement, Dkt. 305, and Plaintiffs appealed the Court's summary-judgment order on the pay-discrimination claims to the Ninth Circuit, *see* Notice of Appeal, Dkt. 308.

While the case was on appeal, the parties reached an agreement in principle to settle all remaining claims in the case. They advised the Ninth Circuit of that agreement in principle and asked that Court to hold the appeal in abeyance while the parties finalize the settlement and seek this Court's approval of the settlement. Joint Mot. 1, No. 21-55356 (9th Cir. Feb. 22, 2022), Dkt. 82. The Ninth Circuit accordingly agreed to hold the appeal in abeyance, with the parties providing regular status reports. *See* Ninth Circuit Order 1, Dkt. 314.

The parties have now finalized their settlement agreement. *See* Ex. A. Under the proposed agreement, USSF will provide $22 million to the USWNT players, deposit $2 million in an interest-bearing fund account to benefit the players in their pursuit of post-playing career goals and charitable efforts, and provide for equal pay going forward in exchange for a release of liability on the players' pay-discrimination claims. *Id.* ¶¶ 29-31. Because the Court certified this litigation as a class action, one of the conditions of the settlement agreement is that the Court approve the agreement under Federal Rule of Civil Procedure 23(e). *See id.* ¶ 35.

## III.   LEGAL STANDARD

A notice of appeal is jurisdictional—it "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, absent a remand, the district court lacks jurisdiction to approve a class-action settlement that covers the claims at

issue on appeal.  *See, e.g.*, *In re W. States Wholesale Nat'l Gas Antitrust Litig.*, No. 03-cv-1431, 2019 WL 2098350, at *6 (D. Nev. Apr. 5, 2019).

The Federal Rules of Civil and Appellate Procedure provide a process by which the court of appeals can issue the necessary remand.  First, under Federal Rule of Civil Procedure 62.1, the parties ask the district court for an indicative ruling stating "what it would do with the [motion], or at least consider[ing] whether there is a serious issue raised."  *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).  Rule 62.1 provides:  "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a).  Second, once the district court issues an indicative ruling, the court of appeals "may remand for further proceedings," although the court of appeals "retains jurisdiction unless it expressly dismisses the appeal."  Fed. R. App. P. 12.1(b); *see Mendia v. Garcia*, 874 F.3d 1118, 1120-21 (9th Cir. 2017).

The district court should issue an indicative ruling if it determines that it "is willing to entertain the motion because it raises a substantial issue or that [it] is willing to grant the motion."  *Connors v. McDaniel*, No. 07-cv-268, 2013 WL 273292, at *2 (C.D. Cal. Jan. 23, 2013).  The indicative-ruling process is appropriate when parties reach a settlement of a class-action dispute on appeal and require approval of that settlement from the district court.  *See* Fed. Ct. App. Manual § 25:7 (7th ed. Mar. 2021 update).

## IV.   ARGUMENT

The parties have reached a settlement on the pay-discrimination claims in this case.  Under the settlement, USSF will pay $22 million to the USWNT players, and provide an additional $2 million fund for the players' post-playing career goals and charitable efforts.  Ex. A ¶ 29.  USSF also will guarantee equal pay between the

women's and men's teams in the future, consistent with the examples set out in the agreement, for all games and tournaments including the World Cup. *Id.* ¶ 30. The details of future equal pay are formalized in the teams' new collective bargaining agreements, and the settlement is contingent on the ratification of those agreements. *Id.* ¶ 30(b). The parties are confident that the settlement agreement is fair, reasonable, and adequate, particularly since the Court granted summary judgment to USSF on the players' pay-discrimination claims. The USWNT players have prepared a motion for preliminary approval of the proposed settlement agreement for the Court to rule on once the Court has the authority to do so. *See* Ex. B.

The Court accordingly should issue an indicative ruling stating that it would grant the motion for preliminary approval of the class settlement or that the motion raises a substantial issue. The Ninth Circuit has repeatedly recognized the "overriding public interest in settling and quieting litigation." *Camacho v. City of San Luis*, 359 F. App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)). The court has explained that settlements "are judicially favored as a matter of sound public policy," because "they conserve judicial time and limit expensive litigation." *Id.* (quoting *Ahern*, 846 F.2d at 48). The Ninth Circuit is thus "firmly committed to the rule that the law favors and encourages compromise settlements," *id.* (quoting *Ahern*, 846 F.2d at 48), "particularly where complex class action litigation is concerned," *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

Because this case is a class action, any settlement requires this Court's approval. *See Officer for Justice v. Civil Service Comm'n of S.F.*, 688 F.2d 615, 523 (9th Cir. 1982) (citing Fed. R. Civ. P. 23(e)). Approval proceeds in two stages. First, the Court determines whether to grant preliminary approval to the settlement, because it appears to the Court that "the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final approval hearing." *Contreras v. Worldwide Flight Servs., Inc.*, No 18-cv-6036, 2019 WL

4

8633663, at *5 (C.D. Cal. Sept. 30, 2019).  If the Court grants preliminary approval, the parties notify the class members of the proposed settlement and the class members are given the opportunity to opt out of the settlement or to object to the settlement.  Second, the Court conducts a fairness hearing and considers whether to grant final approval to the settlement because the Court determines that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  This approval process cannot occur without a remand from the Ninth Circuit.  *See Maine v. Taylor*, 477 U.S. 131, 144-45 (1986) (explaining that factfinding "is the basic responsibility of district courts, rather than appellate courts"); *Class Plaintiffs*, 955 F.2d at 1276 (explaining the "limited" role of appellate courts in reviewing class settlements).  That limited remand, in turn, requires an indicative ruling from this Court.

To be clear, at this point the Court does not need to definitively determine whether it will grant approval of the proposed settlement.  The Court need only state that the motion for preliminary approval of the settlement "raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).  That said, as the USWNT players explain in the motion, there is no reason to believe that the Court will not grant approval.  Courts in this district consider four factors in deciding whether to grant preliminary approval to a settlement, namely, whether the settlement (1) is "the product of serious, informed, non-collusive negotiations"; (2) "has no obvious deficiencies"; (3) "does not improperly grant preferential treatment to class representatives or segments of the class"; and (4) "falls within the range of possible approval," considering the value of the settlement, the risk of continued litigation, and the scope of the release.  *Smith v. Experian Info. Sols., Inc.*, No. 17-cv-629, 2020 WL 4592788, at *5 (C.D. Cal. Aug. 10, 2020).

All four of those factors are met here:  (1) the settlement was reached through arm's-length negotiations by experienced counsel; (2) the settlement provides a substantial recovery for the USWNT players on their pay-discrimination claims,

totaling $24 million dollars, as well as a guarantee of equal pay going forward, on terms that are acceptable to all parties; (3) the settlement does not grant preferential treatment to any USWNT player (indeed, it does not even provide an incentive award to the class representatives); and (4) the settlement fairly balances the players' expected recovery against the risk of future litigation, particularly in light of the uncertainty all parties faced with respect to the outcome of the appeal, and releases only claims related to those currently pending on appeal. *See* Ex. B at 12-16.  If the Court issues an indicative ruling and the Ninth Circuit issues a limited remand, the USWNT players will then promptly file the motion for preliminary approval of the settlement for the Court's consideration.

## V.    CONCLUSION

The Court should issue an indicative ruling under Federal Rule of Civil Procedure 62.1 stating that the Court would grant the motion for preliminary approval of the class settlement or that the motion raises a substantial issue.

Dated:  May 20, 2022

WINSTON & STRAWN LLP

By:  */s/ Jeffrey L. Kessler*[2]
Jeffrey L. Kessler
David G. Feher
Cardelle B. Spangler
Diana Hughes Leiden
Jeanifer E. Parsigian

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP

By:  */s/ Jamie L. Wine*
Jamie L. Wine
Michele D. Johnson
Kuan Huang
Sarah M. Gragert

*Attorneys for Defendant*

---

[2] I, Jeffrey L. Kessler, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.