UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Preliminary Approval of Class Action Settlement [DE 317]

## I. INTRODUCTION

On March 8, 2019, soccer players on the United States Women's National Soccer Team ("WNT"; collectively, "Plaintiffs") filed a putative collective action and class action against the United States Soccer Federation, Inc. ("USSF" or "Defendant"). Plaintiffs asserted claims for discrimination in pay and working conditions, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (Compl., ECF No. 1.)

On November 8, 2019, the Court certified two classes and one collective action: (1) a Federal Rules of Civil Procedure ("Rule") 23(b)(2) class ("Injunctive Relief Class") consisting of "all WNT players on the team at the date of final judgment, or the date of resolution of any appeals therefrom, whichever is later"; (2) a Rule 23(b)(3) class ("Damages Class") composed of "all WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification"; and (3) a Fair Labor Standards Act collective action ("FLSA Collective") of "all WNT players who were members of the WNT at any time from March 8, 2016 through the present" who filed written consent. (Class Cert. Order at 5–6, ECF No. 64.) Members of the FLSA Collective filed notices of consent to join. (*See* ECF Nos. 6, 10, 16, 33, 72, 129, 130, 131, 132, 147, 150, 153, 155, 159); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Cir. 2018) ("A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court."). The Injunctive Relief and Damages Classes sought relief under Title VII, while the FLSA Collective sought relief under the EPA.

After discovery, the parties filed cross-motions for summary judgment. The Court denied Plaintiffs' motion and granted Defendant's motion in part. (Order Summ. J., ECF No. 250.) The Court granted summary judgment to Defendant on Plaintiffs' pay-discrimination claims, and on one working-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

condition claim—unequal treatment of field surfaces—but denied summary judgment on the remaining working-conditions claims. Id. On April 14, 2021, Plaintiffs appealed the Court's ruling. (Notice Appeal, ECF No. 308.)

The parties then agreed to settle Plaintiffs' remaining working-conditions claims. The Court approved that settlement and entered final judgment on April 13, 2021. (Final Approval Settlement Order, ECF No. 305.)

The parties have since reached a settlement on the pay-discrimination claims, while their appeal remains pending. Presently before the Court is Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement. (Mot., ECF No. 317.) For the following reasons, the Court GRANTS Plaintiffs' Motion.

## II.     FACTUAL BACKGROUND

The parties began discussing settlement five years ago, before this case was filed. Settlement discussions continued throughout litigation and on appeal. These efforts included formal mediation and an extensive negotiation process to resolve the lingering pay-discrimination claims. (Kessler Decl. ¶¶ 17–23, ECF No. 317.) The parties ultimately reached a settlement.

The key terms of the settlement are as follows:

(1) "USSF will provide $22 million to the Class Members and FLSA Collective Action Members, paid in four equal interest-free installments to be divided among the Class Members and the FLSA Collective Action Members, after subtracting Plaintiffs' attorneys' fees and litigation costs . . . ." (Mot., Ex. A ¶ 29.a, ECF No. 317–2.)

(2) USSF will "deposit $2 million into an escrow account to benefit Class Members and FLSA Collective Action Members in their pursuit of post-playing career goals and charitable efforts related to women's and girls' soccer." (Id. at ¶ 29.b.)

(3) USSF will "provide the members of the [WNT] with an equal rate of pay to the members of the [Men's National Team]" moving forward, via a new Collective Bargaining Agreement ("New CBA"). (Id. at ¶ 30.)

(4) Class Members will waive and release USSF "from the Released Pay Claims accruing any time before the date of final approval." (Id. at ¶ 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

### III. JUDICIAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). After a class has been properly certified under Rule 23(a) and 23(b), the Court must determine whether the proposed settlement taken as a whole is "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988), overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The Court must also consider the adequacy of the proposed settlement notice. Fed. R. Civ. P. 23(e).

Settlements in collective actions also require court approval. *See Nen Thio v. Genji*, LLC., 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014.) The standard for approving a collective action settlement closely resembles the class action standard. However, unlike in class actions under Rule 23, potential plaintiffs in collective actions must "opt in" by notifying the court that they intend to join the collective action to be bound by and benefit from it. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1101 (9th Circ. 2018). Once they "opt in," they have "the same status in relation to the claims of the lawsuit as [that held by] the [original] named plaintiffs." *Id*. at 1105 (quoting *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297(11th Cir. 2003)). Given the members' "party status," the Court's scrutiny of the proposed settlement is less stringent in collective actions. *Id*. (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)). Generally, settlement agreements that satisfy the stricter Rule 23(e) standard for approval will satisfy the FLSA collective action standard. *See Pan v. Qualcomm Inc.*, No. 16-CV-01885-JLS-DHB, 2016 WL 9024896 at *10 (S.D. Cal. Dec. 5, 2016) (finding that the proposed settlement satisfied the Rule 23 analysis, thus necessarily satisfying the standard for FLSA collective actions).

The Ninth Circuit has not established criteria for determining when an FLSA collective action settlement should be approved. *Kerzich v. City of Tuolumne*, 335 F. Supp. 3d 1179, 1183–84 (E.D. Cal. 2008.) District courts in this Circuit have used the Eleventh Circuit's approach, which considers whether the settlement is a fair and reasonable resolution of a bona fide dispute. *See, e.g., id.*; *Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014). Once the courts determine that a bona fide dispute exists, the courts consider Rule 23(e) factors to assess the fairness of the proposed settlement. *Kerzich*, 335 F. Supp. 3d at 1184.

### IV. DISCUSSION

The Court has already certified each proposed class, including the FLSA Collective; and there is no indication that decertification is warranted. Therefore, the question is whether the proposed settlement is "fair, adequate, and reasonable," and whether the proposed notice is adequate. *See* Fed. R. Civ. P. 23(e)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

### A. Fairness of the Settlement Agreement

A class action settlement is presumed to be fair when: "(1) the settlement is reached through arm's length agreement; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Newberg & Conte, Newberg on Class Actions*, 3d Ed. (1992) § 11.41.

These factors appear to be met. First, Plaintiffs assert that the settlement in this action is the product of negotiations that occurred over many months and included formal mediation and discussions that began more than five years ago. (Kessler Decl. ¶¶ 17–21.) Second, the parties spent significant time in discovery, exchanging "tens of thousands of documents," and deposing approximately twenty fact witnesses and experts. (*Id.* ¶¶ 10–15.) Third, Winston & Strawn LLP represented Plaintiffs, and Latham & Watkins represented Defendant: both are renowned law firms and have experience in class-action litigation, with "decades of collective experience with sports class action and employment matters." (*Id.* ¶ 22.) Finally, there do not appear to be any objections to the proposed settlement at this time.

Class counsel anticipates requesting an award of attorneys' fees, which if granted by the Court, would be subtracted from the fund per the settlement agreement. "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Because class counsel anticipates requesting no more than approximately 30% of the common fund, and because any award of fees is subject to the Court's approval, the attorneys' fee provision in the Settlement Agreement is sufficiently fair.

The parties have agreed that settlement funds will be distributed among the members of the Damages Class and FLSA Collective based on individual play time, without any incentives for class representatives. (*Id.* at 15.) Therefore, the class representatives have not received preferential treatment, and there is no evidence of collusion. Most significantly, the unopposed settlement agreement accomplishes Plaintiffs' goal for litigation: equal pay.

Next, the Court considers the scope of the release to ensure that it is not overly broad. A proposed settlement agreement is overly broad when it fails to limit the claims released to those based on the facts alleged in the complaint. *See Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). Here, Plaintiffs agree to release Defendant from "any and all claims, known or unknown, arising through the date of Final Approval . . . asserted in the Complaint . . . [alleging that] USSF discriminated against Plaintiffs on the basis of their sex by paying them a lower rate of pay than the players on the USMNT."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

(Kessler Decl., Ex. A ¶ 18.) This release is not overly broad because it is limited to the pay-discrimination claims alleged in the Complaint.

Based on the above, the settlement appears to be fair, adequate, and reasonable for purposes of preliminary approval under Rule 23(e). With respect to the FLSA Collective, the Court is satisfied that the settlement is a fair and reasonable resolution of a bona fide dispute. *See Pike v. Cty. of San Bernardino*, No. 17-01680-JGB-KKx, 2019 WL 8138439, *3 (C.D. Cal. Nov. 25, 2019).

**B.  Adequacy of the Notice**

Having found the proposed settlement is fair and reasonable, "[t]he court must direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed R. Civ. P. 23(e)(1). Specifically, for a Rule 23(b)(3) class, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill.*, 361 F.3d at 575 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1138, 1352 (9th Cir. 1980)).

Here, the parties propose that Defendant will send class counsel a complete list of class members within fourteen days of preliminary settlement approval. Within twenty-one days thereafter, class counsel will send the "Notice of Class and Collective Action Settlement" to members of each class and FLSA Collective via mail and email. (*See* Kessler Decl., Ex. B, ECF No. 317-3.) The Notice sufficiently informs the members of: (1) the terms of the Settlement Agreement; (2) the nature of the litigation and the settlement classes; (3) the benefits that the Settlement Agreement will confer to members; (4) how objections to the Settlement Agreement could be made; and (5) the expected attorneys' fees and costs. (*See id.*) The Court finds that the proposed notice and method of delivery are adequate.

**V.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action, and sets the following schedule:

| Event | Date |
|---|---|
| Defendant to send class counsel list of members | 14 days from the date of this Order |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | August 11, 2022 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

| | |
|---|---|
| Class counsel to send "Notice of Class and Collective Action Settlement" | 21 days from receiving the list of members |
| Deadline to file Motion for Final Settlement Approval | November 1, 2022 |
| Deadline to file Motion for Attorneys' Fees | November 1, 2022 |
| Final Approval Hearing | December 5, 2022 |

**IT IS SO ORDERED.**

                                                                                                                                                             _____ : _____

Initials of Preparer                                jre/k