A.J. de Bartolomeo (SBN 136502)
**TADLER LAW LLP**
P.O. Box 475847
San Francisco, CA 94147-5847
Telephone: (415) 226-0260
Email: ajd@tadlerlaw.com

Richard M. Nichols (SBN 166638)
876 Arlene Way
Novato, CA 94530
Telephone: (415) 314-0066
Email: Rnicholspc@gmail.com

Attorneys for Class Member
HOPE AMELIA SOLO STEVENS
[*Additional Counsel on last page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>*Defendant.* | Case No. 2:19-CV-01717 RGK-AGR<br><br>Assigned to Hon. R. Gary Klausner<br><br>**CLASS MEMBER HOPE SOLO'S NOTICE OF OBJECTION AND OBJECTION TO FINAL APPROVAL OF SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES**<br><br>Objection Filed With Limited Redactions from Publicly Filed Document to Protect Personal Identifying Information That Is Required by Class Notice<br><br>Objection Deadline: October 11, 2022<br>Hearing Date: December 5, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Location: Courtroom 850 |

CLASS MEMBER HOPE AMELIA SOLO STEVEN'S NOTICE OF OBJECTION AND OBJECTION TO FINAL
APPROVAL OF SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES
CASE NO. 2:19-CV-01717 RGK-AGR

# TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND AND CLASS MEMBER'S STANDING ........................... 1

II. SOLO'S STATEMENT OF OBJECTIONS ........................................................................ 4

A. Class Member Solo Objects That The Class Notice Is Ambiguous and Misleading. .......... 4

B. Class Member Solo Objects to the Proposed Settlement On the Grounds it Fails to Articulate the Settlement Amount Allocated for Each Class Member And It Fails to Allocate Settlement Proceeds Between the Rule 23(b)(3) Class and the Collective FLSA Action. ........................................................................................................................ 6

1. Proposed Settlement Fails to Set Out the Methodology for the Plan of Allocation to Individual Class Members. ........................................................................................ 6

2. Proposed Settlement Fails to Allocate Funds Between Rule 23(b)(3) Class Members and the FLSA Collective Action Members. .............................................................. 8

C. Class Member Solo Objects to the Attorney's Fees and Expenses Requested as Unreasonable and Disproportionate to the Settlement Fund. ........................................... 9

III. CLASS MEMBER SOLO'S STATEMENT OF INTENTION TO ATTEND FINAL HEARING ........................................................................................................................... 10

IV. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bluetooth Headset Prod. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011) ................................................................................. 5, 9

*Glass v. UBS Fin. Servs., Inc.*,
 331 F. App'x 452, 457 (9th Cir. 2009) ..................................................................... 10

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ............................................................................ 3, 10

*Hudson v. Libre Tech. Inc.*,
 No. 3:18-CV-1371-GPC-KSC, 2019 WL 5963648 (S.D. Cal. Nov. 13, 2019) .......... 8

*Hudson v. Libre Tech. Inc.*,
 No. 3:18-CV-1371-GPC-KSC, 2020 WL 2467060 (S.D. Cal. May 13, 2020) ..... 3, 8

*Knisley v. Network Assocs., Inc.*,
 312 F.3d 1123 (9th Cir. 2002) ..................................................................................... 4

*In re MGM Mirage Sec. Litig.*,
 708 F. App'x 894 (9th Cir. 2017) ................................................................................ 4

*Millan v. Cascade Water Servs., Inc.*,
 310 F.R.D. 593 (E.D. Cal. 2015) ................................................................................. 8

*Rodman v. Safeway Inc.*,
 No. 11-CV-03003-JST, 2018 WL 4030558 (N.D. Cal. Aug. 22, 2018) ..................... 9

*Rodriguez v. West Publ'g*,
 563 F.3d 948 (9th Cir. 2009) ....................................................................................... 5

*Rosado v. Ebay, Inc.*,
 No. 5:12-CV-04005-EJD, 2016 WL 3401987 (N.D. Cal. June 21, 2016) ................. 9

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
 904 F.2d 1301 (9th Cir. 1990) ................................................................................... 10

*Smith v. Kaiser Found. Hosps*,
 No. 3:18-CV-00780-KSC, 2019 WL 5864170 (S.D. Cal. Nov. 7, 2019) ................... 8

*Toolajian v. Air Methods Corp.*,
 No. 18-CV-06722-AGT, 2020 WL 8674094 (N.D. Cal. Apr. 24, 2020) .................... 5

**Rules**

Fed. R. Civ. P. 23(c) ...................................................................................................5

Fed. R. Civ. P.23(e) ........................................................................................2, 3, 4, 5

iii

NOTICE OF OBJECTION AND OBJECTION TO FINAL APPROVAL OF SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES CASE NO. 2:19-CV-01717 RGK-AGR

Class Member Hope Amelia Solo Stevens ("Class Member Solo") <u>believes</u> that the proposed Settlement Agreement contains both procedural and substantive defects that must be cured before this Court can grant the proposed Settlement final approval. Accordingly, Class Member Solo files this Notice of Objection and Objection to Final Approval of Settlement and Request for Attorney's Fees ("Solo's Objection"). Class Member Solo objects to the proposed Settlement Agreement on the grounds that: (1) the Class Notice is ambiguous and misleading as to the Rule 23(b)(3) Damages Class Members' individual relief under the Settlement fund; (2) the proposed Settlement fails to articulate the allocation of the amount paid for each individual Rule 23(b)(3) Damages Class Member and fails to allocate the Settlement fund between the Rule 23(b)(3) Damages Class and the FLSA Collective action; and (3) the Attorney's fees and expenses requested are unreasonable and disproportionate to the Settlement fund.

## I. PROCEDURAL BACKGROUND AND CLASS MEMBER'S STANDING

1. On August 24, 2018, Class Member Hope Solo ("Solo") filed an individual lawsuit against Defendant U.S. Soccer Federation, Inc. ("USSF") in the Northern District of California, Case No. 3:18-CV-05215 JD. Solo's complaint alleged violations of the Equal Pay Act ("EPA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

2. On March 8, 2019, members of the Women's National Team ("WNT") filed a class action lawsuit ("Class Litigation" or "*Morgan* Plaintiffs") against USSF in the Central District of California, Case No. 2:19-CV-01717 RGK-AGR. The *Morgan* Class Action also alleged that USSF violated EPA and Title VII's prohibition on sex discrimination by denying the *Morgan* Plaintiffs working conditions equal to the Men's National Team players.

3. On November 8, 2019, the U.S. District Court Judge in the Class Litigation certified a Rule 23(b)(3) class on the Title VII claims at issue, defined as "All WNT players who were members of the WNT at any time from February 4, 2015 through the date of class certification," ("Damages Class Members"). The Court also conditionally certified a collective action on the Equal Pay claims pursuant to 29 U.S.C. § 216(b), Fair Labor Standards Act, ("FSLA Collective Action Members").

ECF No. 98.

4. Class Member *Solo did not opt out of the certified Rule 23(b)(3)* Damages Class under Title VII.

5. Class Member *Solo did not opt in to the FSLA Collective Action* under the EPA.

6. On May 1, 2020, the Court issued an Order granting USSF's Motion for Summary Judgment in part, dismissing the *Morgan* Plaintiffs' EPA claims and Title VII pay discrimination claims, and certain of the *Morgan* Plaintiffs' Title VII claims of working condition discrimination related to on-field playing conditions. ECF No. 250.

7. On April 14, 2021, the *Morgan* Plaintiffs appealed the Court's ruling granting summary judgment on the Class's Title VII and Equal Pay Act pay-discrimination claims.  ECF No. 308.

8. On or about February 22, 2022, the *Morgan* Plaintiffs and USSF agreed to a settlement in principle of the Class Litigation.

9. On June 22, 2022, the *Morgan* Plaintiffs filed a Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, attaching as exhibits the proposed Class Action Settlement Agreement And Release Of Pay Claims ("Settlement Agreement") and the Notice of Class and Collective Action Settlement ("Class Notice"). ECF Nos. 317-2 and 317-3.

10. Pursuant to Federal Rule 23(e)(5), "Any class member may object to the proposal if it requires court approval under [FRCP 23(e)].  The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. . . . Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with: (i) foregoing or withdrawing an objection, or (ii) foregoing, dismissing, or abandoning and appeal from a judgment approving the proposal." Fed. R. Civ. P. 23(e)(5)(A)-(B).

11. The Class Notice provides the specific procedure that a Class Member must follow if they believe the proposed Settlement *is not fair, reasonable, or adequate in any way*, and chooses to object to it.  ECF No. 317-3, page 6, "**Option B. <u>Object to the Settlement</u>**." The Class Notice requires Class Members who choose to object to state their "(i) full name, address and telephone number; (ii)

2

the dates of your employment at USSF; (iii) any Employee ID number; (iv) the basis for the objection; and (v) whether you intend to appear at the final approval hearing." ECF No. 317-3, at page 6. Thus, the Class Notice requires the Class Member to provide Personal Identifying Information ("PII") in order to object to the proposed Settlement. This requirement to provide PII is also objectionable as it risks privacy interests and identify theft.

12. The decision to approve or reject a proposed class settlement is committed to the sound discretion of the trial judge, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Factors for the court to consider in determining whether a proposal is "fair, reasonable, and adequate" include: 1) whether "the class representative and class counsel have adequately represented the class;" 2) whether "the proposal was negotiated at arm's length;" and 3) whether "the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)", which requires a "statement identifying any agreement made in connection with the proposal"; and 4) "how the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)-(3); *Hudson v. Libre Tech. Inc.*, No. 3:18-CV-1371-GPC-KSC, 2020 WL 2467060, at *5 (S.D. Cal. May 13, 2020) (stating that a court may approve a proposed class action after considering the factors listed under Rule 23(e)(2)).

13. Pursuant to the terms of the proposed Settlement Agreement, "USSF will provide $22 million to the Class Members of the Damages Class and the FLSA Collective Action Members, deposit $2 million in an escrow account to benefit Class Members and the FLSA Collective Action Members in their pursuit of post-playing career goals and charitable efforts, and provide for equal pay going forward in exchange for a release of liability on Plaintiffs' pay-discrimination claims. **The settlement funds will be distributed fairly among the Class Members of the Damages Class and FLSA Collective Action Members, as outlined further below.** A brief description of the terms is set forth below . . . ." See ECF No. 317-3, at page 3, "*What are the Settlement Terms?*" (Emphasis in

3

original.)

14. Class Member Solo was employed as a member of the United States Women's National Team from January 2, 2000 through August 24, 2016. *See* the accompanying Class Member Hope Amelia Solo's Declaration In Support Of Her Notice of Objection And Objection To Final Approval Of Settlement And Application For Attorney's Fees ("Solo Decl.") at ¶4.

15. Class Member Solo's Employee ID Number is her Social Security Number and will be redacted from the publicly filed objection and supporting declaration: ▇▇▇▇▇▇ *See* Solo Decl., ¶5.

16. Class Member Solo *did not opt out of the Rule 23(b)(3) Damages Class* under Title VII and Solo *did not opt in to the EPA collective action*. *See* Solo Decl., ¶6.

17. "[A] dissatisfied class member may object in the district court and may generally appeal an adverse decision." *See Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002); *see also In re MGM Mirage Sec. Litig.,* 708 F. App'x 894, 896 n.1 (9th Cir. 2017) ("Although he has not filed a claim form, Kacprowski also has standing to appeal the fee award because he appeals the settlement as a whole, and not only the fee award.").

18. Class Member Solo objects to the proposed Settlement Agreement on the grounds that (1) the Class Notice is ambiguous and misleading; (2) the proposed Settlement fails to articulate the allocation of the proposed Settlement amount for each individual Rule 23(b)(3) Damages Class Member and it fails to allocate the proceeds of the Settlement between the Rule 23(b)(3) Damages Class and the FLSA Collective action; and (3) the Attorney's Fees requested are unreasonable and disproportionate.

II. **SOLO'S STATEMENT OF OBJECTIONS**

A. **Class Member Solo Objects That The Class Notice Is Ambiguous and Misleading.**

19. A proposed settlement, voluntary dismissal, or compromise, notice must be provided to the class. Fed. R. Civ. P.23(e)(1). Rule 23 requires the "court [to] direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). For

4

any classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Toolajian v. Air Methods Corp.*, No. 18-CV-06722-AGT, 2020 WL 8674094, at *11 (N.D. Cal. Apr. 24, 2020) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). If the proposed settlement, dismissal or compromise would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate."). Notices are also required to effectively communicate the essentials of settlement in a sufficiently balanced, accurate and informative way to satisfy due-process concerns. *Rodriguez v. West Publ'g*, 563 F.3d 948, 962-63 (9th Cir. 2009). By its very nature, such notice to class members must include a description of the scope of the release of claims, and the precise amount of the settlement amount and allocation to be received by the class members in exchange for the release of claims.

20. Concerning the Settlement fund, the Class Notice states, in pertinent part, as follows:

> *USSF will provide $22 million to the Class Members of the Damages Class and FLSA Collective Action Members ("$22 Million Payment"), paid in four equal interest-free installments to be divided among the Class Members of the Damages Class and the FLSA Collective Action Members, after subtracting Plaintiffs' attorneys' fees and litigation costs in a manner to be proposed by Plaintiffs and approved by the Court. The first installment of the $22 Million payment (in the amount of $5.5 million) will be paid by USSF into an escrow account to be established by class counsel within* **ten business days** *after the new collective bargaining agreement ("New CBA") is entered into, ratified by members of the U.S. Women's National Team Players Association ("USWNTPA"), and approved by the USSF Board of Directors.* (Emphasis added)

The proposed Settlement Agreement states that the first installment of the $22 Million payment (in

the amount of $5.5 million) will be paid by USSF into an escrow account to be established by Class Counsel within **fifteen business days** after the New CBA is entered into with agreed upon releases, ratified by the members of the USWNTPA and approved by the USSF Board of Directors.  The second, third, and fourth installments (each in the amount of $5.5 million) shall be paid by USSF into the escrow account to be established by Class Counsel, or any other account directed by Class Counsel, on the three consecutive year anniversary dates of the ratification of the New CBA." (Emphasis added).

21. The proposed Settlement Agreement varies significantly from the language of the Class Notice.  It includes an extension of the ten business day account establishment deadline to fifteen business days, and sets forth the payment installment timetable, with the final of the four installments not scheduled until three years after receipt of the first installment.  Although the first installment of the $22 Million was paid by USSF into an escrow account on June 1, 2022, the Class Notice does not state, explain or disclose that it will take the Class Members three full years after ratification of the New CBA to receive their full [unknown and ambiguous] allocation of the Settlement proceeds. Class Member Solo contends this is material information omitted from the Class Notice that would likely impact a Class Member's or a FLSA Collective Action Members' decision to object to the proposed Settlement.

     **B.**    **<u>Class Member Solo Objects to the Proposed Settlement On the Grounds it Fails to Articulate the Settlement Amount Allocated for Each Class Member And It Fails to Allocate Settlement Proceeds Between the Rule 23(b)(3) Class and the Collective FLSA Action</u>.**

         **1.**    **Proposed Settlement Fails to Set Out the Methodology for the Plan of Allocation to Individual Class Members.**

22. The proposed Settlement Agreement fails to set forth with specificity the allocation of the Settlement fund for each class member.  The failure to explain the plan of allocation is material.  Neither the Class Notice nor the proposed Settlement Agreement provides the Class Members with the allocation of their individual relief.  As a result, Class Members do not have the information necessary to calculate the allocation of the Settlement proceeds per class member.  The lack of disclosure about the Settlement allocation denies Class Members the opportunity to make informed

decisions as to releasing their claims in exchange for an unknown allocation of the proposed Settlement fund at an unknown time in the future.

23. Neither the Class Notice nor the Settlement Agreement contain information adequate for Plaintiffs to determine the allocation of the Settlement amount for each class member.

24. The Class Notice states (in bold print) that the Settlement funds will be distributed "fairly" – but it fails to provide any details or clarification of what is meant by "fairly." The Class Notice further states that "Each Class Member or FLSA Collective Action Member will receive a *pro rata* share of the Damages Fund based on their *pro rata* share of the total damages Plaintiffs sought in this lawsuit based on their expert's damages calculations." ECF No. 317-3, at page 5. However, the Class Notice is silent as to either the dollar amount of the expert's damages calculations, or the *pro rata* share of the total damages sought for each individual Class Member.

25. In accordance with the proposed Settlement and the Class Notice, the methodology for the plan of allocation is something to be determined *at some point in the future* after deducting the amounts for Attorney's fees and costs.

26. More particularly, the Settlement Agreement at ¶46 <u>Methodology for Allocation</u> states:

> *Plaintiffs shall propose to the Court a methodology for allocating the Settlement Payments, after deducting Attorneys' Fees and Litigation Costs, to Class Members and FLSA Collective Action Members. USSF shall take no position on how these settlement payments are allocated.*

27. The allocated dollar amount of the Settlement fund is not specified for each of the Class Members. Simply stated, there is no mention in the proposed Settlement Agreement or the Class Notice as to the actual amount of money USSF will pay to each Class Member. Essentially, the proposed Settlement leaves the individual Class Member awards to be determined *after the Court* approves the proposed Settlement and *after the methodology of the plan of allocation is sorted out* at some time *in the future*.

**2.  Proposed Settlement Fails to Allocate Funds Between Rule 23(b)(3) Class Members and the FLSA Collective Action Members.**

28. In addition to failing to articulate the individual Settlement amounts allocated for each of the Class Members, the proposed Settlement Agreement fails to articulate allocation of the $22 Million Settlement fund between the Rule 23(b)(3) Damages Class Members (Title VII claimants) and the FLSA Collective Action Members (EPA claimants). District courts in the Ninth Circuit find that "a Rule 23 class action and a FLSA collective action can be prosecuted in the same action. However, . . . having a single settlement fund from which both the FLSA and Rule 23 claims are satisfied is problematic." *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 602 (E.D. Cal. 2015). Consequently, due in part to the 'hybrid' nature in this case of a settlement of a Rule 23 class action and a FLSA collective action, without proper articulation of allocation as to those actions and the claimants therein, Class Members cannot effectively determine whether the Settlement Amount is fair, reasonable, or adequate.

29. Courts approving settlements releasing both FLSA and Rule 23 claims generally do so only when settlement payments to FLSA claims are expressly allocated. *Smith v. Kaiser Found. Hosps*, No. 3:18-CV-00780-KSC, 2019 WL 5864170, at *11 (S.D. Cal. Nov. 7, 2019). In *Hudson v. Libre Tech. Inc.*, the court stated, "While it has been recognized that district courts in the Ninth Circuit are divided as to whether a Rule 23 class action can co-exist with a related collective action under the FLSA, [ ] district courts generally allow, if certain requirements are met, approval of a hybrid FLSA Collective/Rule 23 class action settlement." *Hudson v. Libre Tech. Inc.*, No. 3:18-CV-1371-GPC-KSC, 2019 WL 5963648, at *9 (S.D. Cal. Nov. 13, 2019) (internal citations omitted).

30. The proposed Settlement, which is a FLSA / Rule 23 hybrid settlement, does not create "separate settlement funds for the FLSA class and the Rule 23 class" as the *Millan* court cautioned. Solo cannot determine her own allocation as a Class Member as the proposed Settlement Agreement and the Class Notice fail to indicate the total individual allocations for Class Members. In other words, the proposed Settlement is ambiguous about how much FLSA Collective Action Members and/or Rule 23(b)(3) Class Members are receiving for each claim; therefore, a member

cannot assess whether she thinks the proposed settlement amount is fair, reasonable, or adequate.

   **C.** **Class Member Solo Objects to the Attorney's Fees and Expenses Requested as Unreasonable and Disproportionate to the Settlement Fund.**

  31. The application for Attorney's fees and reimbursement for expenses has not yet been filed. The only notice or disclosure as to the scope and content of that Attorney's fee application are found in the Settlement Agreement and the Class Notice. Neither provide the Class Members with any details as to the underlying bases for Class Counsel to seek nearly 36% of the Settlement fund for attorney's fees and reimbursement of expenses.

  32. The Class Notice states that Class Counsel will request the Court for an award of attorneys' fees and expenses, which will be paid from the $22 Million fund. The Class Notice further states that Class Counsel will ask the Court for 30% of the $22 Million fund ($6.6 Million) and seek approximately $1,319,127 in litigation expenses.

  33. As stated *supra,* Class Member Solo maintains that both the Settlement Agreement and the Class Notice are ambiguous as to the scope and timing of the individual relief to the Class Members under the Plan of Allocation. In direct contrast, the Settlement Agreement and the Class Notice set out in stark detail the amount and timing for the attorneys' fees and expenses to be paid from the $22 Million payment

  34. In the Ninth Circuit, Courts typically consider 25% of a settlement fund as the benchmark for a reasonable attorney fee award. *See Rosado v. Ebay, Inc.*, No. 5:12-CV-04005-EJD, 2016 WL 3401987, at *7 (N.D. Cal. June 21, 2016). However, where awarding 25% would yield a windfall profit for class counsel in light of the hours spent on the case, Courts should adjust the benchmark percentage or employ the lodestar method instead. *In re Bluetooth Headset*, 654 F.3d at 942-43. Additionally, "to avoid routine windfalls where the recovered fund runs into the multi-millions, courts typically decrease the percentage of the fee as the size of the fund increases." *Rodman v. Safeway Inc.,* No. 11-CV-03003-JST, 2018 WL 4030558, *4 (N.D. Cal. Aug. 22, 2018).

  35. In determining reasonable and necessary attorney's fees, a court may choose between

9

a lodestar method and a percentage of fund method. *See Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990); *see also Glass v. UBS Fin. Servs.*, Inc., 331 F. App'x 452, 457 (9th Cir. 2009). Pursuant to FRCP 23(g), FRCP 23(h), *Hanlon v. Chrysler Corp.*, 150 F.3d at 1026, and its progeny, one of the factors for the Court to consider *is the amount of effort in relation to the results obtained* (such as prevailing or not prevailing on a motion for summary judgment – like Class Counsel *here*). Accordingly, under the litigation record here, Class Counsel's requested attorney's fees and reimbursement of expenses is disproportionate to the Settlement fund, and are improper as neither reasonable nor necessary. "Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class action process." Advisory Committee Notes on 2003 Amendments to Rule 23.

36. In sum, Class Counsel seeks $7,919,127 from the $22 million Settlement fund, which constitutes 35.996% of the $22 million Settlement fund.

37. Class Counsel's $7,919,127 request for attorneys' fees and reimbursement of costs is unreasonable and disproportionate.

### III. CLASS MEMBER SOLO'S STATEMENT OF INTENTION TO ATTEND FINAL HEARING

38. Class Member Hope Solo is represented by Counsel, may be reached through her counsel at the addresses and telephone numbers indicated, and intends to appear in person or by and through her Counsel at the December 5, 2022 final approval hearing, or whatever date is selected by the Court. *See* Solo Decl., ¶7.

### IV. CONCLUSION

39. Based upon the foregoing, and because the Settlement is neither fair, reasonable, nor adequate, Class Member Solo's Objection should be sustained, the Settlement should be rejected and, approval of the Settlement should be denied.

DATED:  October 11, 2022              Respectfully submitted,

By:  /s/ A.J. de Bartolomeo

A.J. de Bartolomeo (SBN 136502)
**TADLER LAW LLP**
P.O. Box 475847
San Francisco, CA 94147-5847
Telephone: (415) 226-0260
Email: ajd@tadlerlaw.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA  94530
Telephone: (415) 314-0066
Email:  rnicholspc@gmail.com

Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, CA  94530
Telephone: (510) 232-0442
Email: timmoppin@yahoo.com
   timmoppin@aol.com

Paul K. Stafford *(pro hac vice pending)*
**STAFFORD MOORE, PLLC**
325 N. St. Paul St., Suite 2210
Dallas, TX 75201
Telephone (Main):   (214) 764-1529
Telephone (Direct): (214) 764-1531
Facsimile:              (214) 580-8104
Email: paul@staffordmoore.law

*Attorneys for Class Member Hope Amelia Solo Stevens*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1, I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: October 11, 2022                    By: /s/ A.J. de Bartolomeo
                                                A.J. de Bartolomeo