A.J. de Bartolomeo (SBN 136502)
**TADLER LAW LLP**
P.O. Box 475847
San Francisco, CA 94147-5847
Telephone: (415) 226-0260
Email: ajd@tadlerlaw.com

Richard M. Nichols (SBN 166638)
876 Arlene Way
Novato, CA  94530
Telephone: (415) 314-0066
Email: Rnicholspc@gmail.com

Attorneys for Class Member
HOPE AMELIA SOLO STEVENS
[*Additional Counsel on last page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>*Defendant.* | Case No. 2:19-CV-01717 RGK-AGR<br><br>Assigned to Hon. R. Gary Klausner<br><br>**CLASS MEMBER AND OBJECTOR HOPE SOLO'S MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION TO REQUEST A BRIEF CONTINUANCE OF THE DECEMBER 12, 2022 FINAL APPROVAL HEARING TO A DATE ON OR AFTER DECEMBER 15, 2022**<br><br>[Filed concurrently with: Notice to Counsel of Class Member and Objector Hope Solo's *Ex Parte* Application; Class Member and Objector Solo's *Ex Parte* Application; Declaration of Class Member and Objector's Counsel A.J. de Bartolomeo; and [Proposed] Order re *Ex Parte* Application to Request a Brief Continuance of Final Approval Hearing] |

Class Member and Objector Hope Amelia Solo Stevens ("Class Member and Objector Solo" or "Solo") applies *ex parte* to the Court for an Order Approving Solo's *Ex Parte* Application to Request a Brief Continuance of the December 12, 2022 Final Approval Hearing to A Date On Or After December 15, 2022 ("*Ex Parte* Application"). Counsel for Solo is unable to attend the Final Approval Hearing on December 12, 2022, due to a preexisting international obligation. *See* the Declaration of Class Member And Objector's Counsel A.J. de Bartolomeo In Support of *Ex Parte* Application To Request A Brief Continuance Of the December 12, 2022 Final Approval Hearing To A Date On Or After December 15, 2022 ("de Bartolomeo Decl."), filed concurrently herewith. **Therefore, Class Member and Objector Solo applies *ex parte* to the Court to request a *brief continuance* of the Final Approval Hearing from December 12, 2022 to a date *on or after* December 15, 2022.** Class Counsel advised that they intend to oppose the *Ex Parte* Application. Defense Counsel advised they are conferring with their client on Class Member and Objector Solo's request for a brief continuance to accommodate the schedule of Solo's counsel to allow her to return to the United States as scheduled and present the Objection at the Final Approval Hearing. Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of counsel for both parties are below:

| Class Counsel | Defense Counsel |
|---|---|
| WINSTON & STRAWN LLP<br>Jeffrey L. Kessler (pro hac vice)<br>jkessler@winston.com<br>David G. Feher (pro hac vice)<br>dfeher@winston.com<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br><br>Cardelle B. Spangler (pro hac vice)<br>cspangler@winston.com<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>Telephone: (312) 558-5600 | LATHAM & WATKINS LLP<br>Jamie L. Wine (Bar No. 181373)<br>E-mail: Jamie.Wine@lw.com<br>885 Third Avenue<br>New York, NY 10022<br>Phone: (212) 906-1200<br><br>Michele D. Johnson (Bar No. 198298)<br>E-mail: Michele.Johnson@lw.com<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Phone: (714) 540-1235 |

Case 2:19-cv-01717-RGK-AGR   Document 330-2   Filed 10/18/22   Page 3 of 8   Page ID #:11196

## I. PROCEDURAL BACKGROUND

1. On June 22, 2022, the members of the Women's National Team ("WNT") in this class action lawsuit ("*Morgan* Plaintiffs"), against Defendant U.S. Soccer Federation, Inc. ("USSF"), filed a Notice of Motion and Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"), attaching as exhibits the proposed Class Action Settlement Agreement And Release Of Pay Claims ("Settlement Agreement") and the Notice of Class and Collective Action Settlement ("Class Notice"). ECF Nos. 317-2 and 317-3.

2. On October 10, 2022, counsel of record for the *Morgan* Plaintiffs and for Defendant USSF filed a Joint Stipulation to Continue Final Approval Hearing from December 5, 2022 to December 12, 2022 ("Stipulation"), as the original Final Approval Hearing was scheduled before 90 days expired from the September 9, 2022, CAFA service date. ECF No. 321.

3. On October 11, 2022, Counsel for Class Member and Objector Solo filed a Notice Of Objection And Objection To Final Approval Of Settlement And Request For Attorney's Fees ("Solo's Objection"), and supporting documents and evidence, which indicated Solo's intent to appear at the Final Approval Hearing. ECF Nos. 322, 323, 325, 326, 327, and 328. Solo's Objection was timely filed under the Class Notice.

4. On October 11, 2022, the Court issued an Order granting the Stipulation and setting the Final Approval Hearing for December 12, 2022. ECF No. 326.

## II. ARGUMENT

5. *Ex parte* applications are generally reserved for extraordinary relief, which exists here. "First, evidence must demonstrate that the moving party's cause **'will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.'** [*See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)]. Second, the moving party must establish that it is **'without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.'** *Id.*" *Cannavan v. Cnty. of Ventura*, Case No. CV2010012FMOPVCX, 2021 WL 4945186, at *3 (C.D. Cal. July 16, 2021) (emphasis added).

2
CLASS MEMBER AND OBJECTOR HOPE SOLO'S MEMO IN SUPPORT OF EX PARTE APPLICATION TO REQUEST A BRIEF CONTINUANCE OF THE FINAL APPROVAL HEARING DATE
CASE NO. 2:19-CV-01717 RGK-AGR

6. Class Member and Objector Solo did not create the crisis that requires this *Ex Parte* Application.

7. On October 10, 2022 – before the parties filed the Stipulation -- Solo's Counsel Richard Nichols spoke with Class Counsel to advise that Solo will be file an objection on October 11, 2022. Class Counsel did not indicate that the Final Approval date may change or that the parties were filing the Stipulation. *See* de Bartolomeo Decl. ¶ 13.

8. Class Member and Objector Solo retained Attorney A.J. de Bartolomeo because of her extensive class action experience. Ms. de Bartolomeo was the principal author of Solo's Objection and she is the lawyer best positioned to present Solo's Objection to the Court at the Final Approval Hearing. *See* de Bartolomeo Decl. ¶ 16.  It was the expectation of both Solo and Ms. de Bartolomeo that Ms. de Bartolomeo would present the Solo Objection at the Final Approval Hearing.  *See* de Bartolomeo Decl. ¶ 20.

9. However, due to a Covid-19-long-delayed international commitment involving family and friends, Ms. de Bartolomeo **will not even be in the United States at 9:00 a.m. PT on December 12, 2022**. *See* de Bartolomeo Decl. ¶ 7.  It would be not only very difficult and costly for Counsel to attend the *recently rescheduled* December 12, 2022 Final Approval Hearing, but also disruptive to others not involved in this litigation. *See* de Bartolomeo Decl. ¶ 9.  For Ms. de Bartolomeo to attend the rescheduled hearing, she would need to change multiple flights and train tickets, accommodations, incur cancellation fees and penalties, as well as cancel 3 – 4 days of the international commitment to leave early, and secure additional caregiver coverage for her senior family member.  These changes would affect several other people from multiple countries whose schedules have been held for the international commitment since May 2022.  Their plans and calendars would be affected substantially and detrimentally – through no fault or involvement of their own in the legal matter here, *Morgan v. USSF*. *See* de Bartolomeo Decl. ¶¶ 10 – 11.

10. Neither Ms. De Bartolomeo nor her travel companions caused or created the scheduling problem that led to this *Ex Parte* Application.

11. On October 11, 2022, Solo timely filed her Objection, which stated that she intends to

appear in person or by and through her Counsel at the Final Approval Hearing on December 5, 2022. ECF No. 325, at page 10.

12. On October 11, 2022, the Court issued an Order granting the Stipulation and continuing the Final Approval Hearing to December 12, 2022. ECF No. 326.

13. While it is unclear when the parties realized that that the Final Approval Hearing was scheduled *less than the* 90 days required from the September 9, 2022 CAFA notice date, the parties filed the Stipulation on the evening of October 10, 2022 -- *the night before the deadline for objections*. Despite being aware that Solo was likely to file an objection on October 11, 2022, Class Counsel did not mention the CAFA miscalculation during a phone call with Solo's Counsel Rich Nichols on October 10, 2022. *See* de Bartolomeo Decl. ¶ 13. If Class Counsel shared the information that the parties would stipulate to a continuation of the December 5, 2022 Final Approval Hearing, Solo would have offered her cooperation and provided acceptable dates so that *all parties* could appear at the hearing with their counsel of choice. *Id*.

14. Solo did not cause or create the crisis that led to this *Ex Parte* Application. On the contrary, if Solo was timely aware of the situation, it would have been in Solo's interest to cooperate with both parties *to avoid this scheduling problem*.

15. On October 12, 2022, Solo's counsel Richard Nichols contacted Class Counsel and Defense Counsel via email to advise that Solo has an unmovable conflict with the new date of the Final Approval Hearing and to ask for a continuance to December 19, 2022 or to another agreeable date. *See* de Bartolomeo Decl. ¶ 15. Class Counsel stated that he is unavailable the following week and that a continuance of the hearing and distribution of the funds was not in the interest of the class. *Id*., Exhibit A.

16. On October 17, 2022, Solo's counsel A.J. de Bartolomeo communicated with Class Counsel by email to advise them that Solo would file an *Ex Parte* Application for a brief continuance of the December 12, 2022 Final Approval Hearing date for the reasons stated in her Declaration, which she shared with Class Counsel, and asked for their position as to the request. *See* de Bartolomeo Decl. ¶ 17. Class Counsel responded: "We are sorry but we will oppose any request for an extension

Case 2:19-cv-01717-RGK-AGR   Document 330-2   Filed 10/18/22   Page 6 of 8   Page ID #:11199

so please advise the court of this if you file. Our duty is to the class and an extension will needlessly delay the court's final approval and distribution of settlement funds to the class." *Id.,* Exhibit B.

17. On October 17, 2022, Solo's Counsel also communicated with Defense Counsel by email to advise them that Solo would file an *Ex Parte* Application for a brief continuance of the December 12, 2022 Final Approval Hearing date for the reasons stated in her Declaration which she shared with Defense Counsel and asked for their position as to the request. Defense Counsel advised they are conferring with their Client and would get back to counsel soon. *See* de Bartolomeo Decl. ¶ 18. At the time of this filing, Solo's counsel had not received a further response from Defense Counsel. *Id.*, Exhibit C.

18. If Solo elected to file a motion for a brief continuation of the Final Approval Hearing under regular motion procedure, rather than applying *ex parte*, this request would take weeks to resolve under regular motion rules, which is especially problematic with the date of the Final Approval Hearing approaching quickly. As mentioned in *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), "merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period. As Judge Rymer warned, 'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have....' *In re Intermagnetics America, Inc.*, [101 B.R. 191, 193 (C.D. Cal. 1989)]." *Mission Power*, 883 F. Supp. at 493.

19. Here, the parties filed the Stipulation on the evening of October 10, 2022, the day before the deadline for objections as set out in the Class Notice, and without attempting to coordinate with Class Member and Objector Solo despite being aware that Solo was likely to file an objection on the following day. *See* de Bartolomeo Decl. ¶ 13. Despite Solo communicating diligently with counsel for both parties, Solo now has no choice but to file this *Ex Parte* Application for a brief continuation of the Final Approval Hearing.

5
CLASS MEMBER AND OBJECTOR HOPE SOLO'S MEMO IN SUPPORT OF EX PARTE APPLICATION TO REQUEST A BRIEF CONTINUANCE OF THE FINAL APPROVAL HEARING DATE
CASE NO. 2:19-CV-01717 RGK-AGR

20. Solo filed her Objection timely regarding both procedural and substantive defects in the proposed Settlement, Class Notice, and request for attorneys' fees.

21. The Ninth Circuit stated that after reviewing each objection carefully, the trial court cannot reject substantial objections without providing an opportunity to be heard by permitting the objector's attorney to present the objection at the hearing. *Mandujano v. Basic Vegetable Prod., Inc.*, 541 F.2d 832, 835–36 (9th Cir. 1976); *see also Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979) (The district court held that in addition to substantive concerns, procedural rights of litigants must be ensured, like the rights of any objectors to the settlement. Therefore, "each objection must be made part of the record; and each opponent raising a substantial objection has a right to be heard, to be represented by an attorney, and to have a reasoned response by the court on the record.").

22. Solo respectfully requests that this Court grant Solo's *Ex Parte* Application so that Solo can appear through her counsel of choice to have her objections heard.

## III. CONCLUSION

23. Based upon the foregoing, Class Member and Objector Solo respectfully requests that the Court continue the December 12, 2022 Final Approval Hearing to a date on or after December 15, 2022 at 9:00 a.m., or whatever time the Court decides.

DATED: October 18, 2022                    Respectfully submitted,

By: /s/ A.J. de Bartolomeo

A.J. de Bartolomeo (SBN 136502)
**TADLER LAW LLP**
P.O. Box 475847
San Francisco, CA 94147-5847
Telephone: (415) 226-0260
Email: ajd@tadlerlaw.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA  94530
Telephone: (415) 314-0066
Email:  rnicholspc@gmail.com

Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, CA  94530
Telephone: (510) 232-0442
Email: timmoppin@yahoo.com
           timmoppin@aol.com

Paul K. Stafford *(pro hac vice pending)*
**STAFFORD MOORE, PLLC**
325 N. St. Paul St., Suite 2210
Dallas, TX 75201
Telephone (Main):   (214) 764-1529
Telephone (Direct): (214) 764-1531
Facsimile:             (214) 580-8104
Email: paul@staffordmoore.law

*Attorneys for Class Member and Objector
Hope Amelia Solo Stevens*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1, I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  October 18, 2022          By: */s/ A.J. de Bartolomeo*
                                        A.J. de Bartolomeo