Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
David G. Feher (*pro hac vice*)
dfeher@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue, New York, NY 10166
Tel.:   (212) 294-6700
Fax:   (212) 294-4700

Cardelle B. Spangler (*pro hac vice*)
cspangler@winston.com
**WINSTON & STRAWN LLP**
35 West Wacker Drive, Chicago, IL 60601
Tel.:   (312) 558-5600
Fax:   (312) 558-5700

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, Los Angeles, CA 90071
Tel.:   (213) 615-1700
Fax:   (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
**WINSTON & STRAWN LLP**
101 California St., 35th Floor, San Francisco, CA 94111
Tel.:   (491) 591-1000
Fax:   (491) 591-1400

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIVISION

| | |
|---|---|
| ALEX MORGAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC.,<br><br>Defendant. | **Case No. 2:19-cv-01717-RGK-AGR**<br><br>Assigned to: Judge R. Gary Klausner<br><br>**PLAINTIFFS' OPPOSITION TO HOPE SOLO'S *EX PARTE* APPLICATION** |

## I. INTRODUCTION

The sole objector to the parties' landmark pay-claims settlement, Hope Solo, asks the Court, on an emergency basis, to continue the December 12, 2022 final approval hearing because of one of her (at least) four attorneys will be on vacation that day. *Ex parte* applications are **ONLY** for extraordinary relief." Court's Procedures (https://www.cacd.uscourts.gov/honorable-r-gary-klausner) (emphasis in original). They are "rarely justified" because they are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) ("The 'opportunities for legitimate *ex parte* applications are extremely limited.'"). There is no basis ***at all*** to further delay the final resolution of this case, much less the "strong showing of good cause" required for such a continuance.[1] On the other hand, proceeding with the final approval hearing on December 12 will benefit the over 70 members of the classes who have not objected to the settlement and who deserve a speedy resolution of the class action approval process and distribution of the settlement funds.

For the reasons set forth below, Plaintiffs respectfully request that the Court deny Solo's *ex parte* application.

## II. OPPOSITION TO SOLO'S *EX PARTE* APPLICATION

This Court preliminarily approved the parties' settlement of Plaintiffs' Title VII and Equal Pay Act pay-discrimination claims on August 11, 2022, noting that "the unopposed settlement agreement accomplishes Plaintiffs' goal for this litigation: equal pay." Dkt. 320 at 4-5. That order scheduled the final approval hearing for December 5. *Id.* at 6. The Court recently granted the parties' stipulation to move the final approval hearing to December 12 so that the hearing would be held 90 days after USSF provided notice of the settlement to the appropriate state and federal officials under the Class

---

[1] Court's Procedures (https://www.cacd.uscourts.gov/honorable-r-gary-klausner).

Action Fairness Act ("CAFA") and the Court could therefore issue final approval of the settlement on that date. Dkts. 321, 326. There is no basis to further delay the final resolution of the parties' historic pay-claims settlement.

*First*, Solo's written objections to the Title VII settlement are in the record, and Solo offers no legitimate reason why any of her many other attorneys could not represent her at the December 12 hearing. *See* Dkt. 325.[2] Solo's objections (and this *ex parte* application) were submitted by no less than four different attorneys at several different law firms. *Id*.; Dkt. 330-2. Solo offers no explanation as to why any of those other attorneys on her legal team other than Ms. de Bartolomeo could not adequately represent her interests at the hearing, other than to claim that Ms. de Bartolomeo has experience with class action litigations and was the "principal author" of the objections. Dkt. 330-2 at ¶ 8. While Solo does not claim that her other attorneys lack such experience, even if that were true, Solo does not present any reason why those attorneys could not represent her interests given that her 10-page objection document is already in the record.

*Second*, the record strongly suggests that this request is pretextual. On October 12, Solo's counsel Rich Nichols sought this same continuance from the parties on the basis that December 12 "presents an unmovable conflict *for Hope's schedule*," copying all of Solo's other attorneys. Dkt. 330-4 (emphasis added). That request did not mention anything about Ms. de Bartolomeo's vacation conflict, despite the fact that she was copied on the email. *Id*. Notably, Ms. de Bartolomeo's declaration submitted to the Court misrepresents this email. *See* Dkt. 330-3 at ¶ 15 ("my Co-Counsel Richard Nichols contacted Class Counsel and Defense Counsel by email to advise that *we* have an unmovable conflict on December 12, 2022") (emphasis added). It was not until the

---

[2] Solo did not opt-in to Plaintiffs' FLSA Collective Action under the Equal Pay Act, so her objections are only to the settlement of Plaintiffs' Title VII claims. For the reasons that will be set forth in Plaintiffs' Motion for Final Approval, Solo's mostly procedural objections to the settlement lack any merit.

parties declined to continue the hearing that Ms. de Bartolomeo claimed that *she* could not attend the hearing due to a personal vacation. Dkt. 330-5 (Oct. 17, 2022 email).

And even setting this aside, the supporting declaration submitted by Solo's counsel suggests that this request is also unreasonably late. Solo argues that her counsel cannot make the December 12 hearing because of a "Covid-19-long-delayed international commitment" but there is no indication that counsel could have even made the original December 5 hearing that was scheduled months ago.[3] Seeking a continuance two months after knowing about a potential conflict is hardly good cause to delay significant monetary and injunctive relief for every other class member.

***Third***, given that the final approval hearing is nearly two months away, there was no basis for Solo to bring this request on an emergency, *ex parte* basis. Solo's complaint that utilizing the regular motion procedures would have been "problematic with the date of the Final Approval Hearing approaching quickly," Dkt. 330-2 at ¶ 18, turns the *ex parte* standard on its head. Thus, in addition to being substantively meritless, it was procedurally improper.

On the other hand, the over 70 class members who did not object to the settlement will be unfairly prejudiced if the hearing is delayed. While Solo claims that she is seeking only a "brief continuance," the next possible hearing date is shortly before the holidays on December 19, 2022, and Plaintiffs' counsel informed Solo's counsel last week that they were not available on that date. Dkt. 330-4. The following two hearing dates, December 26, 2022 and January 2, 2023, are Court holidays.[4] The class members should not be forced to wait several weeks longer to start the process of final approval and distribution of the settlement funds because one of the single objector's many

---

[3] Ms. de Bartolomeo's declaration carefully avoids disclosing the date that she is leaving on her international vacation. However, given that her European vacation involves "multiple flights, trains, and accommodations," "return[ing] to Newark airport late on December 12, 2022," it is apparent that she would not have been able to attend the hearing in Los Angeles one week before that.

[4] https://www.cacd.uscourts.gov/clerk-services/court-holidays.

1  attorneys is taking a European vacation.

2      For all these reasons, Plaintiffs respectfully request that the Court deny Solo's *ex parte* application and proceed with the final approval hearing on December 12, 2022.

Dated: October 18, 2022          WINSTON & STRAWN LLP

                                                 By: */s/ Jeffrey L. Kessler*
                                                       Jeffrey L. Kessler
                                                       David G. Feher
                                                       Cardelle B. Spangler
                                                       Diana Hughes Leiden
                                                       Jeanifer E. Parsigian
                                                       Lev Tsukerman

                                                       *Attorneys for Plaintiffs*