1 | A.J. de Bartolomeo (SBN 136502)
2 | **TADLER LAW LLP**
P.O. Box 475847
3 | San Francisco, CA 94147-5847
Telephone: (415) 226-0260
4 | Email: ajd@tadlerlaw.com

5 | Richard M. Nichols (SBN 166638)
876 Arlene Way
6 | Novato, CA  94530
Telephone: (415) 314-0066
7 | Email: Rnicholspc@gmail.com

8 |
Attorneys for Class Member and Objector
9 | HOPE AMELIA SOLO STEVENS
[*Additional Counsel on last page*]

10 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | **Case No. 2:19-CV-01717 RGK-AGR** |
| | Assigned to Hon. R. Gary Klausner |
| ALEX MORGAN, et al., | **CLASS MEMBER AND OBJECTOR HOPE SOLO'S RESPONSE TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| *Plaintiffs,* | |
| v. | |
| UNITED STATES SOCCER FEDERATION, INC., | |
| *Defendant.* | Date: December 12, 2022
Time: 9:00 a.m.
Courtroom: 850 |

---

CLASS MEMBER AND OBJECTOR HOPE SOLO'S RESPONSE TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:19-CV-01717 RGK-AGR

Class Member and Objector Hope Amelia Solo Stevens ("Class Member Solo" or "Solo") files this Response to Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 333) and Class Counsel's Motion for Attorneys' Fees and Expenses (ECF No. 334) maintaining that the proposed hybrid Settlement fails to appropriately allocate settlement funds between Rule 23(b)(3) Title VII Damages Class Members and the FLSA Collective Action Members. This deficiency prevents Class Members from assessing whether the proposed Settlement amount is fair, reasonable, or adequate. Solo also argues Class Members were not provided an adequate opportunity to respond to the attorney's fee request, in direct contravention to Federal Rule of Civil Procedure 23(h). Further, Solo contends that Class Counsel's attorney's fee request of $6,600,000 – 30% of the $22 million Settlement fund – unreasonably and unjustifiably exceeds the 25% benchmark set by the Ninth Circuit. Solo respectfully requests that the Court (i) deny final approval pending clarification of the proposed Settlement, (ii) reduce Class Counsel's request for attorneys' fees to a reasonable percentage of the common fund that is better aligned with the Ninth Circuit 25% benchmark; and (iii) order new notice to the Class to permit a reasonable time to respond to the attorneys' fee application.

I.    **ARGUMENT**

   A.    <u>Only *After* Solo's October 11 Objection to the Proposed Settlement for Failing to Disclose Player Allocations Did the Plaintiffs Disclose the Allocation Details in the Court Record.</u>

On October 11, 2022, Class Member Solo objected that the Class Notice is ambiguous as the language of the proposed Settlement Agreement varies significantly from the language of the Class Notice **and** that the proposed Settlement fails to articulate the settlement amount allocated for each Class Member. *See* ECF No. 325, at 4-7. Only *after Solo filed her October 11, 2022 objection* highlighting the ambiguity in the Class Notice and the material deficiency in the plan of allocation did the *Morgan* Plaintiffs address the inconsistency in the Class Notice and provide the *pro rata* share amounts of the Settlement fund by listing out the specific allocations for each player. *See* ECF

1

No. 333, at 18 (regarding Class Notice) and 333-1, at 4-6 (regarding *pro rata* share), filed November 1, 2022.

**B.** **Plaintiffs' Motion for Final Approval Does Not Resolve Solo's Objection that the Proposed Hybrid Settlement Fails To Allocate Funds Between the "Opt-Out" Rule 23(b)(3) Title VII Damages Class Claim and the "Opt-In" Collective Action Members FLSA Claims.**

Solo also objected to the proposed hybrid Settlement because it fails to allocate funds between the Title VII Opt-Out Rule 23(b)(3) Damages Class Members' Claim and the FLSA Opt-In Collective Action Members. *See* ECF No. 325, at 8-9.

In the November 1, 2022 motion for final approval, Plaintiffs cite *Ernst v. Zogsports Holdings LLC*, No. 2:18-CV-09043-RGK-MRW, 2019 WL 13143664 (C.D. Cal. Sept. 6, 2019). In *Ernst*, this Court approved a settlement which also used one fund to pay all members of a hybrid settlement. Solo acknowledges the ruling in *Ernst*.  Other courts have held otherwise, requiring details as to allocation.  *See* ECF No. 325, ¶¶ 28-30 (Solo Objection).[1]

Solo respectfully asks the Court to consider the additional authorities cited by Solo here in assessing the proposed Settlement.

---

[1] *See also generally Fossett v. Brady Corp.*, No. ED CV-162572 PA SPX, 2021 WL 2273723 (C.D. Cal. Mar. 23, 2021) (Judge Anderson granting final approval of a hybrid settlement in which the average award allocation was broken down by type of collective action claims and Rule 23 action claims.); *Mondrian v. Trius Trucking, Inc.*, No. 1:19-CV-00884-DAD-SKO, 2022 WL 2306963 (E.D. Cal. June 27, 2022) (The court granting preliminary approval for a settlement where approximately $688,750 is available for distribution, 10% of the amount is allocated to participating FLSA collective action members and 90% of the amount is allocated to participating class members.); *Pierce v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 WL 1878918 (N.D. Cal. May 3, 2013) (Court approved hybrid settlement which allocated two-thirds of net settlement fund to Rule 23 claims and one-third of net settlement fund to FLSA claims.).

**C.** **Class Members Were Not Provided An Opportunity to Review Class Counsel's Fee Application *Before* the Objection Deadline And Class Counsel's 30% Attorneys' Fee Request Unreasonably and Unjustifiably Exceeds the Ninth Circuit's 25% Benchmark.**

Class Member Solo objected to Class Counsel's request for the attorneys' fees as unreasonable. Class Counsel seeks $6,600,000 in attorneys' fees and $1,319,127 in expenses for a total of $7,919,127 from the $22 million Settlement fund. The $6,600,000 fee constitutes 30% of the Settlement fund. When Solo filed her Objection timely on October 11, 2022, the only information Class Counsel had made available about the attorney's fee request was a brief statement in the Class Notice.[2]

Solo contends Plaintiffs here invited error by submitting a scheduling order which did not allow Class Members to review the attorney's fee application *before the Objection deadline* – in contravention to Federal Rule of Civil Procedure 23(h). Rule 23(h)(1) requires that notice of fee requests be "directed to class members in a reasonable manner." The rule contemplates that, in cases involving settlement review under Rule 23(e) – like here -- "notice of class counsel's fees motion should be combined with notice of the proposed settlement" and afforded the same notice as Rule 23(e) requires.[3] A schedule that requires objections to be filed *before* the fee motion itself is filed denies the class the full and fair opportunity to examine and oppose the motion that Rule 23(h) contemplates. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

---

[2] The Class Notice stated: **How much will the attorneys be paid?** As is routine in class action and collective action cases, Class Counsel will request the Court for an award of attorneys' fees and expenses ("Fee and Expenses Award"), which will be paid from the $22 Million Payment. Class Counsel will ask the Court for the Fee and Expenses Award based on their services in this litigation of 30% of the $22 Million Payment (or $6.6 million). Class Counsel will also seek approximately $1,319,127 expenses incurred (covering expert witness fees, electronic discovery services, mediation fees, court reporter fees, travel, lodging, business meals, and several other categories) and up to $50,000 in anticipated settlement administration costs. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount. *See* ECF No. 317-3, at 6.

[3] *See* Fed. R. Civ. P. 23(h)(1) committee note.

While the Ninth Circuit later stated *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation*, 895 F.3d 597 (9th Cir. 2018) that Rule 23(h) does not require class counsel's motion for attorneys' fees be filed before the objection deadline for the substantive settlement, the Ninth Circuit held that the rule *does require* that class members must at least have a separate opportunity to be able to object to the motion. *Id*. at 615; *see also Eacret v. Crunch, LLC*, No. 18-CV-04374-JST, 2019 WL 13075961, at *10 (N.D. Cal. Nov. 19, 2019) (denying a motion for preliminary approval as the district court had at least one issue with the settlement failing to provide class members with a chance to object to class counsel's motion for attorneys' fees and costs by "either (1) a single objection/exclusion deadline for both the substantive settlement and the fee motion, after the fee motion has been filed or (2) a second objection deadline for the fee motion."). Here, Class Members were not provided a separate opportunity to object to the request for attorneys' fees as well. The Ninth Circuit also acknowledged, "A fee motion in some circumstances can 'play an important role in class members' capacity to evaluate the fairness of the settlement itself.'" *Volkswagen*, 895 F.3d at 615 (quoting 4 William B. Rubenstein, *Newberg on Class Actions* § 8:22 5th ed. 2014).[4]

Class Member Solo and her counsel recognize that counsel serving a class should be compensated for positive results achieved for class members, as well as the risk of litigation, the burdens experienced during litigation, and the other factors identified by the Ninth Circuit when determining a reasonable percentage of attorneys' fees. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (N.D. Cal. May 15, 2020) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)). But Solo and her counsel also respect the procedures and best practices set forth in Federal Rule 23 and its case law progeny. Solo's objection questions both the *process* imposed on the *Morgan* Class Members to file objections to the attorney's fee

---

[4] *See also* 3 Newberg and Rubenstein on Class Actions § 8:24 (6th ed.) (stating that while courts, like the Ninth Circuit in *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018), may be technically correct that they have the "authority to provide settlement notice and delay the fee decision, and hence fee notice, to a later stage of the proceedings[,]" it is not ideal "as the level of fees counsel seek may bear on the reasonableness of the settlement proposal.").

CLASS MEMBER AND OBJECTOR HOPE SOLO'S RESPONSE TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES CASE NO. 2:19-CV-01717 RGK-AGR

1 | application *without a complete record* and the *upward adjustment* from the 25% benchmark
2 | requested by Class Counsel, given the facts and circumstances of this case and the size of the Class.

3 | When attorneys' fees are paid from a common fund, a Court must accept a fiduciary role for
4 | the class members. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d at 994.  As a fiduciary, the
5 | district court must "act with a jealous regard to the rights of those who are interested in the fund in
6 | determining what a proper fee award is." *Id.* (quotations and citation omitted). Courts are not bound
7 | by the parties' settlement agreement and have an obligation to ensure that the attorneys' fees award
8 | is reasonable. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941-43 (9th Cir. 2011).  When
9 | a common fund for the benefit of the entire class is created under a settlement, district courts have
10 | discretion to apply either the percentage of fund method or the lodestar method. *Id.*

11 | <u>Percentage of the Fund.</u> The Ninth Circuit has long considered an award of 25% of the
12 | common fund "a proper benchmark figure," with courts permitted to adjust "upward or downward
13 | to fit the individual circumstances of [a] case." *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d
14 | 268, 273 (9th Cir. 1989); *Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund
15 | as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any
16 | 'special circumstances' justifying a departure." (internal citations omitted)). Class Counsel
17 | acknowledges this 25% benchmark.[5]  Courts may consider several factors when assessing requests
18 | for attorneys' fees under a percentage of fund method: "(1) the results achieved; (2) the risk of
19 | litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the
20 | financial burden carried by the plaintiffs; and (5) awards made in similar cases." *Martinez v.*
21 | *Helzberg's Diamond Shops*, No. ED CV-20-1085 PSG SHKX, 2021 WL 9181893, at *8 (C.D. Cal.
22 | Sept. 24, 2021) (internal quotations and citations omitted). The most critical factor is "the degree of
23 | success obtained." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 668 (9th Cir. 2020) (quoting
24 | *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); *see also In re Omnivision Techs., Inc.*, 559 F.
25 | Supp. 2d 1036, 1046 (N.D. Cal. 2008).

26 |
27 | [5] *See* ECF No. 334, at 9.
28 |

Here, following cross motions for summary judgment, in May 2020, the Court denied Plaintiffs' motion and granted in part Defendant's motion. ECF No. 250, (Order Re: Plaintiffs' Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment). The Court dismissed the Title VII and EPA pay-discrimination claims and the claim of unequal treatment for field surfaces. The only ruling in Plaintiffs' favor on summary judgment was for working condition claims regarding specific travel conditions, and personnel and support services. *Id*. Plaintiffs appealed and the proposed Settlement was negotiated on the eve of oral argument before the Ninth Circuit. Class Member Solo recognizes that Class Counsel achieved a proposed Settlement that compensates the Class for the dismissed Title VII and EPA pay-discrimination claims – this is a positive; however, the accomplishment is at a deep discount due to the posture of the claims. Class Counsel's degree of success in the case does *not justify an upward adjustment* from the 25% benchmark under Ninth Circuit precedent.[6]  Class Counsel's fee request for 30 % is neither reasonable nor justified under a percentage of fund method.

Lodestar Method. A court should cross-check its percentage of fund amount against a lodestar calculation to assist in its evaluation of the reasonableness of the percentage recovery. *Newell v. Ensign United States Drilling (California) Inc*., No. 1:19-CV-01314-JLT-BAK, 2022 WL 2704551, at *8 (E.D. Cal. July 12, 2022) (citing *Vizcaino*, 290 F.3d at 1050). Here, Class Counsel did not achieve the level of success that makes its lodestar a satisfactory basis for their fee award application. The evidence proffered in support of the fee application provides only basic information to justify the lodestar: names of timekeepers, titles, hourly rates, and total hours incurred. ECF No. 334-1, at 7-9. Class Counsel's supporting evidence is completely devoid of details as to how much time was incurred by whom on *any litigation phase of the case*: case investigation, fact and expert discovery, class certification, summary judgment motions, trial preparation, appeal, or settlement. Class Counsel

---

[6] *Taylor v. TIC - The Indus. Co.*, No. EDCV 16-186-VAP SPX, 2018 WL 6131198 at *7 (C.D. Cal. Aug. 1, 2018) (The district court denying class counsel's request for 33% and approving 25% of the settlement fund for attorneys' fees since factors, such as the achieved result was "not extraordinary and does not justify fees in excess of the 25% benchmark."); *Cf. Vizcaino*, 290 F.3d at 1050 (The Ninth Circuit concluding that a 28% fee award was reasonable under the percentage method after the district court considered relevant circumstances, such as *exceptional* results.).

CLASS MEMBER AND OBJECTOR HOPE SOLO'S RESPONSE TO PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:19-CV-01717 RGK-AGR

proffered only *aggregate evidence* to support their request for 30% of the Settlement fund.[7] The record now before the Court still fails to reveal information as to the timing and specific tasks conducted, as well as the accomplishments achieved by the lawyers serving as Class Counsel. Based on Class Counsel's Declaration, Class Member Solo sensibly questions this aggregate evidence since Solo is unable to determine which hours were incurred for successful and unsuccessful projects or the extent to which hours may be duplicative, unreasonable or unnecessary for the tasks conducted.

Solo respectfully requests that Class Counsel's hours be appropriately itemized so that the Court is able to conduct a suitable cross-check of the percentage of fund amount against a lodestar calculation to evaluate the reasonableness of the percentage recovery. **Solo's focus is to ensure the maximum recovery for the Class.**

## II.   CONCLUSION

Solo submits that the *Morgan* Plaintiffs' November 1, 2022 filing does not clarify the ambiguity of the proposed Settlement concerning how much FLSA Collective Action Members and/or Rule 23(b)(3) Class Members will receive for each claim. Further, Class Counsel fails to justify their 30% attorneys' fee request with any level of specificity. Class Member Solo respectfully requests that the Court (i) deny final approval pending clarification of the proposed Settlement, (ii) reduce Class Counsel's request for attorneys' fees to a reasonable percentage of the common fund that is better aligned with the Ninth Circuit 25% benchmark; and (iii) order new notice to the Class to permit a reasonable time to respond to the attorneys' fee application.

DATED:  November 21, 2022                              Respectfully submitted,

By:   */s/ A.J. de Bartolomeo*
_____

A.J. de Bartolomeo (SBN 136502)
**TADLER LAW LLP**

---

[7] Class Counsel's Declaration states their lawyers and paralegals invested 15,986.7 total hours and incurred $11,496,079 total fees through their attorneys, paralegals, and e-Discovery team through April 6, 2022. *See* ECF No. 334-1, ¶¶ 26, 33.

CLASS MEMBER AND OBJECTOR HOPE SOLO'S RESPONSE TO PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 2:19-CV-01717 RGK-AGR

P.O. Box 475847
San Francisco, CA 94147-5847
Telephone: (415) 226-0260
Email: ajd@tadlerlaw.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA  94530
Telephone: (415) 314-0066
Email:  rnicholspc@gmail.com

Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, CA  94530
Telephone: (510) 232-0442
Email: timmoppin@yahoo.com
          timmoppin@aol.com

Paul K. Stafford *(pro hac vice pending)*
**STAFFORD MOORE, PLLC**
325 N. St. Paul St., Suite 2210
Dallas, TX 75201
Telephone (Main):   (214) 764-1529
Telephone (Direct): (214) 764-1531
Facsimile:             (214) 580-8104
Email: paul@staffordmoore.law

*Attorneys for Class Member and Objector*
*Hope Amelia Solo Stevens*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1, I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  November 21, 2022                    By: */s/ A.J. de Bartolomeo*
                                                                       A.J. de Bartolomeo