closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 4, 2023 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   (IN CHAMBERS) Motion for Attorneys' Fees and Expenses [DE 334]

## I.   INTRODUCTION

On March 8, 2019, soccer players on the United States Women's National Soccer Team ("Plaintiffs") filed a class and collective action against the United States Soccer Federation, Inc. ("Defendant"), alleging discrimination in pay and working conditions. The parties reached a settlement which the Court has approved, finding that the settlement terms are sufficiently fair and reasonable and that the class notice was adequate. (*See* Minutes re: Final Approval Hr'g, ECF No. 351; *see also* Order re: Prelim. Approval, ECF No. 320.)

There was only one objection to the settlement, from class member Hope Solo, which the Court overruled in granting final approval. Solo argued that because the deadline for filing objections to the settlement preceded any motion for attorneys' fees, the class members were deprived of a full and fair opportunity to oppose the motion under Federal Rule of Civil Procedure ("Rule") 23 (h).[1] (Solo Obj., ECF No. 335.) The Court disagreed.

"Rule 23(h) does not require that class counsel's fee motion be filed before the deadline for class members to object to, or opt out of, the substantive *settlement*. Rather, the rule demands that class members be able to 'object to *the motion*'—that is, the motion that class counsel must file to make a claim for fees under Rule 23." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 615 (9th Cir. 2018) (quoting Fed. R. Civ. P. 23(h)(2)). Solo's assertion that "Class Members were not provided a separate opportunity to object to the request for attorneys' fees" is simply wrong. The deadline to file a notice of objection *to the settlement* did not preclude any class member

---

[1] Hope Solo originally objected to the settlement on additional grounds but has since filed a motion to withdraw all of her objections except for the one related to attorneys' fees. (*See* Mot. Partially Withdraw Objs., ECF No. 346.) The Court **GRANTS** that motion.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 4, 2023 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

from objecting to the amount requested in attorneys' fees. In fact, Solo herself has filed an opposition to Plaintiffs' Motion for Attorneys' Fees, which is presently before the Court. (ECF Nos. 334, 335, 352.)

For the following reasons, the Court **GRANTS** the Motion for Attorneys' Fees **in part**.

## II. ATTORNEYS' FEES

In class actions, a court may award attorneys' fees and nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). The amount awarded must be reasonable. *Id.* "Twenty-five percent is the 'benchmark' that district courts should award in common fund cases. The district court may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citations omitted).

The Court finds that an award of $5.5 million, which represents 25% of the $22 million common fund, is reasonable, and that no special circumstances warrant an upward or downward departure.

Class counsel argues that the circumstances justify a $6.6 million award (30% of the fund), but the Court disagrees because the main reasons proffered for an upward adjustment offset each other. Class counsel asserts that the ultimate resolution of this case required a great deal of work: hours dedicated to document review, taking depositions, briefing substantive motions, participating in mediation, and litigating an appeal, all over a three-year period. It certainly did. But the amount of work required stems, in significant part, from the fact that Plaintiffs lost their equal pay claims on summary judgment. This fact undercuts class counsel's other assertion that it achieved an exceptional result. Class counsel undoubtedly succeeded, but not to a degree that warrants departing from the 25% benchmark.

With respect to nontaxable costs, the Court awards $1,369,127. This amount covers what class counsel expended to pay for experts, mediation, filings, meals, travel, copying, and other costs that are also typically billed to a paying client. (Kessler Decl. ¶ 34, 35, ECF No. 334-1); *see In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). It also covers $50,000 in anticipated settlement administration costs, which the Court finds reasonable.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01717-RGK-AGR | Date | January 4, 2023 |
|---|---|---|---|
| Title | *Alex Morgan et al v. United States Soccer Federation* | | |

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** final approval of the settlement and **AWARDS** Plaintiffs $5.5 million in attorneys' fees and $1,369,127 in reimbursable costs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/k |